IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORACLE CORPORATION and ORACLE U.S.A. INC., </br></br>Plaintiffs, </br></br>v. </br></br>EPICREALM LICENSING, LP, </br></br>Defendant. | ) ) ) ) ) ) C.A. No. 06-cv-414 (SLR) ) ) ) ) ) ) ) |

**PLAINTIFFS' OPPOSITION TO EPICREALM LICENSING, LP'S MOTION TO EXTEND TIME TO ANSWER, MOVE OR OTHERWISE RESPOND**

**I.    NATURE AND STAGE OF THE PROCEEDINGS**

This is an action for a declaratory judgment of patent non-infringement and invalidity. The present motion concerns whether Defendant epicRealm must respond to Plaintiffs' Complaint before this Court entertains epicRealm's pending motion to consolidate and transfer the case to Texas. In that motion, epicRealm explicitly questions this Court's subject matter jurisdiction. If this Court lacks subject matter jurisdiction (which Plaintiffs dispute), it cannot take any binding action including transfer of the case. Consequently, it is essential to know now whether epicRealm disputes jurisdiction, something the Court and the parties will learn only if epicRealm is required to file its response to Plaintiffs' Complaint promptly. The Court should reject epicRealm's efforts to "forum shop" for the court it wants to decide whether there is a case or controversy between the parties sufficient to confer declaratory relief jurisdiction and should deny epicRealm's motion for yet another extension of time.

On June 30, 2006, Plaintiffs Oracle Corporation and Oracle U.S.A. Inc. (collectively, "Oracle") filed a Complaint against epicRealm Licensing, LP ("epicRealm"), a Delaware partnership, seeking declaratory judgment of non-infringement and invalidity of two epicRealm patents.  D.I. 1.  On August 8, 2006, Quinstreet, Inc. filed a separate Complaint in a separate action also seeking declaratory judgment of non-infringement and invalidity of the epicRealm patents (the "Quinstreet Action").  *See* C.A. No. 06-cv-495-SLR.  Oracle and Quinstreet are unrelated companies that sell different software products and services.

After being granted a 30-day extension of time to answer or otherwise respond to Oracle's Complaint, epicRealm refused to do so.  Instead, on August 28, 2006, epicRealm filed a motion to consolidate this action with the Quinstreet Action and to transfer both actions to the District Court of the Eastern District of Texas pursuant to 28 U.S.C. Section 1404(a) (the "Transfer and Consolidation Motion").  D.I. 10.  On that same day, epicRealm filed a motion for an extension of time to answer or otherwise respond to Oracle's Complaint (the "Extension Motion").  D.I. 9.  Oracle hereby opposes epicRealm's Extension Motion.

**II.     SUMMARY OF ARGUMENT**

The Court should deny epicRealm's Extension Motion for the following reasons:

1.     EpicRealm cannot "reserve" a purported possible subject matter jurisdiction defense while requesting transfer.  Plaintiffs firmly believe this Court has subject matter jurisdiction.  But, if epicRealm contests jurisdiction, and does so successfully, then this Court does not have subject matter jurisdiction, so it cannot transfer the case to Texas.

2.     No authority permits epicRealm to file a Section 1404(a) motion to

transfer or a motion for an additional extension of time instead of its answer or response to the Complaint. EpicRealm is in default by failing to comply with the Federal Rules of Civil Procedure.

3. EpicRealm does not show good cause to delay responding to Oracle's Complaint until after the Court rules on the Transfer and Consolidation Motion. EpicRealm's response to Oracle's Complaint is needed to properly frame issues relevant to those motions.

4. EpicRealm specifically agreed to and was ordered by the Court to respond to Oracle's Complaint by August 28, 2006, but EpicRealm has failed to do so.

Accordingly, the Court should deny epicRealm's Extension Motion. Because Oracle needs epicRealm's response to fully respond to the Transfer and Consolidation Motion, Oracle also requests that the Court order epicRealm to respond to Oracle's Complaint promptly and allow Oracle ten (10) business days from service of epicRealm's response to file its opposition to the Transfer and Consolidation Motion.

