# E-Mail Request for Emergency Relief

1. Case Number:     06 -cv- 414  -SLR

2. Check the box that applies:

   ✓ Requesting a teleconference with the parties and the court
   ☐ Requesting an in-person conference with the parties and the court
   ☐ Requesting either of the above listed options at the court's determination

3. BRIEFLY describe the reason for this **emergency** request:

   This action is for declaratory judgment of patent noninfringement and invalidity. After a 30-day extension to respond to the Complaint, epicRealm on the due date instead moved to transfer to Texas and to extend its time to respond until after decision on transfer. EpicRealm's transfer motion, however, explicitly challenges subject matter jurisdiction, apparently on grounds that there is no case or controversy. But if epicRealm contests jurisdiction successfully, then this Court lacks the power to transfer (see DI 12). Thus, if there is a jurisdictional issue, this Court should make that determination, and do so prior to considering transfer, for efficiency and to prevent forum shopping. Accordingly, epicRealm should respond to the Complaint before further briefing on transfer, and Oracle should not have to brief transfer until after epicRealm's responsive pleading frames the issues. So that epicRealm's maneuvering does not subvert the judicial process, Oracle asks to have 10 days from the Response to oppose transfer; otherwise our opposition is due Sept 26).

   *Any text added beyond the limits of this space will be disregarded by the court.

4. Name of opposing counsel contacted about this request: Michael Bonkowski

5. Response of opposing counsel to this request:

   epicRealm would not agree.

6. Name of local counsel making this request: Mary B. Graham

7. Today's Date: September 15, 2006

******************************************************************************************

For court use only:
   ☐ A teleconference will be held on                              to be coordinated and
       initiated by

   ☐ An in-person discovery conference will be held on:

   ✓ Other:

   *Plaintiffs' request is denied.*

**Opposing Counsel's Response to E-Mail Request for Emergency Relief**

1. Case Number:        06 -cv- 414 -SLR

2. BRIEFLY state your response to the **emergency** request made by opposing counsel:
   Contrary to Oracle's assertions, epicRealm does not "explicitly" challenge this Court's subject matter jurisdiction in its Motion to Consolidate and Transfer ("Transfer Motion"). Rather, epicRealm simply reserves its right to challenge subject matter jurisdiction at a later point, if at all. Such a reservation does not amount to a direct challenge to this Court's jurisdiction and thus, this issue is not presently before the Court. Oracle's contention that epicRealm must respond to the Complaint prior to this Court's ruling on epicRealm's Transfer Motion is not supported by the case law or the procedural rules of this Court. Indeed, a motion to transfer pursuant to 28 U.S.C. § 1404 may be brought at any time, including prior to the filing of a responsive pleading. In *Bloom v. Barry*, the District Court in Florida granted the defendant's motion to transfer under § 1404. After the case was transferred, the defendant moved to dismiss based on lack of subject matter jurisdiction. Additionally, Fed. R. Civ. P. 6 permits a party to obtain an extension of time to respond to a complaint. Given the issues raised in the Transfer Motion, it would be a waste of judicial resources to require epicRealm to file its response to the complaint prior to the Court's ruling on the pending Transfer Motion.

*Any text added to beyond the limits of this space will be disregarded by the court.

3. Name of local counsel submitting this response:   Kimberly L. Gattuso

4. Today's Date:   September 19, 2006

***************************************************************************************