## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ORACLE CORPORATION and          :
ORACLE U.S.A. INC.,             :
                                :
        Plaintiffs,             :
                                :
v.                              :          C.A. No. 06-cv-414 (SLR)
                                :
EPICREALM LICENSING, LP,        :
                                :
        Defendant.              :

### DEFENDANT EPICREALM LICENSING, LP'S
### REPLY IN SUPPORT OF ITS MOTION TO EXTEND
### TIME TO ANSWER, MOVE OR OTHERWISE RESPOND

Defendant epicRealm Licensing, LP ("epicRealm"), by and through its undersigned counsel, hereby submits its Reply in Support of Its Motion to Extend Time to Answer, Move or Otherwise Respond (the "Extension Motion").

### ARGUMENT

1.      In their Opposition to epicRealm's Extension Motion ("Opposition"), Plaintiffs Oracle Corporation and Oracle U.S.A. Inc. (collectively, "Oracle") fail to articulate any valid reason that would prevent this Court from entering the relief requested by epicRealm. Instead, Oracle engages in a blunderbuss approach in an effort to effectively stay epicRealm's pending Motion to Consolidate and Transfer ("Transfer Motion") by asserting a variety of frivolous arguments that not only disregard relevant case law, but also blatantly ignore the procedural rules of this Court.

2.      In an effort to distract this Court from ruling on epicRealm's pending Transfer Motion, Oracle advances four arguments aimed at defeating epicRealm's

Extension Motion. None of these arguments, however, provide any basis for a denial of epicRealm's Extension Motion.

      3.      Oracle wrongly accuses epicRealm of forum shopping and contends that "[it] is improper [for epicRealm] to move to consolidate and transfer this case while at the same time questioning this Court's subject matter jurisdiction." D.I. 12 at 3. This argument, however, is based on the incorrect premise that epicRealm has indeed challenged this Court's subject matter jurisdiction and, therefore, puts the proverbial cart before the horse. That notwithstanding, Oracle argues that epicRealm should be forced to file its response to Oracle's complaint, and thereby contest the Court's subject matter jurisdiction, before the Court rules on the pending Transfer Motion.[1] In support of this argument, Oracle erroneously cites to inapplicable case law and contends that "if epicRealm contests subject matter jurisdiction, and does so successfully, then this Court cannot grant epicRealm's Transfer and Consolidation Motion. A court that lacks subject matter jurisdiction over an action has no power to transfer that action under Section 1404(a)." D.I. at 4.

      The cases relied upon by Oracle, however, are inapposite here for many reasons. First, in both *Moravian Sch. Advisory Bd. v. Rawlins* and *James v. Daley and Lewis, et al.*, the Defendants filed motions to dismiss for lack of subject matter jurisdiction that were currently pending before the Court. *See Moravian Sch. Advisory Bd. v. Rawlins*, 70 F.3d 270, 272 (3d Cir. 1995) and *James v. Daley and Lewis, et al.*, 406 F.Supp. 645, 647 (D.Del. 1976). Here, the issue of this Court's subject matter jurisdiction is not presently

---

[1]     Although in its Transfer Motion, epicRealm expressly reserved its right to challenge this Court's subject matter jurisdiction at a later point, epicRealm has not filed a Motion to Dismiss based on lack of subject matter jurisdiction. As a result, the issue of this Court's subject matter jurisdiction is not pending before the Court.

before the Court. Secondly, the plaintiff in *James* also filed a motion to transfer pursuant to 28 U.S.C. §§ 1404(a) and 1406(a) for a change of venue – which motion the Court entertained after determining that it lacked subject matter jurisdiction based on the parties' inability to demonstrate diversity. Therefore, Oracle's desire to have epicRealm respond to the Oracle Complaint prior the Court's ruling on epicRealm's outstanding Transfer Motion is not even supported by the case law upon which Oracle relies.

Furthermore, a motion to transfer filed pursuant to 28 U.S.C. § 1404 may be made at any time, including prior to the filing of a responsive pleading under Federal Rule of Civil Procedure 12. To hold otherwise would circumvent the legislature's ability to properly promulgate federal law. Indeed, in *Bloom v. Barry*, the United States District Court for the District of Florida granted the defendant's motion to transfer the action to the United States District Court for the District of New Jersey prior to the defendant filing a response to the pending complaint. *Bloom v. Barry,* 755 F.2d 356, 357 (3d Cir. 1985). After the case had been transferred to federal court in New Jersey, the defendant filed a motion to dismiss the complaint on the ground that the federal court lacked subject matter jurisdiction. *Id.* The procedural background set forth in *Bloom* further defeats Oracle's claims and supports the reasoning outlined in epicRealm's Extension and Transfer Motions. Therefore, contrary to Oracle's assertions, it is not "premature for the Court to visit the consolidation or transfer issues prior to epicRealm filing a response to Oracle's Complaint." D.I. 12 at 4. Accordingly, epicRealm's Extension Motion should be granted.

