IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORACLE CORPORATION and ORACLE U.S.A. INC., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06-cv-414 (SLR) |
| v. | ) ) | |
| EPICREALM LICENSING, LP, | ) ) | |
| Defendant. | ) ) ) | |

## DECLARATION OF ROBERT J. ARTUZ IN SUPPORT OF PLAINTIFFS' OPPOSITION TO EPICREALM LICENSING, LP'S MOTION TO CONSOLIDATE AND TRANSFER

I, Robert J. Artuz, declare as follows:

1.     I am a member in good standing of the State Bar of California and an attorney at the law firm of Townsend and Townsend and Crew LLP ("Townsend"), counsel for Plaintiffs Oracle Corporation and Oracle U.S.A. Inc. (collectively, "Oracle"). I have personal knowledge of the matters stated, except where otherwise indicated, in this Declaration and could competently testify to them if I were called as a witness.

2.     Attached hereto as Exhibit A is a copy of epicRealm's Complaint filed against Safelite Group, Inc. ("Safelite") and other defendants in the Eastern District of Texas on May 2, 2005, which was given Case No. 2:05-CV-163 ("the '163 action") (copies of patents omitted).

3.     The '163 action was consolidated with two other actions, including *epicRealm Licensing, LLC v. Franklin Covey Co., et al.*, Case No. 2:05-CV-356 ("the '356 action").  One of the defendants in the '356 action is Herbalife International of America, Inc. ("Herbalife").

4.     Attached hereto as Exhibit B is a copy of the Eastern District of Texas's Agreed Docket Control Order entered on January 13, 2006 in the consolidated action.

5.     Attached hereto as Exhibit C is a copy of epicRealm's Initial Disclosures in the consolidated action.

6.     Attached hereto as Exhibit D is a copy of Safelite's Third Party Complaint filed against Oracle and IBM on January 26, 2006.

7.     Attached hereto as Exhibit E is a copy of a letter dated January 26, 2006 from John F. Prescott, Jr., counsel for Safelite, to Oracle's General Counsel.

8.     Attached hereto as Exhibit F is a copy of Oracle's answer to Safelite's Third Party Complaint, filed Mach 28, 2006.

9.     Oracle did not agree to defend Safelite in the '163 action and did not participate in any discovery, claim construction, or other proceeding against epicRealm or the '554 or '335 patents.

10.    In June 2006, by written settlement agreements, EpicRealm settled its claims against Safelite and Safelite settled its claims against Oracle and IBM.

11.    Attached hereto as Exhibits G - H are copies of the Eastern District's orders, entered on June 29, 2006 in the consolidated action, dismissing with prejudice both epicRealm's Complaint against Safelite and Safelite's Third Party Complaint against Oracle and IBM.

12.    Oracle is not litigating against the epicRealm patents in Texas, and has never done so.  Neither Oracle nor any Oracle customer charged with infringement for using Oracle's products is currently a party in the consolidated Eastern District of Texas action.

13.    On August 8, 2006, QuinStreet, Inc. ("QuinStreet") filed in this District a Complaint seeking declaratory judgment of non-infringement and invalidity of the epicRealm patents (the "QuinStreet Action"). *See* C.A. No. 06-cv-495-SLR (D.I. 1).

14.    Because to the best of my information and belief, in consultation with other Oracle counsel, epicRealm's business is merely the licensing of its patents from its Dallas headquarters, we did not believe that Oracle could obtain personal jurisdiction over epicRealm in California, and we therefore chose Delaware because both Oracle Corporation and epicRealm are incorporated in Delaware.

15.    Attached hereto as Exhibit I are excerpts from Oracle Corporation's recent Form 10-Q filing with the Securities and Exchange Commission showing that Oracle Corporation is incorporated in Delaware.

16.    Attached hereto as Exhibit J is Oracle USA, Inc.'s "Articles of Amendment" filed with the Colorado Secretary of State showing that Oracle USA, Inc. is incorporated in Colorado.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on September 26, 2006 at Palo Alto, California.

Respectfully submitted,

By: _____

Robert J. Artuz

60877120 v1

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> Michael F. Bonkowski, Esquire
> SAUL EWING LLP
> 222 Delaware Avenue, Suite 1200
> P.O. Box 1266
> Wilmington, DE  19899

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on September 26, 2006 upon the following individuals in the manner indicated:

### BY E-MAIL AND HAND DELIVERY

Michael F. Bonkowski, Esquire
SAUL EWING LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE  19899

### BY E-MAIL

Larry D. Carlson, Esquire
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, TX  75201

*/s/ Mary B. Graham*

Mary B. Graham (#2256)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| epicRealm Licensing, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| 1.  Autoflex Leasing, Inc.; | § | JURY TRIAL DEMANDED |
| 2.  eHarmony.com, Inc.; | § | |
| 3.  Friendfinder Network, Inc.; | § | |
| 4.  Grande Communication | § | |
|     Networks, Inc.; | § | |
| 5.  IJL-NCP, LLC; and | § | |
| 6.  Transplace Texas, L.P., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF EPICREALM LICENSING, LLC'S ORIGINAL COMPLAINT**

Plaintiff, epicRealm Licensing, LLC, brings this action for patent infringement and alleges the following:

## I.  PARTIES

1.  Plaintiff epicRealm Licensing, LLC ("epicRealm") is a Texas limited liability company with its principal place of business at 100 Crescent Court, Suite 700, Dallas, Texas 75201.

2.  On information and belief, defendant Autoflex Leasing, Inc. ("Autoflex") is a Texas corporation, with its principal place of business at 558 S. Central Expressway, Richardson, Texas 75080-6126, and is doing business in the Eastern District and elsewhere in the State of Texas.  Autoflex may be served with process by service on its registered agent, Andrew L. Adams, located at 558 S. Central Expressway, Richardson, Texas 75080-6126.

1

**Exhibit A**

3.    On information and belief, defendant eHarmony.com, Inc., ("eHarmony") is a California corporation, with its principal place of business at 300 North Lake Avenue, Suite 1111, Pasadena, California 91101. Although eHarmony has done — and continues to do — business in the Eastern District and elsewhere in the State of Texas, it has not designated or maintained an agent for service of process in Texas. Accordingly, pursuant to Section 17.044 of the Texas Civil Practice and Remedies Code, eHarmony may be served with process by service upon the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701.

4    On information and belief, defendant Friendfinder Network, Inc., ("Friendfinder") is a California corporation, with its principal place of business at 445 Sherman Avenue, Suite T, Sherman, California 94306. Although Friendfinder has done — and continues to do — business in the Eastern District and elsewhere in the State of Texas, it has not designated or maintained an agent for service of process in Texas. Accordingly, pursuant to Section 17 044 of the Texas Civil Practice and Remedies Code, Friendfinder may be served with process by service upon the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701.

5.    On information and belief, defendant Grande Communications Networks, Inc., ("Grande") is a Delaware corporation, with its principal place of business at 401 Carlson Circle, San Marcos, Texas 78666-6730, and is doing business in the Eastern District and elsewhere in the State of Texas. Grande may be served with process by service on its registered agent, Andrew Kever, located at 401 Carlson Circle, San Marcos, Texas 78666-6730

6    On information and belief, defendant IJL-NCP, LLC, Inc., ("It's Just Lunch") is an Illinois limited liability company, with its principal place of business at 360 N. Michigan Avenue, Suite 11400, Chicago, Illinois 60601, and is doing business, under the assumed name It's Just Lunch, in the Eastern District and elsewhere in the State of Texas. Although It's Just

2

Lunch has done — and continues to do — business in the Eastern District and elsewhere in the State of Texas, it has not designated or maintained an agent for service of process in Texas Accordingly, pursuant to Section 17.044 of the Texas Civil Practice and Remedies Code, It's Just Lunch may be served with process by service upon the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701.

