IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORACLE CORPORATION and<br>ORACLE U.S.A. INC.,<br><br>      Plaintiffs,<br><br>    v.<br><br>EPICREALM LICENSING, LP,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 06-414-SLR<br>)<br>)<br>)<br>) |

## DEFENDANT EPICREALM LICENSING, LP'S
## ANSWER AND COUNTERCLAIM

Defendant epicRealm Licensing, LP ("epicRealm") respectfully files its Answer and Counterclaim to Plaintiffs Oracle Corporation and Oracle U.S.A., Inc.'s (collectively, "Oracle") Complaint for Declaratory Judgment ("Complaint").

### THE PARTIES

1. EpicRealm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of Oracle's Complaint.

2. EpicRealm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of Oracle's Complaint.

3. EpicRealm admits that it is a Delaware limited partnership. EpicRealm denies that its principal place of business is at 558 S. Central Expressway, Richardson, Texas 75080-6126. EpicRealm's principal place of business is in Dallas, Dallas County, Texas.

### JURISDICTION AND VENUE

4. EpicRealm admits the allegations of paragraph 4 of Oracle's Complaint.

5. EpicRealm admits the allegations of paragraph 5 of Oracle's Complaint.

6. EpicRealm admits the allegations of paragraph 6 of Oracle's Complaint.

**ALLEGATIONS RELATED TO ALL COUNTS**

7. EpicRealm admits the allegations of paragraph 7 of Oracle's Complaint.

8. EpicRealm admits the allegations of paragraph 8 of Oracle's Complaint.

9. EpicRealm admits the allegations of paragraph 9 of Oracle's Complaint.

10. EpicRealm admits the allegations of paragraph 10 of Oracle's Complaint.

11. EpicRealm admits the allegations of paragraph 11 of Oracle's Complaint.

12. EpicRealm admits the allegations of paragraph 12 of Oracle's Complaint.

13. EpicRealm admits the allegations of paragraph 13 of Oracle's Complaint.

14. EpicRealm admits the allegations of paragraph 14 of Oracle's Complaint.

15. EpicRealm admits the allegations of paragraph 15 of Oracle's Complaint.

16. EpicRealm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of Oracle's Complaint.

17. EpicRealm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of Oracle's Complaint.

18. EpicRealm admits the allegations of paragraph 18 of Oracle's Complaint.

19. EpicRealm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of Oracle's Complaint.

20. EpicRealm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of Oracle's Complaint.

21. EpicRealm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of Oracle's Complaint.

22. EpicRealm admits the allegations of paragraph 22 of Oracle's Complaint.

23. EpicRealm admits the allegations of paragraph 23 of Oracle's Complaint.

24. EpicRealm admits the allegations of paragraph 24 of Oracle's Complaint.

25. EpicRealm denies that it requested discovery specifically relating to "Safelite's use of the Oracle Software."

26. EpicRealm admits the allegations of paragraph 26 of Oracle's Complaint.

27. EpicRealm admits the allegations of paragraph 27 of Oracle's Complaint.

28. EpicRealm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of Oracle's Complaint.

## FIRST COUNT: NONINFRINGEMENT

29. EpicRealm reasserts its answers to paragraphs 1-28 of Oracle's Complaint.

30. EpicRealm denies that it requested discovery specifically relating to Safelite's use of Oracle Software. EpicRealm admits that an actual controversy exists between Oracle and epicRealm.

31. EpicRealm denies the allegations of paragraph 31 of Oracle's Complaint.

32. EpicRealm admits that an actual controversy exists between Oracle and epicRealm. EpicRealm denies Oracle's claims of noninfringement.

## SECOND COUNT: INVALIDITY

33. EpicRealm reasserts its answers to paragraphs 1-32 of Oracle's Complaint.

34. EpicRealm denies that it requested discovery specifically relating to Safelite's use of Oracle Software. EpicRealm admits that an actual controversy exists between Oracle and epicRealm.

