IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORACLE CORPORATION and ORACLE U.S.A. INC., <br><br> Plaintiffs, <br><br> v. <br><br> EPICREALM LICENSING, LP, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 06-414 (SLR) |

**PLAINTIFFS' ANSWER TO DEFENDANT**
**EPICREALM LICENSING, LP'S COUNTERCLAIM**

Plaintiffs Oracle Corporation and Oracle U.S.A. Inc. (collectively, "Oracle"), answer Defendant epicRealm Licensing, LP's ("epicRealm") Counterclaim as follows:

**COUNTERCLAIM**

38. Oracle responds that the allegations in paragraph 38 do not require an answer, and denies those allegations on that basis.

39. Admitted.

40. Admitted.

41. Admitted.

**PATENT INFRINGEMENT**

42. Oracle admits that U.S. Patent Nos. 5,894,554 and 6,415,335 (the "epicRealm patents") were issued on April 13, 1999 and July 2, 2002, respectively, and that the patents purport to disclose systems and methods for managing dynamic web page generation requests. Oracle denies the remaining allegations of paragraph 42.

- 2 -

43. Oracle admits that epicRealm asserts it is the owner of the epicRealm patents. Except as expressly admitted in this paragraph, Oracle lacks information sufficient to form a belief as to the allegations of paragraph 43, and denies those allegations on that basis.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

## JURY DEMAND BY EPICREALM

48. Oracle responds that epicRealm's jury demand does not require an answer by Oracle.

## ORACLE'S ADDITIONAL DEFENSES

Oracle asserts the following additional defenses:

## FIRST ADDITIONAL DEFENSE
### FAILURE TO STATE A CLAIM

49. epicRealm's Counterclaim fails to state a claim against Oracle upon which relief may be granted.

## SECOND ADDITIONAL DEFENSE
### NON-INFRINGEMENT

50. Oracle has not infringed, and does not currently infringe, literally or under the doctrine of equivalents, either directly, indirectly or willfully, any valid and enforceable claim of the epicRealm patents.

## THIRD ADDITIONAL DEFENSE
### INVALIDITY

51. The epicRealm patents' claims are invalid for failing to meet one or more of the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and 112.

### FOURTH ADDITIONAL DEFENSE
#### FAILURE TO MARK

52. epicRealm's claims against Oracle are barred, in whole or in part, by failure of epicRealm and/or epicRealm's predecessors in interest to comply with the marking and/or notice provisions of 35 U.S.C. § 287.

### FIFTH ADDITIONAL DEFENSE
#### LACHES

53. epicRealm's claims for relief and prayer for damages are barred, in whole or in part, by the doctrine of laches.

### SIXTH ADDITIONAL DEFENSE
#### LIMITATION ON DAMAGES AND COSTS

54. epicRealm's claims for relief and prayer for damages and costs are limited by 35 U.S.C. § 288.

### SEVENTH ADDITIONAL DEFENSE
#### ESTOPPEL

55. epicRealm is estopped by actions taken in the U.S. Patent and Trademark Office, and/or by admissions or representations taken in this or any other litigation, from arguing certain claim constructions and/or claiming infringement of the epicRealm patents.

### EIGHTH ADDITIONAL DEFENSE
#### GOOD FAITH

56. Oracle has acted in good faith and without malice and did not and does not directly infringe, induce infringement by others or contribute to infringement by others any valid and enforceable claim of the epicRealm patents.

### NINTH ADDITIONAL DEFENSE
#### SUPPLEMENTAL DEFENSES

57. Oracle hereby gives notice that it intends to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery

and reserves the right to amend this Answer and serve such defenses or affirmative defenses and to otherwise supplement the foregoing additional defenses.

## ORACLE'S PRAYER FOR RELIEF

WHEREFORE, Oracle requests that epicRealm take nothing by way of its Counterclaim and that the Court enter judgment in Oracle's favor as follows:

    a.    Declaring that Oracle and its software products do not infringe, literally or under the doctrine of equivalents, either directly, indirectly or willfully, any valid and enforceable claim of the epicRealm patents;

    b.    Declaring that the claims of the epicRealm patents are invalid and unenforceable;

    c.    Decreeing this case an "exceptional case" within the meaning of 35 U.S.C. § 285 and awarding reasonable attorneys' fees to Oracle; and

    d.    Awarding Oracle such other costs and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

Mary B. Graham (#2256)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for Oracle Corporation and Oracle U.S.A. Inc.*

OF COUNSEL:

James G. Gilliland
Theodore T. Herhold
Chad E. King
Robert J. Artuz
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, CA  94301
650.326.2400

Dorian Daley
Peggy E. Bruggman
Matthew M. Sarboraria
ORACLE CORPORATION
ORACLE U.S.A., INC.
500 Oracle Parkway
Redwood Shores, CA  94065

Dated:  May 3, 2007
819501

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2007, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

>Richard L. Horwitz
>David Ellis Moore
>POTTER ANDERSON & CORROON, LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on May 3, 2007 upon the following individuals in the manner indicated:

| BY E-MAIL AND HAND DELIVERY | BY E-MAIL |
|---|---|
| Richard L. Horwitz<br>David Ellis Moore<br>POTTER ANDERSON & CORROON, LLP<br>1313 N. Market St., Hercules Plaza, 6th Floor<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br><br>**rhorwitz@potteranderson.com**<br>**dmoore@potteranderson.com** | Larry D. Carlson, Esquire<br>BAKER BOTTS L.L.P.<br>2001 Ross Avenue<br>Dallas, TX  75201<br><br>**larry.carlson@bakerbotts.com** |

*/s/ Mary B. Graham*

Mary B. Graham (#2256)