# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

302 658 9200
302 658 3989 Fax

**Mary B. Graham**
302.351.9199
302.425.4674 fax
mgraham@mnat.com

May 7, 2007

**VIA E-FILING AND HAND DELIVERY**

The Honorable Sue L. Robinson
United States District Court
Federal Building
844 King Street
Wilmington, DE  19801

      Re:   *Oracle Corporation and Oracle U.S.A., Inc.  v. Epicrealm Licensing, LP*
            C.A. No. 06-414 (SLR)

Dear Chief Judge Robinson:

      Pursuant to the Court's Order For Scheduling Conference of March 27, 2007, attached is the parties' joint discovery plan and proposed scheduling order for the Court's consideration at the Rule 16 teleconference now set for Wednesday, May 9 at 8:30 a.m.

      Respectfully,

      */s/ Mary B. Graham (#2256)*

      Mary B. Graham

MBG/lmc
Enclosure
cc:    Dr. Peter Dalleo, Clerk (by hand)
       Anne Gaza, Esquire (by email)
       Richard L. Horwitz, Esquire (by email)
821565

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ORACLE CORPORATION and<br>ORACLE U.S.A. INC., | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | C.A. No. 06-414-SLR |
| EPICREALM LICENSING, LP, | )<br>)<br>) | |
| Defendant. | ) | |

**[PROPOSED] JOINT DISCOVERY PLAN AND SCHEDULING ORDER**

At Wilmington this 9th day of May, 2007, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by May 22, 2007, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

    (a)    Discovery will be needed on the following subjects:

    (1)  Infringement of U.S. Patent No. 5,894,555 ("the '554 Patent");

    (2)  Infringement of U.S. Patent No. 6,415,335 ("the '335 Patent");

    (3)  Validity and enforceability of the '335 Patent and the '554 Patent;

    (4)  Damages; and

    (5) Willful infringement.

  (b) All fact discovery shall be commenced in time to be completed by February 29, 2008.

    (1) Document production shall be completed on or before September 14, 2007.

    (2) Maximum of twenty-five (25) interrogatories by each party to any other party.

    (3) In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    (4) Maximum of twenty-five (25) requests for admission by each party to any other party. Requests for admission to establish the authenticity and/or admissibility of a document do not count against this limit.

    (5) In the absence of agreement among the parties or by order of the Court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

    (6) Maximum of 100 hours of fact depositions per side. Each fact deposition (other than depositions pursuant to Fed. R. Civ. P. 30(b)(6)) limited to a maximum of seven (7) hours unless extended by agreement of the parties.

(c) Expert discovery shall be commenced in time to be completed by June 6, 2008.

(1) Expert reports on issues for which the parties have the burden of proof due on March 28, 2008. Rebuttal reports shall be due on April 25, 2008.

(2) Expert depositions to be limited to a maximum of seven (7) hours per expert unless extended by agreement of the parties. These hours are in addition to the hours allotted for fact depositions.

(3) All *Daubert* motions shall be filed on or before July 8, 2008.

(d) If willfulness has been asserted and absent agreement among the parties or court order, Oracle must inform epicRealm whether it intends to rely on advice of counsel by November 16, 2007. If the decision is to rely on such advice, the scope of discovery shall include such information as is required to be produced by then governing case law.

(e) Supplementations under Rule 26(e) due by February 29, 2008.

(f) **Discovery Disputes**.

(1) The Court shall conduct in-person discovery status conferences on [suggested dates] September 4, 2007 at _____ a.m./p.m., and December 14, 2007 at \_\_\_\_\_ a.m./p.m., the time to be allocated equally among the parties. No motions to compel or motions for protective order shall be filed absent approval of the Court.

(2) The Court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g) **Fact Witnesses to be Called at Trial**. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such depositions shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the Court after a showing of good cause.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend pleadings shall be filed on or before January 4, 2008.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purpose of exploring ADR.

5. **Claim Construction Issue Identification.** If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on December 14, 2007, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the Court. Subsequent to exchanging such lists, the parties will meet

4

and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before July 24, 2008. The parties will file opposition briefs on August 14, 2008, and reply briefs on August 28, 2008. No summary judgment motion may be filed more than ten (10) days before the above date without leave of the court.

7. **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on June 13, 2008, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on July 24, 2008. Simultaneous response briefs shall be filed on August 28, 2008. Issues of claim construction shall be considered by the Court in conjunction with summary judgment motions. The hearing on the claim construction and motions for summary judgment shall be heard on September ___, 2008 at _____ a.m./p.m.

8. **Applications by Motion.** Any application to the Court shall be by written motion filed with the clerk. **The Court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the Court.**

**(a)** **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the Court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

9. **Motions in Limine.** No motions in limine shall be filed. Instead, the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference.** A pretrial conference will be held on December ___, 2008, at _____ __.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11. **Trial.** This matter is scheduled for a two week jury trial commencing on January ___, 2009, in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

 

_____
United States District Judge

821011.2