IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORACLE CORPORATION and ORACLE U.S.A. INC., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06-414 (SLR) |
| v. | ) ) | |
| EPICREALM LICENSING, LP, | ) ) | |
| Defendant. | ) ) | |
| AND RELATED COUNTERCLAIMS | ) ) ) ) | |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by the parties, subject to the approval of the Court, that:

1.    **Application.**  This Protective Order ("Order") governs the production or exchange of documents and other discovery materials in connection with the above-captioned action ("Action") by or between the Parties and any third parties, either through the formal discovery process or informally.  If discovery is sought from third parties in connection with this litigation between the Parties, and this discovery would require a third party to disclose and/or produce Confidential or Highly Confidential Information, that third party may gain the protections of this Order through a written agreement by that third party to produce documents or information pursuant to this Order and to be bound by it.  Under such agreement, the Parties hereto will be bound by this Order with respect to all Confidential or Highly Confidential Information produced by that third party.

2.    **Non-Disclosure.**  This Order is applicable to the Parties and to any third parties who produce or receive documents in connection with the Action, and the representatives,

retained experts and consultants, and employees of the Parties or third parties. This Order shall not, in any manner, be disclosed to the jury in any litigation between or among the Parties. Further, this Order shall not be used, in any manner or form, directly or indirectly, as evidence in any trial or any hearing, or referred to in any trial or any hearing, save and except a hearing that involves issues related to any provision of this Order.

3. **Confidential Information.** Upon a determination by any Party or third party producing information (the "Producing Party") to a Party receiving such information (the "Receiving Party") that any document or thing being produced or disclosed in connection with the Action, whether formally or informally, including, but not limited to,

      a.     Court filings;

      b.     initial and supplemental disclosures;

      c.     disclosures set out in the Parties' agreed scheduling order;

      d.     answers to interrogatories;

      e.     documents;

      f.     transcripts of depositions; and

      g.     any other discovery or disclosure

contains information that the Producing Party believes in good faith to constitute or embody confidential information pertaining to its business (including matters that may have been disclosed to third parties, who are not under obligations of confidentiality, but not to the public generally), the Producing Party may designate such document, material or thing "Confidential" ("Confidential Information"). For example, Confidential Information may include, but is not limited to, materials such as financial information, marketing and sales information, customer lists, business plans, personnel information, product plans, and technical information about

products.

4.    **Highly Confidential: Outside Counsel's Eyes Only Information.**  The Parties acknowledge that there will be Confidential Information produced for which a higher level of protection is required; such information may be designated as "Highly Confidential" ("Highly Confidential Information").  Highly Confidential Information designations should be used only for sensitive technical, financial, competitive, or personnel information, which is not generally known by third parties and that the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence either by agreements, policies, or procedures.  For example, Highly Confidential Information may include, but is not limited to, materials such as design files, design drawings, design specifications, manufacturing techniques, laboratory notebooks, prototypes, materials submitted to regulatory agencies, financial and accounting information that is not made publicly available, business and marketing plans or analyses, surveys, customer communications, meeting minutes, employment records, training materials, and similar information provided that the materials meet the foregoing requirements.

5.    **Designation.**  The Producing Party shall identify all Confidential or Highly Confidential Information by affixing to it, where reasonably possible and in a manner that shall not interfere with its legibility, the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL: OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA" on each page asserted to include such information or on a conspicuous portion of any thing, including any computer disk or other electronic storage media. Any summary, compilation or copy of any document or thing so designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL: OUTSIDE COUNSEL'S EYES ONLY" or

"HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA" shall be treated the same as the underlying document or thing as provided by this Order. The Parties shall put forth a good faith effort in making their confidentiality designations so as to not designate documents and materials that do not qualify for or require Confidential or Highly Confidential treatment. The "CONFIDENTIAL," "HIGHLY CONFIDENTIAL: OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA" designation shall, wherever practicable, be made before or at production or disclosure, except in the case of depositions, which shall be designated as set forth in **¶ 18**. If the Producing Party elects to produce documents or other material for inspection, no markings need be made by the Producing Party in advance of the inspection. But after the Receiving Party selects documents or material for copying, the Producing Party shall make the appropriate copies, with appropriate designations, if any, before providing copies to the Receiving Party. Until the Producing Party provides copies of the documents or materials selected for copying, all documents made available for inspection must be treated as if they contained Highly Confidential Information. If Confidential or Highly Confidential Information is produced without being reduced to a documentary, tangible, or physical form that can be conveniently designated, the Producing Party must inform the Receiving Party in writing when this Confidential or Highly Confidential Information is produced. The Parties shall then confer and agree, in writing, on an appropriate way of designating this material.

