# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORACLE CORPORATION and<br>ORACLE U.S.A. INC., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06-414-SLR |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| EPICREALM LICENSING, LP, | ) ) ) | |
| Defendant. | ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
## MOTION TO SUBSTITUTE PARTIES PURSUANT TO RULE 25(C), FED.R.CIV.P.

OF COUNSEL:

Harry J. Roper
George S. Bosy
Aaron A. Barlow
Patrick L. Patras
David R. Bennett
Paul D. Margolis
Benjamin J. Bradford
JENNER & BLOCK
330 N. Wabash Avenue
Chicago, IL  60611-7603
Tel:  (312) 923-8305

Dated:  December 11, 2007

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19899
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*epicRealm Licensing, LP*

# TABLE OF CONTENTS

I.      Introduction...................................................................................................... 1

II.     Nature and Stage of Proceedings ...................................................................... 1

III.    Summary of the Argument................................................................................. 2

IV.     Concise Statement of Facts................................................................................ 3

V.      Argument ........................................................................................................... 4

VI.     Conclusion ......................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Affinion Loyalty Group v. Maritz, Inc.*,
    C.A. No. 04-360-JJF, 2006 WL 1431065 (D. Del. May 22, 2006) .................4, 5, 6

*Burka v. Aetna Life Ins. Co.*,
    87 F.3d 478 (D.C. Cir. 1996) ............................................................................4

*Gen. Battery Corp. v. Globe-Union, Inc.*,
    100 F.R.D. 258 (D. Del. 1982) .......................................................................4, 5

*Hazeltine Corp. v. Kirkpatrick*,
    165 F.2d 683 (3d Cir. 1948)................................................................................5

*Hyatt Chalet Motels, Inc. v. Salem Bldg. & Constr. Trades Council*,
    298 F. Supp. 699 (D. Or. 1968) .........................................................................6

*Intellectual Prop. Dev., Inc. v. TCI Cablevision of California, Inc.*,
    248 F.3d 1333 (Fed. Cir. 2001)..........................................................................4

*Luxliner P.L. Exp., Co. v. RDI/Luxliner, Inc.*
    13 F.3d 69 (3d Cir. 1993).....................................................................................5

*Mitutoyo Corp. v. Central Purchasing, LLC*,
    No. 2006-1312, 2007 WL 2482137 (Fed. Cir. Sept. 5, 2007) .................................6

*Northwestern Corp., In re*,
    C.A. No. 04-1494-JJF, 2006 WL 2849776 (D. Del. Oct. 3, 2006).........................5

*Propat Int'l Corp. v. Rpost, Inc.*,
    473 F.3d 1187 (Fed. Cir. 2007)...........................................................................4

*State Contracting & Eng'g Corp. v. Condotte America, Inc.*,
    346 F.3d 1057 (Fed. Cir. 2003)...........................................................................6

*Tracfone Wireless Inc. v. US/Intelicom, Inc.*,
    302 F.R.D. 321 (S.D. Fla. 2001)........................................................................4

**Other Authorities**

*Moore's Federal Practice*, § 25.31 ...................................................................6

*Moore's Federal Practice*, § 25.33 ...................................................................4

*Moore's Federal Practice*, § 25.34 ...................................................................6

**Rules**

Federal Rule of Civil Procedure 19 ...................................................................4

Federal Rule of Civil Procedure 25(c) ......................................................... passim

## I.    Introduction

Defendant hereby moves pursuant to Federal Rule of Civil Procedure 25(c) to substitute Parallel Networks, LLC ("Parallel Networks") for EpicRealm Licensing, LP ("epicRealm") as the defendant and counterclaimant in this action.  In August 2007, epicRealm assigned to Parallel Networks all right, title and interest in the two patents in suit, United States Patent No. 5,894,554 (the "'554 patent") and United States Patent No. 6,415,335 (the "'335 patent") (collectively, the "patents in suit"), including the right to enforce the patents in suit and to recover for past infringement.  (*See* Exhibits A and B hereto).  Furthermore, epicRealm ceased to exist effective October 31, 2007.  (Exhibit C hereto).  Thus, because epicRealm has no interest in the patents in suit and no longer exists, Parallel Networks should be substituted as the sole defendant and counterclaimant in this action.

