IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ORACLE CORPORATION and ORACLE U.S.A. INC.,

Plaintiffs,

v.

EPICREALM LICENSING, LP,

Defendant.

C.A. No. 06-414 (SLR)

**ORACLE'S RESPONSE TO EPICREALM'S MOTION TO SUBSTITUTE PARTIES PURSUANT TO RULE 25 (C), FED. R. CIV. P.**

Plaintiffs and Counterdefendants Oracle Corporation and Oracle U.S.A. Inc. (jointly "Oracle") respond to Defendant and Counterclaimant epicRealm Licensing, LP's ("epicRealm") Motion to Substitute Parties Pursuant to Rule 25(c), Fed. R. Civ. P. as follows:

I. INTRODUCTION

Based on the purported transfer of all right, title and interest in the patents-in-suit from epicRealm to epicRealm's successor-in-interest, Parallel Networks, LLC ("Parallel Networks"), epicRealm seeks to substitute Parallel Networks – a newly-formed Texas limited liability company headquarted in Dallas, Texas – for epicRealm as the sole defendant and counterclaimant in this action. Oracle does not oppose the proposed substitution as such. However, Oracle is concerned that epicRealm will use the substitution as a means for transferring the case to Texas or re-filing its claims in Texas, where two other actions initiated by epicRealm are pending. During the meet and confer process over the proposed substitution, epicRealm previously agreed not to use the substitution as a pretext to transfer the case to Texas, and also agreed to dismiss epicRealm from the present action without prejudice in order to give Oracle an opportunity to conduct discovery on the reasons behind the purported transfer of

interests from epicRealm to Parallel Network and the nature and scope of Parallel Network's business. While Oracle believed that it had reached an agreement with epicRealm on these issues – in fact, a stipulation was drafted by epicRealm in which it specifically agreed to these points – epicRealm nevertheless went ahead with its motion to substitute without proper notification to Oracle.

As set forth below, Oracle does not oppose the proposed substitution of Parallel Networks for epicRealm on the condition that the action not be transferred to, or re-filed in, Texas or some other venue, and that epicRealm be dismissed without prejudice pending further discovery.

II. PROCEDURAL HISTORY

This is a declaratory judgment action initiated by Oracle against the patent holder, epicRealm, in which Oracle seeks a judicial determination that the patents-in-suit are invalid and not infringed. The patents-in-suit pertain to systems and methods for managing dynamic web page requests. EpicRealm, whose sole business prior to the purported transfer of its interests to Parallel Networks was the enforcement and licensing of the patents-in-suit, was a Delaware limited partnership with its principal place of business in Dallas, Texas. The present action was filed by Oracle in response to litigation initiated by epicRealm in Texas against various companies, including an Oracle customer that filed a third-party complaint for indemnity against Oracle. *See* Complaint for Declaratory Judgment, D.I. 1. EpicRealm later settled with Oracle's customer; nevertheless, based on the very real and imminent threat that Oracle and/or Oracle's software would be accused of infringement by epicRealm in future proceedings, Oracle filed this declaratory relief action on June 30, 2006. *Id*.

In response to Oracle's declaratory relief action, epicRealm filed a motion to consolidate the case with a separate declaratory relief action filed in Delaware by Quinstreet, Inc.

concerning the same patents (Case No. 06-495-SLR) and to transfer the consolidated action to Texas where epicRealm's other cases are pending. *See* D.I. 10. Oracle opposed the motion. On March 26, 2007, the Court issued its Memorandum Order denying epicRealm's motion. *See* D.I. 21. EpicRealm thereafter answered Oracle's complaint and filed counterclaims for patent infringement. Discovery is ongoing. Trial is scheduled for January 12, 2009.

As alleged in epicRealm's motion to substitute parties, in August, 2007, epicRealm purportedly transferred all of its right, title and interest in the patents-in-suit, including the right to enforce the patents, to the newly-formed Parallel Networks, a Texas limited liability company headquartered in Dallas, Texas. The reason for the formation of Parallel Networks and the transfer of the patents-in-suit is unknown. Presumably, Parallel Networks is another patent holding company whose only business is to enforce and license the patents-in-suit. On October 31, 2007, epicRealm "ceased to exist." Defendant's Memorandum at 1.

