IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORACLE CORPORATION and ORACLE U.S.A. INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 06-414 (SLR) |
| EPICREALM LICENSING, LP, | ) ) | |
| Defendant. | ) | |

**ORACLE'S MOTION FOR LEAVE TO AMEND ITS
DECLARATORY JUDGMENT COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a) and Local Rule 15.1, plaintiffs and counterdefendants Oracle Corporation and Oracle U.S.A. Inc. (jointly "Oracle") hereby move for leave to amend their Declaratory Judgment Complaint against defendant and counterclaimant epicRealm Licensing, LP ("epicRealm") to include an additional claim for relief seeking declaratory judgment that the patents-in-suit are unenforceable due to inequitable conduct, and to make other minor revisions to the procedural history of the case. The evidence in support of Oracle's inequitable conduct claim was adduced through discovery and could not have been brought at the time of the original pleading in this matter. The grounds for this motion are set forth in the accompanying Oracle's Memorandum in Support of Motion for Leave to Amend Its Declaratory Judgment Complaint, the supporting Declaration of Theodore T. Herhold, and the complete records and files in this matter.

Pursuant to Local Rule 15.1, attached as Exhibit 1 is a copy of Oracle's proposed amended pleading, and attached as Exhibit 2 is a copy indicating the respects in which the amended pleading differs from the original pleading.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr. (#4292)*

_____

OF COUNSEL:

James G. Gilliland
Theodore T. Herhold
Chad E. King
Robert J. Artuz
Eric M. Hutchins
TOWNSEND AND TOWNSEND AND CREW
LLP
379 Lytton Avenue
Palo Alto, CA  94301
650.326.2400

Dorian Daley
Peggy E. Bruggman
Matthew M. Sarboraria
ORACLE CORPORATION
ORACLE U.S.A., INC.
500 Oracle Parkway
Redwood Shores, CA  94065

DATED:  January 4, 2008

1352123

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for Oracle Corporation
and Oracle U.S.A. Inc.*

## RULE 7.1.1. CERTIFICATION

Pursuant to Local Rule 7.1.1, Oracle sought epicRealm's consent to the proposed amendments but epicRealm declined to so stipulate.

Dated:  January 4, 2008                    */s/ James W. Parrett, Jr. (#4292)*

_____

James W. Parrett, Jr. (#4292)

1352159

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORACLE CORPORATION and | ) | |
| ORACLE U.S.A. INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-414 (SLR) |
| | ) | |
| EPICREALM LICENSING, LP, | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] ORDER ON PLAINTIFFS AND COUNTERDEFENDANTS, ORACLE COPORATION AND ORACLE U.S.A. INC.'S MOTION FOR LEAVE TO AMEND ITS DECLARATORY JUDGMENT COMPLAINT**

The Court, having considered plaintiffs and counterdefendants Oracle Corporation and Oracle U.S.A. Inc.'s Motion for Leave to Amend Its Declaratory Judgment Complaint;

IT IS ORDERED that Oracle's Motion for Leave to Amend Its Declaratory Judgment Complaint is granted and Oracle's Amended Complaint shall be entered forthwith.

SO ORDERED this _____ day of _____, 2008.

_____
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

>       Richard L. Horwitz
>       David Ellis Moore
>       POTTER ANDERSON & CORROON, LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on January 4, 2008 upon the following individuals in the manner indicated:

**BY E-MAIL AND HAND DELIVERY**

Richard L. Horwitz
David Ellis Moore
POTTER ANDERSON & CORROON, LLP
1313 N. Market St., Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899-0951

**rhorwitz@potteranderson.com**
**dmoore@potteranderson.com**

**BY E-MAIL**

George S. Bosy, Esquire
JENNER & BLOCK
330 N. Wabash Avenue
Chicago, IL  60611-7603

**gbosy@jenner.com**

*/s/ James W. Parrett, Jr. (#4292)*
_____
James W. Parrett, Jr. (#4292)

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORACLE CORPORATION and | ) | |
| ORACLE U.S.A. INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. _____ |
| v. | ) | |
| | ) | |
| EPICREALM LICENSING, LP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Oracle Corporation and Oracle U.S.A. Inc., for their complaint against

Defendant epicRealm Licensing, LP ("epicRealm"), allege as follows:

## THE PARTIES

1.      Plaintiff Oracle Corporation is a corporation organized and existing under

the laws of the State of Delaware, having its principal place of business at 500 Oracle Parkway,

Redwood Shores, California 94065.

