IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORACLE CORPORATION and | ) | |
| ORACLE U.S.A. INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-414 (SLR) |
| | ) | |
| EPICREALM LICENSING, LP, | ) | |
| | ) | |
| Defendant. | ) | |

**ORACLE'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND
ITS DECLARATORY JUDGMENT COMPLAINT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for Oracle Corporation
and Oracle U.S.A. Inc.*

OF COUNSEL:

James G. Gilliland
Theodore T. Herhold
Chad E. King
Robert J. Artuz
Eric M. Hutchins
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, CA  94301
650.326.2400

Dorian Daley
Peggy E. Bruggman
Matthew M. Sarboraria
ORACLE CORPORATION
ORACLE U.S.A., INC.
500 Oracle Parkway
Redwood Shores, CA  94065

January 4, 2008

## TABLE OF CONTENTS

Page

I.      INTRODUCTION ...................................................................................................1

II.     NATURE AND STAGE OF THE PROCEEDINGS ..........................................2

III.    SUMMARY OF THE ARGUMENT ...................................................................2

IV.     STATEMENT OF FACTS ...................................................................................4

V.      LEGAL STANDARDS .......................................................................................6

VI.     ARGUMENT........................................................................................................7

        A.      Oracle's Inequitable Conduct Claim is Meritorious ...............................7

        B.      Oracle Acted Promptly in Seeking to Amend its Complaint and
                epicRealm Will Not Be Prejudiced as a Result .....................................9

VII.    CONCLUSION...................................................................................................10

# TABLE OF AUTHORITIES

Page

**CASE(S)**

*Agere Systems Guardian Corp. v. Proxim, Inc.*,
190 F. Supp. 2d 726 (D. Del. 2002) ................................................................. 7, 9

*Elk Corp. of Dallas v. GAF Bldg. Materials Corp.*,
168 F.3d 28 (Fed. Cir. 1999) ............................................................................ 7

*Enzo Life Scis. v. Digene Corp.*,
270 F. Supp. 2d 484 (D. Del. 2003) ................................................................. 7, 10

*FilmTec Corp. v. Hydranautics*,
67 F.3d 931 (Fed. Cir. 1995) ............................................................................ 7

*Forman v. Davis*,
371 U.S. 178 (1962) .......................................................................................... 6-7

*Kingsdown Med. Consultants v. Hollister Inc.*,
863 F.2d 867 (Fed. Cir. 1988) .......................................................................... 8

*Micron Technology, Inc. v. Rambus Inc.*,
409 F. Supp. 2d 552 (D. Del. 2006) ................................................................. 6

*Senza-Gel Corp. v. Seiffhart*,
803 F.2d 661 (Fed. Cir. 1986) .......................................................................... 6-7

**STATUTES AND RULES**

37 C.F.R. § 1.56 ...................................................................................................... 5-6

37 C.F.R. §1.56(a) .................................................................................................. 7

35 U.S.C. §§ 102 and 103 ...................................................................................... 8

Federal Rule of Civil Procedure 9(b) ..................................................................... Passim

Federal Rule of Civil Procedure 15 ........................................................................ Passim

## I.     INTRODUCTION

This is a declaratory judgment action initiated by plaintiffs and counterdefendants Oracle Corporation and Oracle U.S.A. Inc. (jointly "Oracle"), in which Oracle seeks a judicial determination that the patents-in-suit, owned by defendant and counterclaimant epicRealm Licensing, LP ("epicRealm"),[1] are invalid and not infringed.  EpicRealm thereafter filed patent infringement counterclaims against Oracle on the same patents.  Through recent discovery, Oracle has uncovered compelling evidence that the patents-in-suit were obtained through inequitable conduct on the part of one or more of the inventors and prosecuting attorneys who withheld material prior art from the patent examiner during prosecution of the patents-in-suit. The specific allegations of inequitable conduct are contained in Oracle's proposed Amended Complaint for Declaratory Judgment accompanying this motion.  If proven at trial, a finding of inequitable conduct would render epicRealm's patents-in-suit unenforceable.

