IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORACLE CORPORATION and<br>ORACLE U.S.A. INC.,         )<br>        )<br>    Plaintiffs,         )<br>        )<br>v.         )<br>        )<br>EPICREALM LICENSING, LP,         )<br>        )<br>    Defendant.         ) | C.A. No. 06-414-SLR<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S REPLY TO ORACLE'S RESPONSE TO DEFENDANT'S MOTION
TO SUBSTITUTE PARTIES PURSUANT TO RULE 25(C), FED.R.CIV.P**

Oracle does not dispute that epicRealm's motion to substitute should be granted. Specifically, Oracle admits that it "does not oppose the proposed substitution." (D.I. 62, Oracle's Response Brief at 1, 2, 5.) Accordingly, this Court should enter the order as initially proposed by epicRealm in its motion (an additional copy attached as Exhibit A). This action is consistent with this Court's previous grant of epicRealm's motion to substitute Parallel Networks for epicRealm in a companion action in this Court, *QuinStreet, Inc. v. Parallel Networks, LLC* (C.A. No. 06-cv-495 (SLR)) (D.I. 56.)

In this reply, epicRealm addresses three issues:

- First, that it is undisputed that epicRealm's motion to substitute should be granted;

- Secondly, that epicRealm's form of the proposed order should be entered;

- Finally, Oracle's apparent contention that epicRealm proceeded with filing the instant motion without exhausting the possibility of reaching an agreement with Oracle.

**I.    EPICREALM'S MOTION TO SUBSTITUTE SHOULD BE GRANTED**

Neither the facts nor the law is in dispute here. There is no dispute that after this action was filed, epicRealm assigned to Parallel Networks all right, title and interest in the two patents

in suit, including the right to enforce the patents in suit and to recover for past infringement. It is also undisputed that Parallel Networks now owns all right, title, and interest in the patents in suit including the right to enforce the patents and the right to recover for past infringement. And so, on these undisputed facts and the undisputed law, Parallel Networks should be substituted as the defendant and counterclaimant in this action pursuant to Federal Rule of Civil Procedure 25(c) (hereinafter "Rule 25(c)"). This Court should enter the order that epicRealm proposed in the first instance and that is appended to this response. (Exhibit A.)

## II.    THIS COURT SHOULD ENTER EPICREALM'S PROPOSED ORDER

Given that Oracle has conceded the merits of epicRealm's motion, this Court should enter epicRealm's proposed order. EpicRealm's proposed order is straightforward and in pertinent portion reads as follows:

> IT IS SO ORDERED ... that, pursuant to Rule 25(C), Fed.R.Civ.P., Parallel Networks, LLC, is substituted as defendant and counter-plaintiff in place of epicRealm Licensing, LP. in C.A. No. 06-414-SLR (*Oracle Corporation and Oracle U.S.A., Inc. v. epicRealm Licensing, LP*) and that the new case caption shall be as follows....

(Exhibit A.) EpicRealm's proposed order is non-argumentative; it does not ask the Court to resolve hypothetical issues, and Oracle does not dispute that it is fully in accordance with the case law.

On the contrary, Oracle's proposed order is entirely improper. It recites the following inappropriate language:

> Further, the action, and/or any subsequent action(s) involving the patents-in-suit and any continuations, continuations-in-part, divisionals, reexaminations, reissues and any U.S. or foreign patents which are related to or derive from the patents-in-suit, shall remain in the District of Delaware.

2

Oracle's proposed order is improper for many reasons. First, it asks the Court to resolve hypothetical and speculative venue and jurisdictional issues with respect to any further patent infringement action that Parallel Networks might bring (or might not bring) against Oracle. Secondly, it asks the Court to decide hypothetical and speculative venue and jurisdictional issues with respect to unidentified and unknown patents that may exist or issue in the future from "any continuations, continuations-in-part, divisionals, reexaminations [or] reissues" of the patents in suit. Third, it asks this Court to resolve the hypothetical and speculative issue as to what unidentified patents are "related to or derive from the patents-in-suit." Even worse, Oracle's proposed order would require this Court to retain perpetual jurisdiction of this action after its conclusion to decide what are now nothing but hypothetical and speculative issues. Finally, Oracle's proposed order asks this Court to retain venue and jurisdiction over any patent infringement action that Parallel Networks may bring against Oracle with respect to patents issued in foreign countries. (It is beyond dispute that this Court has no jurisdiction to resolve suits involving the infringement of foreign patents.) Parallel Networks is not aware of any authority—and Oracle has not cited any—that would support the vast and overreaching nature of the order proposed by Oracle.

