IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ORACLE CORPORATION and )
ORACLE U.S.A. INC., )
)
      Plaintiffs, )
)
      v. )      C.A. No. 06-414 (SLR)
)
EPICREALM LICENSING, LP, )
)
      Defendant. )

**ORACLE'S SUPPLEMENTAL RESPONSE TO
<u>EPICREALM'S MOTION TO SUBSTITUTE PARTIES</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for Oracle Corporation
and Oracle U.S.A. Inc.*

OF COUNSEL:

James G. Gilliland
Theodore T. Herhold
Chad E. King
Robert J. Artuz
Eric M. Hutchins
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, CA 94301
650.326.2400

Dorian Daley
Peggy E. Bruggman
Matthew M. Sarboraria
ORACLE CORPORATION
ORACLE U.S.A., INC.
500 Oracle Parkway
Redwood Shores, CA 94065

Dated: January 11, 2008

Because of new information, Plaintiffs and Counterdefendants Oracle Corporation and Oracle U.S.A. Inc. (jointly, "Oracle") submit the following supplemental response to oppose Defendant and Counterclaimant epicRealm Licensing, LP's ("epicRealm") Motion to Substitute Parties, along with a proposed Order:

## DISCUSSION

Since the filing of Oracle's original response brief, it has become apparent that substitution of Parallel Networks, LLC ("Parallel Networks") for epicRealm may not be the proper remedy. As set forth in the recently-filed opposition to epicRealm's very-same motion in the Texas actions,[1] joinder of Parallel Networks – not substitution of Parallel Networks for epicRealm – appears to be the appropriate procedural remedy at this time given the substantial uncertainty regarding the nature and extent of ownership of the patents-in-suit. The evidence uncovered by the Texas defendants shows that the corporate history of epicRealm calls into question epicRealm's right to enforce the patents-in-suit in the first place, hence its ability to pass on that right to Parallel Networks.[2] This evidence was not disclosed by epicRealm to Oracle or this Court in bringing its Rule 25(c) motion. Instead, given the unclear record on this issue, a more appropriate remedy would be to join Parallel Networks as a real-party-in-interest in the lawsuit pending further discovery into the nature and extent of the respective rights, if any, in the patents-in-suit.

---

[1]    *See* Defendants' Response to Plaintiff EpicRealm Licensing, LP's Motion to Substitute Parties Pursuant to Fed. R. Civ. P. 25(c), attached hereto as Exhibit 1. Because of the large quantity of exhibits to the Texas defendants' opposition brief, only Exhibit A to the brief (EpicRealm Corporate/Patent/Filing History) is attached hereto.

[2]    Oracle is scheduled to take the Fed. R. Civ. P. 30(b)(6) deposition of epicRealm on January 29, 2008 on various topics, including the "acquisition, assignment or transfer of any assets, including the patents-in-suit, by or from epicRealm and any predecessor or successor-in-interest to epicRealm, including but not limited to Parallel Networks, LLC."

The evidence adduced by the Texas defendants shows that the patents-in-suit have been transferred and/or assigned to at least the following entities since they were issued: InfoSpinner, Inc.; epicRealm, Inc.; epicRealm Operating, Inc., epicRealm Licensing, LLC; epicRealm Licensing, LP (the current defendant and counterclaimant); and Parallel Networks, LLC (the proposed new defendant and counterclaimant).  *See* Defendants' Response Brief at 2-4, and Exhibit A, attached thereto.  However, as the records omitted by epicRealm in its motion now show, substantial ambiguity exists with respect to whether epicRealm ever owned the patents-in-suit, much less had the right to transfer them to Parallel Networks.  Among other potential improprieties, it appears that the entity known as "epicRealm, Inc.," which was dissolved along with the entity known as "epicRealm Operating, Inc." on January 20, 2004, may not have properly conveyed the right to recover for infringement of the patents-in-suit to the entity known as "epicRealm Licensing, LLC," the purported predecessor-in-interest to the current defendant and counterclaimant, epicRealm Licensing, LP.  *Id*. at 3.  If this is true, then epicRealm Licensing, LP cannot properly transfer any such interests to the new entity, Parallel Networks.  Moreover, the purpose behind, and legal enforceability of, the long and complicated history of corporate transactions and conveyances to the various epicRealm entities, as well as to the new corporate entity, Parallel Networks, remains to be determined.

