IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORACLE CORPORATION and ORACLE U.S.A. INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) C.A. No. 06-414 (SLR) |
| EPICREALM LICENSING, LP, | ) ) ) |
| Defendant. | ) |

**AMENDED NOTICE OF SUBPOENA**

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, plaintiffs Oracle Corporation and Oracle U.S.A., Inc. and Frank C. Earl have agreed to a later date of production for the attached subpoena for documents (Tab 1) as follows:

| **Tab** | **Person** | **Date of Production** | **New Date of Production** |
|---|---|---|---|
| 1. | Frank C. Earl | January 16, 2008 | January 23, 2008 |

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

James G. Gilliland
Theodore T. Herhold
Chad E. King
Robert J. Artuz
Eric M. Hutchins
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, CA 94301
650.326.2400

Dorian Daley
Peggy E. Bruggman
Matthew M. Sarboraria
ORACLE CORPORATION
ORACLE U.S.A., INC.
500 Oracle Parkway
Redwood Shores, CA 94065
Dated: January 14, 2008
1383128

*/s/ James W. Parrett, Jr.*

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for Oracle Corporation
and Oracle U.S.A. Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> Richard L. Horwitz
> David Ellis Moore
> POTTER ANDERSON & CORROON, LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on January 14, 2008 upon the following individuals in the manner indicated:

| BY E-MAIL | BY E-MAIL |
|---|---|
| Richard L. Horwitz<br>David Ellis Moore<br>POTTER ANDERSON & CORROON, LLP<br>1313 N. Market St., Hercules Plaza, 6th Floor<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br><br>**rhorwitz@potteranderson.com**<br>**dmoore@potteranderson.com** | George S. Bosy<br>JENNER & BLOCK<br>330 N. Wabash Avenue<br>Chicago, IL 60611-7603<br><br>**gbosy@jenner.com** |

*/s/ James W. Parrett, Jr. (#4292)*
James W. Parrett, Jr. (#4292)

TAB 1

## Issued by the

# UNITED STATES DISTRICT COURT

NORTHERN   DISTRICT OF   TEXAS

ORACLE CORPORATION and
ORACLE U.S.A., INC.,
        Plaintiffs,

v.

EPICREALM LICENSING, LP,
        Defendants
And Related Counterclaims

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]

Case No. 06-cv-414 (SLR)
USDC, District of Delaware

TO: Frank C. Earl
    1536 Fuqua Drive
    Flower Mound, Texas 75028-3631

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 4144 No. Central Expressway, Suite 850, Dallas, TX 75204 | January 17, 2008 10:30 AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| 4144 No. Central Expressway, Suite 850, Dallas, TX 75204 | January 16, 2008 12:00 PM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature] E. M. Hutchins*   Attorney for Plaintiff ORACLE CORP, ET AL. | January 3, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eric M. Hutchins
Townsend and Townsend and Crew, LLP
379 Lytton Avenue
Palo Alto, CA 94301; Tel. (650) 326-2400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

NAME ADDRESS AND TELEPHONE NUMBER OF ATTORNEY

ERIC M. HUTCHINS, ESQ.
TOWNSEND AND TOWNSEND AND CREW, LLP
379 Lytton Avenue
Palo Alto, CA 94301
Telephone: 650-326-2400

ATTORNEY(S) FOR: Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| ORACLE CORPORATION et al. | CASE NUMBER |
| | 06-CV-414 (SLR) |
| Plaintiff, | |
| v. | |
| EPICREALM LICENSING, LP | DECLARATION OF SERVICE |
| Defendant. | |

At the time of service I was a citizen of the United States, over the age of eighteen, and not a party to this action; I served copies of the:

SUBPOENA IN A CIVIL CASE; CORRESPONDENCE DATED JANUARY 3, 2008; WITNESS FEE IN THE AMOUNT OF $68.00

in the within action by personally delivering true copies thereof to the person served as follows:

Served            : FRANK C. EARL

By serving        : Frank C. Earl, Personally

Address           : (Home)
                    1536 Fuqua Drive
                    Flower Mound, TX 75028

Date of Service   : January 5, 2008

Time of Service   : 4:30 PM

I declare under penalty of perjury under the laws of the United States of America that the foregoing information is true and correct.

Date: January 7, 2008

Signature: _____
LINDA KALMBACH

228333

## ATTACHMENT A

## DEFINITIONS

1. "The '335 patent" refers to U.S. Patent No. 6,415,335, entitled "SYSTEM AND METHOD FOR MANAGING DYNAMIC WEB PAGE GENERATION REQUESTS" together with any divisionals and counterparts thereof, the applications from which the patents issued, and all related U.S. and foreign applications.

