## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ORACLE CORPORATION and )
ORACLE U.S.A. INC., )
  )
           Plaintiffs, )   C.A. No. 06-414-SLR
  )
      v. )   **JURY TRIAL DEMANDED**
  )
EPICREALM LICENSING, LP, )
  )
          Defendant. )

## EPICREALM'S MEMORANDUM IN OPPOSITION TO ORACLE'S MOTION FOR LEAVE TO AMEND ITS DECLARATORY JUDGMENT COMPLAINT

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*epicRealm Licensing, LP*

OF COUNSEL:

Harry J. Roper
George S. Bosy
Aaron A. Barlow
Patrick L. Patras
David R. Bennett
Paul D. Margolis
Benjamin J. Bradford
JENNER & BLOCK
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel: (312) 923-8305

Dated: January 18, 2008
843548 / 31393

# TABLE OF CONTENTS

I.      INTRODUCTION ....................................................................................................1

II.     NATURE AND STAGE OF THE PROCEEDINGS ........................................2

III.    SUMMARY OF THE ARGUMENT ................................................................2

IV.     STATEMENT OF FACTS ................................................................................3

V.      ARGUMENT .......................................................................................................7

        A.      Legal Standards.......................................................................................7

                1.      Oracle Fails To Identify The Correct Legal Standard: Rule 9(b)
                        Requires Pleading The Name Of The Allegedly Withheld
                        Reference. ..................................................................................7

                2.      Rule 15(a)(2) Does Not Permit Amendment Where The
                        Amendment Would Unduly Prejudice The Non-Movant. ...........8

                3.      Rule 15(a)(2) Also Does Not Permit Amendment Where The
                        Amendment Would Be Futile. ....................................................9

        B.      Oracle's Motion For Leave To Amend Should Be Denied Because
                Oracle's Proposed Inequitable Conduct Charge Violates Rule 9(b), Would
                Unduly Prejudice EpicRealm And Is Futile.............................................9

                1.      Oracle's Proposed Inequitable Conduct Charge Violates Rule 9(b). ..........9

                2.      Granting Oracle's Motion Would Unduly Prejudice EpicRealm. ............11

                3.      Oracle's Motion Should Be Denied As Futile Because The Only
                        Named "Withheld" Reference Was Before The Examiner And
                        Cannot Form The Basis For An Inequitable Conduct Finding. .................13

                4.      Under These Circumstances, Oracle Should Not Be Allowed to
                        Replead. ..................................................................................14

CONCLUSION.............................................................................................................16

## TABLE OF AUTHORITIES

**Cases**

*Averbach v. Rival Mfg. Co.,*
   879 F.2d 1196 (3d Cir. 1989) .................................................................................. 8

*Burlington Indus., Inc. v. Dayco Corp.,*
   849 F.2d 1418 (Fed. Cir. 1988) ......................................................................... 2, 12

*Chiron Corp. v. Abbott Labs.,*
   156 F.R.D. 219 (N.D. Cal. 1994)...................................................................... 10, 12

*Cornell & Co., Inc. v. OSHRC,*
   573 F.2d 820 (3d Cir. 1978) .................................................................................. 8

*Cowell v. Palmer Township,*
   263 F.3d 286 (3d Cir. 2001) .................................................................................. 8

*Cureton v. NCAA,*
   252 F.3d 267 (3d Cir. 2001) .................................................................................. 8

*Dimension One Spas, Inc. v. Coverplay, Inc.,*
   2007 WL 2815042 (S.D. Cal. Sept. 25, 2007)................................................... 13-14

*EMC Corp. v. Storage Tech. Corp.,*
   921 F. Supp. 1261 (D. Del 1996)........................................................................ 7, 10

*Foman v. Davis,*
   371 U.S. 178 (1962)............................................................................................. 8

*France Telecom S.A. v. Novell, Inc.,*
   C.A. No. 02-437-GMS, 2002 WL 31355255 (D. Del. Oct. 17, 2002) ........................ 8

*Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of Virgin Islands, Inc.,*
   663 F.2d 419 (3d Cir. 1981) .................................................................................. 9

*Intex Recreation Corp. v. Team Worldwide Corp.,*
   390 F. Supp. 2d  21 (D.D.C. 2005)....................................................................... 14

*Martek Biosciences Corp. v. Nutrinova Inc.,*
   C.A. No. 03-896-GMS, 2004 WL 2297870 (D. Del. Oct. 8, 2004) ..................... 8, 10

