IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORACLE CORPORATION and ORACLE U.S.A. INC., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| EPICREALM LICENSING, LP, | ) ) ) |
| Defendant. | ) |

C.A. No. 06-414 (SLR)

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, plaintiffs Oracle Corporation and Oracle U.S.A., Inc. are causing or have caused the attached subpoena for documents and testimony (Tab 1) to be served on the following:

| Tab | Corporation | Date of Production | Date of Deposition |
|---|---|---|---|
| 1 | IBM Corporation | February 15, 2008 | February 19, 2008 |

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr. (#4292)*

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for Oracle Corporation and Oracle U.S.A. Inc.*

OF COUNSEL:

James G. Gilliland
Theodore T. Herhold
Chad E. King
Robert J. Artuz
Eric M. Hutchins
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, CA 94301
650.326.2400

- 2 -

Dorian Daley
Peggy E. Bruggman
Matthew M. Sarboraria
ORACLE CORPORATION
ORACLE U.S.A., INC.
500 Oracle Parkway
Redwood Shores, CA  94065

Dated:  January 22, 2008
1400807

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> Richard L. Horwitz
> David Ellis Moore
> POTTER ANDERSON & CORROON, LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on January 22, 2008 upon the following individuals in the manner indicated:

| **BY E-MAIL** | **BY E-MAIL** |
|---|---|
| Richard L. Horwitz<br>David Ellis Moore<br>POTTER ANDERSON & CORROON, LLP<br>1313 N. Market St., Hercules Plaza, 6th Floor<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br><br>**rhorwitz@potteranderson.com**<br>**dmoore@potteranderson.com** | George S. Bosy, Esquire<br>JENNER & BLOCK<br>330 N. Wabash Avenue<br>Chicago, IL 60611-7603<br><br>**gbosy@jenner.com** |

*/s/ James W. Parrett, Jr. (#4292)*

James W. Parrett, Jr. (#4292)

TAB 1

# Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN    DISTRICT OF    NEW YORK

ORACLE CORPORATION and
ORACLE U.S.A., INC.,
                Plaintiffs,

v.

EPICREALM LICENSING, LP,
                Defendants
And Related Counterclaims

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]
USDC, District of Delaware
Case No. 06-cv-414 (SLR)

**TO:** IBM Corporation
1 New Orchard Road
Armonk, New York 10504-1722, USA

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Pursuant to Federal Rule of Civil Procedure 30(b)(6). See Attachment A.

| PLACE OF DEPOSITION Quinn Emanuel Urquhart Oliver & Hedges LLP 51 Madison Ave. 22nd Floor, New York, NY 10010 | DATE AND TIME February 19, 2008 10:00AM |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE Attn: Alfi S. Guindi, Quinn Emanuel Urquhart Oliver & Hedges, LLP 51 Madison Ave. 22nd Flr., New York, NY 10010 (212) 849-7000 | DATE AND TIME February 15, 2008 10:00AM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *signature* Attorney for Plaintiff ORACLE CORP, ET AL. | DATE January 21, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert J. Artuz
Townsend and Townsend and Crew, LLP
379 Lytton Avenue
Palo Alto, CA 94301; Tel. (650) 326-2400

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED: | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                                              SIGNATURE OF SERVER

                                                                        _____
                                                                        ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

## ATTACHMENT A

Pursuant to Federal Rules of Civil Procedure 30(b)(6), 34 and 45, Plaintiffs Oracle Corporation and Oracle U.S.A. Inc. (collectively, "Oracle"), by its attorneys, request that IBM Corporation produce documents and things as instructed and listed below and produce one or more witnesses to provide deposition testimony on the topics listed below.

## DEFINITIONS

1.  "IBM," "you," and "your," refer to International Business Machines Corporation and to all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, and all officers, directors, affiliates, agents, employees, consultants, representatives and any other person acting on its behalf.

2.  "InfoSpinner," means InfoSpinner, Inc., and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, including epicRealm Operating Inc., epicRealm Licensing, LP and Parallel Networks, LLC, and all past or present officers, directors, partners, affiliates, agents, employees, attorneys, consultants, representatives, and any other person acting or purporting to act on behalf of epicRealm.

3.  "IBM/InfoSpinner Agreement" means any agreement between InfoSpinner and IBM for the use, sale, distribution or license of software products, including but not limited License Agreement No. 4997FL3661 dated January 30, 1998 (involving IBM's license from InfoSpinner a computer software program known as ForeSite) and License Agreement No. 4998S20073 dated June 3, 1998 and any amendments or supplements thereto.

