IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORACLE CORPORATION and<br>ORACLE U.S.A. INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>EPICREALM LICENSING, LP,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   C.A. No. 06-414 (SLR)<br>)<br>)<br>)<br>) |

**NOTICE OF RULE 30(B)(6) DEPOSITION OF THIRD PARTY IBM CORPORATION**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs and Counterdefendants Oracle Corporation and Oracle U.S.A. Inc. ("Oracle"), by and through its attorneys, will take the deposition upon oral examination of third party IBM Corporation ("IBM") beginning on February 19, 2008 at 10:00 a.m. at Quinn Emanuel Urquhart Oliver & Hedges LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010, or at such other time and place as the parties may agree.  The deposition will continue from day to day until completed and shall be taken before a duly certified court reporter and notary public or other person authorized by law to administer oaths.  Pursuant to Fed. R. Civ. P. 30(b)(2), the testimony shall be recorded by stenographic, sound, and video means, including the use of interactive real time transcription (e.g., LiveNote).

Pursuant to Fed. R. Civ. P. 30(b)(6), IBM shall designate one or more officers, directors, managing agents, or other representative(s) to testify to the matters known or reasonably available by IBM and who are most knowledgeable regarding the topics listed in Attachment A, and who consent to testify on IBM's behalf.  To the extent more than one deponent is identified, epicRealm shall state in advance of the deposition which portion(s) of this Notice each deponent is prepared to address.

You are invited to attend and cross examine.

- 2 -

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ James W. Parrett, Jr. (#4292)* |
| OF COUNSEL: | Mary B. Graham (#2256)<br>James W. Parrett, Jr. (#4292)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>302.658.9200 |
| James G. Gilliland<br>Theodore T. Herhold<br>Chad E. King<br>Robert J. Artuz<br>Eric M. Hutchins<br>TOWNSEND AND TOWNSEND AND CREW LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301<br>650.326.2400 | *Attorneys for Oracle Corporation and Oracle U.S.A. Inc.* |
| Dorian Daley<br>Peggy E. Bruggman<br>Matthew M. Sarboraria<br>ORACLE CORPORATION<br>ORACLE U.S.A., INC.<br>500 Oracle Parkway<br>Redwood Shores, CA 94065 | |

January 22, 2008

1400829

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

    Richard L. Horwitz
    David Ellis Moore
    POTTER ANDERSON & CORROON, LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on January 22, 2008 upon the following individuals in the manner indicated:

| **BY E-MAIL** | **BY E-MAIL** |
|---|---|
| Richard L. Horwitz<br>David Ellis Moore<br>POTTER ANDERSON & CORROON, LLP<br>1313 N. Market St., Hercules Plaza, 6th Floor<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br><br>**rhorwitz@potteranderson.com**<br>**dmoore@potteranderson.com** | George S. Bosy<br>JENNER & BLOCK<br>330 N. Wabash Avenue<br>Chicago, IL 60611-7603<br><br>**gbosy@jenner.com** |

*/s/ James W. Parrett, Jr. (#4292)*
_____
James W. Parrett, Jr. (#4292)

## ATTACHMENT A

Pursuant to Federal Rules of Civil Procedure 30(b)(6), 34 and 45, Plaintiffs Oracle Corporation and Oracle U.S.A. Inc. (collectively, "Oracle"), by its attorneys, request that IBM Corporation produce documents and things as instructed and listed below and produce one or more witnesses to provide deposition testimony on the topics listed below.

## DEFINITIONS

1. "IBM," "you," and "your," refer to International Business Machines Corporation and to all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, and all officers, directors, affiliates, agents, employees, consultants, representatives and any other person acting on its behalf.

2. "InfoSpinner," means InfoSpinner, Inc., and all predecessors, successors, subsidiaries, divisions, parents and affiliates thereof, past or present, including epicRealm Operating Inc., epicRealm Licensing, LP and Parallel Networks, LLC, and all past or present officers, directors, partners, affiliates, agents, employees, attorneys, consultants, representatives, and any other person acting or purporting to act on behalf of epicRealm.

3. "IBM/InfoSpinner Agreement" means any agreement between InfoSpinner and IBM for the use, sale, distribution or license of software products, including but not limited License Agreement No. 4997FL3661 dated January 30, 1998 (involving IBM's license from InfoSpinner a computer software program known as ForeSite) and License Agreement No. 4998S20073 dated June 3, 1998 and any amendments or supplements thereto.

