IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORACLE CORPORATION and ORACLE U.S.A. INC., <br><br>Plaintiffs, <br><br>v. <br><br>EPICREALM LICENSING, LP, <br><br>Defendant. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 06-414-SLR <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) |

NOTICE OF RULE 30(b)(6) DEPOSITION
OF ORACLE CORPORATION (TOPIC NOS. 39-53)

PLEASE TAKE NOTICE that on February 28, 2008 at 9:00 a.m. at the Garden Court Hotel, 520 Cowper Street, Palo Alto, California 94301, or at such other time and place as agreed by the parties, defendant and counter-plaintiff epicRealm Licensing, LP, pursuant to Fed. R. Civ. P. 26 and 30, shall take the deposition upon oral examination of plaintiff and counter-defendant Oracle Corporation. The deposition will continue from day to day until completed and shall be taken before a duly certified court reporter and notary public or other person authorized by law to administer oaths. The deposition will be recorded by stenographic, sound and video means.

Pursuant to Fed. R. Civ. P. 30(b)(6), Oracle Corporation shall designate one or more officers, directors, managing agents or other representatives who consent to testify on its behalf, to testify to matters known or reasonably available to Oracle Corporation regarding the topics listed herein. To the extent more than one deponent is identified, Oracle Corporation shall state in advance of the deposition which portions of this notice each deponent is prepared to address.

## Rule 30(b)(6) Deposition Topics

In accordance with Fed. R. Civ. P. 30(b)(6), epicRealm identifies the following matters for examination:

39. The facts, documents, testimony and other information regarding Oracle's sale, marketing, and licensing of the Accused Products, including the facts, discussion, and analysis in marketing and sales reports, marketing and sales presentations, marketing and sales brochures, pamphlets, and other forms of marketing handouts to customers, and the facts, discussion, and analysis of foreign versus domestic sales, competitive analysis, and Oracle's Product Revenue Reporting Packages

40. Income, profit, loss, costs, expenditures, capital spending, and margins attributable to the design, manufacture, use, sale, or offer for sale of the Accused Products including the facts, discussion, and analysis in Oracle's Fiscal Results and in Oracle's Financial Reference Books, how Oracle determines profits, losses, costs, and margins, fees paid by customers for purchase and/or use of the Accused Products, foreign versus domestic income, profit and losses, and the profitability of the Accused Products

41. Oracle's licensing practices regarding licensing the Accused Products to third parties, including the facts regarding the negotiation, entering into, and renewel of licensing agreements with customers

42. Products and services that Oracle sells in connection with sales and/or licensing of Accused Products

43. The pricing strategy for Oracle's Accused Products including the facts, discussion, and analysis in Oracle's Discount and Pricing Analysis Packages, how Oracle determines how to charge customers for the purchase and/or use of the Accused Products, the pricing of the Accused Products, maintenance fees for usage of the Accused Products, and charges for upgrades

44. The market, including studies, analyses and forecasts of the market, in which the Accused Products are sold along with identification of competing products and comparison of the Accused Products with competitive product

45. The scope, value, and negotiation of license for third party technology that Oracle has obtained to make, use, sell, and/or offer for sale the Accused Products

46. Technology license agreements Oracle has with third parties, including licensing in of technology and licensing out of technology, the terms of the licenses, and technology license agreements that Oracle contends are licenses for use of patents comparable to the patents in suit and the rates paid for the licenses

47. Forecasts and/or projections of sales, profits, and/or margins for any of the Accused Products, including historical forecasts and projections

48. The facts, documents, testimony and other information surrounding whether Oracle has tried to design, or considered designing, around the patents-in-suit

49. The facts, documents, testimony and other information regarding any attempt by Oracle to value the patents-in-suit

50. The method in which the Accused Products are manufactured, offered for sale, and sold, including the facts and discussion in Oracle's responses to Interrogatory No. 6, where the Accused Products are manufactured, the means by which Oracle delivers (*e.g.*, DVD, CD, online delivery) the Accused Products to customers.

51. The services Oracle provides to customers to assist the customer with the installation, configuration, use, and maintenance of the Accused Products

52. The value of components of the Accused Products to Oracle's customers, including customer communications to Oracle regarding the importance of particular components of the Accused Products and Oracle's own consideration of the importance of particular components of the Accused Products to Oracle's customers

53. All facts of the product development, research, and design process that led to Oracle's inclusion of the accused functionality in the Accused Products, including why Oracle originally began including the accused features and functions in the Accused Products

For purposes of Topic Nos. 39-53, "Oracle" means Oracle Corporation and Oracle U.S.A. Inc., plaintiffs and counter-defendants in this action, and all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, attorneys, consultants, representatives and any other person acting or purporting to act on behalf of Oracle. "Accused Products" means all products for which Oracle seeks a declaration of noninfringement in this action and, as described in epicRealm's responses to Oracle's Interrogatory No. 3, all products incorporating or including any of the following: Oracle Web Cache, Oracle Application Server, and Oracle Database.

You are invited to attend and exercise your rights under the Federal Rules of Civil Procedure.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Harry J. Roper
George S. Bosy
Aaron A. Barlow
Patrick L. Patras
David R. Bennett
Paul D. Margolis
Benjamin J. Bradford
JENNER & BLOCK
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel: (312) 923-8305

Dated: January 25, 2008
844552 / 31393

By: */s/ David E. Moore*
　　Richard L. Horwitz (#2246)
　　David E. Moore (#3983)
　　Hercules Plaza, 6th Floor
　　1313 N. Market Street
　　Wilmington, DE 19899
　　Tel: (302) 984-6000
　　rhorwitz@potteranderson.com
　　dmoore@potteranderson.com

*Attorneys for Defendant*
*epicRealm Licensing, LP*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on January 25, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on January 25, 2008, I have Electronically Mailed the document to the following person(s):

Mary B. Graham
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
MGraham@MNAT.com

James G. Gilliland
Theodore T. Herhold
Chad E. King
Robert J. Artuz
Eric M. Hutchins
Townsend and Townsend and Crew LLP
379 Lytton Avenue
Palo Alto, CA 94301
OracleEpicrealm@townsend.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

788480 / 31393 / Oracle