IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORACLE CORPORATION and ORACLE U.S.A. INC., | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 06-414 (SLR) |
| EPICREALM LICENSING, LP, | ) | |
| Defendant. | ) | |

**ORACLE'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS DECLARATORY JUDGMENT COMPLAINT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for Oracle Corporation and Oracle U.S.A. Inc.*

OF COUNSEL:

James G. Gilliland
Theodore T. Herhold
Chad E. King
Robert J. Artuz
Eric M. Hutchins
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, CA 94301
650.326.2400

Dorian Daley
Peggy E. Bruggman
Matthew M. Sarboraria
ORACLE CORPORATION
ORACLE U.S.A., INC.
500 Oracle Parkway
Redwood Shores, CA 94065

Dated: January 31, 2008

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........ ii

ARGUMENT ........ 1

I. ORACLE'S PROPOSED AMENDED DECLARATORY JUDGMENT COMPLAINT MEETS THE PLEADING REQUIREMENTS OF RULE 9(B). ........ 1

II. ORACLE'S PROPOSED AMENDMENT IS NOT FUTILE BECAUSE NONDISCLOSURE OF THE '673 PATENT MAY CONSTITUTE INEQUITABLE CONDUCT. ........ 5

III. ORACLE'S PROPOSED AMENDED COMPLAINT WOULD NOT UNDULY PREJUDICE EPICREALM. ........ 9

CONCLUSION ........ 10

**TABLE OF AUTHORITIES**

Page(s)

*A.B. Dick Co. v. Burroughs Corp.*,
798 F.2d 1392 (Fed. Cir. 1986)........................................ 5-6

*Agere Sys. Guardian Corp. v. Proxim, Inc.*,
190 F.Supp.2d 726 (D. Del. 2002)........................................4

*Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.*,
326 F.3d 1226 (Fed. Cir. 2003)........................................5

*Dimension One Spas, Inc. v. Coverplay, Inc.*,
Civil No. 03cv1099-L (CAB), 2007 WL 2815043 (S.D. Cal. Sep. 25, 2007) ..........9

*EMC Corp. v. Storage Technology Corp.*,
921 F. Supp. 1261 (D. Del. 1996)........................................ 1-2

*In re Rockefeller Ctr. Props. Sec. Litig.*,
311 F.3d 198 (3d Cir. 2003)........................................3

*In re Westinghouse Securities Litigation*,
90 F.3d 696 (3d Cir. 1996)........................................1

*Intex Recreation Corp. v. Team Worldwide Corp.*,
390 F. Supp. 2d 21 (D.D.C. 2005)........................................8

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*,
507 U.S. 163 (1993)........................................1

*Molins PLC v. Textron, Inc.*,
48 F.3d 1172 (Fed. Cir. 1995)........................................ 7-9

*Orthopedic Equipment Co. v. All Orthopedic Appliances, Inc.*,
707 F.2d 1376 (Fed. Cir. 1983)........................................8

*Scripps Clinic & Research Foundation v. Genetech, Inc.*,
927 F.2d 1565 (Fed. Cir. 1991)........................................ 7-8

*Scripps Clinic and Research Found., et al. v. Baxter Travenol Lab., et al*,
Civ. A. No. 87-140-CMW, 1988 WL 22602 (D. Del. Mar. 9, 1988) .............. 2, 8-9

*Seligson v. Plum Tree, Inc.*,
61 F.R.D. 343 (D. C. Pa. 1973)........................................4

*Seville Industrial Machinery v. Southmost Machinery*,
742 F.2d 786 (3d Cir. 1984)........................................1

*TruePosition, Inc. v. Allen Telecom, Inc.*,
No. C.A. 01-823 GMS, 2003 WL 151227 (D. Del. Jan. 21, 2003) .................................. 1-2, 4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8 ........................................................................................................1

Fed. R. Civ. P. 9 ........................................................................................................1

Fed. R. Civ. P. 9(b) ....................................................................................... 1-2, 4-5

## ARGUMENT

### I. ORACLE'S PROPOSED AMENDED DECLARATORY JUDGMENT COMPLAINT MEETS THE PLEADING REQUIREMENTS OF RULE 9(B).

In opposing Oracle's motion for leave to amend, epicRealm argues that Oracle's proposed inequitable conduct claim has not been pled with sufficient particularity under Fed. R. Civ. P. 9(b). Specifically, epicRealm contends only that Oracle has failed to adequately identify the prior art that was allegedly withheld from the Patent Office. EpicRealm is wrong.

