## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORACLE CORPORATION and ORACLE U.S.A. INC., | ) ) ) |
| Plaintiffs/Counterclaim Defendants, | ) ) ) |
| v. | ) ) ) |
| EPICREALM LICENSING, LP, | ) ) ) |
| Defendant/Counterclaim Plaintiff. | ) |

C.A. No. 06-414-SLR

**JURY TRIAL DEMANDED**

### NOTICE OF SUBPOENA *DUCES TECUM AND AD TESTIFICANDUM*

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, a subpoena *duces tecum and ad testificandum* will be served on Burlington Coat

Factory Warehouse Corp.  A true and correct copy of the subpoena is attached hereto.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Harry J. Roper
George S. Bosy
Aaron A. Barlow
Patrick L. Patras
David R. Bennett
Paul D. Margolis
Benjamin J. Bradford
JENNER & BLOCK
330 N. Wabash Avenue
Chicago, IL  60611-7603
Tel:  (312) 923-8305

Dated:  February 7, 2008
847068 / 31393 / Oracle

By: */s/ David E. Moore*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19899
    Tel:  (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant/Counterclaim*
*Plaintiff epicRealm Licensing, LP*

AO88  (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN      DISTRICT OF      NEW YORK

ORACLE CORPORATION and
ORACLE U.S.A., Inc.,
         Plaintiffs

v.

EPICREALM LICENSING, LP,
         Defendant

And Related Counterclaims

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]
USDC, District of Delaware
Case No. 06-cv-414 (SLR)

TO:  Burlington Coat Factory Warehouse Corp.
      c/o Corporation Trust Co.
      Corporation Trust Center
      1209 Orange Street
      Wilmington, DE 19801

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  Pursuant to Federal Rule of Civil Procedure 30(b)(6). See Exhibit B.

| PLACE OF DEPOSITION  Jenner & Block LLP<br>919 3rd Avenue, 37th Fl., New York, NY 10022 (212) 891-1600 | DATE AND TIME<br>February 27, 2008 10:00 AM |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A.

| PLACE Attn: George S. Bosy, Jenner & Block LLP<br>919 3rd Avenue, 37th Fl., New York, NY 10022 (212) 891-1600 | DATE AND TIME<br>February 20, 2008 10:00 AM |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Patrick L. Pat___*    Attorney for Defendant,<br>            EPICREALM LICENSING, LP | DATE<br>February 7, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Patrick L. Patras, Jenner & Block LLP, 330 North Wabash Avenue, Chicago, IL 60611 (312) 222-9350

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                              DATE                                    SIGNATURE OF SERVER

                                                                    _____
                                                                    ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A

Pursuant to Federal Rule of Civil Procedure 45, and the definitions provided herein, defendant and counterclaimant epicRealm Licensing, LP, by its attorneys, requests that Burlington Coat Factory Warehouse Corporation produce by February 20, 2008 the documents described herein. The documents are to be produced at the New York offices of JENNER & BLOCK LLP, attention George S. Bosy, 919 Third Avenue, 37th Floor, New York, NY 10022-3908, or at such other place and time as may be agreed upon by the parties. In lieu of appearing at the place specified above to produce the documents described herein, the documents may be shipped in advance to the Chicago offices of epicRealm Licensing, LP's attorneys, JENNER & BLOCK LLP, attention George S. Bosy, 330 N. Wabash Ave., Chicago, Illinois, 60611.

## DEFINITIONS

1.      "Burlington" "you," and "your" mean Burlington Coat Factory Warehouse Corporation and all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, attorneys, consultants, representatives and any other person acting or purporting to act on behalf of Burlington.

2.      "Oracle" means Oracle Corporation and Oracle U.S.A. Inc., plaintiffs and counterdefendants in this action, and all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, attorneys, consultants, representatives and any other person acting or purporting to act on behalf of Oracle.

3.      "epicRealm" and "defendant" mean epicRealm, defendant and counterclaimant in this action, and all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, including Parallel Networks, LLC, and all past or present officers,

directors, partners, affiliates, agents, employees, attorneys, consultants, representatives and any other person acting or purporting to act on behalf of epicRealm.

4.    "The Oracle Action" means Civil Action No. 1:06-cv-00414-SLR pending in the District of Delaware captioned *Oracle Corporation et al. v. epicRealm Licensing, LP.*

5.    "And" or "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

6.    "Any" shall be construed to include "any and all."

