IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ORACLE CORPORATION and )
ORACLE U.S.A. INC., )
)
Plaintiffs/Counterdefendants, )   C.A. No. 06-414 (SLR)
)
v. )   REDACTED PUBLIC
)   VERSION
EPICREALM LICENSING, LP, )
)
Defendant/Counterclaimant. )

**ORACLE'S BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY
JUDGMENT OF NO WILLFUL INFRINGEMENT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
mgraham@mnat.com
jparrett@mnat.com
(302) 658-9200

OF COUNSEL:

James G. Gilliland
Theodore T. Herhold
Joseph A. Greco
Robert J. Artuz
Eric M. Hutchins
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, CA 94301
(650) 326-2400

*Attorneys for Oracle Corporation
and Oracle U.S.A. Inc.*

Dorian Daley
Peggy E. Bruggman
Matthew M. Sarboraria
ORACLE CORPORATION
ORACLE U.S.A., INC.
500 Oracle Parkway
Redwood Shores, CA 94065

DATED: July 31, 2008
Redacted Filing Date: August 7, 2008

# TABLE OF CONTENTS

Page

I.     NATURE AND STAGE OF THE PROCEEDINGS ........................................................1

II.    SUMMARY OF ARGUMENT ................................................................................2

III.   STATEMENT OF FACTS ....................................................................................5

      A.     EpicRealm Never Accused Oracle of Infringement Until
           epicRealm Filed Its Counterclaims in This Action in April 2007 ...........................5

      B.     Oracle Has Substantial Invalidity Defenses..................................................6

           1.     The Patent Office Granted Reexamination of the
                  epicRealm Patents and Rejected the Asserted Claims
                  Because There Are Substantial Questions Whether the
                  Patents Are Valid ...................................................................................6

           2.     ██████████████████████████████████████
                  ████████████.......................................................................7

           3.     Oracle's Motion for Summary Judgment Presents
                  Substantial Invalidity Defenses.................................................................9

      C.     Oracle Has Substantial Noninfringement Defenses...................................10

      D.     Oracle Had No Reason or Obligation To Investigate the Patents-
           in-Suit or To Take Action Against the Patents, Prior to January
           2006................................................................................................10

      E.     Oracle Acted Reasonably After January 2006 To Establish That
           It Is Not Infringing a Valid Claim of the epicRealm Patents................................12

IV.    LEGAL STANDARDS ........................................................................................13

      A.     Summary Judgment ...............................................................................13

      B.     Willful Infringement ..............................................................................14

V.     ARGUMENT ...................................................................................................17

      A.     EpicRealm's Willful Infringement Allegations Are Insufficient
           To Raise a Genuine Issue of Material Fact Under *Seagate* ...........................17

      B.     Oracle Has Not Acted Recklessly With Respect to the epicRealm
           Patents ...............................................................................................21

           1.     Oracle's Summary Judgment Motions Establish that
                  There Are at Least Substantial Questions Both as to the
                  Patents' Validity and Whether Oracle Infringes any
                  Asserted Claim...................................................................................21

        2.      The Patent Office's Reexaminations and Rejection of
Claims Demonstrate that There Are at Least Substantial
Questions as to the Patents' Validity and Enforceability ......................................22

        3.      ██████████████████████████████████████
██████████████████████████████.....................................23

    C.    The Citation of the '554 Patent During the Prosecution of
Oracle's Patent Applications Is Irrelevant to Willful Infringement ....................................24

        1.      Oracle Did Not Have Actual Notice of the Patents Prior
to January 2006 ...............................................................................................24

        2.      Regardless of Notice, Oracle Had No Affirmative Duty to
Investigate Whether It Was Infringing a Valid Claim of
the Patents or to Obtain an Opinion of Counsel .......................................27

        3.      EpicRealm's Willful Infringement Allegations Based on
Oracle's Alleged "Inaction" Contravene *Seagate's*
Overruling of *Underwater Devices* ..........................................................28

    D.    Oracle Acted Reasonably After Learning of the Patents in
January 2006 and Identified Good Faith Defenses to epicRealm's
Infringement Allegations ...........................................................................................29

    E.    EpicRealm's Failure to Move for a Preliminary Injunction and
the Patent Office's Reexamination of the Patents-in-Suit Preclude
Willful Infringement Allegations after the Filing of the
Complaint..................................................................................................................29

VI.    CONCLUSION...................................................................................................................30

# TABLE OF AUTHORITIES

<u>Page</u>

**Cases**

*Anderson v. Liberty Lobby, Inc.*
477 U.S. 242 (1986) ........................................................................................ 14, 16, 21

*Celotex Corp. v. Catrett*
477 U.S. 317 (1986) ........................................................................................ 13, 14

*Finisar Corp. v. DirecTV Group, Inc.*
523 F.3d 1323 (Fed. Cir. 2008) ..................................................................... 16

*In re Seagate Technology, LLC*
497 F.3d 1360, 1371 (Fed. Cir. 2007) .......................................................... passim

*Kruse, Inc. v. United States*
213 F. Supp. 2d 939 (N.D. Ind. 2002) .......................................................... 26

*Lucent Technologies., Inc. v. Gateway, Inc.*
No. 07-CV-2000-H (CAB) 2007 U.S. Dist.
LEXIS 95934 (S.D. Cal. Oct. 30, 2007) ....................................................... passim

*Underwater Devices Inc. v. Morrison-Knudsen Co.*
717 F.2d 1380 (Fed. Cir. 1983) ..................................................................... passim

**Statutes**

35 U.S.C. §303(a) ............................................................................................ 22

**Other Authorities**

RESTATEMENT (THIRD) OF AGENCY:
IMPUTATION OF NOTICE OF FACT TO PRINCIPAL § 5.04 (2006) ........................... 25

Plaintiffs and Counterdefendants Oracle Corporation and Oracle U.S.A. Inc. (jointly "Oracle") submit this brief in Support of Oracle's Motion for Partial Summary Judgment of No Willful Infringement.

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Oracle incorporates by reference its summary of the Nature and Stage of the Proceedings set forth in its Claim Construction Brief, filed herewith.[1]

Fact and expert discovery has been completed. During discovery, Oracle propounded an interrogatory to obtain epicRealm's contentions on willful infringement. EpicRealm's last supplementation of its response to the interrogatory was served on May 2, 2008. This motion demonstrates why epicRealm's contentions and evidence identified in that supplemental interrogatory response do not raise a genuine issue of material fact that Oracle has willfully infringed the patents-in-suit.

