IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORACLE CORPORATION and<br>ORACLE U.S.A. INC.,<br><br>  Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>EPICREALM LICENSING, LP,<br><br>  Defendant/Counterclaim Plaintiff. | )<br>)<br>) C.A. No. 06-414-SLR<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>) **PUBLIC VERSION**<br>)<br>) |

### EPICREALM'S *DAUBERT* MOTION
### TO EXCLUDE TESTIMONY OF DR. MICHAEL SHAMOS

OF COUNSEL:

Harry J. Roper
George S. Bosy
Aaron A. Barlow
Patrick L. Patras
David R. Bennett
Paul D. Margolis
Benjamin J. Bradford
Emily C. Johnson
JENNER & BLOCK
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel: (312) 923-8305

Dated: July 31, 2008
876763 / 31393 / Oracle

Public Version Dated: August 7, 2008

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant/Counterclaim
Plaintiff epicRealm Licensing, LP*

Defendant epicRealm Licensing LP ("epicRealm") hereby moves to exclude, pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), the testimony of plaintiffs' expert, Dr. Michael Shamos ("Shamos"), on plaintiffs' invalidity defenses.[1] In support of this motion, epicRealm submits a supporting appendix of exhibits, entitled Appendix in Support of EpicRealm's *Daubert* Motion to Exclude Testimony of Dr. Michael Shamos.

## I. NATURE AND STAGE OF THE PROCEEDINGS

This patent infringement action was filed in 2006 and is now scheduled for a two-week jury trial starting January 12, 2009. Pursuant to this Court's Scheduling Order, the parties exchanged their Joint Claim Construction Statement. (D.I. 186.) EpicRealm accuses the Plaintiffs, Oracle Corp. and Oracle U.S.A. Inc. (collectively, "Oracle") of infringing two patents, U.S. Patent Nos. 5,894,554 and 6,415,335 (collectively, the "patents in suit"). Oracle contends that the claims in issue are invalid under 35 U.S.C. §§ 102, 103 and 112, and denies infringement. This *Daubert* motion is brought pursuant to the Court's Scheduling Order. (D.I. 29.)

## II. SUMMARY OF THE ARGUMENT

Expert testimony is admissible only where it is relevant, reliable and based on a sound and correct methodology. At trial, Oracle intends to proffer the expert testimony of Dr. Michael Shamos to support its contention that all of the asserted claims are invalid under 35 U.S.C. §§102, 103 and 112. As shown below, these proffered opinions are unreliable and based on an improper methodology. Accordingly, the testimony should be excluded.

---

[1] Pursuant to D. Del. LR 7.1.1, the parties met and conferred on this motion. Plaintiffs will oppose this motion.

### III. STATEMENT OF FACTS

The patents in suit disclose and claim improved methods and systems for managing the generation of dynamic Web pages. Pursuant to the Court's scheduling order, the parties exchanged expert reports. Oracle served the expert report of Dr. Michael Shamos ("Shamos"), Oracle's expert in the pertinent technology. His expert report appears at Exh. 1. Shamos opined that the asserted claims in the patents in suit are invalid for anticipation, obviousness, and for the alleged failure to comply with 35 U.S.C. §112. In support of his invalidity analysis, Shamos in his expert report submitted claim charts purporting to show that each claim limitation of each asserted claim can be found in the prior art. In doing so, Shamos referred to each block of the claim chart as a "cell." In other words, in Shamos's terminology, a cell constitutes Shamos's opinion as to where a given limitation can be found in an identified prior art reference. In support of his invalidity defense, Shamos relied on 302 references in total. His expert report includes claim charts constituting 180 pages. The claim charts appended to Shamos's expert report appear at Exh. 2, Exh. 3 and Exh. 4. EpicRealm deposed Shamos on June 30, 2008 in relation to his expert report. The deposition transcript of Shamos appears at Exh. 5.

### IV. ARGUMENT

#### A. The Legal Standard

The legal standard governing the admissibility of expert testimony is well settled. In accordance with Federal Rule of Evidence 702, the court may admit expert testimony in order to "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 589 (1993). However, prior to admitting expert testimony, the trial court should perform a "gatekeeping" function and to that end should examine the proposed expert testimony to ensure that it is both relevant and reliable, and that it was arrived at through the use of an appropriate and correct methodology. *Daubert*,

2

509 U.S. at 597. Rule 702 and the pertinent case law allow for the exclusion of expert testimony in the event that it is found to be unreliable or, where the testimony has little or no relevance to the issues in the action, or where it was arrived at through the use of an inappropriate methodology. *Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000). As the proponent of the expert testimony of Shamos, Oracle bears the burden of establishing the relevance and reliability of his proposed expert testimony by a preponderance of the evidence. *See Padillas v. Stork-Gamco, Inc.*, 186 F.3d 412, 417-18 (3d Cir. 1999).

### B. Shamos's Invalidity Analysis Is Fundamentally Flawed

Shamos's invalidity analysis is flawed because he failed to articulate claim constructions for the claim terms in issue, despite offering opinions that all of the asserted claims are invalid. Thus, the fundamental flaw in Shamos's invalidity analysis is that he did not set forth or articulate the claim constructions that he used, assumed, or relied on in his invalidity analysis.

