IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORACLE CORPORATION and ORACLE U.S.A., INC., | ) ) ) | |
| Plaintiffs-Counterdefendants, | ) ) ) | |
| v. | ) ) | C.A. No. 06-414 (SLR) |
| EPICREALM LICENSING, LP, | ) ) ) | |
| Defendant-Counterclaimant. | ) | |

**ORACLE'S OBJECTIONS AND MOTION TO STRIKE PORTIONS OF THE DECLARATION OF DR. DAVID FINKEL IN SUPPORT OF DEFENDANT'S CLAIM CONSTRUCTION BRIEF, MOTION FOR PARTIAL SUMMARY JUDGMENT OF LITERAL INFRINGEMENT AND MOTION FOR PARTIAL SUMMARY JUDGMENT THAT THE ORACLE REFERENCES DO NOT ANTICIPATE**

OF COUNSEL:

James G. Gilliland
Theodore T. Herhold
Joseph A. Greco
Robert J. Artuz
Eric M. Hutchins
TOWNSEND AND TOWNSEND
  AND CREW LLP
379 Lytton Avenue
Palo Alto, CA  94301
(650) 326-2400

Dorian Daley
Peggy E. Bruggman
Matthew M. Sarboraria
ORACLE CORPORATION
ORACLE U.S.A., INC.
500 Oracle Parkway
Redwood Shores, CA  94065


Dated:  August 21, 2008

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mgraham@mnat.com
jparrett@mnat.com
  *Attorneys for Oracle Corporation*
  *and Oracle U.S.A., Inc.*

Plaintiffs Oracle Corporation and Oracle USA, Inc. (jointly "Oracle") hereby object to and move to strike portions of the Declaration of Dr. David Finkel in Support of Defendant's Claim Construction Brief, Motion for Partial Summary Judgment of Literal Infringement and Motion for Partial Summary Judgment that the Oracle References Do Not Anticipate (D.I. 228), filed on July 31, 2008.

## I.  DR. FINKEL'S TESTIMONY CONCERNING ALLEGED INFRINGEMENT LACKS FOUNDATION AND IS CONCLUSORY.

**Oracle objects to, and moves to strike, paragraphs 17-22, 25-28, and 32 of the Finkel declaration on the grounds that this testimony lacks foundation and is conclusory.**

Paragraphs 17-22, 25-28, and 32 of the Finkel declaration contain allegations that Oracle's accused products satisfy the limitations of claim 11 of the '554 patent. Dr. Finkel's testimony lacks foundation because he did not review the source code for the portions of Oracle's accused products which are relevant to Oracle's noninfringement defenses, *i.e.*, the accused products' software structures and functions that epicRealm alleges satisfy claim limitations such as "Web server," "intercepting a dynamic Web page request at a Web server," "dispatcher," "routing a request from a Web server to a dispatcher," "dispatching," "page server," and "a page server releasing releasing a Web server." The *only* Oracle source code that Dr. Finkel reviewed related to one option in the accused products that allows for "metrics-based load balancing."

> Q. But as far as you recall, you only looked at the code that was relevant to the metric based load balancing, correct?
>
> MR. PATRAS: Object to the form.
>
> BY THE WITNESS [DR. FINKEL]:
>
> A. Correct.
>
> [MR. HERHOLD]: Q. Did you look at any code pertaining to other features of either Web Cache, iAS, or Database?

1

>MR. PATRAS: Object to the form.
>
>BY THE WITNESS: A. I don't believe so.
>
>Q. What about code that pertained to any intercepting that went on as you talk about it in your report?
>
>A. I don't recall looking at any.
>
>Q. How about any code that pertained to the releasing as you talk about it in your report?
>
>MR. PATRAS: Object to the form. Lack of foundation.
>
>A. I don't recall looking at any of that either.

A23, at pp. 82:8-83:4.[1]  The source code conclusively establishes what are the structures and functions of the software programs that comprise the Oracle accused products.  *See* concurrently filed Declaration of Dr. Paul C. Clark in Opposition to EpicRealm's Motion for Partial Summary Judgment of Literal Infringement (Clark Opp. Decl.), ¶ 160.  Dr. Clark reviewed the source code relevant to Oracle's noninfringement defenses.  *Id.* ¶ 14.  Dr. Finkel does not have a basis, therefore, to controvert Dr. Clark's description of the accused products structures and functions based on this source code review (other than with respect to metrics-based load balancing).  As the Federal Circuit has stated:

>A party does not manufacture more than a merely colorable dispute simply by asserting that something is black when the moving party's expert says it is white; there must be some foundation or basis for the opinion.

