## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ORACLE CORPORATION and )
ORACLE U.S.A. INC., )
) C.A. No. 06-414-SLR
    Plaintiffs/Counterclaim Defendants, )
) **JURY TRIAL DEMANDED**
    v. )
) **PUBLIC VERSION**
EPICREALM LICENSING, LP, )
)
    Defendant/Counterclaim Plaintiff. )

## EPICREALM'S BRIEF IN OPPOSITION TO
## ORACLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT
## EXCLUDING DAMAGES BASED ON ORACLE'S FOREIGN SALES

OF COUNSEL:

Harry J. Roper
George S. Bosy
Aaron A. Barlow
Patrick L. Patras
David R. Bennett
Paul D. Margolis
Benjamin J. Bradford
Emily C. Johnson
JENNER & BLOCK
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel: (312) 923-8305

Dated: August 21, 2008
Public Version Dated: August 28, 2008
880352 / 31393 / Oracle

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant/Counterclaim
Plaintiff epicRealm Licensing, LP*

**TABLE OF CONTENTS**

I.      NATURE AND STAGE OF THE PROCEEDINGS ...........................................................1

II.     SUMMARY OF THE ARGUMENT ................................................................................1

III.    STATEMENT OF FACTS ...............................................................................................3

IV.     ARGUMENT.....................................................................................................................4

        A. The § 271(f) Statutes in Issue ...................................................................................4

        B. *Microsoft* Does Not Support Oracle ..........................................................................5

        C. Oracle Ignores the Controlling Federal Circuit Authorities ..........................................7

        D. Application of the Law to the Facts On the § 271(f) Issue ............................................9

        E. Oracle is Also Liable Under § 271(a) ......................................................................13

CONCLUSION..........................................................................................................................16

# TABLE OF AUTHORITIES

**CASES**

**Page(s)**

*Datascope Corp. v. SMEC, Inc.,*
879 F.2d 820 (Fed. Cir. 1989)...................................................................................14

*Del Mar Avionics, Inc. v. Quinton Instrument Co.,*
836 F.2d 1320 (Fed. Cir. 1987).................................................................................13

*Eolas Techs. Inc. v. Microsoft Corp.,*
399 F.3d 1325 (Fed. Cir. 2005)........................................................................ Passim

*Informatica Corp. v. Business Objects Data Integration, Inc.,*
489 F. Supp. 2d 1075 (N.D. Cal. 2007) ........................................................................9

*Integra Lifesciences I, Ltd. v. Merck KGaA,*
331 F.3d 860 (Fed. Cir. 2003)...................................................................................16

*Kori Corp. v. Wilco Marsh Buggies and Draglines, Inc.,*
561 F. Supp. 512 (E.D. La. 1981); *aff'd,* 761 F.2d 649 (Fed. Cir. 1985) .........................14, 15

*Lucent Techs, Inc. v. Gateway, Inc.,*
No. 07-cv-2000-H (CAB), 2008 WL 2491955 (S.D. Cal. June 19, 2008) ...............................11

*Microsoft Corp. v. AT&T Corp.,*
127 S. Ct. 1746 (2007)...................................................................................... Passim

*Railroad Dynamics, Inc. v. A. Stucki Co.,*
727 F.2d 1506 (Fed. Cir. 1984).................................................................................14

*Schneider v. SciMed Life Sys., Inc.,,*
852 F. Supp. 813 (D. Minn.), *aff'd,* 60 F.3d 839 (Fed. Cir. 1995) .........................................15

*Schneider v. SciMed Life Sys., Inc.,*
No. 3-91 CIV 241, 1993 WL 463204 (D. Minn. May 14, 1993)..............................................15

*Union Carbide Chemicals & Plastics Tech. Corp. v. Shell Oil Co.,*
425 F.3d 1366 (Fed. Cir. 2005).........................................................................2, 7, 8, 9

*z4 Techs. Inc. v. Microsoft Corp.,*
507 F.3d 1340 (Fed. Cir. 2007).......................................................................3, 13, 14

**STATUTES, RULES & REGULATIONS**

35 U.S.C. § 271(a) ........................................................................................... Passim

35 U.S.C. § 271(f) ............................................................................................ Passim

35 U.S.C. §271(f)(1) ................................................................................................................4, 5, 7

35 U.S.C. §271(f)(2) .......................................................................................................................5

Defendant epicRealm Licensing, L.P., ("epicRealm") submits this brief in opposition to Oracle's Motion for Partial Summary Judgment Excluding Damages Based on Oracle's Foreign Sales ("Oracle's motion"). The plaintiffs will be referred to collectively as "Oracle." As shown herein, Oracle's motion is based on a complete misreading of *Microsoft Corp. v. AT&T Corp.*, 127 S. Ct. 1746 (2007), and ignores the controlling Federal Circuit cases. Rather than supporting Oracle on the issues presented by Oracle's motion, the law supports epicRealm. For that reason, Oracle's motion should be denied.

