**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ORACLE CORPORATION and ORACLE U.S.A. INC., | ) ) |
| Plaintiffs/Counterclaim Defendants, | ) ) ) |
| v. | ) ) |
| EPICREALM LICENSING, LP, | ) ) ) |
| Defendant/Counterclaim Plaintiff. | ) |

C.A. No. 06-414-SLR

**JURY TRIAL DEMANDED**

**PUBLIC VERSION**

---

**EPICREALM'S MEMORANDUM IN OPPOSITION TO ORACLE'S MOTION FOR**
**PARTIAL SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT**

OF COUNSEL:

Harry J. Roper
George S. Bosy
Aaron A. Barlow
Patrick L. Patras
David R. Bennett
Paul D. Margolis
Benjamin J. Bradford
Emily C. Johnson
JENNER & BLOCK
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel: (312) 923-8305

Dated: August 21, 2008
Public Version Dated: August 28, 2008
879487 / 31393 / Oracle

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant/Counterclaim*
*Plaintiff epicRealm Licensing, LP*

## TABLE OF CONTENTS

I.  NATURE AND STAGE OF THE PROCEEDINGS ............................................................1

II.  SUMMARY OF ARGUMENT .......................................................................................1

III.  COUNTER STATEMENT OF THE FACTS..................................................................4

    A.  Oracle Has Known Of The Patents In Suit Since At Least When The '554 Patent Was Disclosed During Prosecution of Oracle Patents In The PTO..............4

    B.  Oracle's Actions Before Early 2006 Were Reckless. ..............................................7

    C.  Oracle's Actions After Early 2006 Are Reckless. ...................................................8

    D.  Oracle's Defenses Are Without Merit. ....................................................................9

        1.  Oracle's Indemnification Of Its Customer, Safelite. ...................................9

        2.  The Request For Reexamination Does Not Aid Oracle...............................9

        3.  Oracle's Unreasonable Reliance On Chen and Carl. .................................10

        4.  Oracle's Reliance On Contradictory Expert Opinions In Its Defenses.....................................................................................................16

IV.  ARGUMENT ................................................................................................................17

    A.  Legal Standards......................................................................................................18

        1.  Summary Judgment ....................................................................................18

        2.  Willful Infringement ..................................................................................18

    B.  Genuine Issues of Material Fact On The Issue Of Oracle's Willful Infringement..........................................................................................................19

    C.  Oracle's Has Acted And Continues to Act With Reckless Disregard of The Patents In Suit. ......................................................................................................20

        1.  Oracle's Internal Policies Support A Conclusion of Recklessness............20

        2.  Sarboraria's Testimony On Willful Infringement Shows That Material Facts Exist Regarding Oracle's Knowledge of EpicRealm's Patents. .................................................................................22

        3.  Oracle's Decision to Ignore EpicRealm's Patents From 2000 to 2006 Was Objectively Reckless................................................................23

4.      There Are Also Genuine Issues Of Material Fact Regarding The Recklessness of Oracle's Behavior After January 2006. ...........................24

        a.      Oracle's Failure to Obtain an Opinion Of Counsel Demonstrates Recklessness. ........................................................24

        b.      Oracle Continues to Sell Its Infringing Products And Has Not Considered Alteration. ..............................................25

D.      There Are Genuine Issues Of Material Fact Regarding Oracle's Alleged Defenses. .........................................................................................26

        1.      Oracle's Indemnification Of Safelite Shows Its Belief That The Patents Are Valid And Infringed. ..............................................26

        2.      The PTO's Grant Of Reexamination Is Inadmissible and Irrelevant.........26

        3.      The Opinions of Dr. Chen and Mr. Carl Do Not Save Oracle....................28

        4.      Oracle's Reliance on Two Conflicting Expert Opinions Shows That Its Defenses Are Reckless. ...............................................30

E.      Oracle's Willful Infringement Continues After The Filing of the Complaint.....................................................................................................31

CONCLUSION.................................................................................................................32

## TABLE OF AUTHORITIES

**Cases**

*ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd.,*
 501 F.3d 1307 (Fed. Cir. 2007) ............................................................................................... 18

*Amphenol T&M Antennas, Inc. v. Centurion Int'l Inc.,*
 69 U.S.P.Q.2d 1798 (N.D. Ill. 2002) ....................................................................................... 27