### III. ARGUMENT

#### A. A Decision To Consolidate And/Or Transfer Requires Subject Matter Jurisdiction.

EpicRealm's failure to respond is best explained by a single sentence buried in a footnote in its Transfer and Consolidation Motion: "EpicRealm does not agree that subject matter jurisdiction exists for these declaratory judgment claims, and epicRealm reserves the right to challenge subject matter jurisdiction at a later date." *See* D.I. 10 at p. 2 n. 1. It is improper, however, to move to consolidate and transfer this case while at the same time questioning this Court's subject matter jurisdiction.

Oracle has pleaded why there is an actual case and controversy between it and epicRealm. Nevertheless, if epicRealm contests subject matter jurisdiction, and does so successfully, then this Court cannot grant epicRealm's Transfer and Consolidation Motion. A court that lacks subject matter jurisdiction over an action has no power to transfer that action under Section 1404(a).[1] *Moravian Sch. Advisory Bd. v. Rawlins*, 70 F.3d 270, 278 (3rd Cir. 1995); *Atlantic Ship Rigging Co. v. McLellan*, 288 F.2d 589, 590-91 (3rd Cir. 1961); *James v. Daley & Lewis*, 406 F. Supp. 645, 649 (D. Del. 1976).

EpicRealm knows that if it must respond to Oracle's Complaint, it will be forced to admit or deny that the Court has subject matter jurisdiction, admit or deny venue is proper, assert any mandatory counterclaims, or file a Rule 12 motion to dismiss. EpicRealm appears to be trying to delay making such a choice until the Court rules on whether or not this action and the Quinstreet Action remain in Delaware or get transferred to Texas. In other words, epicRealm is using its delay tactics as a vehicle to forum shop, not to enhance "efficiency." Accordingly, it is premature for the Court to visit the consolidation or transfer issues prior to epicRealm filing a response to Oracle's Complaint. The Court should require epicRealm to respond to the Complaint promptly.

### B.   EpicRealm's Transfer And Consolidation Motion Is Not A Proper Basis For Delaying Its Response To The Complaint.

No authority permits epicRealm to delay filing a proper response to Oracle's Complaint. A defendant cannot use a motion to transfer under 28 U.S.C. § 1404(a) and a

---

[1]   One exception to this rule is when the court lacking subject matter jurisdiction can transfer the action to another federal court that does have subject matter jurisdiction. *See* 28 U.S.C. § 1631. That exception would not apply to an action that lacks a case or controversy because there would be no proper jurisdiction to which the case could be transferred.

second motion for an extension as an excuse for failing to file an answer. As one district court has explained:

> Otis Elevator Company ("Otis") has just served notice of a motion . . . seeking leave to file its motion to transfer under 28 U.S.C. § 1404(a) . . . in lieu of answering the Complaint filed against it and a codefendant by Ruby Gomez ("Gomez"). Although this Court will of course entertain the Section 1404(a) motion in prompt fashion no such motion justifies Otis' current failure to answer. **No Section 1404(a) motion should be dilatory in nature or effect.** Whether or not the motion is granted, the action should proceed in the regular course. Any answer currently filed by Otis will stand as its answer if the action is transferred to the United States District Court for the Middle District of Florida, and of course if the action is retained here Otis should equally be required to file its responsive pleading now.

*Gomez v. Second Timmons Hotel*, No. 89 C 4963, 1989 U.S. Dist. LEXIS 8587, at *1 (N.D. Ill. July 19, 1989) (emphasis added); *see also Royal Ins. Co. of Am. v. Packaging Coordinators, Inc.*, No. 00-CV-3231, 2000 U.S. Dist. LEXIS 15471, at *7 (E.D. Pa. October 24, 2000) (holding that it was "erroneous" for a defendant to believe that "filing a motion to transfer venue under [§] 1404(a) tolled the deadline for filing an answer").

Federal Rule of Civil Procedure 12(a)(1) requires a defendant to respond to a complaint within 20 days or within a court ordered time frame. Absent obtaining an extension of time, a defendant must either file an answer or a Rule 12 motion. Fed. R. Civ. P. 12(a)(4). Shortly before the August 28, 2006 deadline, Oracle offered epicRealm another short courtesy extension, but epicRealm refused because it wanted to avoid responding until after the Court decides the Transfer and Consolidation Motion. By failing to respond to Oracle's Complaint by the agreed upon and ordered deadline, epicRealm has effectively placed itself in default. *See Royal Ins.*, 2000 U.S. Dist. LEXIS

15471 at *3. The Court should order epicRealm to promptly respond to Oracle's Complaint.