4.    Perhaps recognizing the weakness of their own argument, Oracle next contends that epicRealm's filing of its Transfer Motion did not toll the deadline for filing

an answer.[2]  D.I. 12 at 5.  Oracle's contention on this point is puzzling and of no moment as epicRealm did not rely on the filing of its Transfer Motion as a basis for not filing a response to the Oracle Complaint.  Instead, as Oracle even admits, epicRealm filed the Extension Motion in accordance with the procedural rules of this Court – namely, Federal Rule of Civil Procedure 6(b).  Citing Federal Rule of Civil Procedure 12(a)(4), Oracle contends that "[a]bsent obtaining an extension of time, a defendant must either file an answer or a Rule 12 motion."  D.I. 12 at 5.  Once again, Oracle's own arguments support epicRealm's actions.  Specifically, through the Extension Motion, epicRealm seeks to obtain the extension of time that is contemplated by Rule 12.  Oracle's blatant disregard for the procedural rules of this Court does not equate to epicRealm "effectively plac[ing] itself in default" and by no means provides a basis for the denial of epicRealm's Extension Motion.  D.I. 12 at 5.[3]

    5.    Asserting that the filing of epicRealm's Extension Motion "impede[s] efficiency in this case," Oracle next contends that epicRealm must answer Oracle's Complaint so as to "properly frame issues" relevant to epicRealm's consolidation and transfer motions.  D.I. 12 at 6.  In support of this contention, Oracle claims that by filing a response, "epicRealm will be forced to acknowledge that Oracle's and Quinstreet's products are different."  *Id.*  Not surprisingly, Oracle's argument on this issue misses the

---

[2]    Oracle's reliance on *Gomez v. Second Timmons Hotel* and *Royal Ins. Co. of Am. v. Packaging Coordinators, Inc.* is misplaced as neither of the defendants in those cases filed motions to extend the time to answer, move or otherwise respond in accordance with Federal Rule of Civil Procedure 6(b).  *See Gomez v. Second Timmons Hotel*, No. 89 C 4963, 1989 WL 84469 (N.D. Ill. July 21, 1989) and *Royal Ins. Co. of Am. v. Packaging Coordinators, Inc.*, NO. 00-CV-3231, 2000 WL 1586081 (E.D. Pa. October 24, 2000).
[3]    Oracle casts aspersions on epicRealm's compliance with the rules of this Court by claiming that epicRealm's decision to file the Extension Motion instead of a response to the Oracle Complaint operates as a "default" or a violation of the Court's July 20, 2006 order.  Under Oracle's flawed logic, by requesting an additional 10 days after the filing of epicRealm's response to the Oracle Complaint to respond to epicRealm's Transfer Motion, Oracle is effectively placing itself in default and in violation of the Court's September 6, 2006 order which set the date for Oracle's answering brief in opposition to epicRealm's Transfer Motion for September 26, 2006.  Oracle cannot have it both ways.

540427.1 9/19/06

point entirely. Namely, epicRealm's Transfer Motion does not suggest that Oracle's and Quinstreet's products are identical. Obviously, Oracle and Quinstreet are different entities that each produce their own products. As is addressed more fully in epicRealm's Transfer Motion, the reasons for consolidation and subsequent transfer of the Oracle and Quinstreet cases are based on the identical patents at issue and the same general technology. Minor differences in the Oracle and Quinstreet products have no bearing on the Transfer Motion. Notably, Quinstreet did not have any problems responding to epicRealm's Transfer Motion as it filed its response on September 12, 2006. *See* Plaintiff Quinstreet, Inc.'s Memorandum of Law in Opposition to Defendant EpicRealm Licensing, LP's Motion to Transfer, C.A. No. 1:06-cv-00495 (SLR) (Quinstreet D.I. 10). Oracle's argument on this point fails to articulate a basis for denying the relief requested by epicRealm.

6. Lastly, Oracle contends that epicRealm's Extension Motion should be denied on the basis that epicRealm "fails to show good cause" for the Court to grant the relief requested therein.[4] D.I.12 at 6. Contrary to Oracle's assertions, epicRealm's Extension and Transfer Motions amply set forth numerous valid reasons in support of an extension. Specifically, granting epicRealm's Extension Motion would prevent a waste of judicial resources and would streamline the issues to be presented once the Court renders an opinion on epicRealm's Transfer Motion. Such a result clearly demonstrates "good cause" as required under Federal Rule of Civil Procedure 6(b).

---

[4]    Oracle incorrectly asserts that epicRealm "belatedly" filed its Extension Motion. This is simply not the case. The Extension Motion was filed on August 28, 2006 before the "expiration of the period originally prescribed" for epicRealm to answer, move or otherwise respond to the Oracle Complaint. *See* Fed.R.Civ.P. 6(b).

540427.1 9/19/06

WHEREFORE, Defendant epicRealm Licensing, LP respectfully requests that the Court enter an Order granting epicRealm's Motion to Extend Time to Answer, Move or Otherwise Respond and extending the time for epicRealm to respond to the Oracle Complaint until 20 days after the Court issues its decision on epicRealm's pending Motion to Consolidate and Transfer.

SAUL EWING, LLP


Michael F. Bonkowski, Esquire (No. 2219)
Kimberly L. Gattuso, Esquire (No. 3733)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, Delaware 19801-1611
(302) 421-6800

BAKER BOTTS L.L.P.
Larry D. Carlson, Esquire
Kevin J. Meek, Esquire
Jeff Moles, Esquire
2001 Ross Avenue
Dallas, TX 75201-2980

Attorneys for epicRealm Licensing LP


DATED:        September 19, 2006

540427.1 9/19/06

## CERTIFICATE OF SERVICE

I, Kimberly L. Gattuso, Esquire, hereby certify that on this 19th day of September, 2006, I electronically filed a true and correct copy of the foregoing Defendant epicRealm's Reply in Support of Its Motion to Extend Time to Answer, Move or Otherwise Respond with the Clerk of Court using CM/ECF which will send notification of such filing. A copy of the document was served on the following attorneys of record in the manner indicated:

**VIA HAND DELIVERY**

Mary B. Graham, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899-1347

**VIA HAND DELIVERY**

Anne Shea Gaza, Esquire
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Kimberly L. Gattuso (No. 3733)