7.    On information and belief, defendant Transplace Texas, L.P., ("Transplace") is a Texas limited partnership, with its principal place of business at 5800 Granite Parkway, Suite 1000, Plano, Texas 75024, and is doing business in the Eastern District and elsewhere in the State of Texas. Transplace may be served with process by service on its registered agent, Ellis McKinley, located at 5800 Granite Parkway, Suite 1000, Plano, Texas 75024.

## II.  JURISDICTION AND VENUE

8    This infringement action arises under the patent laws of the United States, title 35, United States Code. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a)

9.    All of the defendants have done — and continue to do — business in the Eastern District of Texas. All defendants have minimum contacts with the Eastern District of Texas such that this venue is a fair and reasonable one. The defendants have committed purposeful acts or transactions in the State of Texas such that they reasonably knew and expected that they could be haled into a Texas court as a consequence of such activity. Accordingly, venue in the Eastern District of Texas is proper under 28 U.S.C. §§ 1391(b), 1400(b).

## III.  PATENT INFRINGEMENT

10.    On April 13, 1999, and July 2, 2002, United States Patent Nos. 5,894,554 and 6,415,335 B1, which are collectively referred to as the "epicRealm Patents," duly and legally issued  These two patents concern, among other things, systems and methods for managing

3

dynamic Web page generation requests. Copies of the epicRealm Patents are attached hereto as Exhibits "A" and "B" and made a part hereof.

11.    EpicRealm is the owner of the epicRealm Patents and has the right to enforce those patents with respect to the defendants.

12.    On information and belief, defendants use systems and methods for managing dynamic Web page generation requests within the scope of one or more of the claims of the epicRealm Patents. As a result, all of the defendants have been and still are infringing one or more of the claims of the epicRealm Patents as defined by 35 U.S.C. § 271. EpicRealm has suffered damage by reason of defendants' infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct.

13.    To the extent that defendants have continued or do continue their infringing activities after receiving notice of the epicRealm Patents, such infringement is willful, entitling epicRealm to the recovery of increased damages under 35 U.S.C. § 284.

14    This is an "exceptional case" justifying an award of attorneys' fees and costs to epicRealm pursuant to 35 U.S.C § 285.

15.    EpicRealm believes that defendants will continue to infringe the epicRealm Patents unless enjoined by this Court  Such infringing activity causes epicRealm irreparable harm and will continue to cause such harm without the issuance of an injunction.

### IV.  JURY DEMAND

16.    Plaintiff requests trial by jury pursuant to Federal Rule of Civil Procedure 38.

### V.  PRAYER FOR RELIEF

17.    EpicRealm requests that the Court find in its favor and against defendants and that the Court grant the following relief:

a Judgment that one or more of the claims of the epicRealm Patents have been infringed, either literally and/or under the doctrine of equivalents, by defendants;

b Judgment in favor of epicRealm for the full amount of its actual damages caused by defendants' infringing activities, including an assessment of interest and costs;

c. Judgment for increased damages for willful infringement pursuant to 35 U.S.C. § 284;

d. Judgment that this is an "exceptional case" and awarding epicRealm its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285;

e. That defendants be permanently enjoined from further activity or conduct that infringes the claims of the epicRealm Patents; and

f. That the Court award epicRealm such other and further relief as is just and proper under the circumstances.

Respectfully submitted,

Larry D. Carlson, Attorney-in-Charge
 Texas State Bar No. 03814500
 E-Mail: larry.carlson@bakerbotts.com
Kevin Meek
 Texas State Bar No. 13899600
 E-Mail: kevin.meek@bakerbotts.com
Thomas Frame
 Texas State Bar No. 24027318
 E-Mail: thomas.frame@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 953-6503

Otis W. Carroll
    Texas State Bar No. 03895700
    E-mail: otiscarroll@icklaw.com
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
P.O. Box 7879
Tyler, Texas 75711
Telephone: (903) 561-1600
Facsimile: (903) 581-1071

S. Calvin Capshaw
    Texas State Bar No. 03783900
    E-Mail: ccapshaw@mailbmc.com
BROWN McCARROLL LLP
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

Franklin Jones, Jr.
    Texas State Bar No. 00000055
    E-Mail: maizieh@millerfirm.com
JONES & JONES, Inc., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, Texas 75671-1249
Telephone: (903) 938-4395
Facsimile: (903) 938-3360

ATTORNEYS FOR PLAINTIFF
EPICREALM LICENSING, L.L.C.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EPICREALM LICENSING, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:05-CV-163 |
| | § | |
| AUTOFLEX LEASING, INC., et al., | § | |
| | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| EPICREALM LICENSING, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:05-CV-356 |
| | § | |
| FRANKLIN COVEY CO., et al., | § | |
| | § | |
| Defendants. | § | |

## AGREED DOCKET CONTROL ORDER

Pursuant to agreement of the parties, the Court hereby enters the following Docket

Control Order.

| ACTION ITEM | RULE | DATE DUE |
|---|---|---|
| Initial Case Management Conference | Patent L.R. 2-1, FRCP 26(f) | December 14, 2005 |
| Patentee serves Disclosure of Asserted Claims and Preliminary Infringement Contentions | Patent L.R. 3-1 | December 23, 2005 |
| Patentee makes Document Production Accompanying Disclosure | Patent L.R. 3.2 | December 23, 2005 |
| Deadline for adding parties without leave of court | | January 26, 2006 |

-1-

**Exhibit B**

Case 2:05-cv-00163-DF-CMC   Document 38    Filed 01/13/2006    Page 2 of 5

| ACTION ITEM | RULE | DATE DUE |
|---|---|---|
| Initial Disclosures. No party may serve a deposition notice prior to this date. | FRCP 26 | February 16, 2006 |
| Accused Infringer serves Preliminary Invalidity Contentions | Patent L.R. 3-3 | February 21, 2006 |
| Accused Infringer makes Document Production Accompanying Preliminary Invalidity Contentions | Patent L.R. 3-4 | February 21, 2006 |
| All parties make Exchange of Proposed Terms and Claim Elements for Construction | Patent L.R. 4-1(a) | March 10, 2006 |
| All parties meet and confer to discuss list of Proposed Terms and Claim Elements for Construction | Patent L.R. 4-1(b) | After March 10, 2006 |
| All parties make Exchange of Preliminary Claim Construction and Extrinsic Evidence. Any expert who may be called as a witness at the claim construction hearing shall be designated by this date. If either side (plaintiff or any defendant) designates an expert, the other side (plaintiff or any defendant) may designate an expert within ten days thereafter. After that ten day period has elapsed, any expert who has been designated may be deposed on claim construction issues before the May 26, 2006, deadline for the completion of claim construction discovery. | Patent L.R. 4-2 | March 31, 2006 |
| All parties meet and confer to discuss Preliminary Claim Constructions and Extrinsic Evidence | Patent L.R. 4-2(c) | After March 31, 2006 |
| All parties jointly file Joint Claim Construction and Prehearing Statement | Patent L.R. 4-3 | April 21, 2006 |
| Completion of Claim Construction Discovery | Patent L.R. 4-4 | May 26, 2006 |
| Patentee files opening claim construction brief | Patent L.R. 4-5(a) | June 9, 2006 |
| Accused Infringer files responsive claim construction brief | Patent L.R. 4-5(b) | June 23, 2006 |
| Patentee files reply brief on claim construction | Patent L.R. 4-5(c) | July 7, 2006 |