35. EpicRealm denies the allegations of paragraph 35 of Oracle's Complaint.

36. EpicRealm admits that an actual controversy exists between Oracle and epicRealm. EpicRealm denies Oracle's claims of invalidity.

37. In response to Oracle's Prayer, epicRealm denies that Oracle is entitled to relief of any kind.

## COUNTERCLAIM

EpicRealm counterclaims against Oracle for patent infringement and alleges the following:

38. EpicRealm reasserts its answers to paragraphs 1-36 of Oracle's Complaint.

39. The Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338.

40. The Court has personal jurisdiction over Oracle Corporation and Oracle U.S.A., Inc. by virtue of their commencing this action against epicRealm in this Court.

41. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## PATENT INFRINGEMENT

42. On April 13, 1999, and July 2, 2002, United States Patent Nos. 5,894,554 and 6,415,335 B1, which are collectively referred to as the "epicRealm Patents," duly and legally issued. These two patents concern, among other things, systems and methods for managing dynamic Web page generation requests. Copies of the epicRealm Patents are attached hereto as Exhibits "A" and "B" and made a part hereof.

43. EpicRealm is the owner of the epicRealm Patents and has the right to enforce those patents with respect to Oracle.

44. On information and belief, Oracle makes, uses, offers for sale, sells, imports, and/or induces the use of systems and methods for managing dynamic Web page generation requests within the scope of one or more of the claims of the epicRealm Patents, including, but not limited to, the systems and methods used to host the websites www.oraclestore.oracle.com and www.oracle.com. As a result, Oracle has been and still is infringing one or more of the claims of the epicRealm Patents as defined by 35 U.S.C. § 271 (a), (b), and/or (c). EpicRealm has suffered damage by reason of Oracle's infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct.

45. To the extent that Oracle has continued or does continue its infringing activities after receiving notice of the epicRealm Patents, such infringement is willful, entitling epicRealm to the recovery of increased damages under 35 U.S.C. § 284.

46. This is an "exceptional case" justifying an award of attorneys' fees and costs to epicRealm pursuant to 35 U.S.C. § 285.

47. EpicRealm believes that Oracle will continue to infringe the epicRealm Patents unless enjoined by this Court. Such infringing activity causes epicRealm irreparable harm and will continue to cause such harm without the issuance of an injunction.

## JURY DEMAND

48. EpicRealm requests trial by jury pursuant to Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

EpicRealm requests that the Court find in its favor and against Oracle and that the Court grant the following relief:

a. Judgment that one or more of the claims of the epicRealm Patents have been infringed, either literally and/or under the doctrine of equivalents, by Oracle;

b. Judgment in favor of epicRealm for the full amount of its actual damages caused by Oracle's infringing activities, including an assessment of interest and costs;

c. Judgment for increased damages for willful infringement pursuant to 35 U.S.C. § 284;

d. Judgment that this is an "exceptional case" and awarding epicRealm its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285;

e. That Oracle be permanently enjoined from further activity or conduct that infringes the claims of the epicRealm Patents; and

f. That the Court award epicRealm such other and further relief as is just and proper under the circumstances.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Larry D. Carlson
Kevin J. Meek
Jeff Moles
BAKER BOTTS, L.L.P.
2001 Ross Avenue
Dallas, TX 75201
Tel: (214) 953-6500

Dated: April 13, 2007

788378 / 31393

By: /s/ Richard L. Horwitz
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19899
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant
epicRealm Licensing, LP*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

    I, Richard L. Horwitz, hereby certify that on April 13, 2007, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Mary B. Graham
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899

    I hereby certify that on April 13, 2007, I have Electronically Mailed the documents to the following:

James G. Gilliland
Joseph A. Greco
Chad E. King
Robert J. Artuz
Townsend and Townsend and Crew LLP
379 Lytton Avenue
Palo Alto, CA  94301
jggilliland@townsend.com
jagreco@townsend.com
cking@townsend.com
rjartuz@townsend.com

    /s/ Richard L. Horwitz
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

788480 / 31393/Oracle