      6.    **Disclosure of Confidential Information.**  No Receiving Party receiving any document or thing designated "CONFIDENTIAL" in accordance with **¶ 5** of this Order shall disclose any such Confidential Information to any other person or entity, except to the following:

a.    the Court and its personnel;

b.    outside counsel of record and in-house counsel of the Parties and their necessary support personnel, including personnel associated with any outside service providers used to assist in litigation who are providing active assistance with this case;

c.    experts and consultants (and their necessary support personnel) retained by, or at the direction of, counsel for the purpose of advising and assisting such counsel in the preparation or trial of the case.  Disclosures to experts and consultants are subject to ¶ **13**;

d.    court reporters taking testimony involving such information and supporting stenographic, videographic, and clerical personnel;

e.    graphics, translation, design and/or trial consulting services, including mock jurors, retained by a Party for the purpose of this case;

f.    the person whose testimony is being taken, subject to ¶ **16**;

g.    the corporate officers and employees of the Parties who have responsibility for managing or assisting on the case (including persons regularly employed by a Party in an information technology position who may be providing technical assistance) or who have responsibility for making decisions about possible settlement of the case; and

h.    Any other person with the prior written consent of the Producing Party.

7.    **Disclosure of Highly Confidential Information.**  Subject to the provisions of ¶ **10,** until or unless the Court rules otherwise, no Party receiving any document or thing designated "HIGHLY CONFIDENTIAL: OUTSIDE COUNSEL'S EYES ONLY" in

accordance with ¶ **5** of this Order shall disclose any such Highly Confidential Information to any other person or entity, except to the following:

a.    the Court and its personnel;

b.    outside counsel of record and one in-house attorney of the Parties and their necessary support personnel, including personnel associated with any outside service providers used to assist in litigation who are providing active assistance with this case, provided that said in-house attorney shall be designated in writing and shall execute the attached Confidentiality Agreement and Undertaking before any such disclosure, and provided that the Producing Party is given an opportunity to object to the in-house attorney receiving any Highly Confidential Information pursuant to the provisions of ¶ **13**;

c.    experts and consultants (and their necessary support personnel) retained by, or at the direction of, counsel for the purpose of advising and assisting such counsel in the preparation or trial of the case.  Disclosures to experts and consultants are further subject to ¶ **13**;

d.    court reporters taking testimony involving such information and supporting stenographic, videographic, and clerical personnel;

e.    graphics, translation, design and/or trial consulting services, including mock jurors, retained by a Party for the purpose of this case;

f.    the person whose testimony is being taken, subject to ¶ **16**; and

g.    any other person with the prior written consent of the Producing Party.

In no event shall the persons listed above in subparagraphs (a)-(g) be either a Party to this Action

or an officer, director, or employee of a Party to this Action, unless authorized by a prior order of

the Court or the prior written approval of the Producing Party; but this provision shall not apply

to an in-house attorney under subparagraph (b) above.

      8.    **Disclosure and Protection of Source Code.**  A Producing Party may designate

information or documents as "HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE

MEDIA" ("Restricted Source Code Media") if it comprises or includes confidential, proprietary

and/or trade secret source code.  As used herein, the term "source code" means computer

instructions and data definitions expressed in a form suitable for input to an assembler, compiler,

or other translator.  Information or documents designated as "HIGHLY CONFIDENTIAL:

RESTRICTED SOURCE CODE MEDIA" shall be subject to the following provisions:

     a.    Any source code that is produced shall be made available for inspection on two stand-alone computers using an independent escrow agent in Dallas, Texas when epicRealm is the Receiving Party.  The costs of the escrow agent shall be shared by the parties.  If the parties cannot agree on an escrow agent, each party shall submit to the Court the name and qualifications of their proposed agents for the Court to choose.