In support of this motion, Defendant submits the assignment of the rights to the patents in suit to Parallel Networks as Exhibit A, the affidavit of Mr. Terry Fokas as Exhibit B, confirming that epicRealm has no interest in the patents in suit, and the Certificate of Cancellation of epicRealm Licensing, LP, and epicRealm Licensing, LLC, effective October 31, 2007 as Exhibit C.  A proposed form of order is attached to the motion accompanying this memorandum.

Shortly after the assignment, epicRealm notified Oracle of the transfer and requested that Oracle agree to the substitution of Parallel Networks for epicRealm.  The parties engaged in a good faith effort to resolve the issue; however, they were unable to reach an agreement.

## II.    Nature and Stage of Proceedings

In June 2006, Oracle Corporation and Oracle U.S.A., Inc., (collectively "Oracle").filed its complaint for declaratory judgment directed to the infringement and validity

patents in suit. (D.I. 1). After the Court denied epicRealm's motion to transfer, epicRealm filed

its answer and counterclaim in April 2007, asserting that Oracle infringes the patents in suit.

(D.I. 21, 25). Fact discovery is scheduled to close on February 29, 2008. The trial is scheduled

to begin in early 2009.

### III.    Summary of the Argument

Parallel Networks should be substituted as the defendant and counterclaimant in

this action pursuant to Federal Rule of Civil Procedure 25(c) (hereinafter "Rule 25(c)"). After

the transfer of the complete interest of the patents in suit, epicRealm ceased to have any right,

title, or interest in the patents in suit. Rather, Parallel Networks owns all right, title, and interest

in the patents in suit including the right to enforce the patents and the right to recover for past

infringement. (*See* Exhibits A and B). Where as here the ownership interest of the patents in

suit has been transferred to Parallel Networks as a new entity, substitution under Rule 25(c)

should be granted.

The substitution of Parallel Networks for epicRealm will facilitate the conduct of

the litigation. First, it will cure any alleged jurisdictional issue that may be argued by the failure

of epicRealm as the named defendant and counterclaimant to have any interest in the patents in

suit and by the failure to name the true owner of the patents in suit as a party to this action.

Secondly, epicRealm was dissolved and ceased to exist as an entity as of October 31, 2007,

thereby leaving the owner of the entire interest in the patents in suit, Parallel Networks, as the

surviving entity that will continue the defense and prosecution of this action. (*See* Exhibits B

and C). Finally, the substitution of Parallel Networks for epicRealm will clarify its position as

the real party in interest and by being named as a party to this action will further clarify its rights

and obligations as a party with respect to discovery, case management and strategy, and by being

2

bound by the final outcome of this action.  The substitution of Parallel Networks for epicRealm

will not have any effect on the Court's scheduling order for this action.

## IV.    Concise Statement of Facts

The patents in suit are directed to, among other things, systems and methods for

managing dynamic Web page generation requests.  In June 2006, Oracle initiated this action

against epicRealm by filing its original complaint seeking a declaration of noninfringement for

all of its software products used in conjunction with the delivery of dynamic web pages;

epicRealm counterclaimed charging Oracle with infringement.  At the time the complaint and the

counterclaim were filed, epicRealm was the owner of the patents in suit and had the right to

enforce the patents against infringers.  (D.I. 20).

On August 31, 2007, epicRealm assigned to Parallel Networks[1] all right, title and

interest in the patents in suit including the right to enforce the patents and the right to recover for

past infringement.  (Exhibits A and B).  A copy of the assignment to Parallel Networks has been

recorded with the United States Patent and Trademark Office.  (*Id.*).  EpicRealm plainly has no

right, title or interest in the patents in suit, as is further confirmed by the affidavit of Mr. Terry

Fokas.  (*See* Exhibit B).  epicRealm was dissolved and ceased to exist as a legal entity on

October 31, 2007.  (Exhibit B at ¶3, Exhibit C).