EpicRealm notified Oracle of the transfer of the patents-in-suit to Parallel Networks and asked Oracle to stipulate to the proposed substitution of parties. Declaration of Theodore T. Herhold in Support of Oracle's Response to Defendant's Motion to Substitute Parties ("Herhold Decl.," filed contemporaneously herewith), Exhs. A-C. Oracle expressed concern that the substitution could be used by epicRealm to renew its effort to transfer the case to Texas (unlike epicRealm, Parallel Networks is a Texas limited liability company) and, because the reason for the formation of Parallel Networks and the transfer of the patents-in-suit to the newly-formed entity were unknown, that Oracle be given an opportunity to conduct discovery into the matter. *Id*. The parties reached an agreement that Parallel Networks could be substituted in place of epicRealm as long as neither epicRealm nor Parallel Networks would use the substitution as a pretext to transfer the case to Texas, and that epicRealm would be dismissed without prejudice in order to give Oracle an opportunity to conduct discovery into the business

arrangement between the two entities. *Id*. at Exh. D. The agreement was memorialized in a draft stipulation prepared by epicRealm. *Id*.

Thereafter, as a result of ongoing discovery which disclosed that one or more of the inventors and/or prosecuting attorneys for the patents-in-suit intentionally withheld material prior art from the Patent Office during prosecution, Oracle notified epicRealm that it intended to amend its declaratory judgment complaint to add a claim for inequitable conduct. *Id*. at Exh. E. For efficiency reasons, Oracle requested that epicRealm agree to a single stipulation and set of amended pleadings to reflect both the proposed substitution of parties and the addition of Oracle's inequitable conduct claim. *Id*. at Exhs. F-H.[1] EpicRealm requested that Oracle offer evidentiary support for its inequitable conduct claim, which Oracle provided. *Id*. at Exh. I. Without prior notification to Oracle, and without responding to the evidentiary support provided by Oracle or otherwise continuing the discussions on the proposed single stipulation and single set of amended pleadings, epicRealm filed the present motion on December 11, 2007 in apparent violation of Local Rule 7.1.1. *Id*. at Exh. J.[2] As a result of epicRealm's motion, Oracle is now forced to file its own motion for leave to amend its complaint to add a claim for inequitable conduct. EpicRealm has never responded to the evidence submitted by Oracle in support of its

---

1 Under the scenario discussed between the parties, Oracle would file an amended complaint adding its claim for inequitable conduct and substituting in Parallel Networks for epicRealm; epicRealm (Parallel Networks) would file an answer to the amended complaint and its infringement counterclaims; and Oracle would then file an answer to the amended counterclaims.

2 EpicRealm's representation that "the parties engaged in a good faith effort to resolve the issue; however, they were unable to reach an agreement" (Defendant's Memorandum at 1) is not entirely accurate. None of the prior meet and confer history between the parties is recited in epicRealm's motion. EpicRealm apparently now believes that Oracle was somehow engaging in "bad faith" by proposing that the parties simultaneously amend their pleadings for efficiency reasons, a suggestion which epicRealm supposedly considered in good faith until it decided to proceed with the present motion without notifying Oracle. Herhold Decl., Exh. K.

claim nor has it articulated why it opposes Oracle's proposed amended complaint. *Id*. at Exhs. J-K. EpicRealm has also apparently abandoned its previous agreement not use the substitution to renew its efforts to transfer the case to Texas or to have epicRealm dismissed without prejudice. Indeed, epicRealm's motion provides no assurances that it will not seek to litigate the claims and counterclaims in this action in a different venue.

On November 16, 2007, epicRealm filed an Unopposed Motion to Substitute Parallel Networks for epicRealm in the Quinstreet action, which was granted by the Court on November 20, 2007. *Id*. at Exh. L. As part of the unopposed motion, epicRealm submitted a Stipulation between epicRealm and Quinstreet in which the parties agreed that epicRealm would be dismissed without prejudice and that "the action will remain in the District of Delaware." *Id*.