2.      Plaintiff Oracle U.S.A. Inc. is a corporation organized and existing under

the laws of the State of Colorado, having its principal place of business at 500 Oracle Parkway,

Redwood Shores, California 94065.  Oracle U.S.A. Inc. is a wholly owned subsidiary of Oracle

Corporation (together referred to herein as "Oracle").

3.      Defendant epicRealm is a limited partnership organized and existing under

the laws of the State of Delaware, having its principal place of business at 558 S. Central

Expressway, Richardson, Texas 75080-6126.

**JURISDICTION AND VENUE**

4.    This is a complaint for declaratory relief under the patent laws of the United States.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a) and 2202.

5.    This Court has personal jurisdiction over epicRealm by virtue of its organization under the laws of the State of Delaware.

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

**THE EPICREALM PATENTS**

7.    U.S. Patent No. 5,894,554 (the "'554 patent") issued on April 13, 1999 and is entitled, System for Managing Dynamic Web Page Generation Requests by Intercepting Request at Web Server and Routing to Page Server Thereby Releasing Web Server to Process Other Requests.

8.    U.S. Patent No. 6,415,335 (the "'335 patent") issued on July 2, 2002 from a division of U.S. Patent Application No. 08/636,477, now the '554 patent, and is entitled, System and Method for Managing Dynamic Web Page Generation.

9.    epicRealm asserts that it is the owner and assignee of the '554 and '335 patents (the "epicRealm patents") and has the right to enforce the epicRealm patents against Oracle.  Copies of the epicRealm patents are attached hereto as Exhibits A and B.

**EPICREALM'S PATENT INFRINGEMENT LAWSUITS**

10.    On May 2, 2005, epicRealm, then known as epicRealm Licensing, LLC, filed a patent infringement complaint in the District Court for the Eastern District of Texas (Marshall Division) accusing defendants Autoflex Leasing, Inc., eHarmony.com, Inc.,

Friendfinder Network, Inc., Grande Communication Networks, Inc., IJL-NCP, LLC and Transplace Texas, LP of infringing the epicRealm patents. That action was assigned Civil Action No. 2:05-CV-163 (the "'163 action") and was originally assigned to United States District Judge T. John Ward. On June 10, 2005, epicRealm filed a First Amended Complaint in the '163 action.

11.    On August 5, 2005, epicRealm filed a patent infringement complaint in the District Court for the Eastern District of Texas (Marshall Division) accusing defendants Franklin Covey Co., Clark Consulting, Inc., The Macerich Company, Safelite Group, Inc., Herbalife International of America, Inc. and Pink Sheets, LLC of infringing the epicRealm patents. That action was assigned Civil Action Number 2:05-CV-356 (the "'356 action") and was originally assigned to United States District Judge T. John Ward. On November 2, 2005, epicRealm filed a First Amended Complaint in the '356 action.

12.    On November 2, 2005, Judge Ward consolidated the '163 and '356 actions (the "Consolidated epicRealm Actions").

13.    On November 9, 2005 and November 16, 2005 the Consolidated epicRealm Actions were reassigned to United States District Judge David Folsom.

14.    On January 27, 2006, epicRealm filed a Second Amended Complaint in the Consolidated epicRealm Actions accusing defendants Autoflex Leasing, Inc., eHarmony.com, Inc., Friendfinder Network, Inc., Grande Communications Networks, Inc., Transplace Texas, LP, Franklin Covey Co., Clark Consulting, Inc., Macerich Company, Safelite Group, Inc., Herbalife International of America, Inc. and Pink Sheets, LLC of infringing the epicRealm patents.