Pursuant to Federal Rule of Civil Procedure 15(a) and Local Rule 15.1, Oracle seeks leave to amend its complaint to add an additional claim for declaratory relief that the patents-in-suit are unenforceable for inequitable conduct, and to make minor revisions to the procedural history of the case.  For the reasons set forth below, Oracle respectfully requests that its motion for leave to amend its complaint be granted and that it be permitted to file its accompanying Amended Complaint for Declaratory Judgment forthwith.

---

[1]     EpicRealm recently filed a motion to substitute Parallel Networks, LLC ("Parallel Networks"), epicRealm's alleged successor-in-interest, for epicRealm.  *See* D.I. 61. Oracle's proposed Amended Declaratory Judgment Complaint names Parallel Networks as the defendant on the assumption that the motion to substitute will be granted.  For purposes of this motion, Oracle will continue to refer to epicRealm as the real party in interest.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

This is an action involving the alleged infringement of patents concerning web server technology.   In 2005, epicRealm filed patent infringement actions against several companies, including an Oracle customer, in the District Court for the Eastern District of Texas. epicRealm asserted two patents, U.S. Patent No. 5,894,554 ("the '554 patent") and U.S. Patent No. 6,415,335 ("the '335 patent"), which generally pertain to systems and methods for managing dynamic web page requests.

In apprehension of suit, Oracle filed its original Complaint for Declaratory Judgment on June 30, 2006, seeking a judicial determination that the patents-in-suit are invalid and not infringed.   After this Court denied epicRealm's motion to consolidate and transfer this action to Texas (D.I. 21),[2] epicRealm filed its answer and counterclaims for patent infringement in April 2007.   Fact discovery is ongoing and scheduled to close on February 29, 2008.   Trial is scheduled for January 12, 2009.

## III.    SUMMARY OF THE ARGUMENT

Compelling evidence has been revealed during discovery that one or more of the inventors and prosecuting attorneys for the patents-in-suit intentionally withheld material prior art from the Patent Office during prosecution.   Promptly upon discovering this evidence, Oracle notified epicRealm that it intended to amend its declaratory judgment complaint to add a claim for inequitable conduct and, pursuant to counsel's request, provided epicRealm with the evidence in support of the claim.   Declaration of Theodore T. Herhold in Support of Oracle's Motion for

---

[2]    EpicRealm sought to consolidate the present action with a parallel action filed by Quinstreet, Inc. against epicRealm involving the same patents (Case No. 06-495-SLR).

Leave to Amend its Declaratory Judgment Complaint ("Herhold Decl."), Exs. A, E.  Without specifying the reasons therefor, epicRealm declined to stipulate to the proposed amendments, which also included minor revisions to the procedural history of the case.  Herhold Decl., Exs. A-I.

As set forth below, leave to amend under Federal Rule of Civil Procedure 15 should be granted.  Oracle moved expeditiously to raise the issue with epicRealm and filed this motion within the time limits specified in the Court's Scheduling Order.  *See* Joint Discovery Plan and Scheduling Order, D.I. 29 at 4.  At the time Oracle filed its original complaint for declaratory relief, it could not have alleged inequitable conduct because the evidence supporting such a claim had not yet been adduced.  Herhold Decl., ¶ 2.  Although discovery commenced in August 2007, the parties are only now completing written discovery and document productions, and just recently commenced depositions on December 20, 2007.  *Id*., ¶ 3.  EpicRealm has also been centrally involved in ongoing discovery in the Texas actions where much of the evidence underlying Oracle's inequitable conduct claim has been uncovered.  *Id*., ¶ 4.  Indeed, epicRealm is already facing inequitable conduct claims from several defendants in the Texas actions based on the same allegations proffered in Oracle's proposed Amended Complaint.  *See* Herhold Decl., Exs. S, T.  Thus, epicRealm will not be prejudiced by the addition of the claim in this action.  Oracle has met its pleading requirements under Federal Rule of Civil Procedure 9(b), which requires that a claim based upon fraud be pleaded with particularity.  Under Federal Rule of Civil Procedure 15, leave to amend is liberally granted.  Accordingly, Oracle respectfully requests that this Court grant its motion.

## IV.    STATEMENT OF FACTS

EpicRealm is a patent holding company whose only business is the enforcement and licensing of the patents-in-suit.   The first of epicRealm's two patents-in-suit—the '554 patent entitled "System for Managing Dynamic Web Page Generation Requests by Intercepting Request at Web Server and Routing to Page Server Thereby Releasing Web Server to Process Other Requests"—was filed on April 23, 1996 and issued on April 13, 1999.   The '554 patent was originally assigned to InfoSpinner, Inc., the predecessor-in-interest to epicRealm.