### III.   ORACLE'S OTHER ISSUES

Oracle raises another issue that on the merits does not bear on the instant motion. Thus, Oracle apparently contends that Parallel Networks proceeded with filing the instant motion without exhausting the possibilities of reaching an agreement with Oracle. This contention is erroneous. The record shows that epicRealm approached Oracle with this routine substitution issue in October 2007, nearly three months ago. The record further shows that Oracle repeatedly attempted to extract substantial improper concessions from Parallel Networks having nothing to do with the present motion (including asking Parallel Networks to agree to Oracle's insertion of

inequitable conduct charges into this action, a request having nothing to do with this routine substitution). In addition, Oracle insisted on a form of order (as discussed above) that is clearly improper. Parallel Networks refused these improper attempts to gain a substantial advantage on this routine substitution issue. The result is that weeks went by as Oracle attempted to delay the entry of what epicRealm has now shown to be—and is now admitted to be—a proper and routine substitution.

## IV. CONCLUSION

For all of the foregoing reasons, epicRealm's motion under Rule 25(c) should be granted.

OF COUNSEL:

Harry J. Roper
George S. Bosy
Aaron A. Barlow
Patrick L. Patras
David R. Bennett
Paul D. Margolis
Benjamin J. Bradford
JENNER & BLOCK
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel: (312) 923-8305

Dated: January 9, 2008
841693 / 31393

POTTER ANDERSON & CORROON LLP

By: /s/ David E. Moore
　　Richard L. Horwitz (#2246)
　　David E. Moore (#3983)
　　Hercules Plaza, 6th Floor
　　1313 N. Market Street
　　Wilmington, DE 19899
　　Tel: (302) 984-6000
　　rhorwitz@potteranderson.com
　　dmoore@potteranderson.com

*Attorneys for epicRealm Licensing, LP and Parallel Networks, LLC, as the real party in interest*

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on January 9, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on January 9, 2008, I have Electronically Mailed the document to the following person(s):

Mary B. Graham
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
MGraham@MNAT.com

James G. Gilliland
Theodore T. Herhold
Chad E. King
Robert J. Artuz
Eric M. Hutchins
Townsend and Townsend and Crew LLP
379 Lytton Avenue
Palo Alto, CA 94301
OracleEpicrealm@townsend.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

788480 / 31393 / Oracle

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORACLE CORPORATION and<br>ORACLE U.S.A. INC.,<br><br>Plaintiffs,<br><br>v.<br><br>EPICREALM LICENSING, LP,<br><br>Defendant. | )<br>)<br>)<br>)  C.A. No. 06-414-SLR<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) |

**ORDER GRANTING DEFENDANT EPICREALM'S MOTION
TO SUBSTITUTE PARTIES PURSUANT TO RULE 25(C), FED.R.CIV.P.**

The Court hereby grants defendant epicRealm Licensing, LP's Motion to Substitute Parties Pursuant to Rule 25(C), Fed.R.Civ.P. Accordingly, it is:

IT IS SO ORDERED this _____ day of _____, 200__, that, pursuant to Rule 25(C), Fed.R.Civ.P., Parallel Networks, LLC, is substituted as defendant and counter-plaintiff in place of epicRealm Licensing, LP. in C.A. No. 06-414-SLR (*Oracle Corporation and Oracle U.S.A., Inc., v. epicRealm Licensing, LP*) and that the new case caption shall be as follows:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORACLE CORPORATION and<br>ORACLE U.S.A. INC.,<br><br>Plaintiffs/Counterclaim Defendant,<br><br>v.<br><br>PARALLEL NETWORKS, LLC,<br><br>Defendant/Counterclaim Plaintiff | )<br>)<br>)<br>)  C.A. No. 06-414-SLR<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) |

_____
United States District Judge