Given the substantial uncertainty regarding the ownership of, and the ability to enforce, the patents-in-suit, the appropriate remedy is to join Parallel Networks as a party to this litigation until these issues can be resolved through further discovery.  *See Moore's Federal Practice*, § 25.34[3] (Matthew Bender 3d ed. 1997) (2007) (following transfer of an interest, a court "may direct the transferee to be either substituted in the action or joined with the original party").

**CONCLUSION**

For the foregoing reasons, it is respectfully requested that the Court deny epicRealm's Motion to Substitute Parties and instead order that Parallel Networks be joined as an additional party pending further discovery into the nature and extent of the respective rights, if any, in the patents-in-suit by epicRealm and Parallel Networks. A proposed form of Order is attached as Exhibit 2.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*
_____
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for Oracle Corporation*
*and Oracle U.S.A. Inc.*

OF COUNSEL:

James G. Gilliland
Theodore T. Herhold
Chad E. King
Robert J. Artuz
Eric M. Hutchins
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, CA  94301
650.326.2400

Dorian Daley
Peggy E. Bruggman
Matthew M. Sarboraria
ORACLE CORPORATION
ORACLE U.S.A., INC.
500 Oracle Parkway
Redwood Shores, CA  94065

Dated:  January 11, 2008
1381585

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> Richard L. Horwitz
> David Ellis Moore
> POTTER ANDERSON & CORROON, LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on January 11, 2008 upon the following individuals in the manner indicated:

**BY E-MAIL AND HAND DELIVERY**

Richard L. Horwitz
David Ellis Moore
POTTER ANDERSON & CORROON, LLP
1313 N. Market St., Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899-0951

**rhorwitz@potteranderson.com**
**dmoore@potteranderson.com**

**BY E-MAIL**

George S. Bosy, Esquire
JENNER & BLOCK
330 N. Wabash Avenue
Chicago, IL  60611-7603

**gbosy@jenner.com**

*/s/ James W. Parrett, Jr.*
_____
James W. Parrett, Jr. (#4292)

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| EPICREALM LICENSING, LP,<br><br>        Plaintiff,<br><br>v.<br><br><br>AUTOFLEX LEASING, INC., et al.,<br><br>        Defendants. | Civil Action No. 5:07-CV-125 |
| EPICREALM LICENSING, LP,<br><br>        Plaintiff,<br><br>v.<br><br><br>FRANKLIN COVEY CO., et al.,<br><br>        Defendants. | Civil Action No. 5:07-CV-126 |
| EPICREALM LICENSING, LP,<br><br>        Plaintiff,<br>v.<br><br>VARIOUS, INC.,<br><br>        Defendant | Civil Action No. 5:07-CV-135 |

## DEFENDANTS' RESPONSE TO PLAINTIFF EPICREALM LICENSING, LP'S MOTION TO SUBSTITUTE PARTIES PURSUANT TO FED. R. CIV. P. 25(c)

Defendants/Counter-Plaintiffs Clark Consulting, Inc. ("Clark"), Franklin Covey Co. ("Franklin Covey") and Herbalife International of America, Inc., ("Herbalife"), Friendfinder Network, Inc, (Friendfinder) and Various, Inc, (Various), (collectively "Defendants") by their attorneys, and as their response to Plaintiff/Counter-Defendant

epicRealm Licensing, LP's ("epicRealm") motion to substitute parties pursuant to Fed. R.