2. "The '554 patent" refers to U.S. Patent No. 5,894,554, entitled "SYSTEM FOR MANAGING DYNAMIC WEB PAGE GENERATION REQUESTS BY INTERCEPTING REQUEST AT WEB SERVER AND ROUTING TO PAGE SERVER THEREBY RELEASING WEB SERVER TO PROCESS OTHER REQUESTS" together with any divisionals and counterparts thereof, the applications from which the patents issued, and all related U.S. and foreign applications.

3. "Communication" means any transmission of information from one person to another, including, without limitation, by personal meeting, telephone, facsimile, and electronic mail.

4. The term "document" or "documents" is used in its customarily broad sense within the context of the Federal Rules of Civil Procedure and includes all documents as defined in Federal Rule of Civil Procedure 34 and, without limitation, each original, or a copy or microfilm in the absence of the original, and every copy bearing notes or markings not present on the original or copy, letters, memoranda, drafts, notes, notebooks, translations, data compilations, reports, e-mails, computer disks, publications, computer printouts, charts, photographs, and other data compilations from which information can be obtained or translated, if necessary, by Oracle through detection devices into a reasonably usable form. The term "document" or "documents" also refers to any tangible object such as, but not limited to, prototypes, models and specimens.

5. "epicRealm," means epicRealm Licensing, LP, defendant and counterclaimant in this action, and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, including but not limited to InfoSpinner, Inc. and Parallel Networks, LLC, and all past or present officers, directors, partners, affiliates, agents, employees, attorneys, consultants, representatives and any other person acting or purporting to act on behalf of epicRealm.

6. "The epicRealm patents" refers to the '554 and '335 patents.

7. "Oracle" means Oracle, plaintiff and counterdefendant in this action, and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, attorneys, consultants, representatives and any other person acting or purporting to act on behalf of Oracle.

8. "Person" means any natural person, corporation, proprietorship, partnership, joint venture, association, firm or entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors and successors of such "person."

9. "Texas Actions" mean Civil Action No. 2:05-CV-163 (E.D. Tex. filed May 2, 2005) and Civil Action No. 2:05-CV-356 (E.D. Tex. filed August 5, 2005).

## INSTRUCTIONS

1. These instructions shall be deemed to seek production of documents and things to the full extent of the Federal Rules of Civil Procedure.

2. Where an identified document has been destroyed or is alleged to have been destroyed, state the reasons for its destruction, the names of the persons having any knowledge of its destruction, and the names of the persons responsible for its destruction.

3.  Where an identified document is not in your possession, custody or control, state the names of the persons who have possession, custody or control of that document. If a document was in your possession, custody or control in the past but is no longer in your possession, custody or control, state what disposition was made of the document, the reasons for such disposition, identify any persons having any knowledge of such disposition, and identify the persons responsible for such disposition.

4.  If you object to any part of a request and refuse to produce documents responsive to that part, state your objection and answer the remaining portion of that document request. If you object to the scope or time period of a document request and refuse to answer for that scope or time period, state your objections and produce responsive documents for the scope or time period you believe is appropriate (including in your response a specific statement as to why you believe the scope or time period is inappropriate).

5.  Unless otherwise specified, supply all annual data requested on a calendar-year basis; if any basis other than a calendar-year basis is used, such as to accommodate a fiscal-year basis, state as part of the response the nature and type of the basis so used.

6.  If any of the following requests cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any particular, set forth the details of such qualification.

7.  You are to produce entire documents, including attachments, enclosures, cover letters memoranda and appendices.

8.  If any information called for by a request is withheld on the basis of a claim of privilege, set forth the nature of the claim of privilege and the nature of the

3

information for which privilege is claimed. Where the claimed privileged subject matter forms only part of the entire document involved, indicate that this is the case and whether you will produce the document with the privileged portions redacted, blocked out, or obliterated in a copy thereof.

9. Any document called for under these requests but not produced on the basis of a claim of privilege should be identified by the name of the people who prepared the document, the name of all recipients (including copy recipients), the date of the document, the nature of the document (*e.g.*, e-mail, letter, etc.), and the general nature of the subject matter for which a privilege is claimed. All such documents shall be listed on a privilege log and the log shall be supplied at a time and place to be agreed upon by counsel.

## DOCUMENTS REQUESTED

REQUEST NO. 1

All documents relating to your employment with epicRealm.

REQUEST NO. 2

All documents relating to the epicRealm patents.

REQUEST NO. 3

All documents relating to epicRealm's design, development or use of any software that was used for, or in connection with, the management of dynamic web page generation requests.

REQUEST NO. 4

All documents relating to any communications with or among current or former officers, directors, partners or investors of epicRealm.

REQUEST NO. 5

All documents relating to the above-captioned litigation or the Texas Actions.

REQUEST NO. 6

All documents relating to any printed publication, public use, public knowledge, sale, offer for sale, or prior invention of any system or method for managing dynamic web page generation requests which occurred prior to April 23, 1996.

61246518 v1