*Molins PLC v. Textron, Inc.,*
   48 F.3d 1172 (Fed. Cir. 1995) ............................................................................. 13

*Orthopedic Equipment Co. v. All Orthopedic Appliances, Inc.,*
   707 F.2d 1376 (Fed. Cir. 1983) ........................................................................... 13

*Scripps Clinic & Research Foundation v. Genentech, Inc.,*
   927 F.2d 1565 (Fed. Cir. 1991) ........................................................................... 13

*Semiconductor Energy Lab. Co. v. Sanyo North America Corp.,*
   C.A. No. 00-18-GMS, 2001 WL 194303 (D. Del. Feb. 22, 2001) ........................... 8

*Senza-Gel Corp. v. Seiffhart,*
   803 F.2d 661 (Fed. Cir. 1986) ................................................................... 8

*Site Microsurgical Sys., Inc. v. Cooper Cos., Inc.,*
   797 F. Supp. 333 (D. Del. 1992) ............................................................ 8, 9

*Symbol Technologies, Inc. v. Hand Held Prods., Inc.,*
   C.A. No. 03-102-SLR, 2003 WL 22750145 (D. Del. Nov. 14, 2003) ........................................ 7

**Rules**

Fed. R. Civ. P. 9(b) ..................................................................................... passim

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 9

Fed. R. Civ. P. 15(a)(2) ........................................................................................ 8

## I.     INTRODUCTION

Defendant epicRealm hereby opposes Oracle's Motion For Leave To Amend Its

Declaratory Judgment Complaint.  Oracle seeks to add an improper inequitable conduct charge

through two theories that allege that one or more inventors and/or prosecuting attorneys withheld

material references during the prosecution of the patents-in-suit.  Oracle contends that its

inequitable conduct theories are "strong" and based on "compelling evidence" of "highly

material prior art."  One would expect Oracle to be eager to proudly display this "highly material

prior art," if only it actually had any.  Instead, despite relying solely on information that Oracle

has known for a decade or more, Oracle does not identify with particularity *even a single*

*reference* that could possibly form the basis for an inequitable conduct finding.  Rather, the only

reference that is identified with particularity is a reference that was cited during the prosecution

of both of the epicRealm patents-in-suit and cannot, as a matter of law, form the basis for an

inequitable conduct charge.  Even worse, after receiving Oracle's motion, epicRealm wrote to

Oracle pointing out the lack of specificity in Oracle's proposed amended complaint.  Oracle

refused to provide any specifics and refused to specifically identify the allegedly withheld prior

art reference.

Oracle's flimsy inequitable conduct charge based on phantom references could have been

the subject of the Federal Circuit's famous observation twenty years ago:

> [T]he habit of charging inequitable conduct in almost every major
> patent case has become an absolute plague.  Reputable lawyers
> seem to feel compelled to make the charge against other reputable
> lawyers on the slenderest grounds, to represent their client's
> interests adequately, perhaps.  They get anywhere with the
> accusation in but a small percentage of the cases, but such charges
> are not inconsequential on that account.  They destroy the respect
> for one another's integrity, for being fellow members of an
> honorable profession, that used to make the bar a valuable help to
> the courts in making a sound disposition of their cases, and to
> sustain the good name of the bar itself.  A patent litigant should be

made to feel, therefore, that an unsupported charge of "inequitable conduct in the Patent Office" is a negative contribution to the rightful administration of justice.

*Burlington Indus., Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988). For these reasons, many courts quite correctly view inequitable conduct as a disfavored defense. Given this, one would expect Oracle to have a rock solid basis for charging inequitable conduct. This is especially true because Oracle's allegation is based on Oracle's own products and publications and because Oracle alleges that inequitable conduct was committed by attorneys who Oracle itself engaged and used for years to prosecute numerous Oracle patents. In short, Oracle's proposed amended complaint does not specifically identify any reference that could possibly form the basis of an inequitable conduct finding. Consequently, Oracle's motion for leave to amend to add its broad and amorphous inequitable conduct charge should be denied.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

Oracle's description of the Nature and Stage of the Proceedings omits the fact that document production was to have been completed by September 14, 2007, per the Court's scheduling order. (Joint Discovery Plan and Scheduling Order, D.I. 29 at 2.) Oracle nevertheless continues to produce large amounts of documents: over 360,000 pages in December 2007 and over 89,000 pages so far in January 2008. (Bradford Decl., Exs. 14, 15, 16, 17, 20, 21, 24.) Fact discovery closes February 29, 2008. (D.I. 29 at 1.)