4.  "IBM/InfoSpinner CDA" means any confidential disclosure agreement between IBM and InfoSpinner including CDA Nos. 4997FL3610 and 7SZ970218 and supplements 4998S20328, 4998S20048 and 4998S20049.

5. "The '335 patent" refers to U.S. Patent No. 6,415,335, entitled "SYSTEM AND METHOD FOR MANAGING DYNAMIC WEB PAGE GENERATION REQUESTS" together with any divisionals and counterparts thereof, the applications from which the patents issued, and all related U.S. and foreign applications.

6. "The '554 patent" refers to U.S. Patent No. 5,894,554, entitled "SYSTEM FOR MANAGING DYNAMIC WEB PAGE GENERATION REQUESTS BY INTERCEPTING REQUEST AT WEB SERVER AND ROUTING TO PAGE SERVER THEREBY RELEASING WEB SERVER TO PROCESS OTHER REQUESTS" together with any divisionals and counterparts thereof, the applications from which the patents issued, and all related U.S. and foreign applications.

7. "Communication" means any transmission of information from one person to another, including, without limitation, by personal meeting, telephone, facsimile, and electronic mail.

8. The term "document" or "documents" is used in its customarily broad sense within the context of the Federal Rules of Civil Procedure and includes all documents as defined in Federal Rule of Civil Procedure 34 and, without limitation, each original, or a copy or microfilm in the absence of the original, and every copy bearing notes or markings not present on the original or copy, letters, memoranda, drafts, notes, notebooks, translations, data compilations, reports, e-mails, computer disks, publications, computer printouts, charts, photographs, and other data compilations from which information can be obtained or translated, if necessary, by Oracle through detection devices into a reasonably usable form. The term "document" or "documents" also refers to any tangible object such as, but not limited to, prototypes, models and specimens.

9. "The epicRealm patents" refers to the '554 and '335 patents.

10. "Person" means any natural person, corporation, proprietorship, partnership, joint venture, association, firm or entity recognized in law, and shall include

the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors and successors of such "person."

## INSTRUCTIONS REGARDING ORACLE'S REQUEST FOR IBM'S PRODUCTION OF DOCUMENTS

1. These instructions shall be deemed to seek production of documents and things to the full extent of the Federal Rules of Civil Procedure.

2. If you object to any part of a request and refuse to produce documents responsive to that part, state your objection and answer the remaining portion of that document request. If you object to the scope or time period of a document request and refuse to answer for that scope or time period, state your objections and produce responsive documents for the scope or time period you believe is appropriate (including in your response a specific statement as to why you believe the scope or time period is inappropriate).

3. If any of the following requests cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any particular, set forth the details of such qualification.

4. You are to produce entire documents, including attachments, enclosures, cover letters, memoranda and appendices.

5. If any information called for by a request is withheld on the basis of a claim of privilege, set forth the nature of the claim of privilege and the nature of the information for which privilege is claimed. Where the claimed privileged subject matter forms only part of the entire document involved, indicate that this is the case and whether

3

you will produce the document with the privileged portions redacted, blocked out, or obliterated in a copy thereof.

6.  Any document called for under these requests but not produced on the basis of a claim of privilege should be identified by the name of the people who prepared the document, the name of all recipients (including copy recipients), the date of the document, the nature of the document (*e.g.*, e-mail, letter, etc.), and the general nature of the subject matter for which a privilege is claimed. All such documents shall be listed on a privilege log and the log shall be supplied at a time and place to be agreed upon by counsel.

## DOCUMENTS REQUESTED

REQUEST NO. 1

All IBM/InfoSpinner Agreements and IBM/InfoSpinner CDAs including any drafts of such agreements.

REQUEST NO. 2

Documents sufficient to show a record of all royalties paid or received by IBM under any IBM/InfoSpinner Agreement.

REQUEST NO. 3

All communications between IBM and InfoSpinner, or any former or current officer, director, partner or investor of InfoSpinner, relating to any IBM/InfoSpinner Agreements or IBM/InfoSpinner CDAs.

REQUEST NO. 4

Documents sufficient to evidence and to show the reasons for any modification or cancellation of any IBM/InfoSpinner Agreement, including but not limited IBM's

4

October 16, 2000 cancellation of the IBM/InfoSpinner License Agreement No. 4997FL3661.