4. "IBM/InfoSpinner CDA" means any confidential disclosure agreement between IBM and InfoSpinner including CDA Nos. 4997FL3610 and 7SZ970218 and supplements 4998S20328, 4998S20048 and 4998S20049.

5. "The '335 patent" refers to U.S. Patent No. 6,415,335, entitled "SYSTEM AND METHOD FOR MANAGING DYNAMIC WEB PAGE GENERATION REQUESTS" together with any divisionals and counterparts thereof, the applications from which the patents issued, and all related U.S. and foreign applications.

6. "The '554 patent" refers to U.S. Patent No. 5,894,554, entitled "SYSTEM FOR MANAGING DYNAMIC WEB PAGE GENERATION REQUESTS BY INTERCEPTING REQUEST AT WEB SERVER AND ROUTING TO PAGE SERVER THEREBY RELEASING WEB SERVER TO PROCESS OTHER REQUESTS" together with any divisionals and counterparts thereof, the applications from which the patents issued, and all related U.S. and foreign applications.

7. "Communication" means any transmission of information from one person to another, including, without limitation, by personal meeting, telephone, facsimile, and electronic mail.

8. The term "document" or "documents" is used in its customarily broad sense within the context of the Federal Rules of Civil Procedure and includes all documents as defined in Federal Rule of Civil Procedure 34 and, without limitation, each original, or a copy or microfilm in the absence of the original, and every copy bearing notes or markings not present on the original or copy, letters, memoranda, drafts, notes, notebooks, translations, data compilations, reports, e-mails, computer disks, publications, computer printouts, charts, photographs, and other data compilations from which information can be obtained or translated, if necessary, by Oracle through detection devices into a reasonably usable form. The term "document" or "documents" also refers to any tangible object such as, but not limited to, prototypes, models and specimens.

9. "The epicRealm patents" refers to the '554 and '335 patents.

10. "Person" means any natural person, corporation, proprietorship, partnership, joint venture, association, firm or entity recognized in law, and shall include

the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors and successors of such "person."

## INSTRUCTIONS REGARDING ORACLE'S REQUEST FOR IBM'S PRODUCTION OF DOCUMENTS

1.  These instructions shall be deemed to seek production of documents and things to the full extent of the Federal Rules of Civil Procedure.

2.  If you object to any part of a request and refuse to produce documents responsive to that part, state your objection and answer the remaining portion of that document request. If you object to the scope or time period of a document request and refuse to answer for that scope or time period, state your objections and produce responsive documents for the scope or time period you believe is appropriate (including in your response a specific statement as to why you believe the scope or time period is inappropriate).

3.  If any of the following requests cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any particular, set forth the details of such qualification.

4.  You are to produce entire documents, including attachments, enclosures, cover letters, memoranda and appendices.

5.  If any information called for by a request is withheld on the basis of a claim of privilege, set forth the nature of the claim of privilege and the nature of the information for which privilege is claimed. Where the claimed privileged subject matter forms only part of the entire document involved, indicate that this is the case and whether

3

you will produce the document with the privileged portions redacted, blocked out, or obliterated in a copy thereof.

6.  Any document called for under these requests but not produced on the basis of a claim of privilege should be identified by the name of the people who prepared the document, the name of all recipients (including copy recipients), the date of the document, the nature of the document (*e.g.*, e-mail, letter, etc.), and the general nature of the subject matter for which a privilege is claimed. All such documents shall be listed on a privilege log and the log shall be supplied at a time and place to be agreed upon by counsel.

## DOCUMENTS REQUESTED

REQUEST NO. 1

All IBM/InfoSpinner Agreements and IBM/InfoSpinner CDAs including any drafts of such agreements.

REQUEST NO. 2

Documents sufficient to show a record of all royalties paid or received by IBM under any IBM/InfoSpinner Agreement.

REQUEST NO. 3

All communications between IBM and InfoSpinner, or any former or current officer, director, partner or investor of InfoSpinner, relating to any IBM/InfoSpinner Agreements or IBM/InfoSpinner CDAs.

REQUEST NO. 4

Documents sufficient to evidence and to show the reasons for any modification or cancellation of any IBM/InfoSpinner Agreement, including but not limited IBM's

4

October 16, 2000 cancellation of the IBM/InfoSpinner License Agreement No. 4997FL3661.