While Rule 9 requires that all pleadings of fraud or mistake "be stated with particularity," such pleadings remain subject to the liberal pleading standard of Rule 8, which requires only a "short and plain" statement of a claim or defense. *See, e.g., TruePosition, Inc. v. Allen Telecom, Inc.*, No. C.A. 01-823 GMS, 2003 WL 151227, at *5 (D. Del. Jan. 21, 2003) ("Rule 9 requires that all pleadings of fraud or mistake 'be stated with particularity.'" FED. R. CIV. P. 9(b). These averments, however, remain subject to the liberal pleading standard of Rule 8, which requires only a 'short and plain' statement of a claim or defense."); *In re Westinghouse Securities Litigation*, 90 F.3d 696, 703 (3d Cir. 1996); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (holding that federal courts may not impose a more demanding standard of pleading beyond "the liberal system of 'notice pleading' set up by the Federal Rules").

The Third Circuit has made clear that although "it is certainly true that allegations of 'date, place or time'" satisfy the pleading requirements, "nothing in [Rule 9] requires them." *Seville Industrial Machinery v. Southmost Machinery*, 742 F.2d 786, 791 (3d Cir. 1984). A pleading is sufficient "provided the complaint gives the defendants notice of the precise misconduct alleged." *EMC Corp. v. Storage Technology Corp.*, 921 F. Supp. 1261, 1263 (D.

Del. 1996); *see also Scripps Clinic and Research Found., et al. v. Baxter Travenol Lab., et al*, Civ. A. No. 87-140-CMW, 1988 WL 22602, at *3 (D. Del. Mar. 9, 1988) (a defense of inequitable conduct was sufficiently pled when defendant simply "alleged that [the plaintiff] failed to identify to the PTO relevant prior art of which it was aware"). Similarly, disclosure of the name of the allegedly withheld prior art and the acts of the alleged fraud are sufficient to fulfill the Rule 9(b) requirements. *TruePosition,* 2003 WL 151227, at *5.

In *EMC Corp. v. Storage Technology*, a case cited approvingly by both parties, this Court granted Storage Technology's (STK) motion for a more definite statement because EMC did not disclose the material prior art it claimed STK withheld from the examiner. *EMC*, 921 F. Supp. at 1262-63. The Court quoted two paragraphs from EMC's pleading that set forth its inequitable conduct claim, neither of which identified the prior art that was allegedly withheld. *Id*. Instead, EMC referred only to "material prior art" identified in its interrogatory responses to STK. The Court held that the disclosure of the prior art in an interrogatory response could not cure the deficiency of the pleading, and granted STK's motion for a more definite statement. *Id*.

Here, unlike in *EMC*, Oracle's proposed amended complaint does identify the material prior art that was allegedly withheld:

> 44. Particularly, prior to September 1, 1995, inventor Keith Lowery ("Lowery") researched and had knowledge of highly material prior art including but not limited to publications describing -- and the prior sale, offer for sale or public use of -- ***Oracle web server products (the "Oracle Prior Art")*** that were known and available to the public prior to the alleged conception and reduction to practice of the claimed inventions of the Parallel Networks patents.
>
> 45. In an email dated September 1, 1995, Lowery communicated his knowledge of the Oracle Prior Art to Earl Stahl, Charles Niemeier and Imang Gupta of Gupta Corporation. Lowery's knowledge of the Oracle Prior Art was also shared with Robert L.

> West who was the Chief Executive Officer of InfoSpinner, Inc. (the original assignee of the '554 patent).
>
> * * *
>
> 48. Additionally, prior to the issuance of the Parallel Networks patents, the attorneys responsible for prosecuting the Parallel Networks patents, including Jim Salter Esq. and Sharmini Green Esq. of the law firm of Blakely Sokoloff Taylor and Zafman LLP, had knowledge of additional highly material prior art to the Parallel Networks patents, including but not limited to the prior art methods and apparatus described in ***U.S. Patent No. 5,761,673 issued to Oracle and the prior art references cited therein (the "'673 Prior Art")***.

Oracle Mot. for Leave to Amend, Ex. B, ¶¶ 44-45, 48.