7.    "Including" shall be construed broadly, to mean "including but not limited to" or "including without limitation."

8.    "Communication" means any transmission of information from one person to another, including by personal meeting, telephone, facsimile, and electronic mail.

9.    The term "document" or "documents" is to be interpreted in the broadest sense allowed under the Federal Rules of Civil Procedure.

10.    "The '335 patent" means U.S. Patent No. 6,415,335, entitled "System and Method for Managing Dynamic Web Page Generation Requests."

11.    "The '554 patent" means U.S. Patent No. 5,894,554, entitled "System for Managing Dynamic Web Page Generation Requests by Intercepting Request at Web Server and Routing to Page Server thereby Releasing Web Server to Process Other Requests."

12.    "The epicRealm Patents" means the '554 patent and the '335 patent.

13.    "Your Web Site(s)" means any web site owned, operated, maintained or hosted by you including the web sites located at www.burlingtoncoatfactory.com.

2

14.   "Oracle Accused Products" means Oracle Web Cache, Oracle Application Server,

and/or Oracle Database, including all related Oracle software containing Oracle Web Cache,

Oracle Application Server, and/or Oracle Database.

## DOCUMENTS REQUESTED

1.   All documents relating to Oracle, including all documents relating to the Oracle Accused Products.

2.   Documents sufficient to identify the country or countries in which your computers, servers, and other computer equipment used to operate or host Your Web Site(s) are located.

3.   All documents provided to you by Oracle, including but not limited to specifications, slide shows, presentations, documentation, technical support, white papers, or manuals relating to Oracle Accused Products, including those relating to mod_OC4J and the Oracle Database Listener.

4.   All documents, reports and or post-purchase analyses on the predicted and actual benefits gained from your use of the Oracle Accused Products, including your changes in software, hardware, configurations, website efficiency (including request throughput and latency), sales, customers, and costs.

5.   All contracts, agreements or licenses relating to the Oracle Accused Products, and all documents relating to payment of fees thereunder.

6.   All documents relating to epicRealm, the epicRealm Patents and/or the Oracle Action.

3

## EXHIBIT B

PLEASE TAKE NOTICE that on February 27, 2008 at JENNER & BLOCK LLP, 919 Third Avenue, 37th Floor, New York, NY 10022-3908, or at such other time and place as agreed to by the parties, defendant and counterclaimant epicRealm Licensing, LP, pursuant to Federal Rules of Civil Procedure 30 and 45, and the definitions provided in Exhibit A, shall take the deposition upon oral examination of Burlington.  The deposition will continue from day to day until completed and shall be taken before a duly certified court reporter and notary public or other person authorized by law to administer oaths.  The deposition will be recorded by stenographic, sound and video means.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Burlington shall designate one or more officers, directors, managing agents or other representatives who consent to testify on its behalf, to testify to matters known or reasonably available to Burlington regarding the topics listed herein.  To the extent more than one deponent is identified, Burlington shall state in advance of the deposition which portions of this notice each deponent is prepared to address.

## 30(B)(6) DEPOSITION TOPICS

1.    Any current and past versions of the Oracle Accused Products that you use or have used from 1999 to present.

2.    Your decision to purchase and use the Oracle Accused Products, including the features of Oracle Accused Products that you consider or considered to be important to your purchase decision, including those relating to mod_OC4J and the Oracle Database Listener.

3.    The benefits gained from your use of the Oracle Accused Products, including your changes in software, hardware, configurations, website efficiency (including request throughput and latency), sales, customers and costs.

4.    The design, development, implementation and/or configuration of Your Web Site(s), including the architecture and country or countries in which your computers, servers, and other computer equipment used to operate or host Your Web Site(s) are located.

5.     Oracle's instructions, suggestions, or technical support provided to you on how Oracle Accused Products may be or should be configured in conjunction with your Web Site(s), including mod_OC4J and the Oracle Database Listener.

6.     Your communications with Oracle regarding epicRealm, the epicRealm Patents and/or the Oracle Action.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on February 7, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on February 7, 2008, the attached document was Electronically Mailed to the following person(s):

Mary B. Graham
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
MGraham@MNAT.com

James G. Gilliland
Theodore T. Herhold
Chad E. King
Robert J. Artuz
Eric M. Hutchins
Townsend and Townsend and Crew LLP
379 Lytton Avenue
Palo Alto, CA 94301
OracleEpicrealm@townsend.com

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

788480 / 31393 / Oracle