EpicRealm did not propound an interrogatory requesting Oracle's contentions as to why it does not willfully infringe. Rather, epicRealm propounded Rule 30(b)(6) deposition topics related to willful infringement. Oracle produced a witness, Matthew Sarboraria, its Senior Patent Counsel, on those topics and the deposition was completed on May 15, 2008. Mr. Sarboraria is submitting a declaration in support of this motion.

---

[1] In addition to the present brief, Oracle also files herewith: 1) Oracle's Opening Claim Construction Brief; 2) Oracle's Motion for Summary Judgment of Non-Infringement; 3) Oracle's Motion for Summary Judgment of Invalidity; 4) Oracle's Motion to Exclude Expert Report and Testimony of EpicRealm's Damages Expert, Michael J. Wagner; and 5) Oracle's Motion to Exclude Damages Based on Foreign Sales. Exhibits in support of Oracle's motions are contained in the Appendix of Exhibits in Support of Oracle's Motions, filed herewith. Evidentiary support for each of the exhibits is contained in the accompanying declarations in support of Oracle's motions.

## II.    SUMMARY OF ARGUMENT

1.     There is no evidence that Oracle has acted with "objective recklessness" towards the patents-in-suit. Consequently, summary judgment should be granted under the controlling Federal Circuit precedent, *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

2.     Oracle's motion is based on epicRealm's inability to satisfy its clear and convincing burden of proof on *Seagate*'s "objective recklessness" test, which requires that Oracle have "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Seagate*, 497 F.3d at 1371. Oracle's "state of mind" is not relevant to this test. *Id.*

3.     EpicRealm's '554 patent issued on April 13, 1999, and its '335 patent issued on July 2, 2002. EpicRealm does not deny that it *never* communicated to Oracle any allegation that any Oracle product infringed its patents until it filed its counterclaims in this declaratory relief action in April of 2007. Yet epicRealm contends that Oracle should be found liable for willful infringement, *i.e.*, that Oracle has been "objectively reckless" in the face of the patents.

4.     EpicRealm's contentions do not bear even the lightest scrutiny. Oracle did not learn of the patents-in-suit, or the possibility that epicRealm *might* contend that Oracle products infringe them, until January 2006, when Safelite, an Oracle customer that epicRealm had sued in Texas, made an indemnity claim on Oracle. Indeed, far from being reckless, upon first learning that its products *might* be subject to an infringement claim, and more than a year before they actually were, Oracle promptly and diligently investigated the patents, including: (a) retaining the law firm of Townsend and Townsend and Crew LLP to investigate potential infringement and invalidity claims, as reflected in the claims and defenses in this action; (b) retaining the law firm of McDonnell Boehnen Hulbert & Berghoff LLP to further investigate the validity of the patents-in-suit, including the substantial prior art already identified in the Texas Action; and (c) filing reexamination requests with the Patent Office.

5.      In the face of its own unreasonable delay in asserting any infringement claims against Oracle and Oracle's diligence following Safelite's indemnification suit, epicRealm now strains to maintain a willfulness claim based on the mere citation of the patents-in-suit (among many other references) during the prosecution of Oracle's own patent applications. EpicRealm's argument turns -- and ultimately fails -- on the unsupported proposition that the citation of a first party's patent as *prior art* during the prosecution of a second party's patent triggers a duty to investigate potential *infringement* of the first party's patent. *Seagate* unequivocally holds that no such duty exists. Indeed, taken to its logical conclusion, epicRealm's argument would lead to absurd results, requiring patent applicants to investigate virtually every prior art patent cited during prosecution for potential infringement and invalidity.

6.      Even after Oracle filed this action in June 2006, seeking a declaratory judgment that the patents-in-suit are not infringed and invalid, epicRealm did not make an infringement claim. Instead, epicRealm moved to transfer this action and informed the Court that it did not agree that there was even a case or controversy between the parties. Only after the Court denied the motion for transfer did epicRealm finally accuse Oracle of infringement by filing counterclaims in April 2007.

7.      Oracle has substantial defenses of both noninfringement and patent invalidity, which have been disclosed in this case and which form the basis for Oracle's concurrently filed motions for summary judgment. These defenses preclude any finding that Oracle has acted "recklessly" under the *Seagate* standard.

8.      The Patent Office has granted reexamination of both patents-in-suit, finding that the requests for reexamination filed by Oracle and others raise "a *substantial* new question of patentability" as to all the claims in both patents. In addition, the Patent Office has issued an

Office action in the reexamination of the '554 patent, rejecting all the claims as anticipated by and invalid in light of at least six prior art references. (The Patent Office has not yet issued an Office Action in the '335 patent reexamination.) Again, these substantial issues as to the patents' validity preclude a finding that Oracle has acted "recklessly" under the *Seagate* standard.

9. ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████

10.    Based on the undisputed facts in this case, no reasonable jury could find that Oracle has acted with "objective recklessness," *i.e.*, "despite an objectively high likelihood that its actions constituted infringement of a valid patent," as required by the controlling Federal Circuit precedent, *Seagate*, 497 F.3d at 1371. The Court should, therefore, grant Oracle partial summary judgment that it does not willfully infringe any claim of the patents-in-suit.

III.    **STATEMENT OF FACTS**[2]

    A.    **EpicRealm Never Accused Oracle of Infringement Until epicRealm Filed Its Counterclaims in This Action in April 2007**

        EpicRealm contends that Oracle began infringing the patents-in-suit in November 2000. Declaration of Theodore T. Herhold in Support of Oracle's Opening Claim Construction Brief and Motions ("Herhold Decl."), ¶3. Not once, however, did epicRealm send Oracle a letter alleging infringement or communicate to Oracle in any way that Oracle was allegedly infringing epicRealm's patents. The first time epicRealm accused Oracle of infringing the patents-in-suit was when epicRealm filed its counterclaims in this action on April 13, 2007. Declaration of Matthew Sarboraria in Support of Oracle's Motion for Partial Summary Judgment of No Willful Infringement ("Sarboraria Decl."), ¶7.