The law on this issue is well settled. In the case of an anticipation defense under 35 U.S.C. §102, the law requires that the proponent of this defense follow a two-step analysis: first, the asserted claims must be construed in order to determine their scope and meaning, and secondly, each construed claim limitation must be compared to the prior art reference to determine whether the reference recites that limitation. *Beachcombers, Int'l, Inc. v. WildeWood Creative Prods., Inc.*, 31 F.3d 1154, 1160 (Fed. Cir. 1994); *TruePosition, Inc. v. Andrew Corp.*, C.A. No. 05-747-SLR, 2007 WL 2429415, at *1 (D. Del. Aug. 23, 2007). Similarly, the first step of an obviousness analysis requires the construction of the claim language to determine the scope and meaning of the claims. *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1574 (Fed. Cir. 1995). The same is true for all invalidity defenses including a defense under 35 U.S.C. §112. *Oxford Gene Technology Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431, 435 (D. Del. 2004) ("It is

well-established that the first step in any validity analysis is to construe the claims of the invention to determine the subject matter for which patent protection is sought.") (quoting *Smiths Indus. Med. Sys., Inc. v. Vital Signs, Inc.*, 183 F.3d 1347, 1353 (Fed. Cir. 1999)).

Here, the parties proffered different claim constructions for the disputed claim terms. (D.I. 187.) In addition, in related litigation in the U.S. District Court for the Eastern District of Texas, the court there reached its own claim constructions after conducting a *Markman* hearing. (Exh. 6.) The flaw in Shamos's analysis is that he did not set forth—of the various possible claim constructions—the constructions that he used or assumed in conducting his invalidity analysis. As is apparent from his report and claim charts, Shamos does not set forth his assumed claim constructions for any of the claim elements in issue. (*See* Exh. 1, Shamos Rep. at ¶¶232-541; *see also* Exh. 2, Exh. 3 and Exh. 4.) Indeed, in his deposition, Shamos confirmed that he failed to state in his expert report or anywhere else which of the various claim constructions he was applying or assuming to support his proposed invalidity testimony. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Shamos admitted that it was "possible" that he did not set forth his claim constructions and that "maybe" he neglected to do so. His expert report establishes that this failure was not just possible, but a reality.

Shamos appeared to be unaware of the flaws associated with the failure to identify claim construction before embarking on an invalidity analysis. This fact was established when Shamos was asked about a third party invalidity opinion prepared by Dr. Shuang Chen ("Chen"). To be clear, Shamos did not rely on the Chen opinion. Rather, the relevance of the Chen opinion is

how Shamos responded to questions concerning the fact that the Chen invalidity opinion does not recite any claim construction.



This testimony establishes that Shamos did not appreciate that an opinion on invalidity requires in the first instance an explicitly stated claim construction. That is apparently why he did not recite the claim constructions he used or assumed in his invalidity analysis.

Shamos's failure to recite an explicit claim construction is a fundamental flaw in his opinion that makes his invalidity analysis unreliable and therefore not admissible. *Oxford*, 345 F. Supp. 2d at 435. In similar circumstances, this Court has excluded expert testimony based on the same flaw in Shamos's proposed testimony. *TruePosition*, 2007 WL 2429415, at *1 n.2 (excluding expert testimony on anticipation because the expert "failed to construe the limitations…or refer to the claim construction of others"); *Oxford*, 345 F. Supp. 2d at 436 (excluding expert testimony on anticipation because the expert "fail[ed] to disclose a clear construction of each disputed claim element"). In sum, for the foregoing reasons, Shamos's invalidity analysis does not meet the threshold *Daubert* requirements and therefore should be excluded.

### C. Shamos's Obviousness Analysis is Flawed Because He Ignored Objective Evidence of Nonobviousness

Shamos's proposed testimony on the issue of obviousness is flawed for a separate, additional reason: he ignored pertinent objective indicia of nonobviousness, despite the fact that he had been provided with full knowledge of the facts supporting these objective criteria. (*See* Exh. 7, Defendant's Supplemental Response to Plaintiff's Interrogatory Nos. 4 and 11.) This evidence included the commercial success of the patented invention (Exh. 8, Finkel Rebuttal Rpt. at ¶¶185-188); the failure of others (Exh. 5, Shamos Dep. at 312-313; Exh. 8, Finkel Rebuttal Rep. at ¶190); licensing of the patented technology (Exh. 5, Shamos Dep. at 313; Exh. 8, Finkel Rebuttal Rpt. at ¶193); a long-felt need for the patented technology (Exh. 5, Shamos Dep. at 314-315; Exh. 8, Finkel Rebuttal Rpt. at ¶189); copying (Exh. 5, Shamos Dep. at 317-318; Exh. 8, Finkel Rebuttal Rpt. at ¶191); industry acclaim of the patented invention (Exh. 5, Shamos Dep. at 317-318; Exh. 8, Finkel Rebuttal Rpt. at ¶192); and unexpected results, teaching away and skepticism (Exh. 8, Finkel Rebuttal Rpt. at ¶194). As discussed below, Shamos's failure to consider this objective evidence of nonobviousness constitutes an improper methodology under the pertinent law and for that reason, his proposed testimony on the issue of obviousness should be excluded.