*Invitrogen Corp. v. Clontech Labs., Inc.*, 429 F.3d 1052, 1080 (Fed. Cir. 2005) (*citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986)).

---

[1] References to evidence are to the Appendix of Exhibits in Support of Oracle's Claim Construction Brief and Motions Filed on July 31, 2008 (D.I. 214 and 215), and to the Supplemental Appendix of Oracle Exhibits Filed on August 21, 2008.  The Appendix contains Exhibits A1-A71.  The Supplemental Appendix begins with Exhibit A72.

Lacking the necessary foundation based on source code review, Dr. Finkel's declaration is replete with conclusory statements concerning the structure and function of the accused products phrased in terms of the claim language. EpicRealm relies on these conclusory statements to argue that the accused products meet the limitations of claim 11. These conclusory statements would not be sufficient, however, even to raise a genuine issue of material fact, let alone establish the structures and functions of the products as a matter of law. *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1278 (Fed. Cir. 2004) ("It is well settled that an expert's unsupported conclusion on the ultimate issue of infringement is insufficient to raise a genuine issue of material fact, and that a party may not avoid that rule simply by framing the expert's conclusion as an assertion that a particular critical claim limitation is found in the accused device."). Accordingly, the Court should sustain Oracle's objections to paragraphs 17-22, 25-28, and 32 of the Finkel declaration and strike that testimony.

## II. DR. FINKEL'S TESTIMONY CONCERNING THE INVALIDITY OF THE PATENTS LACKS FOUNDATION AND IS CONCLUSORY.

**Oracle objects to, and moves to strike, paragraphs 36-41 of the Finkel declaration on the grounds that this testimony lacks foundation and is conclusory.**

Paragraphs 36-41 of the Finkel declaration contain allegations concerning prior art references. Oracle relies, in part, on these prior art references, to demonstrate that claims of the patents-in-suit are invalid. EpicRealm relies on Dr. Finkel's testimony to argue that the prior art references do not satisfy certain limitations of the claims.

Dr. Finkel's testimony lacks foundation and is conclusory. He does not explain the basis for his statements about the prior art references but simply makes unsupported allegations about what the references do not disclose. A good example is paragraph 38: "Neither SQL*Net Reference discloses 'intercepting,' 'page server,' 'concurrent

3

processing,' and/or 'dispatching.'"  Oracle's expert, Dr. Shamos, is submitting a declaration, filed concurrently herewith, showing why the prior art on which Oracle relies anticipates.  As with his conclusory testimony regarding infringement, Dr. Finkel's conclusory testimony regarding the prior art would be insufficient even to raise a genuine issue of material fact, let alone establish as a matter of law that the prior art does not anticipate.  *Invitrogen,* 429 F.3d at 1080; *Dynacore*, 363 F.3d at 1278.  Accordingly, the Court should sustain Oracle's objections to paragraphs 36-41 of the Finkel declaration and strike that testimony.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*

OF COUNSEL:

James G. Gilliland
Theodore T. Herhold
Joseph A. Greco
Robert J. Artuz
Eric M. Hutchins
TOWNSEND AND TOWNSEND
  AND CREW LLP
379 Lytton Avenue
Palo Alto, CA  94301
(650) 326-2400

Dorian Daley
Peggy E. Bruggman
Matthew M. Sarboraria
ORACLE CORPORATION
ORACLE U.S.A., INC.
500 Oracle Parkway
Redwood Shores, CA  94065

Dated: August 21, 2008

2457318

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mgraham@mnat.com
jparrett@mnat.com
  *Attorneys for Oracle Corporation
  and Oracle U.S.A., Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

    Richard L. Horwitz
    David Ellis Moore
    POTTER ANDERSON & CORROON, LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on August 21, 2008 upon the following individuals in the manner indicated:

| **BY E-MAIL** | **BY E-MAIL** |
|---|---|
| Richard L. Horwitz<br>David Ellis Moore<br>POTTER ANDERSON & CORROON, LLP<br>1313 N. Market St., Hercules Plaza, 6th Floor<br>P.O. Box 951<br>Wilmington, DE  19899-0951<br><br>**rhorwitz@potteranderson.com**<br>**dmoore@potteranderson.com** | George S. Bosy<br>JENNER & BLOCK<br>330 N. Wabash Avenue<br>Chicago, IL  60611-7603<br><br>**gbosy@jenner.com** |

                                            */s/ James W. Parrett, Jr.*
                                            James W. Parrett, Jr. (#4292)

61471826 v1