## I. NATURE AND STAGE OF THE PROCEEDINGS

Oracle's statement as to the nature and stage of the proceeding is correct but for two errors. First, the asserted claims include not only method claims (claims 1-5, 7-8 of the '554 patent and claims 2 and 16 of the '335 patent), and network system claims for managing dynamic web pages (claims 9-10), but also a claim directed to "machine readable" media having stored software that when executed by a computer system is capable of managing dynamic web page requests (claim 11). Secondly, one action in the Eastern District of Texas is set for trial in August, while the other has no set trial date.

## II. SUMMARY OF THE ARGUMENT

Oracle's motion is narrowly directed to one issue, namely, whether Oracle is liable to respond in damages for its worldwide infringing activities. Oracle is entirely wrong in its contention that *Microsoft* frees Oracle of all non-U.S. infringing activities under 35 U.S.C. § 271(f).[1] Even worse, Oracle has no answer to its admitted liability for foreign sales under § 271(a). For the following reasons, Oracle's motion has no merit and should be rejected:

---

[1] Oracle's motion is not directed to any issue with respect to Oracle's liability for domestic infringing activities. In addition, Oracle's motion raises no issue as to whether the properly construed elements of the asserted claims are practiced by the accused infringing activities, nor

1.    Oracle wrongly asserts that as a matter of law it does not infringe under § 271(f).

Oracle's motion with respect to § 271(f) is premised on two errors:

a.    Oracle first misreads *Microsoft* to hold that software sent from the United

States on a computer disk to a foreign country is not a component of a patented invention

supplied from the United States and therefore no violation of § 271(f) has occurred.  (Oracle

brief, at 2).  Contrary to Oracle's contention, the *Microsoft* court held that a computer disk

having software on it is a component under § 271(f).  Specifically, *Microsoft* held that a "copy of

Windows"[2] on a disk "qualifies as a 'component' under § 271(f)."  *Microsoft*, 127 S. Ct. at 1756.

This conclusion is further supported by *Eolas Techs. Inc. v. Microsoft Corp.*, 399 F.3d 1325,

1328 (Fed. Cir. 2005), a case that also holds that a "component" under § 271(f) "includes

software code on golden master disks."

b.    Oracle's second erroneous legal premise is that *Microsoft* held that

software in the abstract cannot be a "component" under § 271(f).  *Microsoft* supports exactly the

opposite conclusion: software in the abstract can be a § 271(f) component.  Where the patent

claim in issue is directed to a method (as distinguished from an apparatus), *Microsoft* states that a

component under § 271(f) can "be intangible as well," *i.e.*, software in the abstract.  *Microsoft*,

127 S. Ct. at 1756, n.13.  That an intangible "component" meets the requirement of § 271(f) is

supported by *Union Carbide Chemicals & Plastics Tech. Corp. v. Shell Oil Co.*, 425 F.3d 1366

(Fed. Cir. 2005), where the court held that a "component" under 271(f) is not limited to a

"physical" or tangible embodiment.  425 F.3d at 1379.

---

whether the elements of inducement of infringement and contributory infringement are met by
the accused infringing activities.

[2] "Windows" refers to the well known software written by Microsoft.

2.      Oracle's contention that it cannot be liable for worldwide infringing sales under § 271(a) is frivolous.  In the first instance, Oracle does not rely on the *Microsoft* decision to support its argument that it has no worldwide liability under § 271(a).  Indeed, *Microsoft* does not address that issue.  The pertinent controlling authorities—not even mentioned by Oracle— are clear in holding that a damages recovery based on worldwide sales is proper and has long been the norm under § 271(a).  *See, e.g.*, *z4 Techs. Inc. v. Microsoft Corp.*, 507 F.3d 1340, 1355-56 (Fed. Cir. 2007).