*Anderson v. Liberty Lobby, Inc.,*
 477 U.S. 242 (1986) .................................................................................................................. 18

*Ball Aerosol and Specialty Container, Inc. v. Ltd. Brands, Inc.,*
 553 F. Supp.2d 939 (N.D. Ill. 2008) ........................................................................................ 31

*Celotex Corp. v. Catrett,*
 477 U.S. 317 (1986) ............................................................................................................ 18, 19

*Edizone, L.C. v. Cloud Nine,*
 C.A. No. 1:04-CV-117TS, 2008 U.S. Dist. LEXIS 41258 (D. Utah May 22, 2008) ............... 26

*Energy Transp. Group, Inc. v. William Demant Holding A/S,*
 C.A. No. 05-422-GMS, 2008 WL 114861 (D. Del. Jan. 7, 2008) ...................................... 19, 24

*Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.,*
 166 F. Supp.2d 1008 (D. Del. 2001) ........................................................................................ 22

*Horowitz v. Fed. Kemper Life Assurance Co.,*
 57 F.3d 300 (3d Cir. 1995) ....................................................................................................... 18

*Izquierdo v. Sills,*
 68 F. Supp.2d 392 (D. Del. 1999) ............................................................................................ 21

*Lucent Techs., Inc. v. Gateway, Inc.,*
 No. 07-CV-2000, 2007 U.S. Dist. LEXIS 95934 (S.D. Cal. Oct. 30, 2007) ...................... 24, 27

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,*
 475 U.S. 574 (1986) .................................................................................................................. 18

*Pa. Coal Ass'n v. Babbitt,*
 63 F.3d 231 (3d Cir. 1995) ....................................................................................................... 18

*In re Seagate Tech., LLC,*
 497 F.3d 1360 (Fed. Cir. 2007) .......................................................................................... passim

*Tenneco Auto. Operating Co. Inc. v. Visteon Corp.,*
 375 F. Supp.2d 360 (D. Del. 2005) .............................................................................. 18, 19, 24

*Translogic Tech., Inc. v. Hitachi, Ltd.,*
 Civ. No. 99-407-PA, 2006 U.S. Dist. LEXIS 17290 (D. Ore. Apr. 5, 2006) ........................... 27

*Underwater Devices Inc. v. Morrison-Knudsen Co.,*
 717 F.2d 1380, 1389-90 (Fed. Cir. 1983) ................................................................................ 25

**Rules**

Fed. R. Civ. P. 56(c) ................................................................................................................ 18

**Other Authorities**

MPEP § 2001 ................................................................................................................ 21, 22

MPEP § 2273 ................................................................................................................ 28

MPEP § 2279 ................................................................................................................ 28

MPEP § 707.05 ................................................................................................................ 21

Defendant epicRealm Licensing, LP ("epicRealm") submits this brief in opposition to Oracle's Motion for Partial Summary Judgment of No Willful Infringement filed on July 31, 2008. (Oracle's motion, D.I. 208.) For the reasons discussed below, Oracle's motion should be denied.

## I.    NATURE AND STAGE OF THE PROCEEDINGS

EpicRealm incorporates by reference its response to Oracle's summary of the Nature and Stage of the Proceedings as set forth in EpicRealm's Brief in Opposition to Oracle's Motion for Partial Summary Judgment Excluding Damages Based on Oracle's Foreign Sales.

## II.    SUMMARY OF ARGUMENT

In seeking summary judgment on the issue of willful infringement, Oracle ignores the overwhelming evidence that at minimum would allow a reasonable jury to find that Oracle's infringement has been and continues to be willful. Oracle's motion should be denied for the following reasons:

1.    Considering all evidence in a light most favorable to epicRealm, Oracle falls far short of sustaining its heavy summary judgment burden on the intensely factual issue of willful infringement. At a minimum, genuine issues of material fact exist on the issue of willful infringement. The record here reveals abundant evidence that Oracle has acted—and continues to act—with "objective recklessness" in initiating and continuing its infringing activities. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). This evidence creates genuine issues of material fact such that a reasonable jury could find that Oracle's infringement of the patents in suit is willful.