### C. EpicRealm Must Answer Oracle's Complaint To Properly Frame Issues Relevant To EpicRealm's Transfer Motions.

Contrary to EpicRealm's assertion, its failure to respond promptly to Oracle's declaratory judgment Complaint will *impede* efficiency in this case. EpicRealm's Transfer and Consolidation Motion (D.I. 10) includes its motion to consolidate this case with another action brought by Quinstreet against epicRealm and its motion to transfer this action and the Quinstreet Action to the District Court of the Eastern District of Texas. Even if epicRealm were to concede subject matter jurisdiction, the Court and the parties would need epicRealm's answers and counterclaims in the two cases to properly frame issues relevant to consolidation and transfer. In those pleadings, for example, epicRealm will be forced to acknowledge that Oracle's and Quinstreet's products are different. Such a showing will help determine whether or not consolidation is appropriate. No efficiency is achieved by additional delay in providing the information necessary for the resolution of these issues.

### D. EpicRealm Fails To Demonstrate Good Cause For The Court To Grant It Yet Another Extension.

EpicRealm fails to show good cause for the Court to grant its belated request for a second extension of time to respond. After Oracle filed its Complaint, epicRealm contacted Oracle seeking an extension of time to answer or otherwise respond to the Complaint. Oracle agreed and stipulated to a 30-day extension of time with the understanding that epicRealm would actually respond to Oracle's Complaint by the agreed upon date. On August 7, 2006, the Court accepted the parties' stipulation and ordered epicRealm's to answer or otherwise respond by August 28, 2006. Order dated

August 7, 2006.  EpicRealm's failure to respond to Oracle's Complaint is a breach of its stipulation and a violation of the Court's order.

Nevertheless, in its Extension Motion, epicRealm argues that it should be granted an additional extension of time "in the interest of efficiency," because it has filed a motion to transfer this action to another court and "[t]he potential involvement of this Court . . . may be very limited."  D.I. 9 at p. 3.  But epicRealm fails to explain how delaying its answer will improve efficiency or how the outcome of its Transfer and Consolidation Motion will affect the substance of its response.  Indeed, as noted above, such delay will reduce efficiency.  Oracle's Complaint asserts declaratory judgment claims of patent non-infringement and invalidity, and there is no reason for the Court to decide forum convenience issues before epicRealm responds to Oracle's allegations.  Any answer filed by epicRealm will stand regardless of how the Court rules on the Transfer and Consolidation Motion.  This action should proceed in the regular course with epicRealm promptly answering as it agreed.  *See Gomez*, 1989 U.S. Dist. LEXIS 8587 at *1.

## IV.    CONCLUSION

For the reasons stated above, the Court should deny epicRealm's Motion to Extend Time to Answer and should order epicRealm promptly to answer or otherwise respond to Oracle's Complaint.  Because epicRealm's response is needed for Oracle to fully respond to epicRealm's Transfer and Consolidation Motion, Oracle also requests that it be given ten (10) business days from the due date of epicRealm's response to the Complaint to file Oracle's opposition to the Transfer and Consolidation Motion.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Mary B. Graham* |
|  | Mary B. Graham (#2256)<br>James W. Parrett, Jr. (#4292)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>302.658.9200 |
| OF COUNSEL:<br><br>James G. Gilliland<br>Joseph A. Greco<br>Chad E. King<br>Robert J. Artuz<br>TOWNSEND AND TOWNSEND AND CREW LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301<br>650.326.2400 | *Attorneys for Plaintiffs*<br>*Oracle Corporation and Oracle U.S.A. Inc.* |

Dated: September 12, 2006

536619

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> Michael F. Bonkowski, Esquire
> SAUL EWING LLP
> 222 Delaware Avenue, Suite 1200
> P.O. Box 1266
> Wilmington, DE 19899

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on September 12, 2006 upon the following individuals in the manner indicated:

| **BY E-MAIL AND HAND DELIVERY** | **BY E-MAIL** |
|---|---|
| Michael F. Bonkowski, Esquire<br>SAUL EWING LLP<br>222 Delaware Avenue, Suite 1200<br>P.O. Box 1266<br>Wilmington, DE 19899 | Larry D. Carlson, Esquire<br>BAKER BOTTS L.L.P.<br>2001 Ross Avenue<br>Dallas, TX 75201 |

*/s/ Mary B. Graham*

Mary B. Graham (#2256)