Case 2:05-cv-00163-DF-CMC    Document 138    Filed 01/12/2006    Page 3 of 5

| ACTION ITEM | RULE | DATE DUE |
|---|---|---|
| Parties file joint claim construction chart | Patent L.R. 4.5(d) | Ten days before claim construction hearing |
| Claim Construction Hearing | Patent L.R. 4-6 | To be determined by the Court. Suggested dates: July 13 or 14, 2006 |
| Court's Claim Construction Ruling | | Court's discretion, as soon after claim construction hearing as practical. |
| Patentee makes Final Infringement Contentions | Patent L.R. 3-6(a) | Thirty days after claim construction ruling. |
| Accused Infringer makes disclosure relating to willfulness | Patent L.R. 3-8 | August 28, 2006 |
| Parties file amended pleadings | | October 22, 2006 |
| Accused Infringer makes Final Invalidity Contentions | Patent L.R. 3-6(b) | Fifty days after claim construction ruling. |
| Parties serve expert reports on those issues where party has burden of proof | | Fifty days after claim construction ruling. |
| Completions of all fact discovery, including discovery on invalidity and unenforceability | | November 22, 2006 |
| Parties serve expert rebuttal reports responsive to initial opening report | | Thirty days after opening expert report. |
| Expert deposition period opens | | Upon service of rebuttal expert reports. |
| Deadline for filing dispositive motions, including motions on invalidity and unenforceability | | December 22, 2006 |
| Deadlines for filing all *Daubert* motions | | December 22, 2006 |
| Completion of all expert discovery | | Forty-five days from rebuttal experts. |
| Patentee identifies trial witnesses | | January 22, 2007 |

| ACTION ITEM | RULE | DATE DUE |
|---|---|---|
| Accused Infringer identifies trial witnesses | | January 29, 2007 |
| Parties to file Proposed Joint Final Pretrial Order, Proposed Jury Instructions, Joint Verdict Forms and Motions in Limine. Prior to pretrial conference, parties shall confer with each other regarding the other party's Motion in Limine and shall submit to the Court in writing any objections they may have to the other party's Motion in Limine. | | February 12, 2007 |
| Final Pretrial Conference before Judge David Folsom | | March 5, 2007, in Marshall, TX |
| Jury Selection before Judge David Folsom | | March 6, 2007, in Marshall, TX |

**SIGNED this 13th day of January, 2006.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EPICREALM LICENSING, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:05-CV-163 |
| | § | |
| AUTOFLEX LEASING, INC., et al., | § | |
| | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| EPICREALM LICENSING, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:05-CV-356 |
| | § | |
| FRANKLIN COVEY CO., et al., | § | |
| | § | |
| Defendants. | § | |

**EPICREALM LICENSING, LP'S INITIAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), plaintiff epicRealm Licensing, LP ("epicRealm") serves all defendants with its initial disclosures.

Rule 26(a)(1)(A):

The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**Exhibit C**

Disclosure:

| Name | Subjects of Information |
| --- | --- |
| B. Kent Hill<br>2202 Oakwood Ct.<br>Richardson, Texas 75082<br>469.226.1246 | Corporate history of epicRealm. |
| Keith Lowery<br>10910 N.E. 197th St.<br>Bothell, Washington 98011<br>425.483.4135<br>469.767.2063 | Invention and development of technology that is the subject of the '335 and '554 Patents; patenting of the technology. |
| Andrew B. Levine<br>2302 Velvet Ridge Dr.<br>Owings Mills, Maryland 21117<br>469.255.4127 | Invention and development of technology that is the subject of the '335 and '554 Patents. |
| Ronald L. Howell<br>4805 Toler Road<br>Rowlett, Texas 75089<br>214.354.0450 | Invention and development of technology that is the subject of the '335 and '554 Patents. |
| Brad Carl<br>(work)<br>5400 Legacy Drive<br>Cluster II, Bldg. 3<br>Plano, Texas 75024<br>972.265.2058<br>(home)<br>2137 Sword Drive<br>Garland, Texas 75044<br>972.496.3897 | Corporate history of epicRealm. |
| John Ferguson<br>1605 Copper Creek Drive<br>Plano, Texas 75023<br>214.697.7111 | Corporate history of epicRealm. |
| James Salter<br>2830 De La Cruz Blvd.<br>Santa Clara, California 95050 | Prosecution of the '335 and '554 Patents. |
| Matt Talpis<br>Research Park Plaza<br>Building 3<br>12301 Research Blvd.<br>Austin, Texas 78759 | Prosecution of the '335 Patent. |
| Yoshi Noguchi<br>InterBusiness Corporation<br>949.724.1150<br>ynoguchi@interbizcorp.com | Corporate history of epicRealm. |

| Sharmini Green<br>7 Ribera<br>Irvine, California 92620<br>714.669.1261 | Prosecution of '554 Patent. |
| --- | --- |

Rule 26(a)(1)(B):

 A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

Disclosure:

 EpicRealm has provided all defendants with documents pursuant to Patent Local Rule 3-2. EpicRealm is in possession of the following categories of documents that it may use to support its claims or defenses, unless solely for impeachment:

1. The patents-in-suit;

2. Documents regarding ownership of the patents-in-suit;

3. The prosecution histories of the patents-in-suit;

4. Documents regarding systems and products embodying the claimed inventions;

5. Documents regarding the conception and reduction to practice of the claimed inventions;

6. Documents regarding testing and development;

7. Documents regarding marketing and advertising;

8. Employment records and personnel files;

9. Research documents;

10. Sales documents;

11. Financial information;

12.     Competitive analyses;

13.     Customer contracts; and

14.     Documents regarding marketing and distribution affiliations.

All documents are available through epicRealm's counsel, Larry Carlson, at Baker Botts L.L.P.,

2001 Ross Avenue, Dallas, Texas 75201.


Rule 26(a)(1)(C):

A computation of any category of damages claimed by the disclosing party, making

available for inspection and copying as under Rule 34 the documents or other evidentiary

material, not privileged or protected from disclosure, on which such computation is based,

including materials bearing on the nature and extent of injuries suffered.

Disclosure:

EpicRealm seeks a reasonable royalty for the use of epicRealm's inventions, together

with interest and costs.  EpicRealm also seeks increased damages for willful infringement

pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285.  EpicRealm will

supplement this disclosure after further discovery.


Rule 26(a)(1)(D):

For inspection and copying as under Rule 34 any insurance agreement under which any

person carrying on an insurance business may be liable to satisfy part or all of a judgment which

may be entered in the action or to indemnify or reimburse for payment made to satisfy the

judgment.

<u>Disclosure:</u>

Not applicable.

Respectfully submitted,

*Jeff Moles*

Larry D. Carlson, Attorney-in-Charge
    Texas State Bar No. 03814500
    E-Mail:  larry.carlson@bakerbotts.com
Kevin Meek
    Texas State Bar No. 13899600
    E-Mail:  kevin.meek@bakerbotts.com
Thomas Frame
    Texas State Bar No. 24027318
    E-Mail:  thomas.frame@bakerbotts.com
Jeff Moles
    Texas State Bar No. 24041504
    E-Mail:  jeff.moles@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas  75201
Telephone:  (214) 953-6500
Facsimile:  (214) 953-6503


Otis W. Carroll
    State Bar No. 03895700
    E-Mail:  otiscarroll@icklaw.com
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
P.O. Box 7879
Tyler, Texas  75711
Telephone:  (903) 561-1600
Facsimile:  (903) 581-1071

S. Calvin Capshaw
    State Bar No. 03783900
    E-Mail: ccapshaw@mailbmc.com
BROWN McCARROLL LLP
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, Texas  75601-5157
Telephone:  (903) 236-9800
Facsimile:  (903) 236-8787


Franklin Jones, Jr.
    State Bar No. 00000055
    E-Mail: maizieh@millerfirm.com
JONES & JONES, Inc., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, Texas  75671-1249
Telephone:  (903) 938-4395
Facsimile:  (903) 938-3360


Harry L. (Gil) Gillam Jr.
    State Bar No. 07921800
    E-Mail: gil@gillamsmithlaw.com
GILLAM SMITH, L.L.P.
110 South Bolivar, Suite 204
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

ATTORNEYS FOR PLAINTIFF
EPICREALM LICENSING, LP


## CERTIFICATE OF SERVICE

I certify that on the 16 day of February, 2006, I served counsel for each defendant with a copy of this document by certified mail, return receipt requested.

_____
Jeff Moles

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

epicRealm Licensing, LLC,
                    Plaintiff

vs.                                      CASE NUMBER:  2:05-cv-00356

Autoflex Leasing, Inc.; eHarmony.com, Inc.;    JURY TRIAL DEMANDED
Friendfinder Network, Inc.;
Grande Communication Networks, Inc.;
and Transplace Texas, L.P.,
                    Defendants.