     b.    The stand-alone computers shall be password protected and supplied by the Producing Party.

     c.    Access to the stand-alone computers shall be permitted, after proper notice to the Producing Party and an opportunity to object, to two (2) outside counsel representing the Receiving Party and two (2) experts or consultants retained by the Receiving Party, all of whom have been approved under the Protective Order.  No one from the Producing Party

shall have further access to the computers during the remainder of discovery. Nothing in this Protective Order shall be construed to limit the review by all outside counsel of record, who are not barred by **¶ 10** of this Order, of any documents, including but not limited to, briefs and deposition transcripts, containing descriptions or excerpts of any source code.

d.    If the Receiving Party wishes to print out a portion of the source code, the Receiving Party shall first identify in writing to the Producing Party the portion of the source code sought to be printed. The Producing Party shall have five (5) business days to object to the printing of such portion of the source code. If the Producing Party objects, the Producing Party will then have five (5) business days to file with the Court a motion for a protective order with respect to such printing. Any such print out of a portion of the source code shall be designated and treated as "HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA" and shall be stored in a secure, locked cabinet when not in use. Subject to **¶¶ 9, 10 and 13**, only outside counsel of record, experts, and consultants shall have access to printed copies of source code. Nothing in this Protective Order shall be construed to limit the ability of those having access to the stand-alone computers from taking notes relating to the source code that relates to litigation issues. Subject to **¶¶ 16-17**, the Producing Party agrees to make source code available at those depositions where the Receiving Party requests such source code to be available.

e.    The source code Producing Party shall provide a manifest of the contents of the stand-alone computers. This manifest, which will be supplied in both printed and electronic form, will list the name, location, and MD5 checksum of every source and executable file escrowed on the computers. The Producing Party shall also identify all the commercial products in which the source code, or a portion thereof identified by the Receiving Party, is used.

f.    The stand-alone computer shall include software utilities which will allow counsel and experts to view, search, and analyze the source code. At a minimum, these utilities should provide the ability to (a) view, search, and line-number any source file, (b) search for a given pattern of text through a number of files, (c) compare two files and display their differences, and (d) compute the MD5 checksum of a file.

g.    With respect to Oracle's source code, Oracle agrees to provide Microsoft Visual Studio on each of the standalone computers. Oracle believes that Microsoft Visual Studio will allow epicRealm to perform all appropriate analysis to determine whether any Oracle product meets the limitations of the claims of the patents-in-suit. In the event that epicRealm comes to believe after analyzing the Oracle source code with Microsoft Visual Studio that this analysis cannot be adequately performed with Microsoft Visual Studio, the parties agree to meet and confer on the issue and if necessary seek relief from the Court.

h.    If the Court determines that the issue of missing files needs to be

addressed, the Producing Party will include on the stand-alone computers

the build scripts, compilers, assemblers, and other utilities necessary to

rebuild the application from source code, along with instructions for their

use.

i.     The Producing Party shall not, and shall not cause others to, attempt to

discover the work done by the Receiving Party on the stand-alone

computers.

j.     Nothing in this Order shall obligate the parties to produce any source code

or act as an admission that any particular source code is discoverable.

k.     Either party may, after meeting and conferring in good faith with the other

party, seek the Court's assistance in determining compliance with the

source code protocol and/or in modifying the source code protocol.

9.     **Use of Confidential Information, Highly Confidential Information, and Restricted Source Code Media.**  Receiving Parties are permitted to use Confidential Information, Highly Confidential Information, or Restricted Source Code Media produced by another Party solely and exclusively for the purpose of litigating the Action.  All other uses, including but not limited to, business uses, litigation uses in connection with other legal actions or matters, and patent prosecution uses, is strictly prohibited.  This Order does not restrict in any manner the use or disclosure by any Producing Party of any information in its own documents and things.