Parallel Networks will be represented by the same attorneys that represent

epicRealm and the substitution of Parallel Networks for epicRealm is not anticipated to affect the

Court's schedule for bringing this case to trial.  Shortly after the assignment, epicRealm notified

Oracle of the transfer and requested that Oracle agree to the substitution of Parallel Networks for

---

[1]    Parallel Networks is a limited liability company organized under the laws of the State of
Texas.  (Exhibit A).

epicRealm. The parties engaged in a good faith effort to resolve the issue; however, they were unable to reach an agreement.

## V.    Argument

It is well settled that an action for patent infringement cannot proceed in the absence of the owner of the patent as a named party. *Propat Int'l Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1194 (Fed. Cir. 2007); *Intellectual Prop. Dev., Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333, 1347 (Fed. Cir. 2001); *Tracfone Wireless Inc. v. US/Intelicom, Inc.*, 302 F.R.D. 321, 324 (S.D. Fla. 2001). That is so because the owner of the patent is a necessary and indispensable party to the action under Federal Rule of Civil Procedure 19 ("Rule 19"). The "general rule" is that courts should adhere to the principle that a "patent owner should be joined…in any patent infringement suit." *Intellectual Prop.*, 248 F.3d at 1347. For this reason, where as here the ownership of the patents in suit has been transferred to a third party during the course of the litigation, it could be argued that the Court temporarily loses jurisdiction of the action. *Affinion Loyalty Group v. Maritz, Inc.*, C.A. No. 04-360-JJF, 2006 WL 1431065, at *1 (D. Del. May 22, 2006); *see also Gen. Battery Corp. v. Globe-Union, Inc.*, 100 F.R.D. 258, 262-63 (D. Del. 1982).

Rule 25(c) was designed to cure this exact problem by providing that, after a transfer of interest, a court maintains jurisdiction in the name of the original party and can bring the patent owner into the case through a substitution under Rule 25(c) or a joinder under Rule 19. *Affinion*, 2006 WL 1431065, at *1. A motion to substitute is the preferred procedure for adding a necessary and indispensable party in the first instance over a motion to join under Rule 19. *See Burka v. Aetna Life Ins. Co.*, 87 F.3d 478, 480-81 (D.C. Cir. 1996); *see also Moore's Federal Practice*, § 25.33 (Matthew Bender 3d ed. 1997) (2007) ("If Rule 25 and Rule 19 both apply, action under Rule 25 is preferable"). Rather than dismissing the action and requiring the

commencement of a new one, Rule 25(c) enables a court to continue the action by substituting

the new owner in place of the original party. *Gen. Battery*, 100 F.R.D. at 262-63. In an action

for patent infringement, when the patents involved in litigation are assigned by the patent owner

to a third party, substituting the third party for the original party pursuant to Rule 25 is the

appropriate procedure for bringing that third party into the litigation. *See Affinion*, 2006 WL

1431065, at *2; *see also Gen. Battery*, 100 F.R.D. at 263 n.7.

> Rule 25(c) provides:

> **Transfer of Interest.** In case of any transfer of interest, the action
> may be continued by or against the original party, unless the court
> upon motion directs the person to whom the interest is transferred
> to be substituted in the action or joined with the original party.
> Service of the motion shall be made as provided in subdivision (a)
> of this rule.

Fed. R. Civ. P. 25(c). Courts have held that a transfer of the interest in an action occurs when,

for example, "one corporation becomes the successor to another by merger or other acquisition

of the interest the original party had in the lawsuit," *Luxliner P.L. Exp., Co. v. RDI/Luxliner, Inc.*,

13 F.3d 69, 72 (3d Cir. 1993), or when the new party is the transferee of the patent in suit.

*Hazeltine Corp. v. Kirkpatrick*, 165 F.2d 683, 685 (3d Cir. 1948); *see also In re Northwestern*

*Corp.*, C.A. No. 04-1494-JJF, 2006 WL 2849776, at *1 (D. Del. Oct. 3, 2006). Therefore,

during the course of an action where a party transfers its entire interest in the action to a third

party, that third party should be substituted under Rule 25(c) for the original named party.