III. DISCUSSION

As it has represented to epicRealm on numerous occasions, Oracle does not oppose the proposed substitution of Parallel Networks for epicRealm in this case. However, Oracle contends that the substitution should be conditioned on epicRealm's agreement not to use the substitution as a pretext to renew its efforts to move the case to Texas and that epicRealm be dismissed without prejudice, as it previously acknowledged it would do in this action and has done in the Quinstreet action. Oracle submits herewith its proposed form of Order reflecting these conditions.[3] Although Oracle believes that the better and more efficient way to handle this

3 The patents-in-suit are all currently in reexamination. There is a substantial possibility that all of the claims may be cancelled, in which case epicRealm is likely to appeal the ruling and the present action may be dismissed in the interim. If the claims are reinstated in whole or in part, epicRealm would be free to re-file its action in Texas or another jurisdiction of its choosing. Accordingly, Oracle's proposed order provides: "The action, and/or any subsequent action(s) involving the patents-in-suit and any continuations, continuations-in-part, divisionals, reexaminations, reissues and any U.S. or foreign patents which are related to or derive from the patents-in-suit, will remain in the District of Delaware." This language was proffered by Oracle during the meet and confer process and epicRealm did not object to its inclusion. *Id*. at Exh. F.

matter is for epicRealm to also agree to Oracle's proposed amended complaint in order to avoid the filing two completely new sets of amended pleadings – one to reflect the substitution of parties and one to reflect Oracle's inequitable conduct claim – Oracle will proceed with its motion for leave to amend despite epicRealm's refusal to articulate the basis for its opposition to the proposed amendment. *Id.* at Exhs. K and L.

IV. CONCLUSION

Based on the foregoing, Oracle respectfully requests that epicRealm's motion be granted on the condition that the action not be transferred to Texas or re-filed in Texas, and that epicRealm be dismissed without prejudice pending further discovery.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for Oracle Corporation and Oracle U.S.A. Inc.*

OF COUNSEL:

James G. Gilliland
Theodore T. Herhold
Chad E. King
Robert J. Artuz
Eric M. Hutchins
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, CA 94301
650.326.2400

Dorian Daley
Peggy E. Bruggman
Matthew M. Sarboraria
ORACLE CORPORATION
ORACLE U.S.A., INC.
500 Oracle Parkway
Redwood Shores, CA 94065

1349213

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORACLE CORPORATION and ORACLE U.S.A. INC., Plaintiffs, | ) | |
| v. | ) | C.A. No. 06-414 (SLR) |
| EPICREALM LICENSING, LP, Defendant. | ) | |

**PROPOSED ORDER RE DEFENDANT'S MOTION TO SUBSTITUTE PARTIES**
**PURSUANT TO RULE 25 (C), FED. R. CIV. P.**

The Court, having considered Defendants Motion To Substitute Parties Pursuant To Rule 25(c), Fed. R. Civ. P., and Oracle's Response thereto and exhibits;

IT IS ORDERED that the motion is granted as follows: Defendant and Counterclaimant epicRealm Licensing, LP shall be dismissed without prejudice and substituted by Parallel Networks, LLC as the new Defendant and Counterclaimant in this action. Further, the action, and/or any subsequent action(s) involving the patents-in-suit and any continuations, continuations-in-part, divisionals, reexaminations, reissues and any U.S. or foreign patents which are related to or derive from the patents-in-suit, shall remain in the District of Delaware.

DATED: ______________________ ______________________________________
Judge of the District Court

1349130

**CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

Richard L. Horwitz
David Ellis Moore
POTTER ANDERSON & CORROON, LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on January 2, 2008 upon the following individuals in the manner indicated:

**BY E-MAIL AND HAND DELIVERY**

Richard L. Horwitz
David Ellis Moore
POTTER ANDERSON & CORROON, LLP
1313 N. Market St., Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899-0951

**rhorwitz@potteranderson.com**
**dmoore@potteranderson.com**

**BY E-MAIL**

George S. Bosy, Esquire
JENNER & BLOCK
330 N. Wabash Avenue
Chicago, IL 60611-7603

**gbosy@jenner.com**

*/s/ James W. Parrett, Jr.*
James W. Parrett, Jr. (#4292)