## EPICREALM'S PATENT INFRINGEMENT ACCUSATIONS
## AND ORACLE'S REASONABLE APPREHENSION OF SUIT

15.     In its Second Amended Complaint, epicRealm alleges that the named defendants infringe the epicRealm patents because they use systems and methods for managing requests for dynamic web pages.

16.     Oracle sells and licenses software products to numerous customers for use in conjunction with the delivery of dynamic web pages.  Oracle has entered into agreements requiring Oracle to indemnify most of these customers in the event a customer is sued for patent infringement for its use of licensed Oracle software.

17.     Safelite Group, Inc. ("Safelite"), a defendant in the '356 action, is a customer of Oracle in that Safelite has purchased and licensed certain software products, including but not limited to Oracle E-Business Suite Release 11i, (collectively, the "Oracle Software") from Oracle.

18.     On January 26, 2006, Safelite filed a Third Party Complaint against Oracle and International Business Machines Corp. ("IBM") in the '356 action (the "Safelite Action").

19.     In its Third Party Complaint and in a January 26, 2006 letter from Safelite to Oracle (the "Safelite Letter"), Safelite alleged that under an "Oracle License & Services Agreement" dated November 29, 2002, as amended, (the "Oracle Agreement"), it purchased and licensed the Oracle Software from Oracle.

20.     In its Third Party Complaint and in the Safelite Letter, Safelite alleged that epicRealm's infringement contentions are broad enough to encompass or implicate "virtually any system/method that generates web pages with dynamic content" including "Oracle products licensed to Safelite."

21.     In its Third Party Complaint and in the Safelite Letter, Safelite alleged that under the Oracle Agreement and under common law it is entitled to indemnification from Oracle if a product provided by Oracle to Safelite is accused of infringing a third party's intellectual property rights, and Safelite demanded that Oracle agree to defend and indemnify Safelite from any and all epicRealm claims that any Oracle product infringes the epicRealm patents.

22.     In its Third Party Complaint, Safelite prayed that the District Court for the Eastern District of Texas hold Safelite entitled to be fully indemnified against any monetary judgment, against Safelite and in favor of epicRealm, as to any claim that any Oracle product provided or licensed to Safelite infringes any claim of the epicRealm patents.

23.     In a January 25, 2006 letter from epicRealm to Clark Consulting Inc. ("Clark"), a defendant in the '356 action, epicRealm alleged that a system or method that employed proprietary server software "could, if used to generate web pages with dynamic content, be configured in a way that would infringe the claims of the epicRealm patents."  The January 25, 2006 letter from epicRealm to Clark (the "epicRealm Letter") is attached hereto as Exhibit C.

24.     In the epicRealm Letter, epicRealm stated that Clark was required to provide discovery disclosures to epicRealm regarding Clark's use of proprietary server software for generating web pages.

25.     In the '356 action, epicRealm demanded and received discovery from Safelite regarding Safelite's use of the Oracle Software.

26.     In June 2006, epicRealm settled its dispute with Safelite and stipulated to a dismissal with prejudice of its claims against Safelite in the Consolidated epicRealm Actions.

- 5 -

The District Court for the Eastern District of Texas entered an order dismissing epicRealm's claims with prejudice on June 29, 2006.

27.     In June 2006, Safelite stipulated to dismissing with prejudice its Third Party Complaint against Oracle and IBM, pursuant to an agreement whereby Oracle contributed money to Safelite's settlement with epicRealm. The District Court for the Eastern District of Texas entered an order dismissing Safelite's Third Party Complaint with prejudice on June 29, 2006.