The second of epicRealm's patents—the '335 patent entitled "System and Method for Managing Dynamic Web Page Generation"—was filed on January 19, 1999 and issued on July 2, 2002 from a divisional application of U.S. Patent Application No. 08/636,477, now the '554 patent.   The '335 patent was originally assigned to epicRealm Operating, Inc., and was later assigned to epicRealm.   On or about August 31, 2007, epicRealm assigned all of its rights, title, and interest in the patents-in-suit to a new patent holding company, Parallel Networks, a Texas limited liability company.

During the course of fact discovery, Oracle discovered significant documentary evidence, including an e-mail authored by Keith Lowery, a principal of epicRealm and named inventor on the patents-in-suit, which is dated prior to the filing of the first application for the patents-in-suit.   Herhold Decl., Ex. J.   In the e-mail, Lowery discloses that he researched, and had knowledge of, highly material prior art including but not limited to publications describing— and the prior sale, offer for sale or public use of—Oracle Web Server products ("the Oracle prior art") that were known and available to the public prior to the alleged conception and reduction to practice of the claimed inventions of the patents-in-suit.   Despite the fact that this art was known

to Lowery prior to and during the prosecution of the patents-in-suit, it was not disclosed to the Patent Office. *Id.*

Prior to the issuance of the patents-in-suit, the attorneys responsible for prosecuting the patents-in-suit also had knowledge of additional material prior art, including but not limited to the prior art methods and apparatus described in U.S. Patent No. 5,761,673 ("the '673 patent") and the prior art references cited therein. The '673 patent was issued to Oracle and constituted prior art that was material to the patentability of the epicRealm patents. Indeed, the Patent Office cited the '673 patent as material art during the prosecution of both the '554 and '335 patents. Herhold Decl., Exs. K, L. The law firm of Blakely, Sokoloff, Taylor & Zafman LLP ("Blakely") prosecuted both Oracle's '673 patent—filed on January 31, 1996—and epicRealm's '554 patent, filed a mere three months later. The file histories for both the '673 patent and the patents-in-suit establish that the same attorneys, Jim Salter and Sharmini Green of Blakely, were involved in the prosecution of both the '673 patent and the patents-in-suit. Despite this fact, the prosecuting attorneys never disclosed the '673 patent or its cited references during the prosecution of the epicRealm patents. *Id.*

The Oracle prior art and the '673 patent prior art were highly material in that they each established, alone or in combination with other information, a prima facie case of unpatentability of one or more claims of the patents-in-suit. *See* 37 C.F.R. § 1.56; Herhold Decl., Exs. M-R.[3] As such, Lowery and the prosecuting attorneys should have disclosed this

---

[3] The Patent Office has granted no less than six requests for reexamination of the patents-in-suit, and in so doing, stated that several prior art references, the Oracle prior art among them, were material art that call into question the patentability of one or more of the claimed inventions of the patents-in-suit. Herhold Decl., Exs. M-R.

highly material prior art during prosecution.  Oracle contends that their failure to do so was willful and with intent to deceive, constituting a fraud upon the Patent Office in violation of 37 C.F.R. §1.56.

## V.    LEGAL STANDARDS

Federal Rule of Civil Procedure 15 provides in relevant part: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  Rule 15 mandates a liberal amendment policy.  Accordingly, "the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), Fed. R. Civ. P., by freely granting leave to amend when justice so requires." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986), quoting *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Micron Tech., Inc. v. Rambus Inc.*, 409 F. Supp. 2d 552, 558 (D. Del. 2006).  Rule 15 assures cases will be heard on their merits, and was instituted to avoid injustices that sometimes resulted from strict adherence to earlier technical pleading requirements.  *Forman v. Davis*, 371 U.S. 178, 182 (1962).