Civ. P. 25(c), state as follows:

## I.    INTRODUCTION

Substitution is not appropriate in this case because uncertainty remains regarding the ownership of the patents which form the basis of this infringement suit. Once these issues are resolved, it may be that epicRealm had an incomplete, or even nonexistent interest in the patents it purportedly transferred to Parallel Networks, LLC ("PN"). Resolution of this uncertainty regarding the extent and nature of the ownership of the patents in issue will require a great deal of discovery from epicRealm, which further strongly militates towards keeping it as a party in this suit. Therefore, joinder rather than substitution is the most efficient way to insure that all issues will be fully and fairly litigated, and that any judgments entered are as comprehensive as possible.

### A.    Unresolved Issues Regarding Ownership of the Patents in Issue Militate in Favor of Keeping epicRealm in the Litigation

It is unclear what rights epicRealm may have had to sue Defendants for patent infringement in the first instance, especially with regard to past infringement. A careful look at the corporate and patent history of epicRealm calls into question the scope of epicRealm's and hence PN's interest in the patents which form the basis for this infringement action.[1] On April 13, 1999 Patent 5,894,554 was issued and assigned to InfoSpinner, Inc. (Exhibit A ("Ex. A") ¶ 4.) On January 31, 2000 InfoSpinner, Inc. changed its name to epicRealm, Inc. (Ex. A ¶ 5.) On December 31, 2000, epicRealm,

---

[1] Attached as Exhibit A is a summary of epicRealm's corporate and patent history gleaned from documents produced to Defendants through discovery or obtained from the official records of the States of Delaware and Texas. Where applicable, a Bates number that corresponds to the source document(s) is provided.

Inc. merged with another corporate entity to form epicRealm Operating, Inc., which thereby became the owner of Patent 5,894,554.  (Ex. A ¶ 7.)  On July 2, 2002 Patent 6,415,335 was issued and assigned to epicRealm Operating, Inc. (Ex. A ¶ 11.)  On December 5, 2003 the dissolution of epicRealm Operating, Inc. was authorized by its shareholders and a Certificate of Dissolution was filed in Delaware on January 20, 2004. (Ex. A ¶¶ 12-13.)  At the time of these events, it appears that epicRealm Operating, Inc. owned both patents.

More than a year later, on March 4, 2005, epicRealm, Inc., which had been dissolved along with epicRealm Operating, Inc. on January 20, 2004, purported to sell Patents 5,894,554 and 6,415,335—patents which from all that appears it may never have owned—to epicRealm Licensing, LLC, a limited liability company formed in Texas. (Ex. A ¶ 15.)  This agreement did not purport to specifically convey to epicRealm Licensing, LLC the right to recover for past infringements, and epicRealm, Inc. retained the right to share in any litigation or enforcement proceeds realized post-agreement.

The effect of this transaction is further called into question by activity which occurred a month later.  On April 8, 2005 it was epicRealm Operating, Inc., not epicRealm, Inc., that filed with the U.S. Patent and Trademark Office a notice of a nunc pro tunc assignment of the patents at issue (along with its other intellectual property) effective retroactively to March 4, 2005 to epicRealm Licensing, LLC.  (Ex. A ¶ 16.) The instant suits were initially brought by epicRealm Licensing, LLC.  The current plaintiff, epicRealm Licensing LP is the successor to epicRealm Licensing, LLC via merger.

At this stage of the proceedings it remains unclear what ownership interests the March 4, 2005 sale of the patents by epicRealm, Inc., an entity which seemingly never owned them in the first place, actually conveyed to epicRealm Licensing, LLC, and what interests, if any, were retained by epicRealm, Inc. Similar ambiguity surrounds the April 8, 2005 assignment by epicRealm Operating, Inc. to epicRealm Licensing, LLC. The status of epicRealm's and hence PN's current ownership interests is thus also unclear. In light of this uncertainty, Defendants are merely asking this court to keep epicRealm as a party to this litigation until these matters can be resolved and the true party or parties be identified so that any judgment entered will apply to the entirety of the ownership interests that may be involved.