## III.    SUMMARY OF THE ARGUMENT

Oracle's motion for leave to amend should be denied because Oracle's proposed amended complaint violates Federal Rule of Civil Procedure 9(b), would unduly prejudice epicRealm and would be futile. First, Rule 9(b) requires that inequitable conduct be pled with particularity. Oracle's proposed amended complaint fails to specifically identify the allegedly

2

withheld information, as required by Rule 9(b). For this reason alone, Oracle's motion should be denied.

Second, granting Oracle's motion would unduly prejudice epicRealm because epicRealm would be unfairly disadvantaged in trying to prepare a defense to such a broad and amorphous charge. The problem is exacerbated by Oracle's four-month late production of hundreds of thousands of documents, which continues unabated. This undue prejudice to epicRealm calls for the denial of Oracle's motion.

Third, the only reference that Oracle specifically identifies in its inequitable conduct charge cannot form the basis for an inequitable conduct finding because it was before the examiner during prosecution of both epicRealm patents-in-suit. Thus, Oracle's motion for leave to amend is futile and should be denied for this reason as well.

Finally, Oracle should not be allowed to replead as Oracle has known about the entire relevant universe of allegedly withheld information for a decade or more and unquestionably had the ability to specifically identify the appropriate undisclosed information if there were any merit to Oracle's accusation.

## IV.    STATEMENT OF FACTS

On January 4, 2008, Oracle moved for Leave to Amend Its Declaratory Judgment Complaint, seeking to add a charge of inequitable conduct. (D.I. 66.) Oracle raises two theories of inequitable conduct, both relying on an alleged failure to disclose material references to the PTO.

Under Oracle's first theory, one of the epicRealm inventors committed inequitable conduct by failing to disclose "highly material prior art including but not limited to publications describing -- and the prior sale, offer for sale or public use of -- Oracle web server products (the

'Oracle Prior Art') that were known and available to the public . . . ." (Oracle's Motion For Leave to Amend Its Declaratory Judgment Complaint, D.I. 66 at Ex. B, ¶44.)

The central flaw in Oracle's proposed amended complaint is that it does not identify any of the alleged Oracle Prior Art, leaving epicRealm to guess where (if anywhere) in Oracle's 1,600,000-page document production it might find relevant information on which Oracle might be relying. Oracle's on-going, tardy document production means that epicRealm's task in locating any unidentified, possibly relevant materials is an ever growing task. Moreover, it is unclear whether Oracle's alleged "prior sale, offer for sale or public use" of some unidentified product is reflected in any document at all. Similarly defective is Oracle's reliance on a 1995 e-mail from an inventor of the patents-in-suit referring to "Oracle." The problem for Oracle is that the e-mail does not recite any patent, publication or other Oracle Prior Art that would cure the deficiencies in Oracle's pleading.

Under Oracle's second inequitable conduct theory, the attorneys prosecuting the patents-in-suit committed inequitable conduct by failing to disclose Oracle's U.S. Patent No. 5,761,673 (the "Oracle '673 Patent") and the references cited therein. The Oracle '673 Patent cites 24 references. (Bradford Decl., Ex. 3.) Oracle does not identify which of these 24 references form the basis for Oracle's second inequitable conduct theory. Oracle knew all of the information described in the Oracle '673 Patent and cited during prosecution by January 1998, even before the Oracle '673 Patent issued. (*Id.*, Exs. 4, 5.)

In sum, Oracle has had in its possession the information about all of the references forming the bases for its two inequitable conduct theories for a decade or more. Thus, Oracle has no excuse for its failure to comply with the requirement that inequitable conduct be pled with particularity.

The only allegedly withheld reference specifically identified by the inequitable conduct charge in Oracle's proposed amended complaint is the Oracle '673 Patent. Notably, the law firm that prosecuted the Oracle '673 Patent for Oracle is the same law firm that Oracle now accuses of committing inequitable conduct. Oracle engaged this same law firm to prosecute at least 42 patents for Oracle. (*Id.*, Ex. 6.) The patents-in-suit both issued over the Oracle '673 Patent, as indicated in the "References Cited" section on the cover of each of the epicRealm patents-in-suit. (*Id.*, Exs. 1, 2.) Here, the important and dispositive fact is that the Oracle '673 Patent was cited by the examiner during the prosecution of the epicRealm patents-in-suit. As a consequence, Oracle's reliance on the Oracle '673 Patent—as discussed below—fails as a matter of law.