REQUEST NO. 5

Documents sufficient to describe IBM's patent marking policies from 1999 through 2001, including IBM's policies on marking licensed products with the numbers of patents owned by third-party licensors.

REQUEST NO. 6

Documents relating to IBM's efforts to mark any product licensed under any IBM/InfoSpinner Agreement (including IBM's Host Publisher product) with either the '554 or '335 patent number.

REQUEST NO. 7

Documents sufficient to show in detail the structure, function, and operation of all versions of IBM's DB2 World Wide Web Connection product which were in operation prior to April 23, 1996 and the system and methods described in the IBM publication: "A Scalable and Highly Available Web Server," Daniel Dias, William Kish, Rajat Mukherjee, and Renu Tewari, In Proceedings of the 1996 IEEE Computer Conference (COMPCON '96), February 1996, <http://citeseer.ist.psu.edu/dias96scalable.html>.

REQUEST NO. 8

Documents sufficient to evidence the public disclosure, public use, public knowledge, sale, offer for sale, or prior invention of all versions of IBM's DB2 World Wide Web Connection product which existed or occurred prior to April 23, 1996 and the system and methods described in the IBM publication: "A Scalable and Highly Available Web Server," Daniel Dias, William Kish, Rajat Mukherjee, and Renu Tewari, In Proceedings of the 1996 IEEE Computer Conference (COMPCON '96), February 1996, <http://citeseer.ist.psu.edu/dias96scalable.html>.

5

### INSTRUCTIONS REGARDING ORACLE'S REQUEST FOR DEPOSITION PURSUANT TO FED. R. CIV. P. 30(B)(6)

IBM is instructed, pursuant to Fed. R. Civ. P. 30(b)(6), to designate one or more officers, directors, managing agents, or other persons who are most qualified to testify on its behalf about each of the topics set forth below. If IBM does not presently have a witness sufficiently knowledgeable as to each of the topics set forth below, then IBM is required to educate a witness as to the information available to it with respect to each such topic. Oracle requests that at least 72 hours prior to the commencement of the deposition that IBM identify the person(s) who will testify on its behalf and indicate the topic(s) for which each such person is designated.

The deposition will take place upon oral examination pursuant to Federal Rules of Civil Procedure before an officer duly authorized by law to administer oaths and record testimony. The testimony will be recorded by stenographic means and will be videotaped. The deposition will continue from day to day if necessary until completed or adjourned.

All questions regarding the meaning of interpretation of this Subpoena should be directed to the counsel who served discovery request.

### RULE 30(B)(6) DEPOSITION TOPICS

TOPIC NO. 1

IBM's decision to enter into the IBM/InfoSpinner Agreements and the terms that were agreed to under those Agreements.

TOPIC NO. 2

The amount and frequency of royalties paid or received by IBM under any IBM/InfoSpinner Agreement.

TOPIC NO. 3

IBM's decision to modify or cancel any IBM/InfoSpinner Agreement, including but not limited IBM's October 16, 2000 decision to cancel IBM/InfoSpinner License Agreement No. 4997FL3661.

TOPIC NO. 4

IBM's patent marking policies from 1999 through 2001, including IBM's policies on marking licensed products with the numbers of patents owned by third-party licensor, and IBM's efforts to mark any product licensed under any IBM/InfoSpinner Agreement (including IBM's Host Publisher product) with either the '554 or '335 patent number.

TOPIC NO. 5

The structure, function, and operation of all versions of IBM's DB2 World Wide Web Connection product which were in operation prior to April 23, 1996 and the system and methods described in the IBM publication: "A Scalable and Highly Available Web Server, " Daniel Dias, William Kish, Rajat Mukherjee, and Renu Tewari, In Proceedings of the 1996 IEEE Computer Conference (COMPCON '96), February 1996, <http://citeseer.ist.psu.edu/dias96scalable.html>.

TOPIC NO. 6

The public disclosure, public use, public knowledge, sale, offer for sale, or prior invention of all versions of IBM's DB2 World Wide Web Connection product which existed or occurred prior to April 23, 1996 and the system and methods described in the IBM publication: "A Scalable and Highly Available Web Server, " Daniel Dias, William Kish, Rajat Mukherjee, and Renu Tewari, In Proceedings of the 1996 IEEE Computer Conference (COMPCON '96), February 1996, <http://citeseer.ist.psu.edu/dias96scalable.html>.

61250291 v1

7