REQUEST NO. 5

Documents sufficient to describe IBM's patent marking policies from 1999 through 2001, including IBM's policies on marking licensed products with the numbers of patents owned by third-party licensors.

REQUEST NO. 6

Documents relating to IBM's efforts to mark any product licensed under any IBM/InfoSpinner Agreement (including IBM's Host Publisher product) with either the '554 or '335 patent number.

REQUEST NO. 7

Documents sufficient to show in detail the structure, function, and operation of all versions of IBM's DB2 World Wide Web Connection product which were in operation prior to April 23, 1996 and the system and methods described in the IBM publication: "A Scalable and Highly Available Web Server," Daniel Dias, William Kish, Rajat Mukherjee, and Renu Tewari, In Proceedings of the 1996 IEEE Computer Conference (COMPCON '96), February 1996, <http://citeseer.ist.psu.edu/dias96scalable.html>.

REQUEST NO. 8

Documents sufficient to evidence the public disclosure, public use, public knowledge, sale, offer for sale, or prior invention of all versions of IBM's DB2 World Wide Web Connection product which existed or occurred prior to April 23, 1996 and the system and methods described in the IBM publication: "A Scalable and Highly Available Web Server," Daniel Dias, William Kish, Rajat Mukherjee, and Renu Tewari, In Proceedings of the 1996 IEEE Computer Conference (COMPCON '96), February 1996, <http://citeseer.ist.psu.edu/dias96scalable.html>.

### INSTRUCTIONS REGARDING ORACLE'S REQUEST FOR DEPOSITION PURSUANT TO FED. R. CIV. P. 30(B)(6)

IBM is instructed, pursuant to Fed. R. Civ. P. 30(b)(6), to designate one or more officers, directors, managing agents, or other persons who are most qualified to testify on its behalf about each of the topics set forth below. If IBM does not presently have a witness sufficiently knowledgeable as to each of the topics set forth below, then IBM is required to educate a witness as to the information available to it with respect to each such topic. Oracle requests that at least 72 hours prior to the commencement of the deposition that IBM identify the person(s) who will testify on its behalf and indicate the topic(s) for which each such person is designated.

The deposition will take place upon oral examination pursuant to Federal Rules of Civil Procedure before an officer duly authorized by law to administer oaths and record testimony. The testimony will be recorded by stenographic means and will be videotaped. The deposition will continue from day to day if necessary until completed or adjourned.

All questions regarding the meaning of interpretation of this Subpoena should be directed to the counsel who served discovery request.

### RULE 30(B)(6) DEPOSITION TOPICS

TOPIC NO. 1

IBM's decision to enter into the IBM/InfoSpinner Agreements and the terms that were agreed to under those Agreements.

TOPIC NO. 2

The amount and frequency of royalties paid or received by IBM under any IBM/InfoSpinner Agreement.

TOPIC NO. 3

IBM's decision to modify or cancel any IBM/InfoSpinner Agreement, including but not limited IBM's October 16, 2000 decision to cancel IBM/InfoSpinner License Agreement No. 4997FL3661.

TOPIC NO. 4

IBM's patent marking policies from 1999 through 2001, including IBM's policies on marking licensed products with the numbers of patents owned by third-party licensor, and IBM's efforts to mark any product licensed under any IBM/InfoSpinner Agreement (including IBM's Host Publisher product) with either the '554 or '335 patent number.

TOPIC NO. 5

The structure, function, and operation of all versions of IBM's DB2 World Wide Web Connection product which were in operation prior to April 23, 1996 and the system and methods described in the IBM publication: "A Scalable and Highly Available Web Server, " Daniel Dias, William Kish, Rajat Mukherjee, and Renu Tewari, In Proceedings of the 1996 IEEE Computer Conference (COMPCON '96), February 1996, <http://citeseer.ist.psu.edu/dias96scalable.html>.

TOPIC NO. 6

The public disclosure, public use, public knowledge, sale, offer for sale, or prior invention of all versions of IBM's DB2 World Wide Web Connection product which existed or occurred prior to April 23, 1996 and the system and methods described in the IBM publication: "A Scalable and Highly Available Web Server, " Daniel Dias, William Kish, Rajat Mukherjee, and Renu Tewari, In Proceedings of the 1996 IEEE Computer Conference (COMPCON '96), February 1996, <http://citeseer.ist.psu.edu/dias96scalable.html>.