With regard to the Oracle web server products which comprise the "Oracle Prior Art," epicRealm's assertion that "Oracle has provided no particularity that would allow epicRealm to prepare its defense" is wrong. The basis for the allegation – as made clear in the pleading itself – is Keith Lowery's (the inventor and a current principal of epicRealm) ***own*** email dated September 1, 1995, in which he disclosed that he did research on the Oracle web server product then offered for sale. Herhold Decl., Exh. J, at EPIC000150. Lowery's email makes clear that he knew exactly what the product was – identifying it as an "internet server" – and how it operated, and from that concluded that Oracle was "doing something similar." Nevertheless, for some as yet undetermined reason, he failed to disclose this highly material art to the examiner during prosecution. EpicRealm cannot fairly argue that the Oracle web server product – which is both identified in Oracle's amended complaint and is referenced in an email by epicRealm's own witness – is somehow unknown to epicRealm. *See In re Rockefeller Ctr. Props. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2003) ("Where it can be shown that the requisite factual information is

peculiarly within the defendant's knowledge or control, the rigid requirements of Rule 9(b) may be relaxed").[1]

With regard to the second piece of prior art that forms the basis of Oracle's inequitable conduct claim – the '673 patent – it is hard to imagine that Oracle could be any more specific. The fact that there are a number of "prior art references cited therein" does not mean that epicRealm can claim ignorance of the nature of the claim asserted against it. *See TruePosition, Inc.*, 2003 WL 151227, at *5 (pleading requirements are satisfied where the title and publication date of at least one allegedly withheld material prior publication is named).

Oracle does not contend, as argued by epicRealm, that any purported deficiency in its pleading can be rectified through discovery. Oracle does contend, however, that as long as it has pled sufficient facts to meet its obligations under Rule 9(b), the specifics of the alleged inequitable conduct may be adduced through discovery. *See, e.g., Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F.Supp.2d 726, 734 (D. Del. 2002) ("[O]nce Proxim has pled its allegations in accordance with Rule 9, nothing about the particularized pleading requirement acts as a bar to further supplementing those facts, as they are uncovered. Thus, with respect to Agere, Guardian's contention that it is improper to refer to "other" unspecified items of prior art, the court finds no basis to deny Proxim's leave to amend."); *Seligson v. Plum Tree, Inc.*, 61 F.R.D. 343 (D. C. Pa. 1973) ("When the plaintiff franchisees suing the franchisor for fraudulent misrepresentations and breach of warranties pleaded with sufficient particularity to apprise the franchisors of the alleged fraudulent misrepresentations as well as how they were conveyed to the franchisees and during what time period, and additional particulars could be explored by both

---

1 Essentially the same allegations of inequitable conduct were made in the pending Texas actions in which epicRealm is a party, and passed muster there. Herhold Decl., Exh. S, pp. 4-5. Discovery on this claim is ongoing in those actions.

sides during discovery, the grounds for a claim of fraudulent misrepresentation were stated with sufficient particularity.”).

Oracle’s proposed amended complaint meets the pleading requirements of Rule 9(b).[2]

## II. ORACLE’S PROPOSED AMENDMENT IS NOT FUTILE BECAUSE NONDISCLOSURE OF THE ’673 PATENT MAY CONSTITUTE INEQUITABLE CONDUCT.

EpicRealm contends that Oracle’s proposed inequitable conduct claim is futile because the examiner later found and cited the ’673 patent – which admittedly was withheld by the applicants’ attorneys – during prosecution of the patents-in-suit. Once again, epicRealm is wrong. A fraud on the Patent Office once committed cannot be expunged merely because the examiner fortuitously discovered the withheld reference on his or her own. The facts and circumstances of each case must be examined before such a determination can be made.

Although epicRealm attempts to argue otherwise, the law is clear that an examiner’s later discovery and citation of material prior art does not necessarily cure the claimed inequitable conduct. *See, e.g., A.B. Dick Co. v. Burroughs Corp.*, 798 F.2d 1392 (Fed. Cir. 1986) (inequitable conduct found where applicant did not disclose known prior art to the examiner who, after independently discovering the art, rejected previously allowed claims); *Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.*, 326 F.3d 1226 (Fed. Cir. 2003) (nondisclosure of a

---

2 As pointed out in Oracle’s moving papers, when Oracle first notified epicRealm of its proposed inequitable conduct claim in October, 2007 and provided epicRealm with a draft of the amended complaint, epicRealm did not object that the claim as alleged was procedurally deficient. Instead, it asked for the evidence which supported the claim, which Oracle provided. Herhold Decl., Exh. E. EpicRealm did not respond to this proffer of evidence, nor did it ever contend that Oracle’s proposed amended complaint was deficient for any reason until it filed its opposition to the present motion. *Id*. at Exhs. H-I.

known, material prior art reference was inequitable conduct even though the reference was identified in a search report contained in the file history).