        Oracle filed this action on June 30, 2006, seeking a declaratory judgment that Oracle does not infringe the patents-in-suit and that the patents are invalid. The complaint was based on events that took place in an action that epicRealm filed in the Eastern District of Texas against numerous defendants, including Safelite Group, Inc., an Oracle customer ("the Texas Action"). EpicRealm did not name Oracle in that case, nor did it explicitly accuse any Oracle software of infringement. But during the course of discovery, Safelite concluded that epicRealm was accusing software that Safelite had purchased from Oracle of infringing the patents-in-suit. *See* Complaint (D.I. 1), ¶¶17-25 and Exh. C; Sarboraria Decl., ¶5. On January 26, 2006, Safelite sent Oracle a letter, demanding indemnity, and joined Oracle in the Texas Action as a third-party defendant. Complaint, ¶¶18-22; Sarboraria Decl., ¶6. This was the first time Oracle learned that

---

[2] The Statement of Facts in Oracle's opening brief on Claim Construction contains background on the parties and general facts of the case. This motion sets forth more detailed facts concerning epicRealm's willful infringement allegations.

epicRealm might be contending that the patents-in-suit covered Oracle's products. *Id.*

Oracle and Safelite settled the indemnity claim, and Safelite dismissed Oracle from the Texas action. Sarboraria Decl., ¶9. Oracle promptly filed this case after that settlement. *Id.* EpicRealm moved to transfer this case to the Eastern District of Texas. In its motion, epicRealm explicitly suggested that, because epicRealm had not accused Oracle of infringement, there was no pending case or controversy between epicRealm and Oracle: "EpicRealm does not agree that subject matter jurisdiction exists for these declaratory judgment claims, and epicRealm reserves the right to challenge subject matter jurisdiction at a later date." Defendant EpicRealm Licensing, LP's Motion to Consolidate and Transfer (D.I. 10) at p. 2 n.1.

EpicRealm did not accuse Oracle of infringing the patents-in-suit while the transfer motion was pending. Sarboraria Decl., ¶7. The Court denied the transfer motion on March 26, 2007. D.I. 21. EpicRealm answered the complaint and filed its infringement counterclaims on April 13, 2007. D.I. 25.

### B.    Oracle Has Substantial Invalidity Defenses

#### 1.    The Patent Office Granted Reexamination of the epicRealm Patents and Rejected the Asserted Claims Because There Are Substantial Questions Whether the Patents Are Valid

The Patent Office granted Oracle's requests to re-examine the validity of both of the patents asserted here.[3] The Patent Office found that "[a] substantial new question of patentability affecting claims 1-11 of United States Patent Number 5,894,554 to Lowery is raised by the

---

[3] Two entities in addition to Oracle filed requests for reexamination of the patents-in-suit. These requests also were granted and the Patent Office subsequently consolidated the reexamination proceedings. Sarboraria Decl., ¶11. One of those entities, the Public Patent Foundation is "a not-for-profit legal services organization that represents the public's interests against the harms caused by errors in the patent system, particularly the harms caused by undeserved patents ...." *See* http://www.pubpat.org/About.htm.

request for reexamination filed on March 29, 2007 ...." Sarboraria Decl., ¶12 and Appendix

Exhibit A8.[4] The Patent Office also found that "[a] substantial new question of patentability

affecting claims 1-29 of United States Patent Number 6,415,3356 (sic) to Lowery is raised by the

request for reexamination filed on March 29, 2007 ...." Sarboraria Decl., ¶12 and A9.

      The Patent Office issued an Office Action on June 30, 2008, rejecting *all* claims of the

'554 patent as being anticipated by at least six prior art references and thus invalid. Sarboraria

Decl., ¶12 and A10. EpicRealm has two months from the date of the Office Action to respond.

*Id.* The Patent Office has not to date issued an Office Action in the '335 patent reexamination.

Sarboraria Decl., ¶12. The fact that the Patent Office is reconsidering the validity of the patents-

in-suit undermines epicRealm's allegations that Oracle's continued sale of the accused products is

reckless.

      2.



---

[4] Appendix Exhibits are contained in Oracle's Appendix of Exhibits in Support of Oracle's Opening Claim Construction Brief and Motions Filed on July 31, 2008, and are subsequently referred to herein by number as "A____."





**3.     Oracle's Motion for Summary Judgment Presents Substantial Invalidity Defenses**

Oracle is filing concurrently a motion for summary judgment that the asserted claims of the patents-in-suit are invalid.  The motion is supported by the Declaration of Michael Shamos, Ph.D.  Dr. Shamos holds a doctorate in Computer Science.  The Court will have the opportunity to consider that motion, including Dr. Shamos's opinions.  Regardless of whether the Court decides to grant summary judgment of invalidity, the invalidity defenses presented in the motion

are substantial defenses, presented in good faith, and rebut epicRealm's allegations that Oracle

has acted "recklessly" with respect to the patents-in-suit.

### C.     Oracle Has Substantial Noninfringement Defenses

Oracle also is filing concurrently a motion for summary judgment that Oracle does not

infringe any of the asserted claims of the patents-in-suit.  The motion is supported by the

Declaration of Paul Clark, D.Sc.  Dr. Clark holds a doctorate in Computer Science.  As with the

invalidity motion, the Court will have the opportunity to consider the noninfringement motion,

including Dr. Clark's opinions.  Regardless of whether the Court decides to grant summary

judgment of noninfringement, the noninfringement defenses presented in the motion are

substantial defenses, presented in good faith, and rebut epicRealm's allegations that Oracle has

acted "recklessly" with respect to the patents-in-suit.

### D.     Oracle Had No Reason or Obligation To Investigate the Patents-in-Suit or To Take Action Against the Patents, Prior to January 2006.

EpicRealm contends that Oracle "has known of the patents-in-suit since at least when the

'554 patent was disclosed during the prosecution of U.S. Patent Applications assigned to Oracle."

A36 [EpicRealm's May 2, 2008 Supplemental Interrogatory Response], at p. 6.  EpicRealm has

identified no evidence, however, that any Oracle employee or attorney read the claims of the

patents-in-suit prior to January 2006 and compared them to Oracle's products.  *Id.*; Sarboraria

Decl., ¶15.  Absent some indication from epicRealm that Oracle was infringing its patents,

Oracle had no reason, and no obligation, to pick the epicRealm patents out of the thousands of

prior art United States patents that are cited in Oracle patent applications and perform an

infringement analysis on them. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬

Oracle owns over 1,500 issued United States patents. *Id.*, ¶ 16.



Thousands of prior art United States patents are cited in Oracle patent applications. *Id.*, ¶16.