In the first instance, it is of course well settled that objective evidence of nonobviousness must always be considered in an obviousness analysis. *See Ashland Oil, Inc. v. Delta Resins & Refractories, Inc.*, 776 F.2d 281, 306 (Fed. Cir. 1985). These objective considerations include the commercial success of the patented invention, a long-felt need for the patented technology, copying by others, failures of others, unexpected results, teaching away, skepticism of experts, licensing of the patented technology, and industry acclaim. *See Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966); *U.S. v. Adams*, 383 U.S. 39, 52 (1966); *Eibel Process Co. v. Minnesota &*

6

*Ontario Paper Co.*, 261 U.S. 45, 55-56 (1923). The importance of these objective considerations in an obviousness analysis is grounded on the principle that they provide real world evidence as to what would or would not have been obvious to one skilled in the art at the time of the invention. *Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*, 851 F.2d 1387, 1391 (Fed. Cir. 1988); *see also Continental Can Co. USA, Inc. v. Monsanto Co.*, 948 F.2d 1264, 1273 (Fed. Cir. 1991). Indeed, the objective evidence of nonobviousness may be the most pertinent, probative and revealing evidence on the issue of obviousness. *W.L. Gore & Associates, Inc. v. Garlock, Inc.*, 721 F.2d 1540, 1555 (Fed. Cir. 1983); *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1538-40 (Fed. Cir. 1983).

It is clear from his deposition testimony that Shamos did not appreciate that objective evidence of nonobviousness must be considered in an obviousness analysis. Rather, he mistakenly believed that the objective evidence of nonobviousness is merely "secondary" and therefore "irrelevant" to the obviousness inquiry.



\* \* \*

7

\* \* \*



████ Shamos's approach in treating the objective evidence as secondary or insignificant to the obviousness analysis has been squarely rejected by the Federal Circuit. *Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*, 851 F.2d 1387, 1391 (Fed. Cir. 1988) ("The district court held that 'secondary considerations are not significant in this case because first, the prior art so clearly indicates obviousness....' This misstates the law."); *W.L. Gore & Associates, Inc. v. Garlock, Inc.*, 721 F.2d 1540, 1555 (Fed. Cir. 1983) ("The objective evidence of nonobviousness... should when present always be considered as an integral part of the analysis").

Plainly, Shamos's methodology is directly contrary to the well settled law that requires the consideration of all objective evidence of nonobviousness in an obviousness analysis. ████ Due to Shamos's wholesale disregard of the objective evidence of nonobviousness here, Shamos's proposed testimony is fatally flawed and should be excluded. Indeed, his expert report establishes that his treatment of the objective evidence of nonobviousness was conclusory and not in accordance with the law. (Exh. 5, Shamos Rep. at ¶¶799-804.) For this additional alternative reason, Shamos's obviousness analysis is unreliable and therefore inadmissible under *Daubert*.

## CONCLUSION

Shamos's proposed trial testimony that the asserted claims of the patents in suit are invalid should be excluded.

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Harry J. Roper<br>George S. Bosy<br>Aaron A. Barlow<br>Patrick L. Patras<br>David R. Bennett<br>Paul D. Margolis<br>Benjamin J. Bradford<br>Emily C. Johnson<br>JENNER & BLOCK<br>330 N. Wabash Avenue<br>Chicago, IL 60611-7603<br>Tel: (312) 923-8305 | By: /s/ David E. Moore<br>    Richard L. Horwitz (#2246)<br>    David E. Moore (#3983)<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street<br>    Wilmington, DE 19899<br>    Tel: (302) 984-6000<br>    rhorwitz@potteranderson.com<br>    dmoore@potteranderson.com<br><br>*Attorneys for Defendant/Counterclaim Plaintiff epicRealm Licensing, LP* |

Dated: July 31, 2008
876763 / 31393 / Oracle

Public Version Dated: August 7, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on August 7, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on August 7, 2008, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Mary B. Graham<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>MGraham@MNAT.com | James G. Gilliland<br>Igor Shoiket<br>Townsend and Townsend and Crew LLP<br>Two Embarcadero Center<br>Eighth Floor<br>San Francisco, CA 94111-3834<br>OracleEpicrealm@townsend.com |
| Theodore T. Herhold<br>Robert J. Artuz<br>Eric M. Hutchins<br>Eric A. Mercer<br>Joseph A. Greco<br>Nitin Gupta<br>Townsend and Townsend and Crew LLP<br>379 Lytton Avenue<br>Palo Alto, CA 94301<br>OracleEpicrealm@townsend.com | Chad E. King<br>Townsend and Townsend and Crew LLP<br>1200 Seventeenth Street<br>Suite 2700<br>Denver, CO 80202<br>OracleEpicrealm@townsend.com |

/s/ *David E. Moore*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

788480 / 31393 / Oracle