## III.    STATEMENT OF FACTS

Oracle is in the business of developing and selling software for a variety of business applications.  The Oracle products accused of infringement are the Oracle Web Cache products, the Oracle Application Server products, and the Oracle Database products.  The uses for these products and the way they operate are set forth in EpicRealm's responses to Oracle's motions for summary judgment, filed herewith, and will not be repeated in this brief.  EpicRealm's summary of the technology relating to the patents in suit appears in EpicRealm's *Markman* claim construction brief (D.I. 200), and will not be repeated here.



## IV.    ARGUMENT

Oracle's motion presents two legal issues—infringement issues under § 271(f) and under

§ 271(a).  EpicRealm will first address the § 271(f) legal issues followed by § 271(a) issues.

Both statutes support epicRealm's claim to damages on Oracle's worldwide infringing activities.

### A.    The § 271(f) Statutes in Issue

The relevant statutes here are § 271(f)(1) and § 271(f)(2).  Section 271(f)(1) reads as

follows:

> Whoever without authority supplies or causes to be supplied in or
> from the United States all or a substantial portion of the
> components of a patented invention, where such components are
> uncombined in whole or in part, in such manner as to actively
> induce the combination of such components outside of the United
> States in a manner that would infringe the patent if such



> combination occurred within the United States, shall be liable as an
> infringer.

35 U.S.C. §271(f)(1). Section 271(f)(1) is intended to capture foreign infringing activity where

an infringer supplies a "component" of a patented invention and actively induces the

combination of components outside the United States.

Section 271(f)(2) reads as follows:

> Whoever without authority supplies or causes to be supplied in or
> from the United States any component of a patented invention that
> is especially made or especially adapted for use in the invention
> and not a staple article or commodity of commerce suitable for
> substantial noninfringing use, where such component is
> uncombined in whole or in part, knowing that such component is
> so made or adapted and intending that such component will be
> combined outside of the United States in a manner that would
> infringe the patent if such combination occurred within the United
> States, shall be liable as an infringer.

35 U.S.C. §271(f)(2). Section 271(f)(2) is intended to capture foreign infringing activity where

an infringer supplies a "component" of a patented invention that is not a staple article of

commerce for infringing use overseas.

Both § 271(f)(1) and § 271(f)(2) are applicable here; both use the term "component," and

in both statutes the term "component" has the same meaning. For that reason, Sections 271(f)(1)

and 271(f)(2) will be referred to collectively in the singular as "§ 271(f)."

### B.    *Microsoft* Does Not Support Oracle

Oracle's contention that it has no liability under § 271(f) for its foreign infringing

activities is based on a wholesale misreading of *Microsoft* and ignores the controlling Federal

Circuit authorities. *Microsoft* simply does not support Oracle's first argument that a golden

master disk cannot be a "component" under § 271(f), nor does it support Oracle's second

argument that software in the abstract cannot be a "component."

First, the *Microsoft* decision does not hold, as Oracle would have it, that a golden master disk cannot be a component under § 271(f). Rather, *Microsoft* holds just the opposite: a disk containing software is a component under § 271(f).[5] The *Microsoft* decision on this issue is clear:

> [A] copy of Windows ... qualifies as a "component" under 271(f).

*Microsoft*, 127 S. Ct. at 1756. Secondly, contrary to Oracle's contention, *Microsoft* supports that intangible software is a component under § 271(f).[6] *Id.* at n.13. The *Microsoft* decision explains:

> We need not address whether software in the abstract, or any other intangible, can *ever* be a component under § 271(f). If an intangible method or process, for instance, qualifies as a "patented invention" under § 271(f) (a question as to which we express no opinion), the combinable components of the invention might be intangible as well.

127 S. Ct. at 1756 n.13 (emphasis in orginal). The Supreme Court did not address the application of § 271(f) to method claims, nor did it address the issue of infringement under § 271(a). The conclusion that a computer disk and intangible software are components under § 271(f) are also fully supported by the controlling Federal Circuit cases as discussed below.

---

[5] In *Microsoft*, the patent claim at issue was an apparatus claim, *i.e.*, an apparatus (*e.g.*, a computer) having on it software that was capable of encoding and compressing recorded speech. The *Microsoft* Court held that the disks that were used overseas by Microsoft's customers did not invoke liability under § 271(f) because they were not supplied from the United States.