2.    Oracle has known of the existence of the '554 Patent since at least August 23, 2000 when the '554 Patent was cited to Oracle during the prosecution of Oracle's U.S. Patent Application 08/794,269, an application that Oracle filed in the late 1990s. Over the years, the

patents in suit have been cited in a number of Oracle patent applications. Oracle does not deny these facts, but rather asserts that in the face of this compelling evidence, no Oracle employee ever became aware of the '554 Patent. Oracle appears to argue that only attorneys from the outside firms that prosecuted the Oracle patent applications were aware of the '554 Patent. Oracle gains nothing from this assertion. It is undisputed that the attorneys were acting on behalf of Oracle as agents of Oracle. Oracle therefore by its own admission had knowledge of the '554 Patent long ago. Secondly, Oracle's assertion that no Oracle employee became aware of the '554 Patent simply creates an issue of fact. The dispositive issue here at trial is whether a reasonable jury could conclude from the admitted facts that Oracle did indeed learn of the existence of the '554 Patent in 2000 (and later) when that patent was cited in the prosecution of many Oracle patent applications. Oracle's argument that its purported self-imposed ignorance about the actions of its outside attorneys can somehow save it from a finding of willful infringement should plainly be rejected.

3.      Even after January 2006, the date by which Oracle admits that it knew of the existence of the patents in suit and the possibility that it infringed, Oracle continued its reckless behavior. Oracle did not obtain an opinion of counsel and did not even give any consideration to changing its infringing products, nor did it make any attempt to design around the patented invention. In short, Oracle continued to act with utter disregard for epicRealm's patent rights. Oracle's failure to obtain an opinion of counsel is not dispositive, but it is evidence to be considered. Viewed under a totality of the circumstances standard, in a light most favorable to epicRealm, Oracle's behavior is clearly "objectively reckless."

4.      Additionally, there are genuine issues of material fact with respect to Oracle's purported "substantial" defenses here:

2

# Redacted

- The United States Patent and Trademark Office's ("PTO") granting of a request for
  reexamination and then issuing a non-final office action is irrelevant to the willfulness
  issue. First, it is not final and secondly, the PTO uses a different burden of proof (a
  preponderance of the evidence) on the validity issue than is applicable here (Oracle's
  burden of providing invalidity is by clear and convincing evidence). For those
  reasons, any reference to the PTO reexamination proceeding is inadmissible in this
  action as irrelevant and likely to promote jury confusion. In any event, viewed in a
  light most favorable to epicRealm, this factor cannot possibly carry Oracle's heavy
  burden of establishing that there are no facts that are in genuine dispute on the issue
  of willful infringement.

# Redacted

# Redacted

- Finally, Oracle admittedly relies on entirely contradictory expert opinions to allege (i) noninfringement on the one hand and (ii) invalidity on the other. These two positions are grounded in entirely contradictory positions. Even though Oracle has been told by epicRealm again and again of that contradiction, it still recklessly relies on both positions in an attempt to escape a finding of willful infringement.

## III.    COUNTER STATEMENT OF THE FACTS

Oracle's statement of facts is incomplete and misleading. For that reason, epicRealm provides a complete and accurate counterstatement of facts.

### A.    Oracle Has Known Of The Patents In Suit Since At Least When The '554 Patent Was Disclosed During Prosecution of Oracle Patents In The PTO.

EpicRealm's U.S. Patent No. 5,894,554 ("'554 Patent") issued on April 13, 1999 and its U.S. Patent No. 6,415,335 ("'335 Patent) issued on July 2, 2002. Oracle has been infringing epicRealm's patents since November 2000. Oracle has known about epicRealm's patents since

4

at least when the '554 Patent was disclosed to Oracle during the prosecution of several of its U.S.

patent applications. The following table establishes six undisputed instances where the '554

Patent was cited to or by the PTO during prosecution of Oracle patent applications. The table

identifies the Oracle patent application, its filing date, the date on which the '554 Patent was

cited and by whom, the issued Oracle patent number, and the Oracle law firm that prosecuted the

pertinent Oracle patent application:

| Application Number | Filing Date | Date Cited/Party Citing | Issued Patent | Firm |
|---|---|---|---|---|
| 08/794,269 | February 3, 1997 | August 23, 2000/Examiner (Ex. 1 at ORCL01623276.)[1] | 6,845,505 | Hickman Palermo Truong & Becker |
| 08/962,536 | October 31, 1997 | November 21, 2000/Oracle (Ex. 2 at ORCL01622919.) | 6,334,114 | Hickman Palermo Truong & Becker |
| 09/676,262 | September 28, 2000 | December 15, 2000/Oracle (Ex. 3 at 4.) | 6,710,786 | Hickman Palermo Truong & Becker |
| 10/714,738 | November 17, 2003 | April 7, 2004/Oracle (Ex. 4 at 1.) | 7,302,370 | Hamilton, Brook, Smith, Reynolds |
| 10/446,042 | May 27, 2003 | December 6, 2005/Examiner (Ex. 5 at 1.)[2] | 7,269,692 | AKA Chan |
| 09/615,383 | July 13, 2000 | December 9, 2005/Oracle (Ex. 6 at 1.) | 7,058,700 | Townsend & Townsend |

As the above table proves, Oracle knew of the existence of the '554 Patent since at least August

23, 2000, when the PTO cited it against Oracle's Patent Application No. 08/794,269. (Ex. 1 at

ORCL01623276.) Moreover, as early as November 21, 2000, Oracle began citing the '554

Patent in its Information Disclosure Statements to the PTO during the prosecution of its own

---

[1] Exhibits cited herein refer to the Appendix filed contemporaneously herewith.
[2] The examiner also cited the '335 Patent against Oracle's application on this date.

patent applications. (Ex. 2 at ORCL01622919.) At least three of Oracle's outside prosecution law firms knew about and cited the '554 Patent to the PTO, and the '554 Patent was cited by the PTO to at least two of Oracle's outside law firms. Townsend & Townsend, Oracle's litigation counsel in this matter, cited the '554 Patent to the PTO in 2005, proving convincingly that Oracle's position that Oracle never knew of the existence of the patents in suit is frivolous. In sum, it is undisputed that the patents in suit have been cited by—or against—Oracle during prosecution of Oracle's own patent applications at least eight times from 2000 to 2006. This abundant and overwhelming evidence is surely more than sufficient to allow a reasonable jury to conclude that Oracle did indeed learn long ago about the existence of the patents in suit long ago.

# Redacted

6

**B.      Oracle's Actions Before Early 2006 Were Reckless.**

Oracle ignored the patents in suit until one of its customers (Safelite) sought indemnification from Oracle in January 2006 for infringement of the epicRealm patents based on use of Oracle's infringing products. (*See* D.I. 209, Oracle's Brief In Support Of Motion For Partial Summary Judgment Of No Willful Infringement ("Oracle Br.") 12.)  However, Oracle knew about the patents in suit long before January 2006.  Oracle's reckless actions regarding the patents in suit before January 2006 allow a reasonable jury to find Oracle guilty of willful infringement.

# Redacted

**Redacted**

**D.    Oracle's Defenses Are Without Merit.**

Oracle attempts to rely on its purported "meritorious" defenses as an attempt to escape

trial on the issue of willful infringement. That attempt should be rejected as the key facts

ignored by Oracle fully undermine Oracle's "meritorious" defenses argument.

      **1.    Oracle's Indemnification Of**
           **Its Customer, Safelite.**

# Redacted

      **2.    The Request For Reexamination**
           **Does Not Aid Oracle.**

Oracle relies on the PTO's grant of reexamination of the patents in suit to show that it

reasonably believes that the patents are invalid. (Oracle Br. 6-7, 22-23.) This evidence is

inadmissible in this patent infringement action. Further, it does not support Oracle. The fact is

undisputed that the PTO grants virtually every reexamination request. The PTO's most recent statistics show that in 2007, 643 requests for reexamination were filed. (Ex. 19 at Table 13A.) The PTO denied only 17 requests. (*Id.*) Thus, the PTO grants requests for reexamination at a rate of over 97%. (*Id.*) These statistics establish that Oracle's belief that the patents in suit are invalid based on the PTO's reexamination order cannot carry its summary judgment burden. Plainly, the PTO's grant of a reexamination request is inadmissible and in any event has no relevance at all on any issue in this action.