_____

epicRealm Licensing, LLC,
                    Plaintiff

vs.                                      CASE NUMBER:  2:05-cv-00356

Franklin Covey Co., Clark Consulting, Inc.;    JURY TRIAL DEMANDED
The Macerich Company; Safelite Group, Inc.;
Herbalife International of America, Inc.; and
Pink Sheets, LLC,
                    Defendants.

_____

Safelite Group, Inc.,
                    Third Party Plaintiff

vs.                                      CASE NUMBER:  2:05-cv-00356

Oracle Corporation and                         JURY TRIAL DEMANDED
International Business Machines Corporation,
                    Third Party Defendants.

**SAFELITE GROUP, INC.'S THIRD PARTY
COMPLAINT AGAINST ORACLE CORPORATION AND
INTERNATIONAL BUSINESS MACHINES CORPORATION**

Defendant and third party plaintiff Safelite Group, Inc. ("Safelite"), pursuant to Fed. R.

Civ. Pro. 14(a) and within the deadline for adding parties without leave of court as established by

**Exhibit D**

the Court's Agreed Docket Control Order of January 13, 2006, for its Third Party Complaint

against Oracle Corporation and International Business Machines Corporation states:

## I. PARTIES

1.      Safelite Group, Inc. ("Safelite") is a Delaware corporation with its principal place

of business at 2400 Farmers Drive, Columbus, Ohio 43235.  Safelite Group, Inc. is the successor

in interest to the rights of Safelite Glass Corp.

2.      On information and belief, and based upon epicRealm's allegations, Plaintiff

epicRealm ("epicRealm") is a Texas limited liability company with its principal place of

business at 100 Crescent Court, Suite 700, Dallas, Texas 75201.

3.      Third Party Defendant Oracle Corporation ("Oracle") is a Delaware corporation

with its principal place of business in California.

4.      Third Party Defendant International Business Machines Corporation ("IBM") is a

Delaware corporation with its principal place of business at 1 New Orchard Road, Armonk, NY

10504.

## II. JURISDICTION AND VENUE

5.      epicRealm, by its original and First Amended Complaint herein has sued Safelite

in this Court, and has purported to state a claim against Safelite (and the other first generation

defendants) for patent infringement, and has alleged that its cause of action arises under the

patent laws of the United States, Title 35, United States Code and that this Court has jurisdiction

under 28 U.S.C. §§ 1331 and 133 8(a).  Safelite, by its Answer has admitted the subject matter

jurisdiction of the Court, but denied epicRealm's allegations of patent infringement with respect

to Safelite.

6.  Because this Court has subject matter jurisdiction over the matters alleged by epicRealm, this Court has subject matter jurisdiction over the allegations of this Third Party Complaint against Oracle and IBM.

7.  To the extent venue in this Court is proper against Safelite, it is equally proper against Oracle and IBM because they each are subject to the personal jurisdiction of this Court as they each have done and continue to do business in Texas and this District and have sold products in Texas and this District.

### III. EPICREALM'S CLAIMS OF PATENT INFRINGEMENT

8.  By epicRealm's Amended Complaint, it alleges that United States Patent Nos. 5,894,554 and 6,415,335 B1 (the "epicRealm Patents") were issued on April 13, 1999 and July 2, 2002, respectively.  epicRealm alleges that the two patents concern, among other things, systems and methods for managing dynamic web page generation requests.

9.  epicRealm has alleged that it is the owner of the epicRealm Patents.

10.  epicRealm has alleged that Safelite uses systems and methods of managing dynamic Web page generation requests within the scope of one or more of the claims of the epicRealm Patents.

11.  Safelite has generally and specifically denied that the epicRealm Patents were validly issued, that it is infringing or has infringed the epicRealm Patents, whether directly or by inducement or contribution, and by both its Answer and Counterclaim has affirmatively denied that the epicRealm Patents are valid or enforceable.

## IV.  THE ORACLE AND IBM PRODUCTS AND SAFELITE'S RIGHT TO INDEMNIFICATION

12.    Safelite (through its predecessor in interest) entered into an agreement with Oracle titled "Oracle License & Services Agreement" dated November 29, 2002, as amended, which expressly incorporates ordering documents, terms, conditions, and other documents from Oracle (the "Oracle Agreement").

13.    By the Oracle Agreement, Oracle licensed to Safelite certain software.  That software includes, but is not necessarily limited to Oracle E-Business Suite Release 11i, which includes the Order Management software product, the Warehouse Management software product, and 20 other individually licensed software products ("Oracle Suite").  The Oracle Suite was purchased by Safelite from Oracle under multiple ordering documents under an Oracle License and Services Agreement identified as OLSA-434055-29-NOV-2002, with an effective date of November 29, 2002.   By its contracts with Safelite, Oracle has promised to indemnify Safelite against claims of infringement of third parties' intellectual property.

14.    In part, the Oracle Agreement states with regard to those certain indemnification rights, "If someone makes a claim against you or Oracle ("Recipient") that any information, design, specification, instruction, software, date, or material ("Material") furnished by the providing party ("Provider") and used by the Recipient infringes their intellectual property rights, the Provider will indemnify the Recipient...."

15.    In addition, Safelite has a right to indemnification as a matter of common law if a person makes a claim that a product provided by Oracle to Safelite infringes that person's intellectual property rights.

- 4 -

16. Based on information and belief, the Material (as that term is defined in the Oracle Agreement) provided by Oracle to Safelite includes, *inter alia*, Oracle's Oracle HTTP Server (OHS), JSERV, and Oracle database management system ("Oracle DBMS").

17. According to documents published by Oracle, OHS is based on Apache software.

18. Based on information and belief, OHS works in conjunction with JSERV.

19. Based on information and belief, JSERV interacts with Oracle DBMS to dynamically generate a web page.

20. epicRealm has served certain Preliminary Infringement Contentions ("PICs") in this case on Safelite.

21. Based on information and belief, by its PICs, epicRealm asserts that the claims of the epicRealm Patents cover practically any system utilizing an Apache server in conjunction with a page server (or application server, servlet container, or software, etc.), where the page server interacts with data sources (including relational databases such as Oracle) to dynamically generate a web page, and the Apache server and the page server execute concurrently.

22. epicRealm has served discovery in this case that seeks information and documents related to the Material (as that term is defined in the Oracle Agreement) provided by Oracle to Safelite.

23. Safelite does not agree with epicRealm regarding its construction of the claims of the epicRealm Patents, or that they are valid or infringed by any product used by Safelite. Moreover, Safelite does not agree that epicRealm is entitled to the broad sweep of its discovery requests.

24. However, should the Court or a jury find that there is any merit to any of epicRealm's claims, allegations and/or demands (which Safelite continues to assert would be

error) and find that claims of the epicRealm Patents are broad enough to encompass the Oracle

Materials being used by Safelite, then Safelite is entitled to be indemnified by Oracle pursuant to

the Oracle Agreement and the common law.

25.    Safelite Glass Corp. entered into an agreement with International Business

Machines Corporation ("IBM") titled "IBM Customer Agreement DA18213" dated June 7, 1999,

and amendments thereto (the "IBM Agreement"), which expressly incorporates statements of

work (including later executed statements of work) and other attachments and ordering

documents.

26.    By the IBM Agreement, IBM licensed to Safelite certain software and promised

to indemnity Safelite against claims of infringement of third parties' intellectual property.

27.    In part, the IBM Agreement states with regard to these certain indemnification

rights, "If a third party claims that a Product that we provide to you infringes that party's patent

or copyright, we will defend you against that claim at our expense and pay all costs, damages,

and attorneys fees that a court finally awards...."

28.    In addition, Safelite has a right to indemnification as a matter of common law if a

person makes a claim that a product provided by IBM to Safelite infringes that person's

intellectual property rights.

29.    On information and belief, the Product provided by IBM to Safelite includes, *inter

alia*, IBM WebSphere Application Server ("WAS").