10.     **Prosecution and Competitive Decision Making Bar.**  Except as otherwise provided herein, any person who reviews material designated "HIGHLY CONFIDENTIAL: OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL: RESTRICTED

SOURCE CODE MEDIA" is prohibited from participating in (1) patent prosecution activities relating to the subject matter of any Highly Confidential Information or Restricted Source Code Media produced in this case and (2) competitive decision making for any Party. For purposes of this Protective Order, "patent prosecution activities" means invention identification; invention evaluation; the decision whether to file a patent application for an invention; claim drafting; assisting in claim drafting; or the preparation of or amendments to original, continuation, continuation-in-part, divisional, request for continued examination, reexamination, reissue, substitute, renewal or convention patent applications or patents. Outside counsel representing a party in this action may have attorneys that are barred by this provision while other attorneys at the same firm are not barred depending on whether such attorneys reviewed Highly Confidential Information or Restricted Source Code Media of an opposing party. In such a situation, outside counsel shall erect walls and take all appropriate action designed to ensure that the opposing party's Highly Confidential Information and Restricted Source Code Media cannot be misused or disclosed to persons participating in the activities listed in (1) and (2) above in this paragraph. Such outside counsel shall also provide written assurances to all opposing parties that the necessary walls have been erected.

This prohibition against prosecution and competitive decision making begins upon review of any Highly Confidential Information or Restricted Source Code Media and will remain in effect until two (2) years after the first of these occurs:

      a.    the termination of this litigation, including any appeals;

      b.    if the person who reviewed the Highly Confidential Information or Restricted Source Code Media was an outside counsel of record, then the withdrawal from representation by that person; or

    c.     if the person who reviewed the Highly Confidential Information or Restricted Source Code Media was an in-house representative, then the termination of that person's employment with the party associated with that person.

11.    **Filings with and Presentations to this Court.** The Parties shall follow the procedures set out in **¶ 12** for any pleading, motion, or exhibit to be filed with the Court or used in open Court that includes or reveals Confidential Information, Highly Confidential Information, or Restricted Source Code Media. The Parties agree that such filing does not compromise the Confidential Information, Highly Confidential Information, or Restricted Source Code Media status of such information. The Parties agree not to oppose such requests to file under seal and not to seek to have any such filings unsealed unless and until the Court orders that a Party's Confidential Information, Highly Confidential Information, or Restricted Source Code Media designation should be stricken. No Confidential Information, Highly Confidential Information, or Restricted Source Code Media shall be filed with the Court unless they are filed under seal.

12.    **Filings with this Court.** To the extent that any documents or things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL: OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA" are to be filed with the Court, each such document and thing shall be filed under seal with the Clerk of the Court according to any local rules of the Court in an envelope marked "SEALED." The cover page of the filed document shall contain the case caption and shall be marked:

> "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER: This envelope contains documents or things that are the subject of a Protective Order of this Court and cannot be opened or its contents made available to anyone other than counsel of record for

the Parties or Court personnel."

13.    **Disclosure to Experts and Consultants.**  Counsel for the Receiving Party may disclose Confidential Information, Highly Confidential Information, or Restricted Source Code Media (subject to the provisions of **¶ 10**) to retained experts and consultants who are actively assisting in the preparation for and/or trial of the case subject to the provisions of this paragraph. A Party desiring to disclose Confidential Information, Highly Confidential Information, or Restricted Source Code Media to retained experts or consultants shall first obtain from each such expert or consultant a signed Confidentiality Agreement in the form attached as in Exhibit A, a current resume, a list of all publications by such proposed expert or consultant for the past ten (10) years, a list identifying all lawsuits in which such proposed expert or consultant has testified in deposition, hearing or trial, and a list identifying all employers of such expert or consultant, and all parties in any dispute and all other entities on behalf of which such expert or consultant has worked as an expert or consultant. A copy of the signed Confidentiality Agreement, resume and lists shall be served upon opposing counsel. The opposing Party shall then have five (5) business days from receipt of notice to serve a specific written objection to such disclosure. If an objection is served within the five business-day period, there shall be no disclosure to such expert or consultant except by agreement of the Parties, waiver of the objection as provided herein, or the Court's refusal to enter an order barring such disclosure as provided herein. If no objection is served within the five-day period, objections are waived, unless a new ground for objection — resulting from a material nondisclosure by such expert or consultant or a subsequent material change in such expert's or consultant's circumstances — arises after such time. No Party may object to the selection of an expert or consultant unreasonably. If a Party objects pursuant to the provisions of this paragraph and the Parties cannot resolve their dispute on the terms of disclosure, the Party

making the objection may apply to the Court for an order barring disclosure of Confidential