> In this case, where there is no dispute of fact as to whether the interest in the

litigation has been transferred, a motion to substitute should be granted as a matter of course,

particularly when the "transferee's presence would facilitate the conduct of the litigation."

*Luxliner*, 13 F.3d at 72. Indeed, where there is no dispute on the transfer issue, motions under

Rule 25(c) are usually not contested because there is no good basis for doing so. *See id.*

Substitution should be denied only when it would be highly disruptive to the orderly

administration of justice, *Moore's Federal Practice*, § 25.34 (Matthew Bender 3d ed. 1997)

(2007), or where there is "good reason for not allowing the suit to proceed in the name of

the…real party in interest." *Hyatt Chalet Motels, Inc. v. Salem Bldg. & Constr. Trades Council,*

298 F. Supp. 699, 704 (D. Or. 1968). Neither reason for denying this motion to substitute has

any applicability here.

   In the first instance, there can be no dispute that Parallel Networks now owns all

right, title and interest in the patents in suit, including the right to enforce the patents in suit

along with the right to recover for past infringement. Parallel Networks was assigned all right,

title and interest in the patents in suit and as a result is the only appropriate named defendant and

counterclaimant in this action. *See State Contracting & Eng'g Corp. v. Condotte America, Inc.*,

346 F.3d 1057, 1063 (Fed. Cir. 2003). Accordingly, Parallel Networks should be substituted for

epicRealm as the sole defendant and counterclaimant pursuant to Rule 25(c). *See Affinion*, 2006

WL 1431065, at *2.

   Where the original party ceases to have any interest in the patent and ceases to

exist, substitution—and not joinder—is the appropriate action that should be ordered by the

Court. Furthermore, epicRealm is no longer a proper party here because epicRealm has retained

no interest in the patents in suit and for the additional reason that epicRealm no longer exists as a

legal entity as of October 31, 2007. *See Mitutoyo Corp. v. Central Purchasing, LLC*, No. 2006-

1312, 2007 WL 2482137, at *5 (Fed. Cir. Sept. 5, 2007) (In order to have standing, a co-plaintiff

"must hold at least some of the proprietary rights under the patent"); *see also Moore's Federal*

*Practice*, § 25.31 (Matthew Bender 3d ed. 1997) (2007) ("Substitution is usually appropriate in

situations…involving transfer in which one corporation ceases to exist and another entity has

taken over its rights and obligations"); *cf. Moore's Federal Practice*, § 25.34 (Matthew Bender 3d ed. 1997) (2007) (The original party should be retained only if it continues to hold an interest in the property in issue). As a result, epicRealm should be removed from the case and Parallel Networks should be substituted as the new defendant and counterclaimant.

The substitution of Parallel Networks for epicRealm will plainly facilitate the conduct of the litigation. First, it will cure any alleged jurisdictional problem by adding Parallel Networks as a necessary and indispensable party. Secondly, it will clarify the rights and obligations of Parallel Networks as the real party in interest. This will facilitate discovery and avoid the necessity of using third party discovery procedures for obtaining discovery from Parallel Networks, thus additionally avoiding the necessity of third party discovery disputes being directed to some other district court. It will also facilitate the defense and prosecution of this action by allowing Parallel Networks to proceed as the proper party and to manage its defense, prosecution, case strategy and damages theory.

## VI.    Conclusion

For all of the foregoing reasons, epicRealm's motion under Rule 25(c) should be granted.

<table>
<tr><td>OF COUNSEL:</td><td>POTTER ANDERSON & CORROON LLP</td></tr>
<tr><td>Harry J. Roper<br>George S. Bosy<br>Aaron A. Barlow<br>Patrick L. Patras<br>David R. Bennett<br>Paul D. Margolis<br>Benjamin J. Bradford<br>JENNER & BLOCK<br>330 N. Wabash Avenue<br>Chicago, IL  60611-7603<br>Tel:  (312) 923-8305<br><br>Dated:  December 11, 2007<br>836625 / 31393 (Oracle)</td><td>By:  */s/ David E. Moore*_____<br>    Richard L. Horwitz (#2246)<br>    David E. Moore (#3983)<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street<br>    Wilmington, DE  19899<br>    Tel:  (302) 984-6000<br>    rhorwitz@potteranderson.com<br>    dmoore@potteranderson.com<br><br>*Attorneys for Defendant*<br>*epicRealm Licensing, LP*</td></tr>
</table>