28.     epicRealm's patent infringement allegations in the Consolidated epicRealm Actions against Safelite and others, the epicRealm Letter, and epicRealm's demand for discovery of Oracle information from Safelite cause Oracle to have a reasonable apprehension that (1) epicRealm will accuse Oracle, Oracle's products and/or Oracle's customers of infringing one or more claims of the epicRealm patents, and/or (2) additional Oracle customers will sue Oracle for indemnity as a result of epicRealm's patent infringement claims.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment Of Noninfringement Of the epicRealm Patents)

29.     Oracle incorporates by reference Paragraphs 1 through 28 above.

30.     By virtue of epicRealm's patent infringement allegations in the Consolidated epicRealm Actions against Safelite and others, the epicRealm Letter, and epicRealm's demand for discovery of Oracle information from Safelite, an actual controversy exists between Oracle and epicRealm as to whether Oracle, Oracle's products and/or one or more Oracle customers infringe the epicRealm patents.

31.     Oracle has not and does not infringe, literally or under the doctrine of equivalents, either directly, indirectly or willfully, any valid and enforceable claim of the epicRealm patents.

32.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to Oracle's noninfringement of the epicRealm patents is necessary and appropriate under the circumstances.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment Of Invalidity Of The epicRealm Patents)

33.     Oracle incorporates by reference Paragraphs 1 through 32 above.

34.     By virtue of epicRealm's patent infringement allegations in the Consolidated epicRealm Actions against Safelite and others, the epicRealm Letter, and epicRealm's demand for discovery of Oracle information from Safelite, an actual controversy exists between Oracle and epicRealm as to the validity of the epicRealm patents.

35.     Each claim of the epicRealm patents is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112.

36.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to the validity of the epicRealm patents is necessary and appropriate under the circumstances.

## **PRAYER**

WHEREFORE, Oracle requests entry of judgment in its favor and against epicRealm as follows:

a.    Declaring that Oracle and its software products that are used in conjunction with the delivery of dynamic web pages do not infringe, literally or under the doctrine of equivalents, either directly, indirectly or willfully, any valid and enforceable claim of the epicRealm patents;

b.    Declaring that the claims of the epicRealm patents are invalid;

c.    Decreeing this case an "exceptional case" within the meaning of 35 U.S.C. § 285 and awarding reasonable attorneys' fees to Oracle; and

d.    Awarding Oracle such other costs and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____

Mary B. Graham (#2256)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for Plaintiffs*
*Oracle Corporation and Oracle U.S.A. Inc.*

OF COUNSEL:

James G. Gilliland
Joseph A. Greco
Chad E. King
Robert J. Artuz
Marilee S. Chan
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, CA  94301
650.326.2400

Dated:  June 30, 2006
526725

- 8 -

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORACLE CORPORATION and ORACLE U.S.A. INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C. A. No. ~~1:06-cv-00414 (SLR)~~ |
| ~~EPICREALM LICENSING, LP~~ PARALLEL NETWORKS, LLC, | ) ) ) ) | |
| Defendant. | ) ) | |

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Oracle Corporation and Oracle U.S.A. Inc.~~, for their~~ (together referred to herein as "Oracle") hereby submit this amended complaint against Defendant ~~epicRealm Licensing, LP ("epicRealm"), allege~~ Parallel Networks, LLC ("Parallel Networks") as follows:

**THE PARTIES**

1.      Parallel Networks alleges that in August 2007 Defendant and Counterclaimant epicRealm Licensing, LP ("epicRealm") assigned to Parallel Networks all right, title and interest in United States Patent No. 5,894,554 (the "'554 patent") and United States Patent No. 6,415,335 (the "'335 patent") (collectively, the "Parallel Networks patents").  By virtue of this alleged assignment, Oracle, epicRealm and Parallel Networks have agreed to substitute Parallel Networks for epicRealm in this action and to dismiss epicRealm without prejudice.

2.      ~~1.~~ Plaintiff Oracle Corporation is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 500 Oracle Parkway, Redwood Shores, California 94065.

3.    2. Plaintiff Oracle U.S.A. Inc. is a corporation organized and existing under the laws of the State of Colorado, having its principal place of business at 500 Oracle Parkway, Redwood Shores, California 94065.  Oracle U.S.A. Inc. is a wholly owned subsidiary of Oracle Corporation (together referred to herein as "Oracle").