The purpose of pleadings is to provide the parties with fair notice of the general nature of the pleader's claims or defenses.  As long as such notice has been provided, the pleadings should not limit the pleader's claims or defenses.  *Forman*, 371 U.S. at 182.  In claims based on fraud or mistake, Federal Rule of Civil Procedure 9(b) requires that a party "must state with particularity the circumstances constituting the fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  An inequitable conduct claim must meet the pleading requirements of Rule 9(b).  *Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 734 (D. Del. 2002).

Leave to amend under Rule 15 is freely granted unless the opposing party makes a showing of undue prejudice, bad faith, or a dilatory motive. *Forman*, 371 U.S. at 182; *FilmTec Corp. v. Hydranautics*, 67 F.3d 931, 935-36 (Fed. Cir. 1995). The single most important factor for denying a motion to amend is undue prejudice to the opposing party. *Senza-Gel*, 803 F.2d at 666, citing *William Inglis & Sons Baking Co*., 668 F.2d 1014, 1053 n.68 (9th Cir. 1981). Where there is lack of prejudice to the opposing party and the amended pleading is not frivolous or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny a motion to amend. *Senza-Gel,* 803 F.2d at 666; *Agere*, 190 F. Supp. 2d at 732.

## VI.    ARGUMENT

### A.  Oracle's Inequitable Conduct Claim is Meritorious

Patent applicants and their attorneys owe a duty of candor, good faith and honesty in their dealings with the Patent Office. 37 C.F.R. §1.56(a). This duty requires the applicant and its attorney to submit truthful information and to disclose to the Patent Office information known to the patent applicant or its attorney which is material to the examination of the patent application. *Elk Corp. of Dallas v. GAF Bldg. Materials Corp.,* 168 F.3d 28, 30 (Fed. Cir. 1999). Information is deemed material if there is a substantial likelihood that a reasonable examiner would have considered the information important in deciding whether to issue the application as a patent. *Enzo Life Scis. v. Digene Corp.*, 270 F. Supp. 2d 484, 490 (D. Del. 2003). A violation of the duty of candor, good faith and honesty constitutes inequitable conduct. *Elk*, 168 F.3d at 30. If it is established that an applicant or its attorney engaged in inequitable conduct before the Patent Office, the entire patent application and any patents issued therefrom are rendered unenforceable. *Kingsdown Med. Consultants v. Hollister Inc.,* 863 F.2d 867, 877 (Fed. Cir. 1988).

At the time Oracle filed its original complaint, it could not have alleged inequitable conduct because it had not had sufficient opportunity to investigate the grounds for such a claim. During the course of discovery, Oracle uncovered evidence that strongly supports a claim of unenforceability based upon inequitable conduct, which it now seeks to add to its complaint.

The documents produced by epicRealm establish that inventor Keith Lowery was fully aware of the Oracle prior art. This art is highly material and may render the patents-in-suit invalid for anticipation or obviousness under 35 U.S.C. §§ 102 and 103. Herhold Decl., Exs. M-R. The file histories for the patents-in-suit evidence that neither Lowery nor any other named inventor or prosecuting attorney ever disclosed the Oracle Prior Art to the Patent Office during prosecution. Further, the evidence shows that prior to the issuance of the patents-in-suit, the attorneys responsible for prosecuting the patents had knowledge of additional material art including Oracle's '673 patent and its cited references. This art is also highly material and may invalidate one or more claims of the patents-in-suit. *Id.* Despite this fact, neither the '673 patent nor its cited references were disclosed during prosecution of the patents-in-suit. If it is established that this art was intentionally withheld during prosecution with the intent to deceive the Patent Office, the patents-in-suit will be held unenforceable. *Kingsdown,* 863 F.2d at 877.

Oracle's proposed amended complaint provides adequate notice to epicRealm of the nature and extent of Oracle's claim and otherwise meets the pleading requirements of Federal Rule of Civil Procedure 9(b).[4] Oracle should therefore be granted leave to amend its complaint

---

[4] The proposed amended complaint also makes minor revisions to the procedural history of the case.

and be afforded the opportunity to prove this claim at trial.[5]

### B. Oracle Acted Promptly in Seeking to Amend its Complaint and epicRealm Will Not Be Prejudiced as a Result

Promptly upon ascertaining the basis for its inequitable conduct claim, Oracle contacted epicRealm and requested that epicRealm stipulate to the proposed amended complaint. Oracle's communications to epicRealm clearly outlined and fairly notified epicRealm of the bases of Oracle's inequitable conduct allegations. Without providing any justification, epicRealm declined to so stipulate. The present motion is brought in good faith and is not made for any dilatory purpose. Herhold Decl., ¶ 5.