### B.    This Court May Order Either Joinder or Substitution

Following a transfer in interest, a court "may direct the transferee to be either substituted in the action or joined with the original party." *Moore's Federal Practice*, § 25.34[3] (Matthew Bender 3d ed. 1997) (2007). A court must base this determination "on the respective rights and liabilities among the parties and the transferee under the substantive law governing the case, whether it would best facilitate the conduct of the case to have the transferor remain in the case, substitute the transferee, or join the transferee and continue with both parties." *Id.* As stated by the 5th Circuit, "Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands." *In re Covington Grain Co., Inc.*, 638 F.2d 1362, 1364 (5th Cir. 1981). Because of the unresolved issues of patent ownership, the status of epicRealm as a party plaintiff to these suits and as a potentially liable party on the counter-claims asserted by the Defendants should not be disturbed. Additionally, removing epicRealm from the case would alter the

relationship between it and various Defendants with regard to discovery, making it more costly and difficult.

**C.** **When a Party Still Maintains an Interest in the Outcome of Litigation Joinder is Appropriate**

Among the situations where joinder rather than substitution is appropriate under the Fed. R. Civ. P. 25(c) is when a plaintiff assigns its claims but retains an interest in the outcome of the litigation. *See Moore's Federal Practice*, § 25.34[3], 50 n.10 (Matthew Bender 3d ed. 1997) (2007) *citing FDIC v. Tisch*, 89 F.R.D. 446, 448 (E.D.N.Y 1981) (when plaintiff assigned its claims but retained interest in outcome of litigation, joinder rather than substitution was appropriate, because since both assignor and assignee were still real parties in interest, and participation by both was most efficient way to insure that all issues would be fully litigated).

At a minimum, epicRealm maintains an interest in this litigation by reason of Defendants' counterclaims for attorney's fees. Even though PN assumed this litigation in the asset purchase agreement entered into by it and epicRealm[2], Defendants were not a party to that agreement and still have a right to proceed against epicRealm for their attorney's fees claim.

In addition, epicRealm may have asserted claims it had no right to bring because it did not have complete ownership of these patents. In view of the uncertainty regarding

---

[2] Section 2.2(b)(D) of the asset purchase agreement between epicRealm and PN provides that PN will assume "all debts, liabilities or obligations of Seller with respect to or arising out of the legal proceedings set forth on Schedule 3.4." Schedule 3.4 explicitly identifies this litigation by case number.

epicRealm's ownership that may be resolved during the course of this litigation, it would best facilitate the conduct of the case to have epicRealm remain as a party.

Under these circumstances, the Defendants urge this court to exercise its discretion under Rule 25 to keep epicRealm as a party to this litigation until these issues are clarified.

### D.     Law Governing Indispensable Parties also Militates in Favor of Joinder Rather than Substitution

If epicRealm were not a party to this lawsuit, there is a strong possibility it would be considered an indispensable party that a court would be required to join under Fed. R. Civ. P. 19. The foremost factor to be considered in an indispensability analysis is the extent to which a judgment rendered in a party's absence might be prejudicial to that party. *Moore's Federal Practice*, § 19.05[2][a] (Matthew Bender 3d ed. 1997) (2007). If it is determined that epicRealm brought patent infringement suits while lacking the requisite ownership interests in the patents at issue, or purported to sell to PN more than it had, such a determination would be prejudicial to epicRealm in addition to PN. In such an event it would be epicRealm's obligation to defend the counterclaims and/or prosecute this litigation. Dismissal from the case would obviously prejudice epicRealm's ability to do so. It does not matter that such a danger remains only a possibility, as there "need only be substantial risk and not certainty that the considered events of Rule 19(a) come to pass. *Francis Oil & Gas, Inc. v. Exxon Corp.*, 661 F.2d 873, 877 (10th Cir. 1981). If the possibility exists that epicRealm could be an indispensable party, then it certainly ought to remain in the action for the time being.