In September 2007, epicRealm asked Oracle to agree to substitute Parallel Networks, LLC as the Defendant/Counter-Plaintiff in this action. (*Id.*, Ex. 7.) Rather than simply agreeing to the substitution, Oracle saw this as an opportunity to try to extract an agreement from epicRealm to Oracle's amending its complaint to add its improper inequitable conduct charge.[1] (Bradford Decl., Exs. 8, 9.) In order to consider Oracle's offer, on November 2, 2007, epicRealm asked to see Oracle's proposed amended complaint. (*Id.*, Ex. 10.) On November 8, 2007, Oracle sent a proposed amended complaint accusing epicRealm of inequitable conduct for failure to disclose, *inter alia*, a patent related to vacuum cleaners, that was perhaps a sloppy, unsuccessful attempt to reference the Oracle '673 Patent. (*Id.*, Ex. 11.) No reference was specifically identified other than the vacuum cleaner patent. EpicRealm declined Oracle's offer. (*Id.*, Ex. 13.)

---

[1] After eventually forcing epicRealm to move to substitute (D.I. 60), Oracle's response acknowledged that Oracle did not really oppose the substitution. "As set forth below, Oracle does not oppose the proposed substitution of Parallel Networks for epicRealm . . . ." (D.I. 62 at 2).

Given the deficiencies in Oracle's proposed amended complaint, epicRealm asked Oracle to explicitly identify the reference that it intended to rely on to support its charge of inequitable conduct. (*Id.*, Ex. 12.) On December 4, 2007, Oracle sent an e-mail to epicRealm listing 287 documents said to be "some of the evidence [Oracle] will rely on...." (Oracle's Memorandum In Support Of Motion For Leave To Amend Its Declaratory Judgment Complaint ("Oracle Mem."), Herhold Decl., Ex. E.) This e-mail does not identify any specific reference allegedly withheld from the PTO. Indeed, the document list appears to be generated from a search for the word "Oracle" in epicRealm's document production. Given Oracle's failure to explicitly identify any reference that might support its charge of inequitable conduct, epicRealm refused to agree to the amendment, and Oracle refused to agree to epicRealm's motion to substitute. EpicRealm ultimately had to file its motion to substitute. (D.I. 60.)

On January 2, 2008, Oracle sent another proposed amended complaint to try to induce epicRealm to agree to its filing to avoid bothering the Court with this issue. (Bradford Decl., Ex. 18.) The intervening two months did not appear to have caused Oracle to spend much more time contemplating the serious accusation it was making against its former attorneys. Once again, Oracle's proposed amended complaint argued that epicRealm had committed inequitable conduct by failing to disclose the vacuum cleaner patent. Once again, no reference was made to the Oracle '673 Patent. Again, epicRealm refused to agree to the filing of Oracle's proposed amended complaint. (*Id.*, Ex. 19.)

Oracle's motion for leave to amend followed on January 4, 2008—the final day to amend pleadings under the Court's scheduling order. (D.I. 29 at 4.) Oracle suggests that it may flout the pleadings deadline as well in order to further amend its complaint "after it has had an opportunity to depose the named inventors of the patents-in-suit and the prosecuting attorneys."

(Oracle Mem. 9 n.5.) Oracle has "had the opportunity" to depose these individuals. Oracle has simply chosen not to do anything with it. EpicRealm produced its documents by September 2007, yet Oracle first asked to depose any of these individuals on January 11, 2008—a week after wrongly complaining in its supporting memorandum that it had not yet had the opportunity to depose these individuals. (Bradford Decl., Ex. 22.)

## V.    ARGUMENT

Oracle's motion should be denied because Oracle's proposed amended complaint would violate Rule 9(b), would unduly prejudice epicRealm and would be futile.

### A.    Legal Standards.

Oracle's memorandum fails to set forth the correct legal standard for determining whether Oracle should be granted leave to amend its complaint to add its proposed inequitable conduct charge. Oracle never acknowledges the standard that it knows it cannot meet: an inequitable conduct charge must specifically identify the allegedly withheld information.

### 1.    Oracle Fails To Identify The Correct Legal Standard: Rule 9(b) Requires Pleading The Name Of The Allegedly Withheld Reference.