In *A.B. Dick*, the court found that the applicant had committed inequitable conduct because the applicant had not disclosed the prior art even though there had been at least two office actions and an allowance of the claims before the examiner independently found the reference:

> The precise issue is whether nondisclosure by an applicant during prosecution can be considered inequitable conduct sufficient to render the issued patent unenforceable where the nondisclosure was of known prior art references on which the examiner (after independently discovering the references) rejected claims previously allowed, most of which were then allowed after amendment.

*A.B. Dick* 798 F.2d at 1396. The evidence showed that the applicant amended certain claims to distinguish a prior art reference, but he did not bring that reference to the attention of the examiner. *Id.* at 1395. The Federal Circuit held:

> We do not agree that appellant could, under the state of the law in 1956 or now, amend claims expressly to avoid a ... reference unknown to the examiner and justifiably consider there was no duty to bring that reference to the examiner's attention.

*Id.* at 1399. Here, similar to the facts of *A.B. Dick*, Oracle alleges that the applicants' attorneys were specifically aware of the '673 patent yet failed to disclose the patent to the examiner during prosecution of the patents-in-suit. Such conduct, if found, would render the patents unenforceable due to inequitable conduct. The examiner's later discovery of the reference does not necessarily expunge the fraud. This will have to be determined during the course of discovery in the case. The only issue before the Court now is whether Oracle has stated facts sufficient to constitute a claim for inequitable conduct against epicRealm, which it clearly has done.

While epicRealm proclaims that an examiner's later discovery of intentionally withheld prior art, standing alone, is sufficient to wipe out the fraud, the cases cited by epicRealm do not support such a blanket rule of law. For example, in *Molins PLC v. Textron, Inc.*, 48 F.3d 1172 (Fed. Cir. 1995), the Federal Circuit held that there was no inequitable conduct not only because the examiner independently found the reference, but because it was also considered and used to initially reject pending claims, but then was overcome by the applicants prior to issuance:

> Molins and Smith assert that the court erred when it concluded that Whitson and Smith engaged in inequitable conduct in failing to cite the Lemelson patents because the patents were actually cited by the PTO and considered during the '563 patent prosecution, were used to reject pending claims, and were overcome prior to issuance of the '563 patent….The Lemelson patents were indeed of record in the '563 patent application. We agree with Molins and Smith that the court's finding that the Lemelson patents were withheld was clearly erroneous.

*Molins*, 48 F.3d at 1185.[3] In the present case, the complete facts regarding the applicants' knowledge and withholding of the prior art reference, when and how the examiner found the reference, and the significance of the reference to the patentability of the alleged invention, have yet to be determined through discovery. The only issue now before the Court is whether Oracle has pled facts sufficient to state a claim against epicRealm. It is submitted that Oracle has plainly done so.

In *Scripps Clinic & Research Foundation v. Genetech, Inc.,* 927 F.2d 1565 (Fed. Cir. 1991), also cited by epicRealm, the Federal Circuit affirmed the district court's

3 As noted by the dissent in *Molins*, there is no rule of law that an examiner's later discovery of intentionally withheld material prior art expunges the fraud in all cases, noting that such a rule would conflict with the Court's holding in *A.B. Dick. Molins*, 48 F.3d at 1189.

determination that there was no inequitable conduct not only because the reference was found by the examiner, but because the reference was also found to be cumulative:

> The district court observed that the Meyer abstract was cumulative to the complete Meyer paper it summarized "The Meyer abstract was also cited in a paper authored, inter alia, by Dr. Meyer herself that was submitted by Scripps to the PTO as reference RS.... In contrast to the Meyer abstract, which is only one paragraph long, reference RS is 27 pages in length and much more elaborate in its disclosure...."… A reference that is simply cumulative to other references does not meet the threshold of materiality that is predicate to a holding of inequitable conduct.

*Scripps,* 927 F.2d at 1582. *Id*. The Court went on to note that the applicant's failure to call to the examiner's attention an abstract that was already cited in other references submitted by the applicant could not be deemed "withheld" from the examiner:

> Genentech argues that Scripps should nonetheless have brought the Meyer abstract to the examiner's specific attention, in addition to having listed the complete Meyer paper in Scripps' prior art statement. When a reference was before the examiner, whether through the examiner's search or the applicant's disclosure, it can not be deemed to have been withheld from the examiner.