The examples of the '554 patent's citation in Oracle patent applications on which epicRealm relies to argue that Oracle had "knowledge" of the patents actually demonstrate why Oracle could *not* reasonably have known that there was any issue regarding infringement of the epicRealm patents prior to January 2006. As epicRealm contends, the '554 patent was cited by the Patent Examiner in an Oracle application that eventually became Oracle's U.S. Patent No. 6,845,505. The Patent Examiner cited the '554 patent in connection with an Office Action, dated August 23, 2000. Sarboraria Decl., ¶17 and A6 at p. ORCL01623276. The Examiner did not, however, make the '554 patent a basis for the rejection of any claims or otherwise give any indication of why she was citing it or that it had any particular importance to the application. *Id.*, ¶17. Indeed, the '554 patent is merely listed, without comment, among other prior art in a separate form at the end of the Office Action. It is not discussed or even mentioned in the Examiner's substantive remarks in the body of the Office Action. *Id.*

As epicRealm also contends, the '554 patent was cited in an Information Disclosure

Statement filed on November 29, 2000 in an Oracle application that became U.S. Patent No. 6,334,114. Sarboraria Decl., ¶18 and A66. Again, the Examiner never relied on the '554 patent to reject claims and did not give any indication that the '554 patent had any particular importance to the Oracle '114 patent application. *Id.*, ¶18. ████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████  ████████████████

████████████████████████████████

████████████████████████

### E.    Oracle Acted Reasonably After January 2006 To Establish That It Is Not Infringing a Valid Claim of the epicRealm Patents

Oracle acted promptly and reasonably when it was first informed by Safelite that epicRealm may be claiming that Oracle products infringed the patents-in-suit. Oracle immediately hired outside counsel to investigate epicRealm's patents. Sarboraria Decl., ¶8. Oracle hired a separate law firm to investigate the prior art and to prepare requests for reexamination of the epicRealm patents-in-suit to be filed with the Patent Office. *Id.* Oracle settled the indemnity claim with Safelite and was dismissed from the Texas Action. *Id.*, ¶9.

---

[6] While not mentioned in epicRealm's final interrogatory responses, Oracle notes that, based on an investigation Oracle's counsel performed in this litigation, the '554 patent and '335 patent were cited in other Oracle patent applications that matured into United States Patent Nos. 6,710,786; 7,058,700; 7,251,700; 7,269,692; and 7,302,370. These citations were all subsequent to the citations referenced in epicRealm's interrogatory responses. In fact, two of them appear to be after January 2006, when Oracle admits it became aware of the patents-in-suit, and two of them appear to have been made in December 2005. As with those prior citations, the Examiners did not use these later citations to reject claims and did not give any indication that the patents-in-suit had any particular importance to the Oracle patent applications. It is common practice for prosecuting attorneys to cite in pending applications all prior art that was cited in earlier applications in the same patent family or subject matter area. *See* Sarboraria Decl., ¶18.

Because Oracle wanted to protect other of its customers from being sued by epicRealm, and since epicRealm had not sued Oracle in the Texas Action, Oracle promptly filed this action, requesting declaratory relief that Oracle's products do not infringe the patents-in-suit and that the patents are invalid. *Id.*

Oracle's outside litigation counsel developed multiple noninfringement and invalidity defenses, some of which form the basis for Oracle's accompanying summary judgment motions. *Id.*, ¶10. Moreover, the Patent Office granted the requests for reexamination filed by Oracle's other outside counsel on both of the patents-in-suit because there is a "substantial question" about their validity. *Id.*, ¶12 and A8 and A9. Indeed, the Patent Office recently issued an Office Action in the '554 patent reexamination, rejecting all claims as being anticipated and invalid in light of the prior art. *Id.*, ¶12 and A10. All these undisputed facts establish that, far from acting "recklessly" with respect to the patents-in-suit, Oracle has acted reasonably and has substantial, good faith defenses to epicRealm's claims.

## IV.    LEGAL STANDARDS

### A.    Summary Judgment

The Court should grant summary judgment under Fed. R. Civ. P. 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). Where, as here, the nonmoving party (epicRealm) bears the burden of persuasion at trial to prove willful infringement, the moving party's (Oracle's) burden "may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once Oracle, as the moving party, meets its initial burden under Rule 56, the burden shifts to epicRealm, the party resisting the motion, which must set forth specific facts showing that there is a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-56 (1986). EpicRealm bears the burden of proving willful infringement by "clear and convincing evidence." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). EpicRealm's opposing evidence must be sufficiently probative to permit a reasonable trier of fact to find in favor of epicRealm. *Anderson,* 477 U.S. at 249-50. If epicRealm fails to make a sufficient showing of an element of its case -- *i.e.*, that it has evidence a reasonable jury could find to be a "clear and convincing" showing of willful infringement -- Oracle should be granted judgment as a matter of law on epicRealm's willful infringement allegations. *See Celotex,* 477 U.S. at 322-23.

## B.    Willful Infringement

This case is governed by the Federal Circuit's recent en banc *Seagate* opinion. *Seagate* explicitly overruled a prior Federal Circuit case, *Underwater Devices Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380 (Fed. Cir. 1983), which had established an "affirmative duty of care" where a potential infringer has "actual notice of another's patent rights." *Seagate* described the *Underwater Devices* holding that was overruled:

> "Where . . . a potential infringer has actual notice of another's patent rights, he has an affirmative duty to exercise due care to determine whether or not he is infringing. Such an affirmative duty includes, *inter alia,* the duty to seek and obtain competent legal advice from counsel *before* the initiation of any possible infringing activity."

*Seagate*, 497 F.3d at 1368-69 (quoting *Underwater Devices*, 717 F.2d at 1389-90). In *Seagate*, the Federal Circuit found this standard to be inconsistent with Supreme Court precedents "on the meaning of willfulness as a statutory condition of civil liability for punitive damages." *Seagate,* 497 F.3d at 1370-71. The Federal Circuit held that:

> In contrast, the duty of care announced in *Underwater Devices* sets a lower threshold for willful infringement that is more akin to negligence. This standard fails to comport with the general understanding of willfulness in the civil context, *Richlard Shoe Co.*, 486 U.S. at 133, 108 S.Ct. 1677 ("The word 'willful' . . . is generally understood to refer to conduct that is not merely negligent."), and it allows for punitive damages in a manner inconsistent with Supreme Court precedent . . . .

*Seagate*, 497 F.3d at 1371 (citations omitted). Based on this analysis, the Federal Circuit went on to explicitly overrule the "affirmative duty of care" established by *Underwater Devices* and to establish a new standard for willful infringement, requiring proof that an accused infringer at least has acted with "objective recklessness":

> Accordingly, we overrule the standard set out in *Underwater Devices* and hold that proof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness. Because we abandon the affirmative duty of due care, we also reemphasize that there is no affirmative obligation to obtain opinion of counsel.