[6] In the context of the apparatus claim that was at issue in *Microsoft*, the *Microsoft* Court held that abstract software did not invoke liability under § 271(f). Because the claim in issue in *Microsoft* covered an apparatus, *i.e.*, the tangible hardware, the *Microsoft* Court held that a "component" under § 271(f) must therefore also be tangible. In *Microsoft*, the "component" supplied by Microsoft was abstract software, not the required tangible component, and so there was no infringement under § 271(f).

**C.    Oracle Ignores the Controlling
Federal Circuit Authorities**

Plainly, *Microsoft* goes against Oracle's argument here, and so too do the Federal Circuit

authorities, *Union Carbide* and *Eolas*. *Union Carbide* is entirely ignored by Oracle while *Eolas*

is given only superficial and cursory treatment. These two Federal Circuit cases hold that the

components supplied by Oracle are the very type of components that invoke the application of

§ 271(f). More specifically, *Union Carbide* and *Eolas* hold that § 271(f) should be broadly

construed, and that a "component" under § 271(f) includes computer disks containing software

and also abstract software.

*Union Carbide* holds that § 271(f) should be broadly construed to cover all inventions,

including all method and process inventions. Nothing could be more clear: "every form of

invention deserves the protection" of § 271(f). *Union Carbide* therefore proves Oracle wrong on

its contention that § 271 should be construed narrowly. On the issue of the scope of the term

"components" under § 271(f), the *Union Carbide* court was equally as clear:

> *[E]very* component of *every* form of invention deserves the
> protection of 35 U.S.C. § 271(f), *i.e.*, that "components" and
> "patented inventions" under § 271(f) are not limited to physical
> machines.

425 F.3d at 1379 (emphasis in original). *Union Carbide* therefore establishes that a

"component" under § 271(f) includes not only physical articles or devices but also intangible

components such as abstract software. That the decision in *Union Carbide* is conclusive on this

issue is further underscored by Oracle's failure to even cite *Union Carbide*.

*Eolas* also supports epicRealm. On the central issue raised by Oracle, *Eolas* held that

golden master disks are components under § 271(f):

> In sum, the language and history of section 271(f)(1) as well as this
> court's law protecting software inventions support this court's

7

> holding that section 271(f)(1)'s "components" include software
> code on golden master disks.

399 F.3d at 1341. *Eolas* further held that § 271(f) does not impose any restriction on the type of

"components" that are included in § 271(f) and that a "component" can be an intangible. On that

issue the *Eolas* court held:

> As already noted, the language of section 271(f) does not impose a
> requirement of "tangibility" on any component of a patented
> invention. *See* Alan M. Fisch & Brent H. Allen, *The Application
> of Domestic Patent Law to Exported Software: 35 U.S.C. § 271(f),*
> 25 U. Pa. J. Int'l Econ. L. 557, 575 (2004). In fact, neither the
> statute nor the legislative history contains a limitation to
> "components of machines and other structural combinations."

*Id.* at 1340. Thus, like *Union Carbide*, *Eolas* rebuts Oracle's contention that software in the

abstract cannot be a "component" under § 271(f).

Like *Union Carbide*, *Eolas* contradicts Oracle's assertion that § 271(f) should be

narrowly construed:

> This statutory language did not limit section 271(f) to patented
> "machines" or patented "physical structures." Rather every form
> of invention eligible for patenting falls within the protection of
> section 271(f). By the same token, the statute did not limit section
> 271(f) to "machine" components or "structural or physical"
> components. Rather every component of every form of invention
> deserves the protection of section 271(f).

399 F.3d at 1339. *Eolas* relied on the undisputed legislative history (not contested by Oracle)

that supports the conclusion that § 271(f) was specifically drafted to close loopholes that prior to

the enactment of § 271(f) allowed infringers to escape liability for foreign infringing activities.

*Id.* at 1340-41. As *Eolas* held on that issue, the only possible construction from the clear

legislative history is that § 271(f) was broadly drafted to close the foreign loopholes in the

statutory protections for patented inventions. *Id.* Again, *Eolas* establishes that Oracle is wrong

in its contention that § 271(f) must be narrowly construed.