     **3.**     **Oracle's Unreasonable Reliance On Chen and Carl.**

# Redacted

# Redacted

**Redacted**

# Redacted

**Redacted**

# Redacted

# **Redacted**

**4.    Oracle's Reliance On Contradictory Expert Opinions In Its Defenses.**

Oracle touts its "substantial" noninfringement and invalidity defenses in its brief.  (Oracle

Br. 6-10, 21, 29.)  However, these defenses are undermined by Oracle's own reliance on

contradictory expert testimony:  Oracle offers two different experts for its two different defenses,

Shamos as its invalidity expert and Clark as its noninfringement expert.  The two experts

continually take contrary positions.  For example, the experts take contradictory positions

regarding the meaning of "intercepting," a claim term found in every asserted claim of the

patents in suit.  Shamos describes intercepting as:

> ***Intercepting is inherent in any system in which the Web server
> processes some but not all, requests.***  Some mechanism must be
> used to discriminate between the requests the Web server will

16

> handle and which it will not. That mechanism which prevents the
> Web server from handling certain requests "intercepts" their
> handling within the Texas Court's construction.

(Ex. 17, Shamos Rpt. ¶ 94 (emphasis added).)  Under Shamos's analysis, all of the Accused

Oracle Products meet the "intercepting" limitation.  (*See* epicRealm's Memorandum in

Opposition to Oracle's Motion For Summary Judgment of Noninfringement filed herewith.)

# Redacted

Another contradictory position taken by Oracle's experts concerns the term

"dispatching." Shamos contends that the "dispatching" limitation is met by what he calls

"configuration file dispatching." (Ex. 17, Shamos Rpt. ¶106.) Shamos's "configuration file

dispatching" occurs when the Web Agent determines which service in the Oracle7 Server to use

based on information contained in the dynamic Web page request and the configuration file.

(Ex. 17, Shamos Rpt. ¶106; D.I. 219 Ex. 4 at 38.) Oracle relies on this view to argue that the

patents in suit are invalid.

# Redacted

In sum, Oracle's reliance on contradictory opinions to support its defenses to

epicRealm's patent infringement claims is further evidence that the jury could consider on the

factual issue of willful infringement.

## IV.    ARGUMENT

Oracle is not entitled to partial summary judgment on the factual issue of its willful

infringement of the patents in suit.

## A.    Legal Standards

### 1.    Summary Judgment

Summary judgment is only appropriate on an issue if there are no genuine issues as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n. 10 (1986). A fact that can alter the outcome is always a material fact. *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 302 n.1 (3d Cir. 1995). An issue of fact is "genuine...if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where the nonmoving party bears the burden of persuasion at trial, the moving party's burden may only be discharged by showing that there is "an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The Court must view the underlying facts and all reasonable inferences in the light most favorable to the party opposing the motion for summary judgment. *Tenneco Auto. Operating Co. Inc. v. Visteon Corp.*, 375 F. Supp. 2d 360, 363 (D. Del. 2005) (citing *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995) (genuine issues of material fact precluded summary judgment for infringer on the issue of willful infringement)). The trial court's function is not to weigh the evidence, but rather to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249.

### 2.    Willful Infringement

Whether infringement of a patent is willful is a question of fact that must be proved by clear and convincing evidence. *ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd.*, 501 F.3d 1307, 1311-12 (Fed. Cir. 2007). The Federal Circuit set forth the present standard for determining the issue of willfulness: "proof of willful infringement permitting enhanced

18

damages requires at least a showing of objective recklessness." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). Under this standard, "to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Id.* In addition, "the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id.*

 *Seagate* did nothing to change the requirement that the totality of the circumstances must be taken into account when determining whether infringement is willful. *Energy Transp. Group, Inc. v. William Demant Holding A/S*, No. 05-422-GMS, 2008 WL 114861, at *1 (D. Del. Jan. 7, 2008); *Tenneco*, 375 F. Supp. 2d at 365. To this end, "nothing in *Seagate* forbids a jury to consider whether a defendant obtained advice of counsel as part of the totality of circumstances in determining willfulness." *Energy Transp. Group*, 2008 WL 114861, at *1.

### B. Genuine Issues of Material Fact On The Issue Of Oracle's Willful Infringement.

 Oracle has known about the patents in suit for the better part of a decade, and has recklessly ignored them. As such, Oracle "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Seagate*, 497 F.3d at 1371. Oracle has simply not discharged its heavy burden of showing that there is "an absence of evidence" to support epicRealm's charge of willful infringement. *Celotex*, 477 U.S. at 325. To the contrary, epicRealm presents evidence fully sufficient to allow a jury to find for epicRealm.