30.    According to technical documents published by IBM ("Redbooks"), and IBM's

website, WAS is built on Apache Geronimo software and includes a web server and an

application server.

31.    Based on information and belief, the WAS application server interacts with data sources (including relational databases) to dynamically generate a web page.

32.    Based on information and belief, the WAS web server and the WAS application server execute concurrently.

33.    Based on information and belief, by its PICs, epicRealm asserts that the claims of the epicRealm Patents cover practically any system utilizing a web server in conjunction with a page server (or application server, servlet container, or software, etc.), where the page server interacts with data sources to dynamically generate a web page, and the web server and the page server execute concurrently.

34.    epicRealm has served discovery in this case that seeks information and documents related to the Product provided by IBM to Safelite.

35.    Safelite does not agree with epicRealm regarding its construction of the claims of the epicRealm Patents, or that they are valid or infringed by any product used by Safelite. Moreover, Safelite does not agree that epicRealm is entitled to the broad sweep of its discovery requests.

36.    However, should the Court or a jury find that there is any merit to any of epicRealm's claims, allegations and/or demands (which Safelite continues to assert would be error) and find that claims of the epicRealm Patents are broad enough to encompass the IBM Product being used by Safelite, then Safelite is entitled to be indemnified by IBM pursuant to the IBM Agreement and the common law.


## V. JURY DEMAND

37.    Safelite requests a trial by jury pursuant to Federal Rule of Civil Procedure 38.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Third Party Plaintiff Safelite respectfully prays for judgment in its favor

and against Third Party Defendants Oracle Corporation and International Business Machines

Corporation holding that Safelite is entitled to be defended, held harmless, and fully indemnified

against any monetary judgment rendered herein in favor of epicRealm and against Safelite, as to

any claim that is based in any way on an allegation or claim that any software or product

provided or licensed to Safelite by one of the third party defendants infringes any claim of one of

the epicRealm Patents.

Respectfully submitted,

Safelite Group, Inc.

By: s/John F. Prescott, Jr.
John F. Prescott, Jr.
Indiana State Bar # 5813-49
(Admitted herein *pro hac vice*)
ATTORNEY-IN-CHARGE
ICE MILLER LLP
One American Square
Suite 3100
Indianapolis, Indiana  46282-0200
Telephone:  317-236-2398
Facsimile: 317-592-4736
Email: john.prescott@icemiller.com

ATTORNEY FOR DEFENDANT
SAFELITE GROUP, INC.

John F. Prescott, Jr.
ICE MILLER LLP
One American Square
Suite 3100
Indianapolis, Indiana  46282-0200
Telephone: 317-236-2398
Facsimile:  317-592-4736
Email: john.prescott@icemiller.com

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/John F. Prescott, Jr.
John F. Prescott, Jr.

INDY 1674515v.1



**ICE MILLER** LLP

LEGAL COUNSEL



R E C E I V E D

JAN 2 7 2006

OFFICE OF THE GENERAL COUNSEL

January 26, 2006

WRITER'S DIRECT NUMBER: (317) 236-2398
DIRECT FAX: (317) 592-4736
INTERNET: John.Prescott@icemiller.com

*Via FEDERAL EXPRESS*
*OVERNIGHT DELIVERY*

R E C E I V E D

ORACLE CORPORATION
LEGAL DEPARTMENT

JAN 2 6 2006

BY By Hand

Oracle Corporation
ATTN: General Counsel, Legal Dept.
500 Oracle Parkway
Redwood City, CA, 94065

RE:    epicRealm Licensing, LLC v. Franklin Covey Co., et al.
       United States District Court
       Eastern District of Texas
       Marshall Division
       Civil Action No. 2-05CV-356

Dear General Counsel:

This office represents Safelite Group, Inc. Safelite is a licensee of Oracle software. Specifically, by an agreement with Oracle titled "Oracle License & Services Agreement" dated November 29, 2002, as amended (the "Oracle Agreement"), Oracle licensed to Safelite certain software including, but not necessarily limited, to Oracle E-Business Suite Release 11i, which includes the Order Management software product, the Warehouse Management software product, and 20 other individually licensed software products ("Oracle Suite"). The Oracle Suite was purchased by Safelite from Oracle under multiple ordering documents under Oracle License and Services Agreement identified as OLSA-434055-29-NOV-2002, with an effective date of November 29, 2002. By its contracts with Safelite, Oracle has promised to indemnify Safelite against claims of infringement of third parties' intellectual property.

Safelite is one of eleven defendants that have been sued by epicRealm Licensing LLC in the Easter District of Texas, alleging infringement of United States Patent Nos. 5,894,554 and 6,415,335 B1 (the "epicRealm Patents"). epicRealm describes those patents as concerning "among other things, systems and methods for managing dynamic Web page generation requests." In order to assist you in understanding the nature of the case, identifying the several defendants and the case itself, we include for your reference the following items:

1.    Plaintiff epicRealm Licensing, LLC's First Amended Complaint;

2.    Answer and Counterclaims of Safelite Group, Inc. in Response to Plaintiff epicRealm Licensing, LLC's First Amended Complaint;

3.    Agreed Docket Control Order;

**Exhibit E**

Oracle Corporation
ATTN: General Counsel, Legal Dept.
January 26, 2006
Page 2

    4.      Plaintiff epicRealm Licensing, LLC's First Request for Production to All Defendants;

    5.      Plaintiff epicRealm Licensing, LLC's First Set of Common Interrogatories to All Defendants;

    6.      Plaintiff epicRealm Licensing, LLC's Motion for Leave to File a Second Amended Complaint;

    7.      Letter from Baker Botts dated January 25, 2006;

    8.      U.S. Patent No. 5,894,554; and,

    9.      U.S. Patent No. 6,415,335.

While epicRealm has recently served some Preliminary Infringement Contentions, epicRealm has unfortunately designated them as "Confidential" pursuant to the existing Protective Order. We believe strongly the designation is improper and have asked the plaintiff to lift it, but we have not received the benefit of a reply. As soon as we can, we will provide those contentions to you. For the moment, you may safely assume that epicRealm's construction of what its patents cover is far broader than what the defendants believe is reasonable. Nonetheless, the plaintiff's claims are what they are.

You will also note the letter dated just yesterday, January 25, from plaintiff's counsel, Larry Carlson, to counsel for Clark Consulting. Clark's counsel had requested confirmation that the plaintiff's allegations did not reach beyond the open source products initially identified by the plaintiff, to reach a Microsoft product used by Clark. The position the plaintiff took in response is that "a system or method that employs IIS service software instead of Apache or Tomcat servers could, <u>if used to generate webpages with dynamic content</u>, be configured in a way that would infringe the claims of the epicRealm patents." In other words, while epicRealm has attempted (for obvious reasons) to sue only companies that it thinks are not using products of name brand licensors like yourself, it is posturing to argue that virtually any system/method that generates web pages with dynamic content reads on its patents.

The broad scope of the enclosed plaintiff's discovery also demonstrates how the plaintiff is approaching this case. And you will note that as to Clark's Microsoft product, epicRealm claims by Carlson's letter that related documents are discoverable. epicRealm is similarly demanding that Safelite produce documents regarding its Oracle products – and there is only one reason why it is doing so.

Safelite has denied any infringement and has counterclaimed for a declaration that the epicRealm Patents are invalid and unenforceable. (Please see our Answer to the First Amended

Oracle Corporation
ATTN: General Counsel, Legal Dept.
January 26, 2006
Page 2

Complaint.)   However, it is clear that epicRealm's claims, if found to have any merit, will implicate the Oracle products licensed to Safelite.   We therefore find it necessary to respectfully demand that Oracle agree to defend and indemnify Safelite from any and all claims by epicRealm that any Oracle product infringes the epicRealm patents.   Please immediately provide us your written assurance that such defense and indemnification will be forthcoming.

The Eastern District of Texas is a rocket docket.   Today is the last day Safelite can add a third party without leave of court.   The plaintiff refused the request of the defendant group to extend that deadline.   Consequently, we had no choice but to file a formal Third Party Complaint this date against Oracle and IBM.   A courtesy copy is enclosed.