Information, Highly Confidential Information, or Restricted Source Code Media to such

person, or other appropriate relief. Such an application to the Court shall be made within ten

(10) business days of a meet and confer between the Parties regarding the objection (or such

longer period agreed to by the Parties in writing) but in no event longer than thirty (30) days

from the date of receipt of the original notice of the expert or consultant as described herein, or

the objection will be deemed to have been waived.

14.    [Reserved]

15.    **Expert Discovery Exemptions.**  A testifying expert's draft reports, notes,

outlines, and any other writings leading up to his or her final report(s) in this case are exempt

from discovery. In addition, all communications with, and all materials generated by, a

testifying expert with respect to his work on this case are exempt from discovery unless relied

upon by the expert in forming his or her opinions. The expert must produce his or her final

report and all materials on which he or she relied.

16.    **Use of Confidential Information, Highly Confidential Information, or**

**Restricted Source Code Media During Testimony.**  Except as otherwise approved by the

Producing Party or by an order of the Court, Confidential Information, Highly Confidential

Information, or Restricted Source Code Media of a Producing Party may be used by a

Receiving Party in taking testimony during a deposition, at a hearing, or at trial, only if the

witness is:

    a.    an existing employee of the Producing Party;

    b.    a retained expert or consultant or other person duly qualified under **¶ 13**;

    c.    any former employee or consultant having authored or received the

Confidential Information, Highly Confidential Information, or Restricted

Source Code Media during the course of his or her employment or

consultancy; or

d.    any existing or former employee of, or any Rule 30(b)(6) designee of, a

third party who is a deponent or trial witness being shown Confidential

Information, Highly Confidential Information, or Restricted Source Code

Media that was to be provided to said third party, provided that the

Producing Party is given five (5) days notice to object to the use of such

Confidential Information, Highly Confidential Information, or Restricted

Source Code Media because it was never provided to the third party.

Should the need arise during the trial or any hearing in open court for a party to cause

Confidential Information, Highly Confidential Information, or Restricted Source Code Media to

be disclosed, such disclosure may only be made after the Producing Party has the opportunity

to request in camera review or other safeguards from the Court. The party seeking to make

such disclosure shall provide reasonable notice of its intent to the Producing Party, and shall

not object to reasonable requests for such safeguards.

17.    **Attendees at Confidential Information, Highly Confidential Information, or
Restricted Source Code Media Depositions.**  Any attendee at a deposition (other than a court

reporter or videographer) in which Confidential Information, Highly Confidential Information, or

Restricted Source Code Media is shown or discussed must be qualified under this Order to

review such information.  The Parties expressly agree that all persons not so qualified may be

excluded from the portion of any deposition in which Confidential Information, Highly

Confidential Information, or Restricted Source Code Media is shown or discussed.

18.   **Confidential Information, Highly Confidential Information, and Restricted Source Code Media Transcripts.**   During any deposition in which Confidential Information, Highly Confidential Information, or Restricted Source Code Media is discussed, counsel attending the deposition must make a good-faith attempt to designate, on the record, the portions of the transcript that will contain Confidential Information, Highly Confidential Information, or Restricted Source Code Media.   The portions of any deposition transcript that counsel for any Party has designated on the record at the deposition as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL: OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA" and any such information marked as a deposition exhibit shall be treated as Confidential Information, Highly Confidential Information, or Restricted Source Code Media and placed in a separately bound volume.   For deposition testimony not designated on the record during the deposition, portions of the transcript may be designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL: OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA" if, within thirty (30) days of the transcript's delivery to the Parties' counsel of record, counsel designates in writing such transcript portions as Confidential Information, Highly Confidential Information, or Restricted Source Code Media.   In the time after the deposition but before the expiration of this thirty-day period, the entirety of all deposition transcripts must be treated as if they contained Highly Confidential Information, or with respect to those portions of transcripts that concern Source Code, as if they contained Restricted Source Code Media.