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on December 11, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on December 11, 2007, I have Electronically Mailed the document to the following person(s):

Mary B. Graham
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
MGraham@MNAT.com

James G. Gilliland
Theodore T. Herhold
Chad E. King
Robert J. Artuz
Eric M. Hutchins
Townsend and Townsend and Crew LLP
379 Lytton Avenue
Palo Alto, CA 94301
OracleEpicrealm@townsend.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

788480 / 31393 / Oracle

# EXHIBIT A



### UNITED STATES PATENT AND TRADEMARK OFFICE

UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND
DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE

SEPTEMBER 10, 2007

PTAS

B. K. DRINKWATER, C/O BAKER BOTTS L.L.P.
2001 ROSS AVENUE
SUITE 600
DALLAS, TX 75201

*500350891A*

UNITED STATES PATENT AND TRADEMARK OFFICE
NOTICE OF RECORDATION OF ASSIGNMENT DOCUMENT

THE ENCLOSED DOCUMENT HAS BEEN RECORDED BY THE ASSIGNMENT DIVISION OF
THE U.S. PATENT AND TRADEMARK OFFICE. A COMPLETE MICROFILM COPY IS
AVAILABLE AT THE ASSIGNMENT SEARCH ROOM ON THE REEL AND FRAME NUMBER
REFERENCED BELOW.

PLEASE REVIEW ALL INFORMATION CONTAINED ON THIS NOTICE. THE
INFORMATION CONTAINED ON THIS RECORDATION NOTICE REFLECTS THE DATA
PRESENT IN THE PATENT AND TRADEMARK ASSIGNMENT SYSTEM. IF YOU SHOULD
FIND ANY ERRORS OR HAVE QUESTIONS CONCERNING THIS NOTICE, YOU MAY
CONTACT THE EMPLOYEE WHOSE NAME APPEARS ON THIS NOTICE AT 571-272-3350.
PLEASE SEND REQUEST FOR CORRECTION TO:  U.S. PATENT AND TRADEMARK OFFICE,
MAIL STOP: ASSIGNMENT SERVICES BRANCH, P.O. BOX 1450, ALEXANDRIA, VA 22313.

RECORDATION DATE: 09/10/2007          REEL/FRAME: 019795/0968
                                      NUMBER OF PAGES: 5

BRIEF:  NUNC PRO TUNC ASSIGNMENT (SEE DOCUMENT FOR DETAILS).
DOCKET NUMBER: 066241.0146

ASSIGNOR:
    EPICREALM LICENSING, LP          DOC DATE: 08/31/2007

ASSIGNEE:
    PARALLEL NETWORKS, LLC
    1700 PACIFIC AVENUE
    SUITE 2320
    DALLAS, TEXAS 75201

SERIAL NUMBER: 08636477             FILING DATE: 04/23/1996
PATENT NUMBER: 5894554              ISSUE DATE: 04/13/1999
TITLE: SYSTEM FOR MANAGING DYNAMIC WEB PAGE GENERATION REQUESTS BY
       INTERCEPTING REQUEST AT WEB SERVER AND ROUTING TO PAGE SERVER
       THEREBY RELEASING WEB SERVER TO PROCESS OTHER REQUESTS

USPTO                9/11/2007 9:41:37 PM    PAGE   3/005  Fax Server
TO:B. K. DRINKWATER, C/O BAKER BOTTS L.L.P.   COMPANY:2001 ROSS AVENUE

019795/0968 PAGE 2

SERIAL NUMBER: 09234048              FILING DATE: 01/19/1999
PATENT NUMBER: 6415335               ISSUE DATE: 07/02/2002
TITLE: SYSTEM AND METHOD FOR MANAGING DYNAMIC WEB PAGE GENERATION REQUESTS