4.    3. Defendant epicRealm Parallel Networks is a limited partnership liability company organized and existing under the laws of the State of Delaware Texas, having its principal place of business at 558 S. Central Expressway, Richardson, Texas 75080-6126. 1700 Pacific Avenue, Suite 2320, Dallas, Texas 75201.

## JURISDICTION AND VENUE

5.    4. This is a complaint for declaratory relief under the patent laws of the United States.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a) and 2202.

6.    5. This Court has personal jurisdiction over Parallel Networks because epicRealm by virtue of its organization is organized under the laws of the State of Delaware and Parallel Networks seeks to substitute itself in this action for epicRealm.  Further, the parties have stipulated that jurisdiction and venue are proper in this judicial district and that Parallel Networks will not seek to transfer this case or any case involving the patents-in-suit, and any patents related thereto, to another judicial district.

7.    6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## THE EPICREALM PARALLEL NETWORKS PATENTS

8.    7. U.S. Patent No. 5,894,554 (the "The '554 patent") issued on April 13, 1999 and is entitled, System for Managing Dynamic Web Page Generation Requests by Intercepting

Request at Web Server and Routing to Page Server Thereby Releasing Web Server to Process Other Requests.

9.     ~~8. U.S. Patent No. 6,415,335 (the "~~The "335 patent~~")~~ issued on July 2, 2002 from a division of U.S. Patent Application No. 08/636,477, now the '554 patent, and is entitled, System and Method for Managing Dynamic Web Page Generation.

10.     ~~9. epicRealm~~Parallel Networks asserts that it is the owner and assignee of the ~~'554 and '335~~Parallel Networks patents ~~(the "epicRealm patents")~~ and has the right to enforce the ~~epicRealm~~Parallel Networks patents against Oracle. ~~Copies of the epicRealm patents are attached hereto as Exhibits A and B~~.

## EPICREALM'S PATENT INFRINGEMENT LAWSUITS

11.     ~~10.~~ On May 2, 2005, epicRealm, then known as epicRealm Licensing, LLC, filed a patent infringement complaint in the District Court for the Eastern District of Texas (Marshall Division) accusing defendants Autoflex Leasing, Inc., eHarmony.com, Inc., Friendfinder Network, Inc., Grande Communication Networks, Inc., IJL-NCP, LLC and Transplace Texas, LP of infringing the ~~epicRealm~~Parallel Networks patents.  That action was assigned Civil Action No. 2:05-CV-163 (the "'163 action") and was originally assigned to United States District Judge T. John Ward.  On June 10, 2005, epicRealm filed a First Amended Complaint in the '163 action.

12.     ~~11.~~ On August 5, 2005, epicRealm filed a patent infringement complaint in the District Court for the Eastern District of Texas (Marshall Division) accusing defendants Franklin Covey Co., Clark Consulting, Inc., The Macerich Company, Safelite Group, Inc., Herbalife International of America, Inc. and Pink Sheets, LLC of infringing the ~~epicRealm~~Parallel Networks patents.  That action was assigned Civil Action Number 2:05-CV-356 (the "'356

action") and was originally assigned to United States District Judge T. John Ward. On November 2, 2005, epicRealm filed a First Amended Complaint in the '356 action.

13.     ~~12.~~ On November 2, 2005, Judge Ward consolidated the '163 and '356 actions (the "Consolidated epicRealm Actions").

14.     ~~13.~~ On November 9, 2005 and November 16, 2005 the Consolidated epicRealm Actions were reassigned to United States District Judge David Folsom.

15.     ~~14.~~ On January 27, 2006, epicRealm filed a Second Amended Complaint in the Consolidated epicRealm Actions accusing defendants Autoflex Leasing, Inc., eHarmony.com, Inc., Friendfinder Network, Inc., Grande Communications Networks, Inc., Transplace Texas, LP, Franklin Covey Co., Clark Consulting, Inc., Macerich Company, Safelite Group, Inc., Herbalife International of America, Inc. and Pink Sheets, LLC of infringing the ~~epicRealm~~Parallel Networks patents.