The addition of an inequitable conduct claim will not prejudice epicRealm since the facts supporting the claim should come as no surprise to epicRealm. First, epicRealm had full and complete knowledge of the specific facts giving rise to Oracle's inequitable conduct claim because Keith Lowery was an inventor of the patents-in-suit and is a principal of epicRealm. Second, epicRealm was in possession of the evidence underlying Oracle's claim, including the file histories of the patents-in-suit which evidenced their failure to disclose the Oracle Prior Art to the Patent Office. Third, the inventors of the patents-in-suit, including

---

[5] Although Oracle is confident it has met it pleading requirements under Rule 9(b), discovery is ongoing and it is likely Oracle will uncover further evidence supporting its inequitable conduct claim and may seek leave to further amend its complaint accordingly. *Agere*, 190 F. Supp. 2d at 734 ("[N]othing about the particularized pleading requirement acts as a bar to further supplementing those facts, as they are uncovered"). Particularly, Oracle would like the opportunity to supplement its inequitable conduct pleading after it has had an opportunity to depose the named inventors of the patents-in-suit and the prosecuting attorneys. Although some of these individuals have been deposed in the Texas actions, epicRealm only recently gave Oracle permission to obtain copies of those deposition transcripts. Herhold Decl., ¶ 6.

Lowrey, along with the prosecuting attorneys, understood their duty to disclose this material prior art because they signed declarations that specifically acknowledged their understanding of this duty.  Fourth, much of the evidence supporting Oracle's claim was adduced during discovery in the ongoing Texas actions in which epicRealm has been centrally involved.  Finally, epicRealm will be hard-pressed to argue any prejudice in adding the claim at this time as the parties are only now completing written discovery and document productions, and just recently commenced depositions on December 20, 2007.  Messrs. Lowery and Salter, for example, have yet to be deposed in this action.  Herhold Decl., ¶ 6.

Accordingly, because Oracle moved diligently in filing its motion and epicRealm will not be prejudiced as a result of adding the claim, Oracle's motion should be granted.  *See Enzo*, 270 F. Supp. 2d at 488-89 (motion for leave to amend to add inequitable conduct claim granted where there was no undue delay or dilatory motive in bringing the motion and defendant would not be prejudiced).

## VII.    CONCLUSION

Granting Oracle leave to amend its complaint to add a claim for inequitable conduct will avoid injustice by permitting the Court to decide all the legal claims at issue and will not prejudice epicRealm.  Oracle therefore respectfully requests that its motion be granted and that it be permitted to file its Amended Complaint for Declaratory Judgment forthwith.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr. (#4292)*
_____

OF COUNSEL:

James G. Gilliland
Theodore T. Herhold
Chad E. King
Robert J. Artuz
Eric M. Hutchins
TOWNSEND AND TOWNSEND AND CREW
LLP
379 Lytton Avenue
Palo Alto, CA  94301
650.326.2400

Dorian Daley
Peggy E. Bruggman
Matthew M. Sarboraria
ORACLE CORPORATION
ORACLE U.S.A., INC.
500 Oracle Parkway
Redwood Shores, CA  94065

DATED:  January 4, 2008

1352131

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for Oracle Corporation
and Oracle U.S.A. Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

Richard L. Horwitz
David Ellis Moore
POTTER ANDERSON & CORROON, LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on January 4, 2008 upon the following individuals in the manner indicated:

**BY E-MAIL AND HAND DELIVERY**                **BY E-MAIL**

Richard L. Horwitz                                   George S. Bosy, Esquire
David Ellis Moore                                    JENNER & BLOCK
POTTER ANDERSON & CORROON, LLP       330 N. Wabash Avenue
1313 N. Market St., Hercules Plaza, 6th Floor   Chicago, IL 60611-7603
P.O. Box 951
Wilmington, DE 19899-0951                      **gbosy@jenner.com**

**rhorwitz@potteranderson.com**
**dmoore@potteranderson.com**

*/s/James W. Parrett, Jr. (#4292)*
_____
James W. Parrett, Jr. (#4292)