**E.**    **Removing epicRealm from the Litigation as a Party Would Make Discovery More Difficult and Costly**

If epicRealm were no longer a party to this litigation, Defendants would be forced to expend unnecessary additional resources during the course of discovery. epicRealm is in possession of a considerable amount of discoverable material that would help to resolve the gaps in ownership of the patents along with other issues that will be raised in this action. This discovery would be far more costly and difficult without the ability to serve interrogatories, requests for production, notices of deposition and other discovery devices on epicRealm as a party to this litigation. For these reasons it would be more efficient for this Court to join rather than substitute PN and to retain epicRealm as a party to this action.

**F.**    **Allowing Parallel Networks to be Substituted for epicRealm Increases the Danger of Jury Confusion**

If epicRealm were merely one more in a long string of former patent holding entities rather than an active party to the litigation, a potential jury would be hard pressed to avoid confusion as to the respective roles and responsibilities of PN and epicRealm. Given the already tortuous history of this corporate entity, further twists should be avoided. In order to prevent such confusion, this Court should retain epicRealm as a party to these proceedings.

**II.**    **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court deny epicRealm's Motion for Substitution of Parties, and instead join Parallel Networks as an additional party Plaintiff in the interests of fairness, efficiency, and clarity.

January 7, 2008

Respectfully submitted,

/s/ William D. Belanger –
with permission by Charles Ainsworth
William D. Belanger, Lead Attorney
Aaron Levangie
Ibrahim M. Hallaj
MINTZ LEVIN
One Financial Center
Boston, MA 02111
617.542.6000
617.542.2241 (facsimile)
wbelanger@mintz.com
alevangie@mintz.com

Michael E. Richardson
Texas Bar No. 24002838
BECK REDDEN & SECREST
1221 McKinney St., Suite 4500
One Houston Center
Houston, TX 77010-2020
713.951.3700
713.951.3720 (facsimile)

ATTORNEYS FOR DEFENDANT
FRANKLIN COVEY CO.

8

/s/ *Ludwig Kolman – with permission by Charles Ainsworth*
Ludwig Kolman (lead counsel)
ARDC No. 150325
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
(312) 609-7500
(312) 609-7505 (fax)
lkolman@vedderprice.com

Charles Ainsworth
State Bar No. 00783521
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 114
Tyler, TX 75702
903.531-3535
903.533-9687 (facsimile)
charley@pbatyler.com

ATTORNEYS FOR DEFENDANT,
CLARK CONSULTING, INC.

*/s/ Robert S. Beiser – with permission by*
*Charles Ainsworth*
Robert S. Beiser
VEDDER, PRICE, KAUFMAN
& KAMMHOLZ, P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
(312) 609-7500
(312) 609-7505 (fax)
rbeiser@vedderprice.com
lkolman@vedderprice.com

Ognian V. Shentov
JONES DAY
222 E 41 Street
New York, NY 10017
Phone:  212-326-3939
Fax:  212-755-7306
ovshentov@jonesday.com

Charles Ainsworth
State Bar No. 00783521
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 114
Tyler, TX 75702
903.531-3535
903.533-9687 (facsimile)
charley@pbatyler.com

ATTORNEYS FOR HERBALIFE
INTERNATIONAL OF AMERICA, INC.

*/s/ Matthew R. Rodgers with permission by*
*Charles Ainsworth_____*

Eric M. Albritton
Texas Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, TX 75606
903.757.8449
903.758.7397 (facsimile)
ema@emafirm.com

Otto O. Lee
Margaux A. Aviguetero
INTELLECTUAL PROPERTY LAW GROUP
LLP
12 South First Street, 12th Floor
San Jose, CA 95113
408.286.8933
408.286.8932 (facsimile)
olee@iplg.com
maviguetero@iplg.com

Danny L. Williams
Texas Bar. No. 21518050
Matthew R. Rodgers
Texas Bar No. 24041802
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond Ave., Suite 1100
Houston, TX 77042
713.934.7000
713.934.7011 (facsimile)
danny@wmalaw.com
mrodgers@wmalaw.com

ATTORNEYS FOR DEFENDANTS
FRIENDFINDER NETWORK, INC. AND
VARIOUS, INC.