Inequitable conduct must be pled with particularity under Federal Rule of Civil Procedure 9(b). *Martek Biosciences Corp. v. Nutrinova Inc.*, C.A. No. 03-896-GMS, 2004 WL 2297870, at *3 (D. Del. Oct. 8, 2004); *Symbol Technologies, Inc. v. Hand Held Prods., Inc.*, C.A. No. 03-102-SLR, 2003 WL 22750145, at *4 (D. Del. Nov. 14, 2003); *EMC Corp. v. Storage Tech. Corp.*, 921 F. Supp. 1261, 1263 (D. Del. 1996). Indeed, Oracle concedes that "[a]n inequitable conduct claim must meet the pleading requirements of Rule 9(b)," but fails to identify what this actually requires. (Oracle Mem. 6.)

The law in this Court is clear: at a minimum, a party asserting inequitable conduct must identify the allegedly withheld prior art. *EMC*, 921 F. Supp. at 1263 (EMC failed to plead

inequitable conduct with particularity under Rule 9(b) because "[a]t a minimum, EMC should

have disclosed the relevant prior art."); *see also Martek*, 2004 WL 2297870, at *3 (inequitable

conduct pleading failed to satisfy Rule 9(b) because, even if defendant did not need to plead why

data was material, "it should have identified the data" in its inequitable conduct claim); *France

Telecom S.A. v. Novell, Inc.*, C.A. No. 02-437-GMS, 2002 WL 31355255, at *3 (D. Del. Oct. 17,

2002) (inequitable conduct charge satisfies Rule 9(b) because it "discloses the title, author, and

publication date of the relevant prior art allegedly withheld from the PTO.").

### 2.    Rule 15(a)(2) Does Not Permit Amendment Where The Amendment Would Unduly Prejudice The Non-Movant.

Leave to amend should be given freely "when justice so requires." Fed. R. Civ. P.

15(a)(2). But, an amendment should not be allowed where there is evidence of undue delay, bad

faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility.[2] *Foman

v. Davis,* 371 U.S. 178, 182 (1962). On this procedural issue, regional circuit law is controlling.

*Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986); *Site Microsurgical Sys, Inc. v.

Cooper Cos., Inc.*, 797 F. Supp. 333, 336 n.5 (D. Del. 1992).

The Third Circuit has held that where there is "prejudice to the non-moving party," the

amendment should be denied. *Cornell & Co., Inc. v. OSHRC*, 573 F.2d 820, 823 (3d Cir. 1978);

*Semiconductor Energy Lab. Co. v. Sanyo North America Corp.*, C.A. No. 00-18-GMS, 2001 WL

194303, at *2 (D. Del. Feb. 22, 2001). The non-moving party is unduly prejudiced where it will

---

[2] Oracle suggests a proposed pleading must be "frivolous," as opposed to "futile," to justify
denial of a motion for leave to amend. (Oracle Mem. 7.) For this proposition, Oracle cites a
Federal Circuit case applying Ninth Circuit law, *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666
(Fed. Cir. 1986). To the extent Ninth Circuit law may differ from Third Circuit law, Third
Circuit law applies here. In the Third Circuit, "futility of amendment" is a basis for denying
leave to amend. *Cowell v. Palmer Township*, 263 F.3d 286, 296 (3d Cir. 2001); *Cureton v.
NCAA*, 252 F.3d 267, 273 (3d Cir. 2001); *Averbach v. Rival Mfg. Co.*, 879 F.2d 1196, 1203 (3d
Cir. 1989).

be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence" unless leave to amend is denied. *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981).

**3.    Rule 15(a)(2) Also Does Not Permit Amendment Where The Amendment Would Be Futile.**

Under Rule 15(a)(2), an amendment will be considered "futile" if it could not withstand a motion to dismiss. *Site Microsurgical*, 797 F. Supp. at 336. The standard for deciding a motion to dismiss is whether—taking all factual allegations as true—the plaintiff can prove the necessary facts to support his claim and to entitle him to relief under the controlling law. Fed. R. Civ. P. 12(b)(6); *Site Microsurgical*, 797 F. Supp. at 336. Where the facts pled cannot as a matter of law support the claim, the amendment is futile and should be dismissed.

**B.    Oracle's Motion For Leave To Amend Should Be Denied Because Oracle's Proposed Inequitable Conduct Charge Violates Rule 9(b), Would Unduly Prejudice EpicRealm And Is Futile.**

Oracle's motion should be denied for three separate reasons: (1) Oracle's proposed inequitable conduct charge violates Rule 9(b); (2) granting Oracle's motion would unduly prejudice epicRealm; and (3) Oracle's motion is futile. Under the circumstances of this case, Oracle should not be allowed to replead its inequitable conduct charge.