*Id*. This is a far cry from failing to cite a known prior art reference at all to the examiner, which is the case here. *Scripps* does not support the blanket rule of law put forward by epicRealm that in all cases where the examiner later finds the withheld reference there can be no inequitable conduct as a matter of law. *See Molins*, 48 F.3d at 1189 (noting that the proposition in *Scripps* that 'when a reference was before the examiner, whether through the examiner's search of the applicant's disclosure, it cannot be deemed to have been withheld form the examiner' is "overly broad dicta [and] conflicts with an earlier decision of this court [*A.B. Dick*]").

The other cases cited by epicRealm are equally unavailing. *See Intex Recreation Corp. v. Team Worldwide Corp.*, 390 F. Supp. 2d 21, 25-26 (D.D.C. 2005) (finding no inequitable conduct in a continuation application where the reference was disclosed and had already been considered by the PTO in connection with the parent application); *Orthopedic*

*Equipment Co. v. All Orthopedic Appliances, Inc.*, 707 F.2d 1376, 1384-85 (Fed. Cir. 1983) (finding no inequitable conduct not only because the examiner found the reference, but because the evidence did not establish that there was an intent to defraud the PTO); *Dimension One Spas, Inc. v. Coverplay, Inc.*, Civil No. 03cv1099-L (CAB), 2007 WL 2815043, at *3 n.3 (S.D. Cal. Sep. 25, 2007) (finding no inequitable conduct because the examiner not only found, but considered the reference during the prosecution of the patent-in-suit).[4]

From these factually intensive cases, epicRealm attempts to fashion a blanket proposition of law that an examiner's later discovery of an intentionally withheld material prior art reference expunges the applicants' fraud in all cases. No such rule of law exists. Each case must be weighed on its own merits. The issue here is only whether, at the pleading stage, Oracle has alleged facts sufficient to state a claim against epicRealm. Oracle has done that.

### III. ORACLE'S PROPOSED AMENDED COMPLAINT WOULD NOT UNDULY PREJUDICE EPICREALM.

EpicRealm maintains that it would be unduly prejudiced by the proposed amendment because "Oracle's inequitable conduct theories are so broad and amorphous that epicRealm cannot prepare a defense against these charges." Opposition, p. 11. However, as set forth above, Oracle has clearly alleged facts sufficient to meet its pleading requirements. There is no "disadvantage" to epicRealm. Not only does Oracle's proposed amended complaint put epicRealm on notice of the alleged misconduct, this is the very same claim being litigated in the Texas actions where discovery has been ongoing for months. EpicRealm cannot fairly argue that it "cannot prepare a defense against these charges" when it is already doing exactly that in Texas.

4 The holding in *Dimension One Spas* is not controlling here. Additionally, the court relies on the dicta in *Scripps* for its determination. *Dimension One Spas*, 2007 WL 2815043, at *3 n.3; *see also Molins*, 48 F.3d at 1189 (*Scripps* dicta is "overly broad" and "conflicts with an earlier decision of this court").

EpicRealm does not dispute that Oracle promptly brought this claim to epicRealm's attention last fall and that it provided epicRealm with much of the evidence it intended to rely on as far back as December 4, 2007. Herhold Decl., Exh. E. As such, epicRealm's claim of prejudice should fall on deaf ears.

**CONCLUSION**

For the reasons set forth above and in Oracle's opening brief, Oracle's motion to amend should be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham (#2256)*

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for Oracle Corporation and Oracle U.S.A. Inc.*

OF COUNSEL:

James G. Gilliland
Theodore T. Herhold
Chad E. King
Robert J. Artuz
Eric M. Hutchins
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, CA 94301
650.326.2400

Dorian Daley
Peggy E. Bruggman
Matthew M. Sarboraria
ORACLE CORPORATION
ORACLE U.S.A., INC.
500 Oracle Parkway
Redwood Shores, CA 94065

Dated: January 31, 2008
1446366

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

Richard L. Horwitz
David Ellis Moore
POTTER ANDERSON & CORROON, LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on January 31, 2008 upon the following individuals in the manner indicated:

**BY E-MAIL AND HAND DELIVERY**

Richard L. Horwitz
David Ellis Moore
POTTER ANDERSON & CORROON, LLP
1313 N. Market St., Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899-0951

**rhorwitz@potteranderson.com**
**dmoore@potteranderson.com**

**BY E-MAIL**

George S. Bosy, Esquire
JENNER & BLOCK
330 N. Wabash Avenue
Chicago, IL 60611-7603

**gbosy@jenner.com**

*/s/ Mary B. Graham (#2256)*

Mary B. Graham (#2256)