*Id.* at 1371.

Seagate sets forth two requirements that a patent owner must prove with clear and convincing evidence to establish willfulness. Oracle bases this motion on epicRealm's inability to raise a genuine issue of material fact as to the first element of proof:

> [T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. *See Safeco*, 127 S.Ct. at 2215 ("It is [a] high risk of harm, objectively assessed, that is the essence of recklessness at common law."). *The state of mind of the accused infringer is not relevant to this test.*

*Seagate*, 497 F.3d at 1371 (emphasis added). In the context of a motion for summary judgment of no willful infringement, therefore, the patent owner must show that it has clear and convincing evidence sufficient "for a reasonable trier of fact to find that there was an objectively high risk of infringement." *Lucent Technologies., Inc. v. Gateway, Inc.,* No. 07-CV-2000-H (CAB) 2007 U.S. Dist. LEXIS 95934, at *20 (S.D. Cal. Oct. 30, 2007); *Anderson v. Liberty Lobby, Inc.,* 477

U.S. at 248-56.

Only if a patent owner can meet that first test does the alleged infringer's "state of mind"

become relevant:

> If this threshold objective standard is satisfied, the patentee must also demonstrate
> that this objectively-defined risk (determined by the record developed in the
> infringement proceeding) was either known or so obvious that it should have been
> known to the accused infringer.

*Seagate*, 497 F.3d at 1371.  While epicRealm cannot satisfy the second test either, it is

not addressed in this motion.  Because Oracle did not act recklessly with respect to the

patents-in-suit, and because epicRealm has failed to meet its burden of disclosing

evidence that raises a genuine dispute of material fact on this issue, Oracle's state of mind

is not relevant to whether the Court should grant Oracle partial summary judgment.

A patent owner's showing of recklessness must be as to *both* infringement and

validity.  If an accused infringer has a reasonable basis for concluding that patent claims

*either* are not infringed *or* are invalid, its behavior is not reckless.  *See Finisar Corp. v.*

*DirecTV Group, Inc.*, 523 F.3d 1323, 1339 (Fed. Cir. 2008); *Lucent,* 2007 U.S. Dist.

LEXIS 95934, at *14 ("Success on an invalidity defense could render the question of

infringement moot, so the likelihood of invalidity must be considered along with any

other relevant factors.").

The Patent Office's granting of a request for reexamination of a patent-in-suit,

even absent an Office Action rejecting the claims, is an important factor tending to

disprove an accused infringer's alleged willful infringement.  *Id.* at *17 ("Although there

is a presumption of validity for issued patents, *35 U.S.C. § 282*, the [reexamination]

orders undoubtedly recognize a substantial question regarding patentability, even viewed

in a light favorable to Plaintiffs.").  Indeed, *Lucent* held that the orders granting

- 16 -

reexamination were *dispositive* evidence with respect to any willful infringement allegations based on conduct after filing of the complaint. *Id.* at *18-19. In addition, *Seagate* held that a patent owner who does not move for a preliminary injunction "should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct." *Seagate*, 497 F.3d at 1374.

## V.     ARGUMENT

### A.     EpicRealm's Willful Infringement Allegations Are Insufficient To Raise a Genuine Issue of Material Fact Under *Seagate*

No reasonable jury could find willful infringement on the facts of this case. EpicRealm sat on its patent rights for years, never giving Oracle the slightest indication that epicRealm believed Oracle was infringing. Then epicRealm filed an action in Texas which did not name Oracle as a defendant. Even when Oracle took the initiative and filed this declaratory relief action, epicRealm initially told the Court that there was no case or controversy between the parties. Yet epicRealm now argues that Oracle has been "reckless" for not somehow identifying these patents and taking action against them sooner.

EpicRealm maintains its baseless allegations of "recklessness" even though the Patent Office has found that there is "a substantial new question of patentability" as to all the claims of both patents, and has issued an explicit rejection of all the claims of the '554 patent. ████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

The facts that epicRealm has disclosed to support its willful infringement allegations are insufficient as a matter of law. Oracle's Interrogatory No. 5 provides:

- 17 -

> State all facts supporting epicRealm's contention that Oracle's alleged
> infringement has been willful and that Oracle's alleged activities justify an award
> of "increased damages under 35 U.S.C. § 284."

A36 at p. 6. EpicRealm served its last supplemental response to Interrogatory No. 5 on May 2,

2008. *Id.* (last unnumbered page is Certificate of Service). EpicRealm's supplemental response

stated five bases for its willful infringement allegations. Oracle lists them below (omitting

epicRealm's objections), adding a number in front of each basis:

> 1. Subject to and without waiving its General Objections and specific objections,
> epicRealm's contention that Oracle's infringement has been willful is based, first,
> on the fact that Oracle has known of the patents-in-suit since at least when the
> '554 patent was disclosed during the prosecution of U.S. Patent Applications
> assigned to Oracle, including but not limited to, U.S. Patent Application Nos.
> 08/794,269 (which was filed on February 3, 1997 and issued as U.S. Patent No.
> 6,845,505 on January 18, 2005), and 08/962,536 (which was filed on October 31,
> 1997 and issued as U.S. Patent No. 6,334,114 on December 25, 2001).

> 2. Second, Oracle has provided no facts supporting its contention here that it does
> not infringe, that epicRealm's patent claims are invalid, or that Oracle is not a
> willful infringer.

> 3. Third, Oracle's 2006 and 2007 SEC 10-K filings stating that as Defendants in
> certain identified actions Oracle has "meritorious defenses," coupled with the fact
> that there is no statement that Oracle believes that it has "meritorious defenses" in
> this action.

> 4. Fourth, Oracle has failed to rely on an opinion of counsel to rebut epicRealm's
> charges of willful infringement.

> 5. Lastly, Oracle continues to willfully infringe the patents-in-suit because ███████
> ████████████████████████████████████████████████████

A36 at p. 6. Allegation Nos. 2, 3, 4 and 5 can be dealt with summarily as insufficient to raise a

genuine issue of material fact requiring a trial. Allegation number 1 is discussed in more depth

in Section V.C, *infra.*

Allegation No. 2 is plainly wrong. Oracle responded to all of epicRealm's

interrogatories, including those requesting Oracle's noninfringement and invalidity contentions.