As stated above, Oracle has no answer to *Union Carbide*. With respect to *Eolas*, Oracle concedes that *Eolas* goes directly against Oracle. (Oracle Brief at 14-15.) In an attempt to salvage its position, Oracle asserts without support that the *Eolas* decision was "questioned" by *Microsoft*. (Oracle Brief at 15.) That is unsupported and wrong. Rather, the *Microsoft* court affirmatively relied on *Eolas*. *Microsoft*, 127 S. Ct. at 1755.

Oracle gains nothing from *Informatica Corp. v. Business Objects Data Integration, Inc.*, 489 F. Supp. 2d 1075 (N.D. Cal. May 16, 2007). In the first instance, the Magistrate Judge's decision in *Informatica* is not final—the case is now on appeal to the Federal Circuit. In any event, *Informatica* does not support Oracle. In its reliance on *Informatica*, Oracle sidesteps the fact that *Informatica* expressly approved of the Federal Circuit's decision in *Union Carbide*, completely undercutting Oracle's argument that "components" under § 271(f) have some very limited meaning. Oracle's criticism of the decision of the *Eolas* court on the ground that the *Eolas* decision is unclear as to whether or not golden master disks were at issue (as distinguished from abstract software) is misguided. The ruling of *Eolas* on this point is crystal clear:

> In sum, the language and history of section 271(f)(1) as well as this court's law protecting software inventions support this court's holding that section 271(f)(1)'s "components" include software code on golden master disks.

*Eolas*, 399 F.3d at 1341. Plainly, Oracle's contention that golden master disks cannot be components under § 271(f) is baseless given the clear controlling law.

In sum, for all of the above reasons, Oracle's legal premise in bringing its motion has no merit. For that reason, Oracle's motion should be denied.

### D.    Application of the Law to the Facts On the § 271(f) Issue

Given that Oracle's legal position forms the entire basis for its motion, and that Oracle is wrong on the law, Oracle's motion should be denied. On the facts, Oracle does not dispute that

the application of the uncontested facts to the correct controlling law requires denial of Oracle's motion. As discussed below, there is no dispute on Oracle's motion that Oracle supplies components within the meaning of § 271(f) with respect to all of the asserted claims.

In this action, epicRealm asserts method, machine readable media, and networked systems claims. As shown below and not contradicted by Oracle, the facts fully support the conclusion that Oracle infringes all asserted claims under § 271(f).

EpicRealm will begin its analysis with method claim 1 of the '554 patent as representative of the asserted method claims. Claim 1 reads:

> A computer-implemented method for managing a dynamic Web page generation request to a Web server, said computer-implemented method comprising the steps of:
>
> > routing said request from said Web server to a page server, said page server receiving said request and releasing said Web server to process other requests, wherein said routing step further includes the steps of intercepting said request at said Web server, routing said request from said Web server to a dispatcher, and dispatching said request to said page server;
> >
> > processing said request, said processing being performed by said page server while said Web server concurrently processes said other requests; and
> >
> > dynamically generating a Web page in response to said request, said Web page including data dynamically retrieved from one or more data sources.

('554 patent, col. 8, l. 63 – col. 9, l. 11.) Oracle, in its motion, does not contest that when the software it supplies is installed and run on a computer, that use meets all the limitations of the asserted method claims. On the facts, there is no dispute that Oracle supplies software that performs the patented method to customers for infringing use outside the United States. (Oracle Brief at 4-6.) The software supplied by Oracle is a "component" that satisfies the requirements of § 271(f). Moreover, there is no dispute that the software supplied by Oracle is used in

10

computers by Oracle's customers and that that use infringes the asserted method claims. (*Id.*) The entire basis for Oracle's summary judgment motion with respect to the asserted method claims is grounded in its erroneous legal contentions. Those contentions are clearly incorrect as a matter of law as discussed above and, for that reason, Oracle's motion should be denied.[7]

There is one "machine readable" media claim at issue, claim 11. Claim 11 reads as follows:

> A machine readable medium having stored thereon data representing sequences of instructions, which when executed by a computer system, cause said computer system to perform the steps of:
>
> > routing a dynamic Web page generation request from a Web server to a page server, said page server receiving said request and releasing said Web server to process other requests wherein said routing step further includes the steps of intercepting said request at said Web server, routing said request from said Web server to a dispatcher, and dispatching said request to said page server;
> >
> > processing said request, said processing being performed by said page server while said Web server concurrently processes said other requests; and
> >
> > dynamically generating a Web page, said Web page including data retrieved from one or more data sources.