C.    **Oracle's Has Acted And Continues to Act
With Reckless Disregard of The Patents In Suit.**

1.    **Oracle's Internal Policies Support
A Conclusion of Recklessness.**

Oracle has known about, and ignored epicRealm's patents since 2000. Sarboraria admitted in his declaration in support of Oracle's Motion that Oracle learned of the patents in suit "on our about January 26, 2006." (D.I. 217, Sarboraria Decl. at 7). As such, there is at least a genuine issue of material fact as to whether Oracle had notice of epicRealm's patent rights before January 26, 2006. Moreover, there is abundant evidence that Oracle was aware of the patents in suit long before 2006. The '554 Patent was cited by, or against, Oracle six times during patent prosecution before January 26, 2006. It was cited during patent prosecution three times in 2000, once in 2004, and twice in 2005. (*See* Chart Section III.A., *supra*.) Yet Oracle argues that epicRealm "has no evidence that any Oracle attorney, employee, or agent read the claims of the patent-in-suit prior to January 26, 2006." (Oracle Br. 24.) This assertion is false on its face. Certainly, Oracle's outside patent prosecution attorneys, acting as Oracle's agents, reviewed the epicRealm patents that they cited or that the PTO cited against them during prosecution of Oracle patents. In fact, three different law firms hired by Oracle knew of the '554 Patent as evidenced by the fact that these firms cited epicRealm's patents in information disclosure statements before this date. (*See* Chart Section III.A., *supra*.) In addition, a reasonable jury could draw an inference in favor of epicRealm that Oracle's employees had actual knowledge of the patents in suit long ago.

# Redacted

20

# **Redacted**

Even if Sarboraria were qualified to provide opinions on patent prosecution issues (and he is not qualified), he would know that the Manual of Patent Examining Procedure ("MPEP") requires that during examination of a patent application, the examiner is required to cite prior art that is "nearest to the subject matter defined in the claims." MPEP § 707.05, Citation of References. Thus, the examiner's citation of the '554 Patent during prosecution of an Oracle application is not insignificant and meaningless as Sarboraria would have it.

Likewise, Oracle's citation of the '554 Patent to the PTO is significant. MPEP § 2001 states the duty of disclosure, candor, and good faith applied during patent prosecution:

> (a) … Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a **_duty to disclose to the Office all information known to that individual to be material to patentability_** as defined in this section.
> …
> (b) Under this section, information is material to patentability when it is **_not cumulative_** to information already of record or being made of record in the application, and
>
> (1) It **_establishes, by itself or in combination with other information, a prima facie case of unpatentability_** of a claim; or
>
> (2) **_It refutes, or is inconsistent with, a position the applicant takes_** in:
>
> (i) Opposing an argument of unpatentability relied on by the Office, or
> (ii) Asserting an argument of patentability.

21

So, MPEP § 2001 requires that attorneys cite prior art to the examiner during prosecution that the attorney believes to be *material to the patentability* of the invention at issue in the application. Sarboraria's incompetent testimony to the contrary is wholly lacking in credibility.

Even assuming Oracle's erroneous argument that it lacked knowledge of epicRealm's patent rights, willful infringement may be found absent an explicit connection between those who knew of the patents in suit and those having knowledge of the infringing products so long as the jury is instructed to consider the totality of the circumstances. *Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*, 166 F. Supp. 2d 1008, 1037-39 (D. Del. 2001), *vacated on other grounds*, 523 F.3d 1304 (Fed. Cir. 2008). For that reason, a reasonable jury considering the totality of the circumstances could find willful infringement based on Oracle's prosecuting attorneys' knowledge of the patents in suit coupled with Oracle's total disregard of epicRealm's patent rights.

> 2.    **Sarboraria's Testimony On Willful Infringement Shows That Material Facts Exist Regarding Oracle's Knowledge of EpicRealm's Patents.**

# Redacted

### 3.    Oracle's Decision to Ignore EpicRealm's Patents From 2000 to 2006 Was Objectively Reckless.

From 2000 to 2006, Oracle acted with reckless disregard of epicRealm's patent rights by ignoring and infringing them. It is objectively reckless for a party to ignore—for six years—patents that cover its most basic key products and technology. *Seagate*, 497 F.3d at 1371. In fact, Oracle admits that it did not investigate epicRealm's patents until one of its customers, Safelite, sought indemnification from Oracle for infringement of the epicRealm patents based on use of Oracle's products. (Oracle Br. 12.) Oracle unreasonably waited until it was sued before acknowledging epicRealm's patent rights.