We look forward to your prompt response to Safelite's request for indemnity and working with you to defend against epicRealm's allegations.

Sincerely yours,

ICE MILLER LLP

John F. Prescott, Jr.

JFP/ldh
Enclosures
cc:    Brian DiMasi (w/enclosures)

INDY 1674499v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| epicRealm Licensing, LP | ) | |
| | ) | C.A. 2:05-cv-163-DF |
| v. | ) | JURY DEMANDED |
| | ) | |
| Autoflex Leasing, Inc.; eHarmony.com, Inc.; | ) | |
| Friendfinder Network, Inc.; | ) | |
| Grande Communication Networks, Inc.; and | ) | |
| Transplace Texas, L.P. | ) | |

----------------------------------------------------------------------

| | | |
|---|---|---|
| epicReal Licensing, LP | ) | |
| | ) | C.A. 2:05-cv-356-DF |
| v. | ) | JURY DEMANDED |
| | ) | |
| Franklin Covey Co.; Clark Consulting, Inc.; | ) | |
| The Macerich Company; Safelite Group, Inc.; | ) | |
| Herbalife International of America, Inc.; and | ) | |
| Pink Sheets, LLP | ) | |

----------------------------------------------------------------------

| | | |
|---|---|---|
| Safelite Group, Inc. | ) | |
| | ) | C.A. 2:05-cv-356-DF |
| v. | ) | JURY DEMANDED |
| | ) | |
| Oracle Corporation and International Business | ) | |
| Machines Corporation | ) | |

## ORACLE CORPORATION'S ANSWER TO THIRD PARTY COMPLAINT OF DEFENDANT SAFELITE GROUP, INC.

Oracle Corporation ("Oracle") answers the Third Party Complaint Against Oracle

Corporation And International Business Machines Corporation filed by Defendant Safelite

Group, Inc. ("Safelite") on January 26, 2006 as follows:

{A48\7537\0001\W0301800.1 }

**Exhibit F**

## I.    PARTIES

1.    Oracle admits that Safelite is a Delaware corporation and that its principal place of business is at 2400 Farmers Drive, Columbus, Ohio 43235. Except as expressly admitted in this paragraph, Oracle lacks information sufficient to form a belief as to the allegations of paragraph 1 of the Third Party Complaint, and denies those allegations on that basis.

2.    Based on information stated in plaintiff's Second Amended Complaint, Oracle denies that plaintiff epicRealm is a Texas limited liability company. Except as expressly denied in this paragraph, Oracle lacks information sufficient to form a belief as to the allegations of paragraph 2 of the Third Party Complaint, and denies those allegations on that basis.

3.    Admitted.

4.    Admitted.

## II.    JURISDICTION AND VENUE

5.    Oracle alleges that the claims and defenses alleged in the First Amended Complaint and in Safelite's Answer speak for themselves. Except as expressly alleged in this paragraph, Oracle responds that the allegations in paragraph 5 of the Third Party Complaint do not require an answer, and denies those allegations on that basis.

6.    Oracle admits that the Court has subject matter jurisdiction over epicRealm's allegations of patent infringement against Safelite and the other defendants, and that the Court may exercise supplemental jurisdiction over the allegations of the Third Party Complaint against Oracle and IBM. Oracle alleges that the Court should decline to exercise supplemental jurisdiction over Safelite's Third Party Complaint against Oracle. Except as expressly admitted or alleged in this paragraph, Oracle denies the allegations of paragraph 6 of the Third Party

Complaint, and specifically denies that the Court has an independent basis of subject matter

jurisdiction over the allegations of the Third Party Complaint against Oracle.

      7.     Oracle admits that it has done business and sold products in the Eastern District of

Texas, and that it is continuing to do business in the Eastern District of Texas.  Except as

expressly admitted in this paragraph, Oracle denies the allegations of paragraph 7 of the Third

Party Complaint.

### III.    EPICREALM'S CLAIMS OF PATENT INFRINGEMENT

      8.     Oracle alleges that the claims alleged in the First Amended Complaint speak for

themselves.  Except as specifically alleged in this paragraph, Oracle responds that the allegations

in paragraph 8 of the Third Party Complaint do not require an answer, and denies those

allegations on that basis.

      9.     Oracle alleges that the claims alleged in the First Amended Complaint speak for

themselves.  Except as specifically alleged in this paragraph, Oracle responds that the allegations

in paragraph 9 of the Third Party Complaint do not require an answer, and denies those

allegations on that basis.

      10.    Oracle alleges that the claims alleged in the First Amended Complaint speak for

themselves.  Except as specifically alleged in this paragraph, Oracle responds that the allegations

in paragraph 10 of the Third Party Complaint do not require an answer, and denies those

allegations on that basis.

      11.    Oracle alleges that the claims and defenses alleged in the First Amended

Complaint and in Safelite's Answer and Counterclaim speak for themselves.  Except as expressly

alleged in this paragraph, Oracle responds that the allegations in paragraph 11 of the Third Party

Complaint do not require an answer, and denies those allegations on that basis.

IV.    THE ORACLE AND IBM PRODUCTS AND ORACLE'S DENIAL OF
       SAFELITE'S CLAIM FOR INDEMNIFICATION

12.    Oracle admits that on or about November 29, 2002, Oracle and Safelite Glass

Corporation executed an Ordering Document, which incorporated and amended the terms of

Oracle License and Services Agreement v111102.  Oracle further admits that additional

amendments, ordering documents, and other relevant documents were executed by Oracle and

Safelite Glass Corporation pursuant to that Oracle License and Services Agreement.  Except as

expressly admitted in this paragraph, Oracle denies the allegations of paragraph 12 of the Third

Party Complaint.

13.    Oracle alleges that the terms of the written Ordering Document, which

incorporated and amended the terms of Oracle License and Services Agreement v111102, and

written additional amendments, ordering documents, and other relevant documents that were

executed by Oracle and Safelite Glass Corporation pursuant to that Oracle License and Services

Agreement, speak for themselves.  Except as expressly alleged in this paragraph, Oracle

responds that the allegations in paragraph 13 of the Third Party Complaint do not require an

answer, and denies those allegations on that basis, and specifically denies that Safelite is entitled

to indemnification from Oracle.

14.    Oracle admits that the Oracle License and Services Agreement v111102 includes

the language quoted in paragraph 14 of the Third Party Complaint with the exception that the

word "date" quoted in paragraph 14 of the Third Party Complaint is "data" in the Oracle License

and Services Agreement v111102.  Except as expressly admitted in this paragraph, Oracle denies

the allegations of paragraph 14 of the Third Party Complaint.

15.    Oracle alleges that Safelite's allegation of what Safelite believes some unspecified

"common law" to be does not require an answer, and denies the allegations of paragraph 15 of

the Third Party Complaint on that basis, and specifically denies that Safelite is entitled to

indemnification from Oracle.

16.    Oracle admits that it provided the materials identified in the ordering documents

referenced in paragraph 12 above to Safelite Glass Corporation.  Except as expressly admitted in

this paragraph, Oracle lacks information sufficient to form a belief as to the allegations of

paragraph 16 of the Third Party Complaint, and denies those allegations on that basis.

17.    Oracle alleges that any unspecified "documents" to which Safelite refers speak for

themselves.  Except as expressly alleged in this paragraph, Oracle responds that the allegations in

paragraph 17 of the Third Party Complaint do not require an answer, and denies those allegations

on that basis.

18.    Oracle admits that certain releases of OHS work in conjunction with JSERV in

some implementations.  Except as expressly admitted in this paragraph, Oracle denies the

allegations set forth in paragraph 18 of the Third Party Complaint.

19.    Oracle admits that JSERV and Oracle DBMS may be used in systems that

dynamically generate web pages.  Except as expressly admitted in this paragraph, Oracle denies

the allegations of paragraph 19 of the Third Party Complaint.