19.   **Use of Public or Independently-Obtained Discovery Material.**   None of the provisions of this Protective Order shall apply to the following categories of information, documents and/or things, and any Party may apply to remove the restrictions set forth herein on

discovery material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL: OUTSIDE

COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE

MEDIA" based upon a showing that such material had been:

      a.     available to the public at the time of its production hereunder;

      b.     available to the public after the time of its production through no

unauthorized act, or failure to act, on behalf of the Receiving Party, its counsel, representatives

or experts;

      c.     known to the Receiving Party or shown to have been independently

developed by the Receiving Party prior to its production herein or without use or benefit of the

information;

      d.     obtained outside of this action by the Receiving Party from the Producing

Party without having been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL:

OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL: RESTRICTED

SOURCE CODE MEDIA," provided, however, that this provision does not negate any pre-

existing obligation of confidentiality;

      e.     obtained by the Receiving Party after the time of disclosure hereunder

from a non-party having the right to disclose the same; or

      f.     previously produced, disclosed and/or provided by the Producing Party to

the Receiving Party or a non-party without an obligation of confidentiality and not by

inadvertence or mistake.

      20.    **Challenges to Designations.**  The Parties acknowledge that it may be

impractical to contemporaneously assess the confidentiality of any or all information in

documents, testimony, transcripts, and/or other materials and things produced by a Party or

producing entity in the course of this Action. Therefore, if a Party wishes to challenge the designation, or lack thereof, of any such information, the Party shall, in good faith, narrowly limit such efforts solely to those documents, testimony, transcripts, and/or other materials or things (or portions thereof) for which reclassification reasonably appears to be appropriate. The Producing Party shall, within five (5) business days after receipt of the Receiving Party's request for reclassification, make a good faith determination as to whether the information at issue should be reclassified and notify the Receiving Party of its determination. If the dispute cannot be resolved informally or no response is received from the Producing Party within such five (5) business days, the Receiving Party may seek appropriate relief from the Court, pursuant to the procedures concerning discovery disputes. The Producing Party shall have the burden of proving the propriety of the designation. The designation of the disputed information shall remain unless and until otherwise ordered by the Court. A Party shall not be obligated to challenge the propriety of a designation of a document at any level of confidentiality identified in this Order at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

21. **Inadvertent Production of Confidential or Highly Confidential Information.** Inadvertent failure to designate documents or things as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL: OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA" pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, provided that the provisions of this paragraph are satisfied. If the Producing Party discovers that information should have been but was not designated Confidential or Highly Confidential, the Producing Party must immediately notify all other Parties. In such event, within fifteen (15) days of notifying all

other Parties, the Producing Party must provide copies of the Confidential or Highly Confidential Information designated in accordance with this Order. After receipt of such re-designated information, this Confidential or Highly Confidential Information shall be treated as required by this Order. The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure of information contained in unlabeled documents or things occurring before the Receiving Party was placed on notice of the Producing Party's claims of confidentiality.

22.    **Unauthorized Disclosure of Designated Discovery Material.** In the event of a disclosure of any discovery material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL: OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA" to a person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Party whose discovery material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed discovery material and to ensure that no further or greater unauthorized disclosure or use thereof is made.

23.    **Third Party Confidentiality.** Where a document request calls for otherwise discoverable information that is held under obligations of confidentiality owed to a third party and the Producing Party objects on this ground, the Producing Party may withhold production for a period of ten (10) Court days after (a) such objection, (b) entry of this Order, or (c) after learning in good faith that the request sought or seeks specific material as to which a third

party confidentiality obligation exists, whichever is later, in order to provide appropriate notice to the third party. The Producing Party shall thereafter disclose in compliance with this Order any responsive materials or information held under obligations of confidentiality to such person unless said third party or the Producing Party moves for or obtains a protective order in this Court within that time.