ASSIGNMENT SERVICES BRANCH
PUBLIC RECORDS DIVISION

| PATENT ASSIGNMENT |
|---|

Electronic Version v1.1
Stylesheet Version v1.1

**09/10/2007**
**500350891**

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | NUNC PRO TUNC ASSIGNMENT |
| EFFECTIVE DATE: | 08/10/2007 |

**CONVEYING PARTY DATA**

| Name | Execution Date |
|---|---|
| EPICREALM LICENSING, LP | 08/31/2007 |

**RECEIVING PARTY DATA**

| | |
|---|---|
| Name: | PARALLEL NETWORKS, LLC |
| Street Address: | 1700 Pacific Avenue |
| Internal Address: | Suite 2320 |
| City: | Dallas |
| State/Country: | TEXAS |
| Postal Code: | 75201 |

**PROPERTY NUMBERS Total: 2**

| Property Type | Number |
|---|---|
| Patent Number: | 5894554 |
| Patent Number: | 6415335 |

**CORRESPONDENCE DATA**

Fax Number:      (214)661-4691
*Correspondence will be sent via US Mail when the fax attempt is unsuccessful.*
Phone:           214.953.6691
Email:           b.k.drinkwater@bakerbotts.com
Correspondent Name:  B. K. Drinkwater, c/o Baker Botts L.L.P.
Address Line 1:  2001 Ross Avenue
Address Line 2:  Suite 600
Address Line 4:  Dallas, TEXAS 75201

| ATTORNEY DOCKET NUMBER: | 065241.0146 |
|---|---|
| NAME OF SUBMITTER: | B. K. Drinkwater |

Total Attachments: 3
source=Parallel Networks LLC assignment#page1.tif
source=Parallel Networks LLC assignment#page2.tif
source=Parallel Networks LLC assignment#page3.tif

## PATENT ASSIGNMENT

WHEREAS, EPICREALM LICENSING, LP (hereafter "Assignor"), a Delaware limited partnership, having an address of 1700 Pacific Avenue, Suite 2320, Dallas, Texas 75201, is the owner of the patents and patent applications set forth on Exhibit A hereto and the inventions described and claimed therein (hereafter the "Patent Property"); and

WHEREAS, PARALLEL NETWORKS, LLC (hereafter "Assignee"), a Texas limited liability company, having an address of 1700 Pacific Avenue, Suite 2320, Dallas, Texas 75201, did acquire all right, title and interest in and to the Patent Property as the result of an Asset Purchase Agreement effective August 10, 2007.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Assignor does hereby sell, assign, transfer and set over *nunc pro tunc* to Assignee, all its right, title and interest in and to the Patent Property, as well as all provisionals, continuations, divisions, and continuations-in-part of said Patent Property, and all reissues, reexaminations, and extensions thereof, the same to be held and enjoyed by Assignee for its own use and benefit, and for the use and benefit of its successors, assigns, or legal representatives, to the end of the term or terms for which such Patent Property may be granted or reissued, as fully and entirely as the same would have been held and enjoyed by Assignor if this assignment and sale had not been made.

Assignor also assigns to Assignee, all right, title and interest in and to the inventions disclosed in said Patent Property throughout the world, including the right to file applications and obtain patents, utility models, industrial models and designs for said Patent Property in its own name throughout the world, including all rights to publish cautionary notices

DAL01:973436.1

reserving ownership of said inventions and all rights to register said Patent Property in appropriate registries; and Assignor further agrees to execute any and all powers of attorney, applications, assignments, declarations, affidavits, and any other papers in connection therewith necessary to perfect such right, title and interest in Assignee.

Assignor also assigns unto Assignee all claims for damages by reason of infringement prior to the assignment date of the Patent Property throughout the world, with the right to sue for and collect the same for its own use and benefit, and for the use and benefit of its successors, assigns and other legal representatives.

Assignor, at the expense of Assignee, will testify in any legal proceedings, sign all lawful papers, execute all provisional, divisional, continuation, continuation-in-part, reissue and substitute applications, make lawful oaths and declarations, and generally do everything possible to vest title in Assignee and to aid Assignee to obtain and enforce proper protection for said Patent Property in all countries.