## EPICREALM'S PATENT INFRINGEMENT ACCUSATIONS
## AND ORACLE'S REASONABLE APPREHENSION OF SUIT

16.     ~~15.~~ In its Second Amended Complaint, epicRealm alleges that the named defendants infringe the ~~epicRealm~~Parallel Networks patents because they use systems and methods for managing requests for dynamic web pages.

17.     ~~16.~~ Oracle sells and licenses software products to numerous customers for use in conjunction with the delivery of dynamic web pages. Oracle has entered into agreements requiring Oracle to indemnify most of these customers in the event a customer is sued for patent infringement for its use of licensed Oracle software.

18.     ~~17.~~ Safelite Group, Inc. ("Safelite"), a defendant in the '356 action, is a customer of Oracle in that Safelite has purchased and licensed certain software products, including but not

limited to Oracle E-Business Suite Release 11i, (collectively, the "Oracle Software") from Oracle.

19. ~~18.~~ On January 26, 2006, Safelite filed a Third Party Complaint against Oracle and International Business Machines Corp. ("IBM") in the '356 action (the "Safelite Action").

20. ~~19.~~ In its Third Party Complaint and in a January 26, 2006 letter from Safelite to Oracle (the "Safelite Letter"), Safelite alleged that under an "Oracle License & Services Agreement" dated November 29, 2002, as amended, (the "Oracle Agreement"), it purchased and licensed the Oracle Software from Oracle.

21. ~~20.~~ In its Third Party Complaint and in the Safelite Letter, Safelite alleged that epicRealm's infringement contentions are broad enough to encompass or implicate "virtually any system/method that generates web pages with dynamic content" including "Oracle products licensed to Safelite."

22. ~~21.~~ In its Third Party Complaint and in the Safelite Letter, Safelite alleged that under the Oracle Agreement and under common law it is entitled to indemnification from Oracle if a product provided by Oracle to Safelite is accused of infringing a third party's intellectual property rights, and Safelite demanded that Oracle agree to defend and indemnify Safelite from any and all epicRealm claims that any Oracle product infringes the ~~epicRealm~~Parallel Networks patents.

23. ~~22.~~ In its Third Party Complaint, Safelite prayed that the District Court for the Eastern District of Texas hold Safelite entitled to be fully indemnified against any monetary judgment, against Safelite and in favor of epicRealm, as to any claim that any Oracle product provided or licensed to Safelite infringes any claim of the ~~epicRealm~~Parallel Networks patents.

24.    23. In a January 25, 2006 letter from epicRealm to Clark Consulting Inc. ("Clark"), a defendant in the '356 action, epicRealm alleged that a system or method that employed proprietary server software "could, if used to generate web pages with dynamic content, be configured in a way that would infringe the claims of the ~~epicRealm~~[Parallel Networks] patents."  The January 25, 2006 letter from epicRealm to Clark (the "epicRealm Letter") is attached hereto as Exhibit C.

25.    24. In the epicRealm Letter, epicRealm stated that Clark was required to provide discovery disclosures to epicRealm regarding Clark's use of proprietary server software for generating web pages.

26.    25. In the '356 action, epicRealm demanded and received discovery from Safelite regarding Safelite's use of the Oracle Software.

27.    26. In June 2006, epicRealm settled its dispute with Safelite and stipulated to a dismissal with prejudice of its claims against Safelite in the Consolidated epicRealm Actions. The District Court for the Eastern District of Texas entered an order dismissing epicRealm's claims with prejudice on June 29, 2006.

28.    27. In June 2006, Safelite stipulated to dismissing with prejudice its Third Party Complaint against Oracle and IBM, pursuant to an agreement whereby Oracle contributed money to Safelite's settlement with epicRealm.  The District Court for the Eastern District of Texas entered an order dismissing Safelite's Third Party Complaint with prejudice on June 29, 2006.

29.    On June 30, 2006, Oracle filed a complaint against epicRealm in this Court seeking declaratory judgment of noninfringement and invalidity of the Parallel Networks patents.