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing was served electronically to all counsel of record on January 7, 2008, via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

*/s/ Charles Ainsworth*
Charles Ainsworth

EXHIBIT A

## EPICREALM CORPORATE/PATENT/FILING HISTORY

1.  Nov. 8, 1995:  **InfoSpinner, Inc.** incorporated in Delaware (MAC 16159-16161; 16162-16172).

2.  April 23, 1996:  InfoSpinner filed patent application that becomes '554 patent.

3.  Jan. 19, 1999:  InfoSpinner filed patent application that becomes '335 patent.

4.  April 13, 1999:  Patent 5,894,554 issued and assigned to InfoSpinner.

5.  Jan. 31, 2000 [filed Feb. 4, 2000]:  **InfoSpinner, Inc.** changed its name to **epicRealm, Inc. (#1)** MAC 016126-016127

6.  Dec. 29, 2000:  **epicRealm Holdings, Inc.** and **epicRealm Merger Sub, Inc.** were incorporated in Delaware (MAC 016086-16110; MAC 016121-16122).

7.  Dec. 31, 2000 (11:58 pm):  **epicRealm, Inc.** and **epicRealm Merger Sub, Inc.** merged, and the surviving corporation, **epicRealm, Inc.** changed its name to **epicRealm Operating, Inc.**  [the '554 patent now owned by eR Operating, Inc.] (MAC 016123-016125)

8.  Dec. 31, 2000 (11:59 pm):  **epicRealm Holdings, Inc.** changed its name to **epicRealm, Inc. (#2)**  [epicRealm, Inc. (#2) appears to be the holding company of epicRealm Operating, Inc.]  (MAC 016111)

9.  May 25, 2001:  Baker Botts filed a notice with the PTO of a change of name from **InfoSpinner, Inc.** to **epicRealm, Inc.** (2435 N. Central Expwy, Richardson TX) effective Feb. 4, 2000 in connection with the '554 patent (EPIC 425,477 – 425,480).

10.  May 25, 2001:  Baker Botts filed a notice with the PTO of a change of name from **epicRealm, Inc.** to **epicRealm Operating, Inc.** (2435 N. Central Expwy, Richardson TX) effective December 31, 2000 re  the '554 patent (EPIC 425,481 – 425,483).

11.  July 2, 2002:  Patent 6,415,335 issued and assigned to **epicRealm Operating, Inc.**

12.  Dec. 5, 2003:  A majority of the shareholders of **epicRealm, Inc.** voted to dissolve the company.  The dissolution of **epicRealm Operating, Inc.** was authorized the same day (EPIC 060622 – 060625).

13.  Jan. 20, 2004:  Certificates of Dissolution were filed in Delaware for **epicRealm, Inc.** and **epicRealm Operating, Inc.**  At this time, epicRealm Operating owned both patents (MAC 016115 – 016116; MAC 16158).

14.  Feb. 25, 2005:  **epicRealm Licensing LLC** formed in Texas (MAC 016323 – 016325).

15.  March 4, 2005:  **epicRealm, Inc.** (dissolved on 1/20/04) executed an Asset Purchase and Intellectual Property Assignment Agreement pursuant to which it purported to sell the two

patents at issue (and its other intellectual property) to **epicRealm Licensing LLC** (EPIC 60501 – 60517)

16.   April 8, 2005:   **epicRealm Operating, Inc.** (Bradley Carl, Trustee) filed with the PTO a notice of a nunc pro tunc assignment effective March 4, 2005 covering the two patents at issue (and its other intellectual property) to **epicRealm Licensing LLC** (with attached Patent Assignment dated April 8, 2005 in which **Operating** assigned to **Licensing** all of its intellectual property rights, including rights to all damages for infringement prior to the assignment) (EPIC 425,486 – 425,489).