**1.    Oracle's Proposed Inequitable Conduct Charge Violates Rule 9(b).**

Oracle's proposed inequitable conduct theories violate Rule 9(b) because its theories are not pled with the required particularity. Thus, under Oracle's first theory of inequitable conduct, epicRealm did not disclose the boundless and unidentified "Oracle Prior Art"; under Oracle's second theory, epicRealm did not disclose the Oracle '673 Patent and the 24 references cited therein. Neither of Oracle's theories suffices under Rule 9(b) because neither names the particular prior art alleged to have been withheld.

9

Under Oracle's first theory, epicRealm failed to disclose "Oracle Prior Art." Oracle does not identify any particular document or reference that it argues should have been disclosed. Nor does Oracle identify a particular product relating to any particular sale, offer for sale, public use or public knowledge. In short, Oracle has provided no particularity that would allow epicRealm to prepare its defense to Oracle's first theory of inequitable conduct.

Under Oracle's second theory, epicRealm failed to disclose the Oracle '673 Patent and the references cited therein. Oracle does not identify any particular reference of the cited 24 references as forming the basis for this second theory.[3] That the list of cited references is finite does not excuse Oracle from pleading with particularity. *See Chiron Corp. v. Abbott Labs.*, 156 F.R.D. 219, 222-23 (N.D. Cal. 1994) (inequitable conduct defense stricken for failure to plead which paragraphs in fifteen-paragraph declaration formed basis for inequitable conduct charge). For the same reason, Oracle is not helped by the reexamination papers identifying sixteen references.[4] (Oracle Mem. 5 n.3.)

Oracle also cannot save its improper inequitable conduct charge through any speculative contention that epicRealm could learn more particular details in discovery. *Martek*, 2004 WL2297870, at *3 n.5 ("Because Nutrinova has not adequately pled its inequitable conduct claim, its pleading cannot be salvaged by future discovery."); *EMC*, 921 F. Supp. at 1264 ("EMC may not use its interrogatory responses to fulfill the particularity requirements of Rule 9(b)."). The scheduling order that requires that amendments to the pleadings should be made not later than January 4, 2008 was entered in May 2007, nine months ago, allowing Oracle more than

---

[3] To the extent that Oracle actually is relying solely on the Oracle '673 Patent itself, this is not a proper inequitable conduct charge as explained *infra* at Section V.B.3.

[4] In fact, just ten days after filing its motion for leave to amend, Oracle served a supplemental interrogatory response confirming that Oracle does not really agree with some undefined subset of the arguments in the reexaminations: "[B]y referencing the Reexaminations, Oracle is not necessarily adopting all of the arguments contained therein." (Bradford Decl., Ex. 23 at 7 n.2.)

ample time to pursue whatever discovery it needed to properly amend its complaint. It is simply too late to give any credit to Oracle's speculative assertion that some undefined discovery— discovery that could have been conducted long ago—can cure the deficiencies in Oracle's pleading. What is dispositive now is that Oracle's speculation about what future discovery might produce cannot cure the legal requirement that its ***pleading*** on its face must be particular.

Oracle's argument to justify its inequitable conduct theories as sufficiently particular consists of one sentence of analysis:

> Oracle's proposed amended complaint provides adequate notice to epicRealm of the nature and extent of Oracle's claim and otherwise meets the pleading requirements of Federal Rule of Civil Procedure 9(b).

(Oracle Mem. 8.) This paucity of explanation is perhaps not surprising in light of Oracle's refusal to acknowledge the proper legal standard: Rule 9(b) requires an inequitable conduct pleading to specifically name the allegedly withheld prior art.

In sum, the Court should deny Oracle's motion for leave to amend to add this inequitable conduct charge because Oracle's proposed amended complaint fails to comply with Rule 9(b).

### 2.    Granting Oracle's Motion Would Unduly Prejudice EpicRealm.

Oracle's motion should be denied on the independent ground that Oracle's proposed inequitable conduct charge would unduly prejudice epicRealm. Oracle's inequitable conduct theories are so broad and amorphous that epicRealm cannot prepare a defense against these charges. This is especially true because Oracle continues to produce hundreds of thousands of documents months after the scheduling order's deadline. Oracle's broad inequitable conduct theories unfairly disadvantage epicRealm.