Herhold Decl., ¶4. EpicRealm did not move to compel further responses to those interrogatories. *Id.* EpicRealm did not propound an interrogatory requesting Oracle's contentions that it does not willfully infringe. *Id.* Oracle produced a witness on epicRealm's Rule 30(b)(6) deposition topics relating to willful infringement. *Id.*, ¶5. Oracle timely submitted expert reports on invalidity and noninfringement which set forth in detail the factual bases for Oracle's defenses, including identification of supporting source code, product documentation, and testimony. *Id.*, ¶6. Oracle thus met all its disclosure obligations regarding its defenses in this case. Some of those defenses are the basis for this motion, as well as the concurrently filed motions for summary judgment of noninfringement and invalidity. As shown in Section V.B, *infra*, those defenses are substantial and thus conclusively rebut any allegation that Oracle has acted recklessly in this case.

Allegation No. 3 makes no sense and further highlights the tenuousness of epicRealm's willful infringement claim. At the time of epicRealm's supplemental interrogatory response, Oracle had not yet filed *any* statement with the SEC about this case -- a fact that epicRealm chose to ignore in its carefully worded interrogatory response. Sarboraria Decl., ¶22. The first SEC filing that references this case, dated July 2, 2008, was filed in compliance with SEC guidelines and states that Oracle has "meritorious defenses" to epicRealm's allegations; it provides in pertinent part:

> The parties currently are conducting discovery. Briefing on claims construction and summary judgment motions is scheduled for the summer of 2008. A Markman hearing and oral argument on summary judgment motions are both set for September 26, 2008. Trial is scheduled to begin on January 12, 2009. *We believe that we have meritorious defenses against EpicRealm's counterclaims, and we will continue to vigorously defend against those counterclaims.*

*Id.*, ¶22 and A60 at p. 110 (emphasis added). Oracle also has disclosed those meritorious defenses in its discovery responses, expert reports, and summary judgment motions, as discussed above. Allegation No. 3 cannot raise a genuine dispute of material fact that

Oracle has acted recklessly.

     Allegation No. 4 cannot provide the basis for a finding of willful infringement, as a matter of law. *Seagate* overruled *Underwater Devices'* "affirmative duty of due care" and held that an accused infringer has no duty to obtain an opinion of counsel:

> Because we abandon the affirmative duty of due care, we also reemphasize that there is no affirmative obligation to obtain opinion of counsel.

497 F.3d at 1371. Because epicRealm never gave Oracle notice of the alleged infringement, Oracle chose to bring an action for declaratory relief in this Court and to file requests for reexamination with the Patent Office, rather than seek a separate "opinion of counsel." Sarboraria Decl., ¶13. This reasonable decision cannot raise a genuine issue of material fact that Oracle has acted recklessly because *Seagate* establishes that Oracle had no duty to obtain such an "opinion of counsel."

     Allegation No. 5 again makes no sense. ████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████ Such a result would be directly contrary to *Seagate*, which requires that to prove willful infringement a patent owner must introduce clear and convincing evidence that the accused infringer "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Seagate*, 497 F.3d at 1371. The inquiry must, therefore, be directed towards the merits of the accused infringer's defenses. ███
████████████████████████████████████████████████████████

EpicRealm's willful infringement Allegation Nos. 2 through 5 are insufficient "for a reasonable trier of fact to find that there was an objectively high risk of infringement." *Lucent*, 2007 U.S. Dist. LEXIS 95934, at *20. Accordingly, epicRealm cannot meet its burden, as the non-moving party, of presenting sufficient evidence to avoid partial summary judgment of no willful infringement. *Anderson*, 477 U.S. at 249-250. EpicRealm's willful infringement Allegation No. 1 is also insufficient to avoid partial summary judgment, as it pertains only to whether Oracle had "knowledge" of the patents prior to January 2006, and not to whether Oracle has acted "recklessly." As discussed below, epicRealm does not have sufficient evidence to warrant a trial on this issue, regardless of when Oracle is deemed to have had "knowledge" or "actual notice" of the patents.

**B.     Oracle Has Not Acted Recklessly With Respect to the epicRealm Patents**

**1.     Oracle's Summary Judgment Motions Establish that There Are at Least Substantial Questions Both as to the Patents' Validity and Whether Oracle Infringes any Asserted Claim**

EpicRealm's willful infringement contentions never state that Oracle's noninfringement and invalidity defenses lack substance or are presented recklessly or in bad faith. None of epicRealm's allegations can, therefore, sustain a claim of willful infringement. As stated above, Oracle has relied on some of its defenses to infringement and validity in its accompanying summary judgment motions. The defenses Oracle has argued and documented in these motions conclusively rebut any allegation that Oracle has acted with "objective recklessness," *i.e.*, "despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Seagate*, 497 F.3d at 1371. Oracle's defenses are supported by the expert testimony of two highly qualified experts with doctorates in Computer Science. Whether or not Oracle ultimately prevails on its noninfringement or invalidity defenses is not, of course, the issue under *Seagate*'s "recklessness" standard. As the district court held in *Lucent*:

- 21 -

> The Court concludes that there is not a question close enough for a reasonable
> trier of fact to find that there was an objectively high risk of infringement. The
> Supreme Court's Safeco opinion, which formed part of the foundation of Seagate,
> indicates that this risk must be substantially more than that associated with a
> merely careless reading of the patent. See *Safeco Ins. Co., 127 S.Ct. at 2215*. The
> expert opinions present complex technical questions and highly disputed issues of
> infringement that are not in Plaintiffs' favor by clear and convincing evidence.

*Lucent*, 2007 U.S. Dist. LEXIS 95934, at *20.    Similarly, epicRealm cannot prove that the

disputed issues of infringement and validity are in epicRealm's favor by clear and convincing

evidence.  Therefore, epicRealm has not raised a genuine issue of material fact on the first

"objective" prong of the *Seagate* standard for willful infringement.  *Seagate*, 497 F.3d at 1371.

The Court should grant Oracle's motion for partial summary judgment.

### 2.      The Patent Office's Reexaminations and Rejection of Claims Demonstrate that There Are at Least Substantial Questions as to the Patents' Validity and Enforceability

To grant a request for reexamination, the Patent Office must find that "a *substantial* new

question of patentability affecting any claim of the patent concerned is raised by the request . . .