('554 patent, col. 10, ll. 25-41.) ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

---

[7] Further, on the issue of the method claims in issue, the law is clear that the *Microsoft* decision does not in any event apply to method claims, an additional reason why Oracle errs in arguing that a golden master disk or abstract software cannot be components within the meaning of § 271(f). *See, e.g., Lucent Techs, Inc. v. Gateway, Inc.*, No. 07-cv-2000-H (CAB), 2008 WL 2491955 at *13 (S.D. Cal. June 19, 2008).



For these reasons, Oracle's motion with respect to claim 11 fails.

Claim 9 reads as follows:

> A networked system for managing a dynamic Web page generation request, said system comprising:
>
> > one or more data sources;
> >
> > a page server having a processing means;
> >
> > a first computer system including means for generating said request; and
> >
> > a second computer system including means for receiving said request from said first computer, said second computer system also including a router, said router routing said request from said second computer system to said page server, wherein said routing further includes intercepting said request at said second computer, routing said request from said second computer to a dispatcher, and dispatching said request to said page server said page server receiving said request and releasing said second computer system to process other requests, said page server processing means processing said request and dynamically generating a Web page in response to said request, said Web page including data dynamically retrieved from said one or more data sources.

('554 patent, col. 9, l. 39 – col. 10, l. 17.) Oracle's admitted foreign activities infringe this "networked system" claim under § 271(f) for the same reasons discussed above.

### E.    Oracle is Also Liable Under § 271(a)

Oracle is also liable for its worldwide infringing activities under § 271(a) by virtue of its infringing domestic activities.  For purposes of Oracle's motion, Oracle does not dispute that all asserted claims are infringed by Oracle and its customers under § 271(a)—by making, using, selling and offering for sale the claimed invention in the United States.  The issue as raised by Oracle is an issue of law, namely, whether Oracle is correct in its contention that epicRealm is not entitled to include in the reasonable royalty base foreign sales as well as domestic sales.  The law is clear that epicRealm is entitled to include all worldwide sales in its royalty base by virtue of Oracle's domestic infringement that is inextricably linked to Oracle's worldwide infringing activities.

Because Oracle's foreign sales are a natural consequence of Oracle's domestic infringement, epicRealm is entitled to include foreign sales in the reasonable royalty base.  See *Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F.2d 1320, 1326 (Fed. Cir. 1987).



Oracle is entirely wrong on the law in asserting that worldwide sales cannot be captured under § 271(a).  The Federal Circuit repeatedly held that it is correct to include "worldwide sales of the accused products" in the royalty base in a § 271(a) analysis.  *z4 Techs Inc.*, 507 F.3d at 1355-56.  That decision is directly contrary to Oracle's contention that worldwide sales cannot

form the basis of a damages award under § 271(a). That the worldwide damages award in *z4*
*Techs* was based only on § 271(a) infringing activities and not § 271(f) activities is beyond any
doubt. *Id.* at 1356 (The "complaint alleged infringement using only language from § 271(a)."
And, the "jury instructions similarly only paralleled the language of § 271(a)...."). The *z4*
*Techs.* court held that damages based on worldwide sales are recoverable under § 271(a):

> [A] damages award based in part on global sales does not
> necessarily implicate § 271(f).

*Id.* To the same effect is *Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820 (Fed. Cir. 1989). In that
§ 271(a) case, the court affirmed a reasonable royalty award that included in the royalty base
"SMEC's foreign infringing sales." *Id.* at 827. Surprisingly, Oracle cites neither *z4 Techs* nor
*Datascope* and has no answer to this well settled law. The *z4 Techs* and *Datascope* decisions
alone therefore require the denial of Oracle's motion.