# Redacted

# Redacted

### 4.   There Are Also Genuine Issues Of Material Fact Regarding The Recklessness of Oracle's Behavior After January 2006.

As shown above, Oracle's contention that it did not have knowledge of the patents in suit

before January 26, 2006 is erroneous.  Oracle's contention that it acted reasonably and promptly

after it admits having knowledge of epicRealm's patents (in 2006) is also wrong.

        a.   **Oracle's Failure to Obtain an Opinion Of Counsel Demonstrates Recklessness.**

# Redacted

**Redacted**

    **b.**    **Oracle Continues to Sell Its Infringing Products And Has Not Considered Alteration.**

**Redacted**

**D.** **There Are Genuine Issues Of Material Fact Regarding Oracle's Alleged Defenses.**

    **1.** **Oracle's Indemnification Of Safelite Shows Its Belief That The Patents Are Valid And Infringed.**

# Redacted

    **2.** **The PTO's Grant Of Reexamination Is Inadmissible and Irrelevant.**

The PTO's grant of reexamination is irrelevant and inadmissible. Evidence of the reexamination proceeding before the PTO is inadmissible in this case under Federal Rule of Evidence 403 at least because the reexamination proceeding is not final and because the PTO applies a different burden of proof (a preponderance of the evidence) on the validity issue than is applicable here (Oracle's burden of providing invalidity is by clear and convincing evidence). *Edizone, L.C. v. Cloud Nine*, C.A. No. 1:04-CV-117TS, 2008 U.S. Dist. LEXIS 41258, at *3-4 (D. Utah May 22, 2008) (excluding evidence of reexamination findings as having little or no

probative value, and as being overly prejudicial.); Civ. No. 99-407-PA, *Translogic Tech., Inc. v. Hitachi, Ltd.*, 2006 U.S. Dist. LEXIS 17290, at *8-9 (D. Ore. Apr. 5, 2006) (excluding evidence of reexamination proceedings even though defendant sought to rely on the proceedings to show it believed the patent in suit invalid for purposes of willfulness ); *Amphenol T&M Antennas, Inc. v. Centurion Int'l Inc.*, 69 U.S.P.Q.2d 1798, 1800 (N.D. Ill. 2002) (excluding evidence of incomplete reexamination proceedings because "telling the jury that the patent has been called into question by the Patent Office may significantly influence the jury's application of the presumption of validity and significantly prejudice [the patent holder].").

Oracle relies heavily on the Southern District of California *Lucent* case to support its argument that it cannot be guilty of willful infringement because the PTO granted the request for reexamination. (Oracle Br. 22-23.) Even if evidence of the reexamination proceedings was admissible (and it is not admissible), Oracle fails to recognize that *Lucent* states that the PTO's grant of a request for reexamination is just one factor to consider under the totality of the circumstances in a willful infringement determination. *Lucent*, 2007 U.S. Dist. LEXIS 95934, at *18-19. In fact, *Lucent* states that "[t]he Court does not assume that a reexamination order will always prevent a plaintiff from meeting their burden on summary judgment regarding willful infringement, but it does consider this as one factor among the totality of the circumstances." *Id.* at *18.

Here, there are many factors to consider among the totality of the circumstances that show Oracle acted in an objectively reckless manner. These factors include at least Oracle's copying of epicRealm's patent, its failure to undertake any investigation related to the patents in suit until brought into litigation by a customer, its failure to consider altering its infringing

products, its failure to obtain an opinion of counsel, and its fatally flawed alleged defenses to patent infringement.

Additionally, that the PTO granted requests for reexamination of the patents in suit hardly provides a basis for a reasonable actor to argue that it did not act recklessly because it believed the patents in suit to be invalid. The PTO grants practically every reexamination request filed. In 2007 the PTO denied only 17 requests for reexamination, meaning that it granted over 97% of the requests. (Ex. 19 at Table 13A.)

Also, Oracle attempts to argue that the PTO's office action somehow buttresses its alleged belief that the '554 Patent is invalid. (Oracle Br. 23.) It does not. The office action is non-final—even if the office action were final, epicRealm would be entitled to appeal to the Board of Patent Appeals and Interferences, and then the Court of Appeals for the Federal Circuit. MPEP § 2273, Appeal in *Ex Parte* Reexamination; MPEP § 2279 Appeal to Courts. The PTO's grant of reexamination of the patents in suit and issuance of a non-final office action related to the '554 Patent simply does not bear on whether Oracle is guilty of willful infringement.