20.    Admitted.

21.    Oracle alleges that epicRealm's Preliminary Infringement Contentions speak for

themselves.  Except as expressly alleged in this paragraph, Oracle responds that the allegations in

paragraph 21 of the Third Party Complaint do not require an answer, and denies those allegations

on that basis.

22.    Oracle alleges that epicRealm's discovery requests speak for themselves.  Except
as expressly alleged in this paragraph, Oracle responds that the allegations in paragraph 22 of the
Third Party Complaint do not require an answer, and denies those allegations on that basis.

23.    Oracle responds that Safelite's allegations of Safelite's lack of agreement with
epicRealm do not require an answer, and denies the allegations in paragraph 23 of the Third
Party Complaint on that basis.

24.    Denied.

25.    Oracle responds that Safelite's allegations concerning IBM do not require an
answer by Oracle, and denies the allegations in paragraph 25 of the Third Party Complaint on
that basis.

26.    Oracle responds that Safelite's allegations concerning IBM do not require an
answer by Oracle, and denies the allegations in paragraph 26 of the Third Party Complaint on
that basis.

27.    Oracle responds that Safelite's allegations concerning IBM do not require an
answer by Oracle, and denies the allegations in paragraph 27 of the Third Party Complaint on
that basis.

28.    Oracle responds that Safelite's allegations concerning IBM do not require an
answer by Oracle, and denies the allegations in paragraph 28 of the Third Party Complaint on
that basis.

29.    Oracle responds that Safelite's allegations concerning IBM do not require an
answer by Oracle, and denies the allegations in paragraph 29 of the Third Party Complaint on
that basis.

30.    Oracle responds that Safelite's allegations concerning IBM do not require an answer by Oracle, and denies the allegations in paragraph 30 of the Third Party Complaint on that basis.

31.    Oracle responds that Safelite's allegations concerning IBM do not require an answer by Oracle, and denies the allegations in paragraph 31 of the Third Party Complaint on that basis.

32.    Oracle responds that Safelite's allegations concerning IBM do not require an answer by Oracle, and denies the allegations in paragraph 32 of the Third Party Complaint on that basis.

33.    Oracle alleges that epicRealm's Preliminary Infringement Contentions speak for themselves.  Except as expressly alleged in this paragraph, Oracle responds that the allegations in paragraph 33 of the Third Party Complaint do not require an answer, and denies those allegations on that basis.

34.    Oracle responds that Safelite's allegations concerning IBM do not require an answer by Oracle, and denies the allegations in paragraph 34 of the Third Party Complaint on that basis.

35.    Oracle responds that Safelite's allegations of Safelite's lack of agreement with epicRealm do not require an answer, and denies the allegations in paragraph 35 of the Third Party Complaint on that basis.

36.    Oracle responds that Safelite's allegations concerning IBM do not require an answer by Oracle, and denies the allegations in paragraph 36 of the Third Party Complaint on that basis.

## V.    JURY DEMAND

37.    Oracle responds that Safelite's jury demand does not require an answer by Oracle. Oracle also respectfully demands a jury trial as to all issues triable to a jury.

## VI.    AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise have, Oracle asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

38.    The Third Party Complaint fails to state a claim on which relief can be granted against Oracle.

### SECOND AFFIRMATIVE DEFENSE

39.    Safelite has failed to perform conditions precedent to any indemnification obligation Oracle may or may not have had to Safelite under the Ordering Document, which incorporated and amended the terms of Oracle License and Services Agreement v111102, or under any agreement with Oracle, or under any provision of law.

### THIRD AFFIRMATIVE DEFENSE

40.    Safelite has breached the Ordering Document, which incorporated and amended the terms of Oracle License and Services Agreement v111102, and is barred from any recovery under that agreement, or under any agreement with Oracle, or under any provision of law.

### FOURTH AFFIRMATIVE DEFENSE

41.    Safelite has breached the implied covenant of good faith and fair dealing in the Ordering Document, which incorporated and amended the terms of Oracle License and Services Agreement v111102, and is barred from any recovery under that agreement, or under any agreement with Oracle, or under any provision of law.

### FIFTH AFFIRMATIVE DEFENSE

42.    By its conduct, Safelite has waived any right to indemnity it may or may not have had under the Ordering Document, which incorporated and amended the terms of Oracle License and Services Agreement v111102, under any agreement with Oracle, or under any provision of law.

### SIXTH AFFIRMATIVE DEFENSE

43.    By its conduct, Safelite is estopped from asserting any right to indemnity it may or may not have had under the Ordering Document, which incorporated and amended the terms of Oracle License and Services Agreement v111102, under any agreement with Oracle, or under any provision of law.

### SEVENTH AFFIRMATIVE DEFENSE

44.    If Safelite were entitled to any amount of indemnity from Oracle, it is barred in whole or in part because it has failed to mitigate its damages and expenses, and has acted unreasonably in defending and/or resolving this matter.

### EIGHTH AFFIRMATIVE DEFENSE

45.    Safelite's claim for indemnity against Oracle is barred by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

46.    The Court lacks subject matter jurisdiction over the allegations of the Third Party Complaint against Oracle, except to the extent the Court has supplemental jurisdiction under 28 U.S.C. § 1367, and the Court should decline to exercise its supplemental jurisdiction in this case.

## VII. ORACLE'S PRAYER FOR RELIEF

WHEREFORE, Oracle prays for judgment as follows:

a.    Dismissing the Third Party Complaint against Oracle in its entirety with prejudice;

b.    Declaring that Oracle has no obligation to indemnify Safelite for any of the claims made by epicRealm or any damages or expenses Safelite has or will incur in defending those claims;

c.    Awarding Oracle its reasonable attorney fees and costs incurred in defending against the Third Party Complaint; and

d.    Granting Oracle such other and further legal or equitable relief that the Court deems just and proper.

## VIII.    ORACLE'S DEMAND FOR JURY TRIAL

Oracle hereby respectfully demands a jury trial as to all issues triable to a jury.

Respectfully submitted this the 28th day of March 2006.

/s/ Michael E. Jones
(w/permission by Allen F. Gardner)

James G. Gilliland, Jr.
Tel: 415-273-7560
jgg@townsend.com
Matthew J. Engle
mjengle@townsend.com
TOWNSEND & TOWNSEND & CREW LLP
Two Embarcadero Center, 8th Floor
San Francisco, CA 94111
Tel: 415-576-0200
Fax: 415-576-0300

Joseph A. Greco
Tel: 650-324-6309
jagreco@townsend.com
Robert J. Artuz
rjartuz@townsend.com
Marilee S. Chan
mschan@townsend.com

TOWNSEND & TOWNSEND & CREW LLP
379 Lytton Ave.
Palo Alto, CA 94301
Tel: 650-326-2400
Fax: 650-326-2422

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P.O. Box 359
Tyler, Texas 75710
(903) 597-8311
(903) 593-0846 (Facsimile)

**COUNSEL FOR DEFENDANT ORACLE CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 28th day of March, 2006. Any other counsel of record will be served by first class mail on the same date.