24.    **Subpoena of Confidential Information, Highly Confidential Information, or Restricted Source Code Media.** If at any time Confidential Information, Highly Confidential Information, or Restricted Source Code Media is subpoenaed or requested by any court, arbitral, administrative or legislative body, the person to whom the subpoena or request is directed shall within five (5) business days give written notice thereof to every party who has produced such discovery material and to its counsel and shall provide each such party with an opportunity to object to the production of confidential materials. If a Producing Party does not move for a protective order within ten (10) days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such discovery material in response thereto. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of discovery material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

25.    **Inadvertent Disclosure of Privileged Information.** Inadvertent production of information subject to the attorney-client and attorney-work-product privileges shall not constitute a waiver of any claim for protection under the privileges, provided that the provisions of this paragraph are satisfied. If the Producing Party discovers that information produced in discovery should have been withheld on the basis of privilege, the Producing Party

must immediately notify all other Parties.  In such event, the Parties must immediately return the privileged information along with all duplicates.  Once notified of the production of privileged information, the Receiving Party shall not duplicate the privileged information, or distribute the privileged information by any means other than returning it to the Producing Party.  Within fifteen (15) days of notifying all other Parties, the Producing Party must provide a privilege log to all Parties that lists the privileged information.  The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure or use of privileged information occurring before the Receiving Party was placed on notice of the Producing Party's claims of privilege.

26.    **Continuing Jurisdiction.**  After the conclusion of the lawsuit between the Parties, the provisions of this Order shall continue to be binding until further Court order.  This Court shall have exclusive jurisdiction to hear any complaint brought by any Party alleging that any person has breached the terms of this Order.  Such complaint shall be brought by motion for appropriate relief.  The Court shall also retain jurisdiction over the Parties and any other person who has had access to Confidential Information, Highly Confidential Information, or Restricted Source Code Media pursuant to this Order, so that the Court can continue to enforce this Order.

27.    **Modification.**  The Parties may modify this Order only by written agreement.  The Court may modify this Order upon a showing of good cause.  Nothing in this Order shall be construed as precluding any Party from seeking such modification.

28.    **Return or Destruction of Confidential and Highly Confidential Materials.**  Within forty-five (45) calendar days after the conclusion of this litigation, unless the Parties agree in writing to the contrary, any originals or reproductions of any documents produced by a

Producing Party containing Confidential Information or Highly Confidential Information shall be destroyed, by cross-cut shredding, except that outside counsel of record and in-house counsel shall be entitled to retain attorney work product and, for archival purposes, one (1) paper and one (1) electronic copy of pleadings, hearing and trial transcripts, written discovery, correspondence and memoranda, which contain or refer to Confidential Information or Highly Confidential Information. Notwithstanding this provision, outside counsel of record in this matter shall not be required to delete information that may reside on their respective firms' electronic disaster recovery systems which are overwritten in the normal course of business. However, the outside firms that have appeared as counsel of record in this matter shall not retrieve any Confidential Information or Highly Confidential Information from any firm's electronic disaster recovery systems after the conclusion of the Action.

29. **Return or Destruction of Restricted Source Code Media Materials.** Within forty-five (45) days of the conclusion of this litigation, Restricted Source Code Media materials must be returned to the Producing Party, and each trial counsel, retained expert or consultant who had access to the Restricted Source Code Media materials must sign a declaration that shall be sent to the Producing Party certifying that:

(a) to the best of that person's knowledge, all Restricted Source Code Media materials have been returned to the Producing Party; and

(b) every copy, whether whole or partial, of the Restricted Source Code Media materials that exists in electronic, magnetic or other machine-readable form has been permanently deleted such that the deleted files could not be recovered absent extraordinary efforts, if at all (for example, through the use of a disk

utility program such as Norton Utilities or its equivalent, to rewrite the free disk

space).

Notwithstanding the provisions of subparagraphs (a) and (b) herein, counsel of record for each

Receiving Party may retain for archive purposes one (1) electronic and one (1) paper copy of

all pleadings, including retained expert or consultant reports, exchanged by the parties or filed

with the Court that contain Restricted Source Code Media materials.

30.    **Right to Seek Additional Protection of Discovery Material.** This Protective

Order is entered without prejudice to the right of any Party to seek further or additional

protection of discovery material for which the protection of this order is not believed by such

party to be adequate.  Nothing in this Protective Order shall be deemed to bar or preclude any

Producing Party from seeking such additional protection, including, without limitation, an

order that certain matter not be produced at all.