IN WITNESS WHEREOF, Assignor and its duly authorized representative has caused this Patent Assignment to be executed on the date and in the capacity shown below.

EPICREALM LICENSING, LP

By:    EPICREALM LICENSING, LLC,
        A Delaware Limited Liability Company
Its:    General Partner

By:    _____
        Terry Pokes,
Its:    Managing Partner
Date:  August 31, 2007

DAL01:973436.1

<u>EXHIBIT A</u>

<u>U.S. Patents</u>

| <u>Patent No.</u> | <u>Issue Date</u> | <u>Title</u> |
|---|---|---|
| 5,894,554 | 13 Apr 1999 | System for Managing Dynamic Web Page Generation Requests by Intercepting Request at Web Server and Routing to Page Server Thereby Releasing Web Server to Process Other Requests. |
| 6,415,335 | 02 Jul 2002 | System and Method for Managing Dynamic Web Page Generation Requests. |

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORACLE CORPORATION and ORACLE U.S.A. INC., | ) ) ) | |
| Plaintiffs, | ) ) ) | C.A. No. 06-cv-414 (SLR) |
| v. | ) ) | |
| EPICREALM LICENSING, L.P., | ) ) ) | |
| Defendant. | ) | |

**AFFIDAVIT OF TERRY FOKAS IN SUPPORT OF
DEFENDANT'S MOTION TO SUBSTITUTE PARTIES
PURSUANT TO RULE 25(C), FED.R.CIV.P.**

I, Terry Fokas, do declare and state as follows:

1.      I am the Managing Partner of epicRealm Licensing, LLC, which is the
General Partner of epicRealm Licensing, LP, the defendant and counter-plaintiff in the above-
captioned litigation and have the authority to submit this affidavit on behalf of epicRealm
Licensing, LP.

2.      On August 31, 2007, epicRealm Licensing, LP, assigned all right, title and
interest in and to U.S. Patent Nos. 5,894,554 and 6,415,335 (the "patents in suit") to Parallel
Networks, LLC, a Texas limited liability company.  EpicRealm Licensing, LP, retained no right,
title, or interest in the patents in suit and through the remainder of its existence as a legal entity
will acquire no right, title, or interest in the patents in suit.  Parallel Networks received the right
to enforce the patents in suit and the right to recover for all infringement, including all past
infringement.  EpicRealm Licensing, LP, retained no right to enforce the patents in suit or to
recover for any infringement, including any past infringement.  A true and correct copy of the

documents reflecting the transfer of ownership in the patents in suit as recorded in the United States Patent and Trademark Office is attached hereto.

      3.     I am in the process of winding down the business of epicRealm Licensing, LP. I will be overseeing the dissolution of epicRealm Licensing, LP, which is expected to occur on or before October 31, 2007, after which time epicRealm Licensing, LP, will cease to exist as a legal entity.

      I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 16, 2007

Terry Fokas

Sworn to before me this

_16th_ day of October, 2007

Notary Public

"OFFICIAL SEAL"
AMY H. ERICKSON
Notary Public, State of Illinois
My Commission Expires 03/27/2010

-2-

# EXHIBIT C

# Delaware

PAGE  1

### The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THAT THE CERTIFICATE OF LIMITED PARTNERSHIP OF THE "EPICREALM LICENSING, LP", WAS RECEIVED AND FILED IN THIS OFFICE THE TWENTY-SEVENTH DAY OF DECEMBER, A.D. 2005.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID LIMITED PARTNERSHIP IS NO LONGER IN EXISTENCE AND GOOD STANDING UNDER THE LAWS OF THE STATE OF DELAWARE HAVING FILED A CERTIFICATE OF CANCELLATION ON THE NINETEENTH DAY OF OCTOBER, A.D. 2007, AT 7:16 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF THE AFORESAID CERTIFICATE OF CANCELLATION IS THE THIRTY-FIRST DAY OF OCTOBER, A.D. 2007.

AND I DO HEREBY FURTHER CERTIFY THAT UPON FILING OF THE AFORESAID CERTIFICATE OF CANCELLATION, THE EXISTENCE OF "EPICREALM LICENSING, LP" WAS TERMINATED.