30.    On April 13, 2007, epicRealm filed an answer and counterclaim against Oracle alleging that Oracle infringes one or more claims of the Parallel Networks patents.

31.    Parallel Networks alleges that in August 2007 Defendant and Counterclaimant epicRealm assigned to Parallel Networks all right, title and interest in the Parallel Networks patents.

32.    28. epicRealm's patent infringement allegations in the Consolidated epicRealm Actions against Safelite and others, the epicRealm Letter, and epicRealm's demand for discovery of Oracle information from Safelite, and epicRealm's patent infringement counterclaims asserted against Oracle in this action cause Oracle to have a reasonable apprehension that (1) epicRealmParallel Networks will accuse Oracle, Oracle's products and/or Oracle's customers of infringing one or more claims of the epicRealmParallel Networks patents, and/or (2) additional Oracle customers will sue Oracle for indemnity as a result of epicRealm's or Parallel Networks' patent infringement claims.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment Of Noninfringement Of the epicRealmThe Parallel Networks Patents)

33.    29. Oracle incorporates by reference Paragraphs 1 through 2832 above.

34.    30. By virtue of epicRealm's patent infringement allegations in the Consolidated epicRealm Actions against Safelite and others, the epicRealm Letter, and epicRealm's demand for discovery of Oracle information from Safelite, and epicRealm's patent infringement counterclaims asserted against Oracle in this action, an actual controversy exists between Oracle and epicRealmParallel Networks as to whether Oracle, Oracle's products and/or one or more Oracle customers infringe the epicRealmParallel Networks patents.

- 7 -

35. 31. Oracle has not and does not infringe, literally or under the doctrine of equivalents, either directly, indirectly or willfully, any valid and enforceable claim of the epicRealmParallel Networks patents.

36. 32. Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to Oracle's noninfringement of the epicRealmParallel Networks patents is necessary and appropriate under the circumstances.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment Of Invalidity Of The epicRealmParallel Networks Patents)

37. 33. Oracle incorporates by reference Paragraphs 1 through 3236 above.

38. 34. By virtue of epicRealm's patent infringement allegations in the Consolidated epicRealm Actions against Safelite and others, the epicRealm Letter, and epicRealm's demand for discovery of Oracle information from Safelite, and epicRealm's patent infringement counterclaims asserted against Oracle in this action, an actual controversy exists between Oracle and epicRealm as to the validity of the epicRealmParallel Networks patents.

39. 35. Each claim of the epicRealmParallel Networks patents is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112.

40. 36. Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to the validity of the epicRealmParallel Networks patents is necessary and appropriate under the circumstances.

## THIRD CLAIM FOR RELIEF

### (Declaratory Judgment Of Unenforceability Of The Parallel Networks Patents)

41. Oracle incorporates by reference Paragraphs 1 through 40 above.

42.     By virtue of epicRealm's patent infringement allegations in the Consolidated epicRealm Actions against Safelite and others, the epicRealm Letter, epicRealm's demand for discovery of Oracle information from Safelite, and epicRealm's patent infringement counterclaims against Oracle in this action, an actual controversy exists between Oracle and Parallel Networks as to the enforceability of the Parallel Networks patents.

43.     The Parallel Networks patents are unenforceable because one or more of the Parallel Networks patent inventors, the patentees, and their attorneys engaged in inequitable conduct during the prosecution of the Parallel Networks patents in the USPTO.

44.     Particularly, prior to September 1, 1995, inventor Keith Lowery ("Lowery") researched and had knowledge of highly material prior art including but not limited to publications describing -- and the prior sale, offer for sale or public use of -- Oracle web server products (the "Oracle Prior Art") that were known and available to the public prior to the alleged conception and reduction to practice of the claimed inventions of the Parallel Networks patents.

45.     In an email dated September 1, 1995, Lowery communicated his knowledge of the Oracle Prior Art to Earl Stahl, Charles Niemeier and Imang Gupta of Gupta Corporation. Lowery's knowledge of the Oracle Prior Art was also shared with Robert L. West who was the Chief Executive Officer of InfoSpinner, Inc. (the original assignee of the '554 patent).