17.   April 15, 2005:  **epicRealm Licensing LLC**, a Texas limited liability company, filed suit against Speedera Networks, Inc. (EPIC 56,503 – 56,531)

18.   May 2, 2005:   **epicRealm Licensing LLC** (TX) filed suit against Friendfinder Network, Inc. and Grande Communication, et al. (EPIC 390,036)

19.   August 5, 2005:   **epicRealm Licensing LLC** (TX) filed suit against Clark Consulting, Inc., Franklin Covey, and Herbalife International of America.

20.   Dec. 2, 2005:   **epicRealm Licensing, LLC** (DE) is formed in Delaware (MAC 016117).

21.   Dec. 27, 2005:   **epicRealm Licensing, LP** is formed in Delaware (MAC 016118).

22.   Dec. 29, 2005:   **epicRealm Licensing LLC** (TX) merged into **epicRealm Licensing, LP.   epicRealm Licensing, LLC** (DE) is the general partner of the surviving entity, **epicRealm Licensing, LP**. (EPIC 425,496 – 425,498)

23.   Jan. 27, 2006:   Named plaintiff in the consolidated actions is changed to **epicRealm Licensing, LP**.

24.   Aug. 1, 2007:   **Parallel Networks, LLC** was formed in Texas (initially formed as Parallel Processing Technologies, LLC; name changed on Aug. 3, 2007 to Parallel Networks) EPIC 425,407 – 425,431.

25.   Aug. 10, 2007:  Asset Purchase and Sale Agreement between **epicRealm Licensing, LP** and **Parallel Networks** pursuant to which Parallel acquired **all** of epicRealm's patents and applications, license rights, and choses of action, including all prior infringement claims and damages.

26.   Aug. 10, 2007:  Baker Botts filed with the PTO a notice of assignment by merger from **epicRealm Licensing, LLC (TX)** to **epicRealm Licensing, LP** of all of LLC's patents and applications effective 12/29/05.

27.   Aug. 10, 2007:   Baker Botts filed with the PTO a notice of a nunc pro tunc assignment from **epicRealm Licensing, LP** to **Parallel Networks, Inc.** limited to the two patents in suit effective 8/10/07 (EPIC 425,499 – 425,505)

28.    Aug. 31, 2007:    Patent Assignment executed between **epicRealm Licensing, LP** and **Parallel Networks** assigning all patents rights, including damages for prior infringement, to Parallel covering only the two patents in suit (EPIC 425,469 – 425,471).

29.  Oct. 31, 2007:  **epicRealm Licensing, LP's** existence was terminated, pursuant to the filing of a Certificate of Cancellation on Oct. 19, 2007 which became effective on Oct. 31, 2007.

30.  Oct. 31, 2007:  **epicRealm Licensing, LLC's** existence was terminated, pursuant to the filing of a Certificate of Cancellation on Oct. 19, 2007 which became effective on Oct. 31, 2007.

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ORACLE CORPORATION and          )
ORACLE U.S.A. INC.,             )
                                )
            Plaintiffs,          )
                                )
        v.                       )          C.A. No. 06-414 (SLR)
                                )
EPICREALM LICENSING, LP,         )
                                )
            Defendant.           )

## [PROPOSED] ORDER

Having considered Defendant's Motion To Substitute Parties Pursuant To Rule 25(c), Fed. R. Civ. P., Oracle's Response To epicRealm's Motion To Substitute Parties Pursuant To Rule 25(c), Fed. R. Civ. P., Defendant's Reply To Oracle's Response To Defendant's Motion To Substitute Parties Pursuant To Rule 25(C), Fed. R. Civ. P., and Oracle's Supplemental Response:

IT IS HEREBY ORDERED that defendant's motion is DENIED and epicRealm Licensing, LP shall remain as a defendant and counterclaimant in this action, and Parallel Networks, LLC shall be joined as an additional defendant.

DATED: _____          _____
                                     UNITED STATES DISTRICT JUDGE

1381630