Courts have expressed grave concerns over vague inequitable conduct charges:

> The Federal Circuit's concern over the use of the inequitable conduct defense is justifiable, given the many dangers

11

> inherent in such a defense. These dangers are only heightened if
> parties are not held to Rule 9(b)'s pleading requirements.
> Defending against an allegation of inequitable conduct can
> consume enormous resources, particularly if the allegation fails to
> pinpoint the precise offending conduct. . . . Specious allegations of
> inequitable conduct can thus be deployed as a delaying tactic, as an
> attempt to confuse the issues or mislead the court, or as a tool to
> generate more fees or make the case more expensive for an
> opponent to try or settle.
>
> Vague allegations of inequitable conduct may also be the
> launching of a 'fishing expedition,' allowing the accuser to embark
> on wide-ranging discovery upon a thimble-full of facts. This is
> precisely the sort of tactical maneuvering that Rule 9(b) is
> designed to deter.

*Chiron*, 156 F.R.D. at 221. Because the courts "have a strong interest in weeding out allegations

of inequitable conduct that are asserted in bad faith," courts strictly enforce Rule 9(b)'s

requirement that all allegations of inequitable conduct be pled with specificity. *Id.* ("Given the

Federal Circuit's concern for allegations made 'on the slenderest ground,' *Burlington Indus.,*

*Inc.*, 849 F.2d at 1422, enforcing Rule 9(b)'s requirement that averments of fraud be pled with

particularity is a simple, logical and fair way to protect patent litigants.").

Oracle's proposed amendment would unduly prejudice epicRealm because of the

enormous scope and lack of specificity of Oracle's allegations. EpicRealm will be unfairly

disadvantaged in attempting to defend a charge of this scope. This is especially true given that

the deadline for completing fact discovery is only a little more than a month away and the

additional problem that Oracle continues to produce hundreds of thousands of documents in a

tardy fashion.

Oracle argues that epicRealm would not be prejudiced by implying that Oracle is just

making the same inequitable conduct allegations made by the accused infringers in litigation

brought by epicRealm in the Eastern District of Texas. (Oracle Mem., Herhold Decl., Exs. S, T.)

This is not so. Indeed, Oracle here has stated that "Oracle does not adopt or admit to any

12

assertions or arguments made in the Texas Actions." (Bradford Decl., Ex. 23 at 7 n.2.)  In any event, what happens in Texas is of no moment here in light of Oracle's conduct with respect to the Court's scheduling order.

In sum, Oracle has not identified the prior art it is accusing epicRealm of allegedly failing to disclose, and Oracle continues to produce large volumes of documents.  Given that there is only a little over a month until the fact discovery deadline, epicRealm will be unduly prejudiced if the Court grants Oracle's motion.  For all of these reasons, Oracle's motion for leave to amend should be denied.

**3.      Oracle's Motion Should Be Denied As Futile Because The Only Named "Withheld" Reference Was Before The Examiner And Cannot Form The Basis For An Inequitable Conduct Finding.**

The Court also should deny Oracle's motion because it is futile.  The ***only*** aspect of Oracle's various inequitable conduct theories that could be argued to be sufficiently particular under Rule 9(b) is based on the Oracle '673 Patent itself, as opposed to the references cited therein or the Oracle Prior Art.

Oracle argues that the inventors and prosecuting attorneys committed inequitable conduct by not submitting the Oracle '673 Patent to the PTO.  The fundamental flaw in Oracle's pleading is the fact that the file history of the patents-in-suit shows that the examiner found and cited the Oracle '673 Patent during the prosecution of both epicRealm patents-in-suit.  "When a reference was before the examiner, whether through the examiner's search or the applicant's disclosure, it cannot be deemed to have been withheld from the examiner."  *Molins PLC v. Textron, Inc.,* 48 F.3d 1172, 1185 (Fed. Cir. 1995) (quoting *Scripps Clinic & Research Foundation v. Genentech, Inc.*, 927 F.2d 1565, 1582 (Fed. Cir. 1991)); *Orthopedic Equipment Co. v. All Orthopedic Appliances, Inc.*, 707 F.2d 1376, 1383 (Fed. Cir. 1983) (nondisclosure not material because the examiner independently found the undisclosed prior art); *Dimension One Spas, Inc. v.*

13

*Coverplay, Inc.*, 2007 WL 2815042, at *3 n.3 (S.D. Cal. Sept. 25, 2007) ("Even when patent applicants are aware of highly material prior art patents during the prosecution of their application, there is no inequitable conduct if the reference comes before the PTO in some way other than through the applicants' disclosure."); *Intex Recreation Corp. v. Team Worldwide Corp.*, 390 F. Supp. 2d 21, 26 (D.D.C. 2005)(plaintiff's allegation of inequitable conduct was stated with sufficient particularity under Rule 9(b) but failed as a matter of law because prior art reference was already before the PTO examiner in the parent patent application).