." 35 U.S.C. §303(a).  If the Patent Office itself perceives a substantial question as to whether

the patentee's rights are valid, an accused infringer should not be found "reckless" for contending

that the patent is invalid.  If the Patent Office itself is reconsidering whether the patent should be

revoked, an accused infringer surely would not be acting "despite an objectively high likelihood

that its actions constituted infringement of a valid patent," as required by *Seagate*, 497 F.3d at

1371. As the district court found in *Lucent*:

> Although there is a presumption of validity for issued patents, *35 U.S.C. § 282*,
> the [reexamination] orders undoubtedly recognize a substantial question regarding
> patentability, even viewed in a light favorable to Plaintiffs.  See *35 U.S.C. § 304*
> (requiring the Director to issue an reexamination order upon finding "a substantial
> new question of patentability").  The Court concludes that the PTO's
> determination of a substantial question of patentability supports Defendants'
> position, even though these orders are preliminary and any reexamination may be
> subject to court review under *35 U.S.C. § 306*.

*Lucent*, 2007 U.S. Dist. LEXIS 95934, at *17.  In *Lucent,* the district court granted defendants'
motion for partial summary judgment of no willful infringement, based in part on the
reexamination orders.  *Id.* at *25.

  This case presents even more compelling facts rebutting willful infringement than *Lucent*,
because the Patent Office not only has granted reexamination of both patents, but also has issued
an Office action rejecting all claims of the '554 patent as being anticipated and invalid in light of
at least six separate prior art references.  Sarboraria Decl., ¶12 and A10.[7]  The Patent Office's
actions provide an additional grounds for finding that epicRealm has not raised a genuine issue
of material fact on the "objective" test of the *Seagate* standard for willful infringement and that
Oracle's motion for partial summary judgment of no willful infringement should be granted.
*Seagate*, 497 F.3d at 1371; *Lucent*, 2007 U.S. Dist. LEXIS 95934, at *20.

    **3.**



---

[7]  The Patent Office has not to date issued an Office Action on the '335 patent.  Sarboraria Decl.,
¶12.



**C.     The Citation of the '554 Patent During the Prosecution of Oracle's Patent Applications Is Irrelevant to Willful Infringement**

      **1.     Oracle Did Not Have Actual Notice of the Patents Prior to January 2006**

As discussed above, epicRealm's Allegation No. 1 states that Oracle is a willful infringer merely because Oracle had "knowledge" of the patents in 2000. This allegation fails for multiple reasons.

The overruled *Underwater Devices*' standard imposed an affirmative duty of care when "a potential infringer has actual notice of another's patent rights." *Seagate*, 497 F.3d at 1368 (quoting *Underwater Devices*, 717 F.2d at 1389-90). *Seagate* did not discuss whether the "actual notice" standard still applies to the "recklessness" determination or, if it does, what constitutes actual notice for purposes of willful infringement under the new "recklessness" standard. Nor does other Federal Circuit or district court case law appear to provide discernable standards for what constitutes "actual notice of another's patent rights" for purposes of willful infringement.

EpicRealm has not, in any event, disclosed evidence that Oracle had "actual notice of epicRealm's patent rights" prior to January 26, 2006. EpicRealm never communicated with Oracle about the patents-in-suit prior to January 26, 2006. Sarboraria Decl., ¶7. EpicRealm has no evidence that any Oracle attorney, employee, or agent read the claims of the patents-in-suit prior to January 26, 2006. The only evidence epicRealm discloses in its interrogatory response that Oracle "has known" of the patents prior to January 26, 2006 is that the '554 patent was cited

as prior art in two of Oracle's own patent applications (in August and November 2000).  A36 at
p. 6.

The mere citation of one of the patents as prior art in Oracle's own patent applications
should not constitute "actual notice" of epicRealm's patent rights. █████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████
███████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
███████████████████████████████████████████
████████████████████████████████████████████████████████████
█████████████████████████████ Nor does epicRealm have any evidence that any Oracle inside
counsel or other Oracle employee was aware of the '554 patent prior to January 26, 2006.  *Id.*

Under standard agency law principles, ████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████████████████████ An agent's notice of a fact that the agent "knows or has
reason to know" is imputed to the principal only if "knowledge of the fact is material to the
agent's duties to the principal."  RESTATEMENT (THIRD) OF AGENCY: IMPUTATION OF NOTICE OF
FACT TO PRINCIPAL § 5.04 (2006).  In *Vechery v. Hartford Accident and Indem. Ins. Co.*, 121
A.2d 681, 684 (Del. 1956), the Supreme Court of Delaware held that the knowledge of an agent
was not imputed to the principal because the knowledge was outside the scope of his
employment.  There, the agent was licensed by the principal, appellee-insurance company, "for
the purpose of soliciting applications for insurance."  *Id.* at 682.  The agent was aware that a

lawsuit had been served on one of the principal's insured, and appellants sought to impute the agent's knowledge of the lawsuit to the principal. *Id.* at 684. The court, however, held that because the "agency was limited to negotiating the sale of insurance," knowledge of the lawsuit was not imputable to the principal. *Id.* In summarizing the crux of the issue, the court held that "such knowledge or notice must pertain to the duties of the agent, the subject matter of his employment and must not affect matters outside the scope of his employment." *Id.* Federal courts in other jurisdictions have applied the same basic principles for imputation of knowledge to a corporation. *See, e.g., Kruse, Inc. v. United States*, 213 F. Supp. 2d 939, 942 (N.D. Ind. 2002) ("Only knowledge obtained by corporate employees *acting within the scope of their employment* is imputed to the corporation." (emphasis added) (quoting *United States v. One Parcel of Land*, 965 F.2d 311, 316 (7th Cir. 1992))).

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████ Thousands of prior art United States patents are cited in Oracle's patent applications. Sarboraria Decl., ¶16. The relevance of these prior art patents is the subject matter they disclose and whether that subject matter may preclude Oracle from obtaining patent claims it is seeking. *Id.*, ¶19. ████████████

██████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████████████

██████████████████████ Only if there were evidence that Oracle or its counsel reviewed the claims of the prior art patents for purposes of analyzing whether they covered

Oracle products could Oracle be charged with "actual notice" for purposes of willful

infringement. EpicRealm has no evidence that anything of the sort happened in this case prior to

January 26, 2006 (when Oracle admits it began analyzing the patents-in-suit). Oracle could not

have willfully infringed the patents-in-suit prior to January 26, 2006 because it did not have

"actual notice of epicRealm's patent rights." *Seagate*, 497 F.3d at 1371.