     *Datascope* and *z4 Techs* do not stand alone but follow a long line of well settled law
holding that damages based on worldwide sales have always been recoverable under § 271(a).
For example, in *Railroad Dynamics, Inc. v. A. Stucki Co.*, 727 F.2d 1506, 1519 (Fed. Cir. 1984),
the court affirmed a damages award that included foreign sales under a § 271(a) analysis. There,
the damages include "royalties for 1,671 carsets sold to foreign customers for installation in
truck assemblies in foreign countries." *Id.* The court in *Railroad Dynamics* held that whether
the carsets were sold in the U.S. or elsewhere was "irrelevant" given the domestic infringement,
and for that reason it was appropriate to include the carsets sold overseas in the reasonable
royalty base. *Id.* Similarly, in *Kori Corp. v. Wilco Marsh Buggies and Draglines, Inc.*, 561 F.
Supp. 512 (E.D. La. 1981); *aff'd*, 761 F.2d 649 (Fed. Cir. 1985), the court awarded damages that
included as a component foreign sales in a § 271(a) infringement analysis. *Kori*, 561 F. Supp. at
525. The court held that damages could be awarded for machines sold for use outside of the

United States as an appropriate measure of the patentee's damages, given the domestic infringement under § 271(a). *Id.* The Federal Circuit affirmed the damages award that included a damages calculation that included foreign sales activity. *Kori*, 761 F.2d at 653. In *Schneider v. SciMed*, 852 F. Supp. 813, 847 (D. Minn. 1994), *aff'd*, 60 F.3d 839 (Fed. Cir. April 26, 1995), the court held that if the patentee carries its burden of proving to a "reasonable probability that but for" the domestic infringement, it would have made the foreign sales made by the infringer, the patentee can recover damages based on foreign sales. *Schneider v. SciMed Life Sys., Inc.*, No. 3-91 CIV 241, 1993 WL 463204, at *6 (D. Minn. May 14, 1993) (on summary judgment). After trial, the court concluded that "Schneider (Europe) may recover ... damages resulting from lost sales in foreign countries." *Schneider v. SciMed Life Sys.*, 852 F. Supp. 813, 847 (D. Minn. March 4, 1994). This decision was affirmed by the Federal Circuit, 60 F.3d 839 (Fed. Cir. April 26, 1995) (unpublished). In affirming the district court decision, the Federal Circuit held that "we are aware of no rule" in a § 271(a) case that would bar a patentee from recovery on "foreign sales." *Schneider*, 60 F.3d 839, at *3.

No authority cited by Oracle contradicts the above authorities. None of Oracle's cases addresses the issue as to whether a patentee can recover damages based on worldwide sales under 271(a) and contradict the well settled law discussed above, and certainly none rebuts the clear law discussed above that allows for the recovery of worldwide patent infringement damages under § 271(a). Rather, Oracle's authorities (Oracle Brief at 16-19) simply reiterate the unremarkable proposition that § 271(a) applies to domestic activities while § 271(f) applies to foreign activities.



## CONCLUSION

For the foregoing reasons, Oracle's motion should be denied.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Harry J. Roper                                   By:  */s/ David E. Moore*
George S. Bosy                                         Richard L. Horwitz (#2246)
Aaron A. Barlow                                        David E. Moore (#3983)
Patrick L. Patras                                      Hercules Plaza, 6th Floor
David R. Bennett                                       1313 N. Market Street
Paul D. Margolis                                       Wilmington, DE  19899
Benjamin J. Bradford                                   Tel:  (302) 984-6000
Emily C. Johnson                                       rhorwitz@potteranderson.com
JENNER & BLOCK                                         dmoore@potteranderson.com
330 N. Wabash Avenue
Chicago, IL  60611-7603                          *Attorneys for Defendant/Counterclaim*
Tel:  (312) 923-8305                             *Plaintiff epicRealm Licensing, LP*

Dated:  August 21, 2008
Public Version Dated:  August 28, 2008
880352 / 31393 / Oracle

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on August 28, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on August 28, 2008, the attached document was Electronically Mailed to the following person(s):

Mary B. Graham
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
MGraham@MNAT.com

Theodore T. Herhold
Robert J. Artuz
Eric M. Hutchins
Eric A. Mercer
Joseph A. Greco
Nitin Gupta
Townsend and Townsend and Crew LLP
379 Lytton Avenue
Palo Alto, CA 94301
OracleEpicrealm@townsend.com

James G. Gilliland
Igor Shoiket
Townsend and Townsend and Crew LLP
Two Embarcadero Center
Eighth Floor
San Francisco, CA 94111-3834
OracleEpicrealm@townsend.com

Chad E. King
Townsend and Townsend and Crew LLP
1200 Seventeenth Street
Suite 2700
Denver, CO 80202
OracleEpicrealm@townsend.com

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

788480 / 31393 / Oracle