   3. **The Opinions of Dr. Chen and Mr. Carl Do Not Save Oracle.**

# Redacted

**Redacted**

# Redacted

### 4.    Oracle's Reliance on Two Conflicting Expert Opinions Shows That Its Defenses Are Reckless.

Oracle's noninfringement and invalidity defenses are further shown to be reckless because it relies on contradictory expert opinions in a feeble attempt to support its invalidity and noninfringement defenses.  An objective party cannot rely on contradictory opinions of its experts in its defenses or use these opinions to establish that it reasonably believed that the patents in suit are invalid or not infringed.  *See Seagate,* 497 F.3d at 1371.  Oracle relies on Shamos's opinions to further its invalidity arguments.  Oracle relies on Shamos as asserting that the claims are as broad as possible, so that it can argue that prior art invalidates epicRealm's patents.  (*See* Section III.D.4., *supra* regarding Dr. Shamos's application of "intercepting" and "dispatching.")  On the issue of infringement and completely contrary to Shamos's opinions, Oracle relies on Clark to advance its noninfringement argument.  Clark views each claim term narrowly to aid Oracle in its noninfringement defense.  (*See* Section III.D.4., *supra* regarding Dr. Clark's application of "intercepting" and "dispatching.")  Drawing all inferences in favor of epicRealm on the issue of willful infringement, while considering the above facts in the totality

of the circumstances, a reasonable jury could find that those facts undermine Oracle's defenses here and that Oracle's infringement of the patents in suit is willful.

**E.    Oracle's Willful Infringement Continues After The Filing of the Complaint.**

Finally, Oracle's argument that *"Seagate* precludes a finding of willful infringement after filing of this action" is incorrect. (Oracle Br. 30.) On the contrary, Oracle's willful infringement after the filing of this action is a factor to be considered among the totality of the circumstances. *Ball Aerosol and Specialty Container, Inc. v. Ltd. Brands, Inc.*, 553 F. Supp. 2d 939, 955 (N.D. Ill. 2008) (citing *Seagate*, 497 F.3d at 1374). In *Seagate*, the Federal Circuit did not foreclose consideration of post-litigation conduct in an analysis of willful infringement. *Id.* Rather, the Federal Circuit stated that in most instances, post-litigation conduct should not be the *sole* basis for a finding of willful infringement since other remedies, such as a preliminary injunction, are available to the patent holder. *Id.* Even though epicRealm did not ask for a preliminary injunction, under Federal Circuit precedent, epicRealm will establish under the totality of the circumstances that Oracle has continued to willfully infringe its patents after the filing of this action.

31

## CONCLUSION

For the foregoing reasons, Oracle's motion should be denied.

OF COUNSEL:

Harry J. Roper
George S. Bosy
Aaron A. Barlow
Patrick L. Patras
David R. Bennett
Paul D. Margolis
Benjamin J. Bradford
Emily C. Johnson
JENNER & BLOCK
330 N. Wabash Avenue
Chicago, IL  60611-7603
Tel:  (312) 923-8305

Dated:  August 21, 2008
Public Version Dated:  August 28, 2008
879487 / 31393 / Oracle

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19899
    Tel:  (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant/Counterclaim
Plaintiff epicRealm Licensing, LP*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on August 28, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on August 28, 2008, the attached document was Electronically Mailed to the following person(s):

Mary B. Graham
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
MGraham@MNAT.com

James G. Gilliland
Igor Shoiket
Townsend and Townsend and Crew LLP
Two Embarcadero Center
Eighth Floor
San Francisco, CA  94111-3834
OracleEpicrealm@townsend.com

Theodore T. Herhold
Robert J. Artuz
Eric M. Hutchins
Eric A. Mercer
Joseph A. Greco
Nitin Gupta
Townsend and Townsend and Crew LLP
379 Lytton Avenue
Palo Alto, CA  94301
OracleEpicrealm@townsend.com

Chad E. King
Townsend and Townsend and Crew LLP
1200 Seventeenth Street
Suite 2700
Denver, CO  80202
OracleEpicrealm@townsend.com

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

788480 / 31393 / Oracle