/s/ Allen F. Gardner
Allen F. Gardner

60733452 v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EPICREALM LICENSING, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:05-CV-163 |
| | § | |
| AUTOFLEX LEASING, INC., et al., | § | |
| | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| EPICREALM LICENSING, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:05-CV-356 |
| | § | |
| FRANKLIN COVEY CO., et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Recognizing the Stipulation of Dismissal filed by plaintiff epicRealm Licensing,

LP and defendant Safelite Group, Inc., it is

ORDERED that the claims asserted herein by plaintiff epicRealm Licensing, LP

against defendant Safelite Group, Inc. be, and hereby are, dismissed with prejudice;

ORDERED that the claims asserted herein by counter-plaintiff Safelite Group,

Inc. against counter-defendant epicRealm Licensing, LP be, and hereby are, dismissed with

prejudice; and

ORDERED that the parties shall bear their own attorneys' fees, expenses, and

costs. **SIGNED this 29th day of June, 2006.**

**Exhibit G**                              1

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EPICREALM LICENSING, LP,<br>Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2-05CV-163 |
| AUTOFLEX LEASING, INC., *et al.*,<br>Defendants. | ) ) ) ) | Jury Trial Demanded |
| EPICREALM LICENSING, LP,<br>Plaintiff, | ) ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2-05CV-356 |
| FRANKLIN COVEY CO., *et al.*,<br>Defendants. | ) ) ) | Jury Trial Demanded |
| SAFELITE GROUP, INC.,<br>Third Party Plaintiff, | ) ) ) ) | |
| v. | ) ) | |
| ORACLE CORPORATION AND<br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br>Third Party Defendants. | ) ) ) ) ) | |

**ORDER GRANTING SAFELITE GROUP, INC.'S NOTICE AND STIPULATION OF
DISMISSAL OF THIRD PARTY COMPLAINT AGAINST ORACLE CORPORATION
AND INTERNATIONAL BUSINESS MACHINES CORPORATION WITH PREJUDICE**

The Third Party Complaint of Safelite Group, Inc., against Oracle Corporation and

International Business Machines Corporation is hereby dismissed, with prejudice, and with each

party to bear its own costs.

So **ORDERED** this  29  day of _____June_____, 2006.

_____
Judge, United States District Court
Eastern District of Texas
Marshall Division

Distribution:   All Counsel Of Record

**Exhibit H**

10-Q 1 d10q.htm FORM 10-Q

<u>Table of Contents</u>

---

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
### Washington, D.C. 20549

—

# FORM 10-Q

☒ **QUARTERLY REPORT PURSUANT TO SECTION 13 OR 15(d) OF
THE SECURITIES EXCHANGE ACT OF 1934**

**For the Quarterly Period Ended August 31, 2006**

**OR**

☐ **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF
THE SECURITIES EXCHANGE ACT OF 1934**

For the transition period from            to            .

**Commission file number: 000-51788**

—

# Oracle Corporation
### (Exact name of registrant as specified in its charter)

| **Delaware** | **54-2185193** |
|---|---|
| (State or other jurisdiction of incorporation or organization) | (I.R.S. Employer Identification no.) |

**500 Oracle Parkway
Redwood City, California 94065**
(Address of principal executive offices, including zip code)

**(650) 506-7000**
(Registrant's telephone number, including area code)

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days. YES ☒  NO ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, or a non-accelerated filer. See definition of "accelerated filer and large accelerated filer" in Rule 12b-2 of the Exchange Act.

Large Accelerated filer  ☒            Accelerated filer  ☐            Non-accelerated filer  ☐

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act). YES ☐  NO ☒

The number of shares of registrant's common stock outstanding as of September 19, 2006 was: 5,195,473,642.

---

**Exhibit I**

Table of Contents

ORACLE CORPORATION

FORM 10-Q QUARTERLY REPORT

————————

TABLE OF CONTENTS

| | | Page |
|---|---|---|
| **PART I.  FINANCIAL INFORMATION** | | |
| Item 1. | Financial Statements (Unaudited) | |
| | Condensed Consolidated Balance Sheets as of August 31, 2006 and May 31, 2006 | 1 |
| | Condensed Consolidated Statements of Operations for the Three Months Ended August 31, 2006 and 2005 | 2 |
| | Condensed Consolidated Statements of Cash Flows for the Three Months Ended August 31, 2006 and 2005 | 3 |
| | Notes to Condensed Consolidated Financial Statements | 4 |
| Item 2. | Management's Discussion and Analysis of Financial Condition and Results of Operations | 21 |
| Item 3. | Quantitative and Qualitative Disclosures About Market Risk | 46 |
| Item 4. | Controls and Procedures | 48 |
| **PART II.  OTHER INFORMATION** | | |
| Item 1. | Legal Proceedings | 48 |
| Item 1A. | Risk Factors | 48 |
| Item 2. | Unregistered Sales of Equity Securities and Use of Proceeds | 48 |
| Item 6. | Exhibits | 49 |
| | Signatures | 50 |

Table of Contents

## SIGNATURES

Pursuant to the requirements of the Securities Exchange Act of 1934, Oracle Corporation has duly caused this report to be signed on its behalf by the undersigned, thereunto duly authorized.

ORACLE CORPORATION

Date: September 25, 2006

By: /s/ SAFRA A. CATZ

Safra A. Catz
President, Chief Financial Officer and Director

Date: September 25, 2006

By: /s/ JENNIFER L. MINTON

Jennifer L. Minton
Senior Vice President, Global Finance and Operations
and Chief Accounting Officer

50



Colorado Secretary of State
Date and Time: 02/28/2005 04:26 PM
Entity Id: 19951159819

Document number: 20051089437

Document Processing Fee
  If document is on paper:                    $25.00
  If document is filed electronically:    $  .99
Fees are subject to change.
For electronic filing and to obtain
  copies of filed documents visit
  www.sos.state.co.us
Deliver paper documents to:
Colorado Secretary of State
Business Division
1560 Broadway, Suite 200
Denver, CO  80202-5169
Paper documents must be typed or machine printed.

ABOVE SPACE FOR OFFICE USE ONLY

## Articles of Amendment
filed pursuant to §7-90-301, et seq. and §7-110-106 of the Colorado Revised Statutes (C.R.S.)

ID number:                               19951159819

1. Entity name:

    **PEOPLESOFT USA, INC.**
    *(If changing the name of the corporation, indicate name
    BEFORE the name change)*

2. New Entity name:
    (if applicable)

    **ORACLE USA, INC.**

3. Use of Restricted Words *(if any of these
    terms are contained in an entity name, true
    name of an entity, trade name or trademark
    stated in this document, make the applicable
    selection)*:

    ☐ "bank" or "trust" or any derivative thereof
    ☐ "credit union"      ☐ "savings and loan"
    ☐ "insurance", "casualty", "mutual", or "surety"

4. Other amendments, if any, are attached.

5. If the amendment provides for an exchange, reclassification or cancellation of issued shares, the attachment
    states the provisions for implementing the amendment.

6. If the corporation's period of duration
    as amended is less than perpetual, state
    the date on which the period of duration
    expires:                                   _____
                                                        *(mm/dd/yyyy)*

        **OR**

    If the corporation's period of duration as amended is perpetual, mark this box:    ☑

7. *(Optional)*  Delayed effective date:    03/01/2005 12:01 AM  .
                                                        *(mm/dd/yyyy)*

Notice:

Causing this document to be delivered to the secretary of state for filing shall constitute the affirmation or
acknowledgment of each individual causing such delivery, under penalties of perjury, that the document is the
individual's act and deed, or that the individual in good faith believes the document is the act and deed of the
person on whose behalf the individual is causing the document to be delivered for filing, taken in conformity
with the requirements of part 3 of article 90 of title 7, C.R.S., the constituent documents, and the organic

Rev. 12/2/2004
1 of 2

**Exhibit J**

statutes, and that the individual in good faith believes the facts stated in the document are true and the document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the secretary of state, whether or not such individual is named in the document as one who has caused it to be delivered.

8. Name(s) and address(es) of the individual(s) causing the document to be delivered for filing:

| Gingrich | Jon | | |
|----------|-----|--|--|
| *(Last)* | *(First)* | *(Middle)* | *(Suffix)* |

c/o Baker & McKenzie LLP
*(Street name and number or Post Office information)*
2 Embarcadero Center, 24th Floor

| San Francisco | CO | 94111 |
|---------------|-----|-------|
| *(City)* | *(State)* | *(Postal/Zip Code)* |
| | United States | |
| *(Province – if applicable)* | *(Country – if not US)* | |

*(The document need not state the true name and address of more than one individual. However, if you wish to state the name and address of any additional individuals causing the document to be delivered for filing, mark this box ☐ and include an attachment stating the name and address of such individuals.)*

**Disclaimer:**

This form, and any related instructions, are not intended to provide legal, business or tax advice, and are offered as a public service without representation or warranty. While this form is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form. Questions should be addressed to the user's attorney.