31.    **Injunctive Relief.** In the event anyone violates or threatens to violate the terms

of this Protective Order, the Parties agree that the aggrieved Party may immediately apply to

obtain injunctive relief against any such person.  The Parties and any other person subject to

the terms of this Protective Order agree that this Court shall retain jurisdiction over them for

the purpose of enforcing this Stipulated Protective Order, notwithstanding any subsequent

disposition of this action.

32.    **Persons Bound by Order.** This Protective Order shall be binding upon the

Parties hereto, their attorneys, and their successors, executors, personal representatives,

administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents,

retained consultants and experts, and any persons or organizations over which they have direct

control.

33.    **No Waiver of Rights.**  Execution of this Protective Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any discovery material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.


/s/ James W. Parrett, Jr.
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

James G. Gilliland
Theodore T. Herhold
Chad E. King
Robert J. Artuz
Eric M. Hutchins
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, CA 94301
650.326.2400

*Attorneys for Plaintiffs*
*Oracle Corporation and Oracle U.S.A. Inc.*

Dated:  October 23, 2007
827128

/s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
302.984.6000

Harry J. Roper
George S. Bosy
Aaron A. Barlow
Patrick L. Patras
David R. Bennett
Paul D. Margolis
Benjamin J. Bradford
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
312.923-8305

*Attorneys for Defendant*
*epicRealm Licensing, LP*


IT IS SO ORDERED.


DATED this _____ day of _____, 2007.


_____
U.S.D.J.

**EXHIBIT A**
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORACLE CORPORATION and | ) | |
| ORACLE U.S.A. INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 06-414 (SLR) |
| v. | ) | |
| | ) | |
| EPICREALM LICENSING, LP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| AND RELATED COUNTERCLAIMS | ) | |
| | ) | |

**CONFIDENTIALITY AGREEMENT AND UNDERTAKING FOR RECEIVING
CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION**

I, _____, state the following:

1.      I have read and understand the Protective Order ("Order") in the above-
captioned action (a copy of which is attached and whose definitions are incorporated herein)
and I attest to my understanding that access to information designated as "CONFIDENTIAL,"
"HIGHLY CONFIDENTIAL: OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY
CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA" may be provided to me and that
such access shall be governed by the terms and conditions and restrictions of the Order.  I
agree to be bound by the terms of the Order and hereby subject myself to the jurisdiction of the
Court for all purposes related to the Order.

2.      I shall not use or disclose any Confidential Information, Highly Confidential
Information, or Restricted Source Code Media to others, except in accordance with the Order.
I also understand that, in the event that I fail to abide by the terms of this Confidentiality

**CONFIDENTIALITY UNDERTAKING**                                    **Page 1**

Agreement or the Order, I may be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected Producing Party.

3.      I agree to (a) notify all secretarial, clerical, or other personnel who are required to assist me in my assigned duties of the terms of the Protective Order, and (b) provide them with an unsigned copy of this undertaking.

4.      I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL: OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA" that is disclosed to me.

5.      My ability to engage in patent prosecution or competitive decision making activities shall be governed by Paragraph 10 of the Protective Order.

6.      I agree not to accept employment with a Party for a period of six (6) months after the conclusion of this Action (either by full settlement of all disputed causes of action or exhaustion or abandonment of all appeals) with the exception of employment or retention in my capacity as an expert or consultant in litigation on behalf of the same Party for which I have been retained in this Action.

7.      Promptly upon termination of this Action, I will destroy all materials containing information marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL: OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA" that came into my possession, and all documents and things that I have prepared relating thereto, or return them to the attorneys for the Party by whom I am employed or retained, or who noticed my deposition.  I understand that such destruction or return shall not

**CONFIDENTIALITY UNDERTAKING**                                      **Page 2**

relieve me from any of the continuing obligations of confidentiality imposed upon me by the Protective Order.

      8.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

_____

Signature

_____

Printed Name

_____

Address

STATE OF _____

COUNTY OF _____

       Subscribed and sworn to before me this \_\_\_\_day of _____, 200\_\_.
Witness my hand and official seal.

_____

**CONFIDENTIALITY UNDERTAKING**            **Page 3**