4084262  8375

071136914

Harriet Smith Windsor, Secretary of State

AUTHENTICATION:  6092927

DATE:  10-22-07

# Delaware

PAGE 1

## The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF CANCELLATION OF "EPICREALM LICENSING, LP", FILED IN THIS OFFICE ON THE NINETEENTH DAY OF OCTOBER, A.D. 2007, AT 7:16 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF THE AFORESAID CERTIFICATE OF CANCELLATION IS THE THIRTY-FIRST DAY OF OCTOBER, A.D. 2007.



4084262   8100

071136914

Harriet Smith Windsor
Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 6092926

DATE: 10-22-07

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 07:32 PM 10/19/2007*
*FILED 07:16 PM 10/19/2007*
*SRV 071136914 - 4084262 FILE*

## STATE OF DELAWARE

### CERTIFICATE OF CANCELLATION
### OF CERTIFICATE OF LIMITED PARTNERSHIP

The limited partnership organized under the Delaware Revised Uniform Limited Partnership Act (the "Act"), for the purpose of canceling the Certificate of Limited Partnership pursuant to Section 17-203 of the Act, hereby certifies that:

1.   The name of the limited partnership is epicRealm Licensing, LP (the "Partnership").

2.   The Certificate of Limited Partnership was filed in the Office of the Secretary of State of the State of Delaware on December 27, 2005.

3.   This Certificate of Cancellation shall become effective on October 31, 2007.

**IN WITNESS WHEREOF,** the undersigned, constituting the general partner of the partnership has executed this Certificate of Cancellation as of this 19th day of October, 2007.

EPICREALM LICENSING, LLC
General Partner

By: _____
Terry Fokas, Manager

# Delaware

PAGE   1

### The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY THAT THE CERTIFICATE OF FORMATION OF
THE "EPICREALM LICENSING, LLC", WAS RECEIVED AND FILED IN THIS
OFFICE THE SECOND DAY OF DECEMBER, A.D. 2005.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID LIMITED
LIABILITY COMPANY IS NO LONGER IN EXISTENCE AND GOOD STANDING
UNDER THE LAWS OF THE STATE OF DELAWARE HAVING FILED A
CERTIFICATE OF CANCELLATION ON THE NINETEENTH DAY OF OCTOBER,
A.D. 2007, AT 7:22 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF
THE AFORESAID CERTIFICATE OF CANCELLATION IS THE THIRTY-FIRST
DAY OF OCTOBER, A.D. 2007.

AND I DO HEREBY FURTHER CERTIFY THAT UPON FILING OF THE
AFORESAID CERTIFICATE OF CANCELLATION, THE EXISTENCE OF
"EPICREALM LICENSING, LLC" WAS TERMINATED.



4070483   8375

071136920

Harriet Smith Windsor
Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 6092934

DATE: 10-22-07

# *Delaware*

PAGE  1

### *The First State*

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT
COPY OF THE CERTIFICATE OF CANCELLATION OF "EPICREALM LICENSING,
LLC", FILED IN THIS OFFICE ON THE NINETEENTH DAY OF OCTOBER,
A.D. 2007, AT 7:22 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF
THE AFORESAID CERTIFICATE OF CANCELLATION IS THE THIRTY-FIRST
DAY OF OCTOBER, A.D. 2007.



4070483  8100

071136920

*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

AUTHENTICATION:  6092933

DATE:  10-22-07

State of Delaware
Secretary of State
Division of Corporations
Delivered 07:32 PM 10/19/2007
FILED 07:22 PM 10/19/2007
SRV 071136920 - 4070483 FILE

## STATE OF DELAWARE

### CERTIFICATE OF CANCELLATION

1. The name of the limited liability company is epicRealm Licensing, LLC.

2. The Certificate of Formation of the limited liability company was filed on December 2, 2005.

3. This Certificate of Cancellation shall become effective on October 31, 2007.

**IN WITNESS WHEREOF**, the undersigned has executed this Certificate of Cancellation this 17th day of October, 2007.

By: _____

Terry Fokas, Manager