46.     The Oracle Prior Art anticipates or, alone or in combination with other references, renders obvious one or more claims of the Parallel Networks patents and was far more material than any of the prior art that any of the Parallel Networks patent inventors, the patentees, and their attorneys cited in connection with the prosecution of the Parallel Networks patents.

47.     Lowery, the other named inventors, the patentees, and the prosecuting attorneys failed to submit the Oracle Prior Art to the USPTO during the prosecution of the Parallel

Networks patents in violation of 37 C.F.R. § 1.56. This failure to disclose material prior art was intended to deceive the USPTO.

48.    Additionally, prior to the issuance of the Parallel Networks patents, the attorneys responsible for prosecuting the Parallel Networks patents, including Jim Salter Esq. and Sharmini Green Esq. of the law firm of Blakely Sokoloff Taylor and Zafman LLP, had knowledge of additional highly material prior art to the Parallel Networks patents, including but not limited to the prior art methods and apparatus described in U.S. Patent No. 5,761,673 issued to Oracle and the prior art references cited therein (the "'673 Prior Art").

49.    The '673 Prior Art anticipates or, alone or in combination with other references, renders obvious one or more claims of the Parallel Networks patents and was far more material than any of the prior art that any of the Parallel Networks patent inventors, the patentees, and their attorneys cited in connection with the prosecution of the Parallel Networks patents.

50.    The prosecuting attorneys failed to submit the '673 Prior Art to the USPTO during the prosecution of the Parallel Networks patents in violation of 37 C.F.R. § 1.56. This failure to disclose material prior art was intended to deceive the USPTO.

51.    Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to the enforceability of the Parallel Networks patents is necessary and appropriate under the circumstances.

52.    Oracle hereby gives notice that discovery is still ongoing as of the date of this Amended Complaint, and Oracle intends to adduce additional inequitable conduct evidence that may be discovered during the remainder of fact discovery, including but not limited to facts that may be discovered from depositions of the named inventors of the Parallel Networks patents, the

prosecuting attorneys, and any other person that had substantive involvement in the prosecution

of the Parallel Networks patents.

## **PRAYER**

WHEREFORE, Oracle requests entry of judgment in its favor and against epicRealm as follows:

a.    Declaring that Oracle and its software products that are used in conjunction with the delivery of dynamic web pages do not infringe, literally or under the doctrine of equivalents, either directly, indirectly or willfully, any valid and enforceable claim of the ~~epicRealm~~ Parallel Networks patents;

b.    Declaring that the claims of the ~~epicRealm~~ Parallel Networks patents are invalid;

c.    Declaring that the Parallel Networks patents are unenforceable due to inequitable conduct;

d.    ~~c.~~ Decreeing this case an "exceptional case" within the meaning of 35 U.S.C. § 285 and awarding reasonable attorneys' fees to Oracle; and

e.    ~~d.~~ Awarding Oracle such other costs and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
Mary B. Graham (#2256)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

OF COUNSEL:

James G. Gilliland
~~Joseph A. Greco~~

*Attorneys for Plaintiffs*

- 12 -

Theodore T. Herhold                              *Oracle Corporation and Oracle U.S.A. Inc.*
Chad E. King
Robert J. Artuz
Marilee S. Chan
Eric M. Hutchins
Eric A. Mercer
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, CA  94301
650.326.2400

Dated:  June 30, 2006January 4, 2008
526725

Document comparison done by DeltaView on Friday, January 04, 2008 1:29:02 PM

| Input: | |
|---|---|
| Document 1 | file://C:/Documents and Settings/EMH/Desktop/Ex A.doc |
| Document 2 | file://C:/Documents and Settings/EMH/Desktop/Oracle's Amended Complaint for Declaratory Judgment.doc |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 86 |
| Deletions | 83 |
| Moved from | 4 |
| Moved to | 4 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 177 |