Therefore, it is irrelevant whether the prosecuting attorneys submitted the Oracle '673 Patent in the prosecution of the patents-in-suit, because this reference was already in front of the examiner. Thus, to the extent that Oracle has pled its inequitable conduct charge with particularity by identifying the Oracle '673 Patent, the charge is futile because the Oracle '673 Patent was before the examiner during prosecution of epicRealm's '554 and '335 patents-in-suit. As such, Oracle's theory of inequitable conduct based on failure to disclose the Oracle '673 Patent fails to state a claim for which relief can be granted and therefore would not survive a motion to dismiss. Thus, even this narrow theory is futile and Oracle's motion for leave to amend should be denied.

### 4.    Under These Circumstances, Oracle Should Not Be Allowed to Replead.

Oracle should not be permitted to replead its inequitable conduct theories in an effort to add the requisite particularity. While in some instances such repleading might be appropriate, that is not the case here for two reasons.

*First*, the particularity that is lacking is to be found in information that Oracle possesses, and has possessed, for a decade or more. This is not a case where Oracle only has recently received the information identifying the references that it claims were withheld. The Oracle

14

Prior Art, by definition, has been in Oracle's possession since at least 1996. The references cited in the Oracle '673 Patent were known to Oracle by no later than January 1998. Thus, if Oracle truly believed that epicRealm had withheld material information based on something within the Oracle Prior Art or the references cited in the Oracle '673 Patent, Oracle could have readily identified it in its inequitable conduct allegations. The fact that Oracle did not do so means either that Oracle does not have anything specific to identify or that Oracle deliberately withheld that information in an attempt to delay the case. Either way, Oracle should not be rewarded with an opportunity to try to remedy now what it did not do correctly in the first instance.

*Second*, Oracle does not truly have any particular reference to plead in any event. After Oracle moved to amend its complaint, epicRealm wrote to Oracle to inform Oracle that its proposed inequitable conduct theories lacked the requisite particularity under Rule 9(b). (Bradford Decl., Ex. 25.) EpicRealm asked Oracle to identify the specific references on which it was basing its inequitable conduct theories. Oracle was unable to identify any such references, instead repeating its conclusory argument that "we have complied with Rule 9 requirements." (*Id.*, Ex. 26.) The night before this brief was due, Oracle sent another e-mail to try to shore up the deficiencies in its pleading. (*Id.*, Ex. 27.) Far from helping Oracle, the eleventh hour e-mail just further confirmed that allowing Oracle to replead would be pointless. Oracle still cannot identify with particularity a single prior art reference that was allegedly withheld—not a single document, not a single sale, not a single offer for sale and not a single public use. Similarly, Oracle's attempt to cure the deficiencies in its pleading by cutting and pasting into this last e-mail the list of cited references for the Oracle '673 Patent fails for the reasons already explained,

15

In the end, allowing Oracle an opportunity to replead will not result in the identification of any specific references, but rather will result in another failed attempt and delay. For these reasons, Oracle should not be allowed to replead its defective inequitable conduct theories.

## CONCLUSION

For the reasons set forth herein, Oracle's Motion For Leave To Amend Its Declaratory Judgment Complaint should be denied.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Harry J. Roper
George S. Bosy
Aaron A. Barlow
Patrick L. Patras
David R. Bennett
Paul D. Margolis
Benjamin J. Bradford
JENNER & BLOCK
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel: (312) 923-8305

Dated: January 18, 2008
843548 / 31393 (Oracle)

By: */s/ David E. Moore*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19899
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant*
*epicRealm Licensing, LP*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

<u>**CERTIFICATE OF SERVICE**</u>

I, David E. Moore, hereby certify that on January 18, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on January 18, 2008, I have Electronically Mailed the document to the following person(s):

Mary B. Graham
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
MGraham@MNAT.com

James G. Gilliland
Theodore T. Herhold
Chad E. King
Robert J. Artuz
Eric M. Hutchins
Townsend and Townsend and Crew LLP
379 Lytton Avenue
Palo Alto, CA  94301
OracleEpicrealm@townsend.com

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

788480 / 31393 / Oracle