> **2.    Regardless of Notice, Oracle Had No Affirmative Duty to Investigate Whether It Was Infringing a Valid Claim of the Patents or to Obtain an Opinion of Counsel**

Even if Oracle is deemed to have had "actual notice of epicRealm's patent rights" as of

August or November 2000, this alone is insufficient to raise a genuine issue of material fact as to

willful infringement. *Seagate* abandoned the "affirmative duty of due care" that *Underwater

Devices* had held to apply when "a potential infringer has actual notice of another's patent

rights." 497 F.3d at 1368, 1371 (quoting *Underwater Devices*, 717 F.2d at 1389-90). *Seagate*

held unequivocally that "[b]ecause we abandon the affirmative duty of due care, we also

reemphasize that there is no affirmative obligation to obtain opinion of counsel." 497 F.3d at

1371. Therefore, even if Oracle is charged with "actual notice of epicRealm's patent rights" in

2000, Oracle had no obligation to obtain an opinion of counsel analyzing the claims against

Oracle's products or planned products. In fact, even if there were some inference that Oracle

read the claims, that still would not raise a genuine issue of material fact under *Seagate*'s

recklessness standard. *See Lucent*, 2007 U.S. Dist. LEXIS 95934, at *20 ("The Court concludes

that there is not a question close enough for a reasonable trier of fact to find that there was an

objectively high risk of infringement. The Supreme Court's Safeco opinion, which formed part

of the foundation of Seagate, indicates that *this risk must be substantially more than that

associated with a merely careless reading of the patent*.") (emphasis added).

██████████████████████████████████████████

████████████████████████ No reasonable jury could find Oracle "reckless" for not

analyzing all those prior art patents to determine whether Oracle's own products may infringe, or

for not according the '554 patent some special significance and picking that patent to analyze.

Moreover, if Oracle had done so, there is no reason to believe that it would not have identified

the same substantial noninfringement and invalidity arguments that it has disclosed in this case.

Therefore, even if the citation of the '554 patent in the Oracle patent applications constituted

"actual notice of epicRealm's patent rights," this does not create a genuine issue of material fact

that Oracle has willfully infringed the patents-in-suit under *Seagate*'s objective recklessness test.

*Seagate*, 497 F.3d at 1371; *Lucent*, 2007 U.S. Dist. LEXIS 95934, at *20.

> **3.     EpicRealm's Willful Infringement Allegations Based on Oracle's Alleged "Inaction" Contravene *Seagate's* Overruling of *Underwater Devices***

EpicRealm's willful infringement contentions, and in particular, Allegation No. 1,

presume that if Oracle had "actual notice" of the '554 patent in 2000, Oracle should have taken

some action to determine whether its products or future products may infringe a valid claim of

that patent (and the '335 patent).  But if this allegation were accepted, it would reinstate the

"affirmative duty of due care" of *Underwater Devices* which *Seagate* explicitly overruled.  It

would mean that any person or entity who somehow received "actual notice" of a patent would

have to investigate, even absent any allegation by the patent owner that it was infringing the

patent.  EpicRealm's allegations based on Oracle's "actual notice" are thus directly contrary to

*Seagate* and cannot raise a genuine issue of material fact as to willful infringement.  *Seagate*, 497

F.3d at 1370-71.

**D.      Oracle Acted Reasonably After Learning of the Patents in January 2006 and Identified Good Faith Defenses to epicRealm's Infringement Allegations**

Oracle received actual notice of the patents-in-suit on January 26, 2006 when its customer, Safelite, requested indemnity and sued Oracle in the Texas Action. Oracle's subsequent actions were reasonable and cannot subject Oracle to liability for willful infringement under *Seagate*'s objective recklessness test. Oracle hired outside litigation counsel to investigate the infringement and validity of the patents-in-suit. Sarboraria Decl., ¶8. Oracle hired outside patent counsel to investigate the validity of the patents-in-suit and to file requests for reexamination, if appropriate. *Id.*

Oracle settled with Safelite, was dismissed from the Texas Action, and promptly filed this action for declaratory relief. *Id.*, ¶9. Oracle's outside counsel filed requests for reexamination of both patents-in-suit. *Id.*, ¶11. As discussed above, Oracle's litigation counsel identified the defenses to infringement and validity that Oracle has disclosed in this action and which form the basis for its accompanying summary judgment motion. Oracle's outside patent counsel was successful in obtaining reexamination of both patents-in-suit. Given these undisputed facts, no reasonable jury could find that Oracle acted with "objective recklessness," *i.e.*, "despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Seagate*, 497 F.3d at 1371; *Lucent,* 2007 U.S. Dist. LEXIS 95934, at *20.

**E.      EpicRealm's Failure to Move for a Preliminary Injunction and the Patent Office's Reexamination of the Patents-in-Suit Preclude Willful Infringement Allegations after the Filing of the Complaint**

EpicRealm did not seek a preliminary injunction against Oracle's sales of its products. The Federal Circuit held in *Seagate* that a patent owner who does not move for a preliminary injunction "should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct." *Seagate*, 497 F.3d at 1374. Indeed, epicRealm not only failed to move for

- 29 -

a preliminary injunction, but also initially informed the Court that there was no case or controversy between the parties. *See Section III.A, supra. Seagate* precludes a finding of willful infringement after filing of this action. The granting of the requests for reexamination also precludes a finding of willful infringement after filing of the action, as a matter of law. *See Lucent*, 2007 U.S. Dist. LEXIS 95934, at *18-19.

## VI.     CONCLUSION

There is no evidence whatsoever, let alone clear and convincing evidence, that Oracle has acted "recklessly" with respect to the patents-in-suit. All the evidence is to the contrary: Oracle has substantial noninfringement and invalidity defenses; the Patent Office is reexamining the patents-in-suit and has rejected all the claims of the '554 patent; Oracle, not epicRealm, filed this lawsuit before epicRealm ever accused Oracle of infringement; ███████████████ ███████████████████████████████ No reasonable jury could find that Oracle acted despite an objectively high risk of infringement, as required by *Seagate*. The Court should, therefore, grant Oracle's motion for partial summary judgment of no willful infringement.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
mgraham@mnat.com
jparrett@mnat.com
(302) 658-9200

OF COUNSEL:

James G. Gilliland
Theodore T. Herhold
Joseph A. Greco
Robert J. Artuz
Eric M. Hutchins
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, CA  94301
(650) 326-2400

*Attorneys for Oracle Corporation and Oracle U.S.A. Inc.*

- 30 -

Dorian Daley
Peggy E. Bruggman
Matthew M. Sarboraria
ORACLE CORPORATION
ORACLE U.S.A., INC.
500 Oracle Parkway
Redwood Shores, CA  94065

2432452
61421934 v2