# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ORACLE CORPORATION and )
ORACLE U.S.A. INC., )
                                              )    C.A. No. 06-414-SLR

      Plaintiffs/Counterclaim Defendants, )

                                                )    **JURY TRIAL DEMANDED**

      v.                                          )    **PUBLIC VERSION**

EPICREALM LICENSING, LP, )

      Defendant/Counterclaim Plaintiff. )

## APPENDIX TO EPICREALM'S MEMORANDUM IN OPPOSITION TO ORACLE'S MOTION FOR SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT

OF COUNSEL:

Harry J. Roper
George S. Bosy
Aaron A. Barlow
Patrick L. Patras
David R. Bennett
Paul D. Margolis
Benjamin J. Bradford
Emily C. Johnson
JENNER & BLOCK
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel: (312) 923-8305

Dated: August 21, 2008
Public Version Dated: August 28, 2008
880390 / 31393 / Oracle

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant/Counterclaim
Plaintiff epicRealm Licensing, LP*

# TABLE OF CONTENTS

*Exh.*    *Document*

1.    USSN 08/794,269, Office Action, Aug. 23,2000, ORCL01623264-01623276

2.    USSN 08/962,536, Information Disclosure Statement, Nov. 21, 2000 ORCL01622918-01622919

3.    USSN 09/676,262, Information Disclosure Statement, Dec. 15, 2000

4.    USSN 10/714,738, Information Disclosure Statement, April 7, 2004

5.    USSN 10/446,042, Notice of References Cited, Dec. 6, 2005

6.    USSN 09/615,383, Information Disclosure Statement, Dec. 12, 2005

7.    Excerpt from deposition transcript of Shuang Chen, April 7, 2008

8.    Excerpt from deposition transcript of Paul Clark, July 11, 2008

9.    Excerpt from deposition transcript of Steve Harris, April 18, 2008

10.    Excerpt from deposition transcript of B. Kent Hill, Feb. 28, 2008

11.    Excerpt from deposition transcript of Mark Nelson, Feb. 22, 2008

12.    Excerpt from deposition transcript of Matthew Sarboraria, May 15, 2008

13.    Excerpt from deposition transcript of Michael Shamos, June 30, 2008

14.    Oracle10iAS Planning Update, ORCL01066383-01066413

15.    Excerpt from Expert Report Paul C. Clark, June 6, 2008

16.    Expert Report of Dr. David Finkel, May 2, 2008

17.    Excerpt from Report of Plaintiffs' Expert Michael I. Shamos Concerning Invalidity, May 2, 2008

18.    Exhibit 3 from Shamos Expert Report

19.    USPTO Performance and Accountability Report Fiscal Year 2007, Table 13A: Ex Parte Reexamination

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on August 28, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on August 28, 2008, the attached document was Electronically Mailed to the following person(s):

Mary B. Graham
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
MGraham@MNAT.com

James G. Gilliland
Igor Shoiket
Townsend and Townsend and Crew LLP
Two Embarcadero Center
Eighth Floor
San Francisco, CA 94111-3834
OracleEpicrealm@townsend.com

Theodore T. Herhold
Robert J. Artuz
Eric M. Hutchins
Eric A. Mercer
Joseph A. Greco
Nitin Gupta
Townsend and Townsend and Crew LLP
379 Lytton Avenue
Palo Alto, CA 94301
OracleEpicrealm@townsend.com

Chad E. King
Townsend and Townsend and Crew LLP
1200 Seventeenth Street
Suite 2700
Denver, CO 80202
OracleEpicrealm@townsend.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

788480 / 31393 / Oracle

# Exhibit 1

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:  COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/794,269 | 02/03/97 | ADHNUTHULA | S | 3012-060 |

|  | EXAMINER |
|---|---|
| LMC1/0830 | LAU, G. |
| HICKMAN PALERMO TRUONG & BECKER | ART UNIT | PAPER NUMBER |
| 1600 WILLOW STREET | 2755 | 19 |
| SAN JOSE CA 95125-5106 | DATE MAILED: | |
| | 08/30/00 | |

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

ORCL01623263

| *Office Action Summary* | Application No. 08/794,269 | Applicant(s) Adunuthula, et al | |
|---|---|---|---|
| | Examiner S. Lao | Group Art Unit 2755 | |

[X] Responsive to communication(s) filed on _Jun 8, 2000_

[ ] This action is **FINAL**.

[ ] Since this application is in condition for allowance except for formal matters,    **prosecution as to the merits is closed** in accordance with the practice under  *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire _____ 3 __ month(s), or thirty days, whichever is longer, from the mailing date of this communication.  Failure to respond within the period for response will cause the application to become abandoned.  (35 U.S.C. § 133).  Extensions of time may be obtained under the provisions of 37 CFR 1 136(a).

**Disposition of Claim**

[X] Claim(s) _1-12 and 14-36_ _____ is/are pending in the application

Of the above, claim(s) _____ is/are withdrawn from consideration

[ ] Claim(s) _____ is/are allowed.

[X] Claim(s) _1-12 and 14-36_ _____ is/are rejected.

[ ] Claim(s) _____ is/are objected to.

[ ] Claims _____ are subject to restriction or election requirement.

**Application Papers**

[ ] See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

[ ] The drawing(s) filed on _____ is/are objected to by the Examiner.

[ ] The proposed drawing correction, filed on _____ is [ ] approved  [ ] disapproved.

[ ] The specification is objected to by the Examiner.

[ ] The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

[ ] Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

[ ] All  [ ] Some*  [X] None   of the CERTIFIED copies of the priority documents have been

[ ] received.

[ ] received in Application No. (Series Code/Serial Number) _____ .

[ ] received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received. _____

[ ] Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

[X] Notice of References Cited, PTO-892

[ ] Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

[ ] Interview Summary, PTO-413

[ ] Notice of Draftsperson's Patent Drawing Review, PTO-948

[ ] Notice of Informal Patent Application, PTO-152

— *SEE OFFICE ACTION ON THE FOLLOWING PAGES* —

ORCL01623264

Serial Number 08/794,269
Art Unit 2755

## DETAILED ACTION

1.     Claims 1-12, 14-36 are pending. This action is in response to applicant's response filed 6/8/2000.

2.     The text of those sections of Title 35, U.S. Code not included in this action can be found in a prior Office action.

3.     Claims 1, 25 are rejected under 35 U.S.C. 103(a) as being unpatentable over Putz et al in view of Heizer and Kahn et al.

As to claim 1, Putz teaches (abstract, col. 9, lines 21-30; col. 10, lines 20-37; col. 12, lines 33-55) a method for responding to a request (remote procedure calls) issued to a server (main server program 55) from a client (client 52-54) over a network system, the method comprising the steps of:

the server obtaining the request over a network (receive remote procedure calls);

the server identifying (check program dictionary) a program type corresponding to the request (named database operation program) among a plurality of program types (operation programs NewDocDecs, Render, DescriptionSearch),

if no currently executing instance of the program type (named operation program) exists, selectively initiating an instance of the program type (fork a child process of the named operation program),

the server dispatching the request to the instance (fork, then pass the remaining operating program arguments),

executing the instance to process the request (invoke operating program for performing),

responding to the request (return results of the operation).

Putz does not teach (1) the step of initiating is based on a comparison between how many instances are executing of the program type is executing and a prescribed number

ORCL01623265

Serial Number 08/794,269                                                                    - 3 -
Art Unit 2755

of the program type, (2) determining whether an instance of the program type currently
exists that is not currently processing a previously received request.

As to (1), Heizer teaches a method for responding to a request (request) issued to
a server program type (server 122) from a client (client 103), including initiating an
instance of the program type (server process 202, 203) based on a comparison between
how many instances are executing of the program type is executing (fig. 3) and a
prescribed number of instances of the program (low/high water mark); see col. 2, line 20 -
col. 4, line 55; fig.s 1-5.

Putz creates an instance of a named program type for each client request of that
named program type, which eventually will cause server overloading. This the aspect of
the request dispatching that Heizer addresses to improve. (Col. 1, lines 21-41). Therefore,
one of the ordinary skill in the art would have been motivated to apply the teaching of
Heizer to Putz's dispatching of each named program, to prevent server overloading. The
combination would have provided maximum number of instances for each named program
type.

As to (2), Kahn teaches management of server resource (internal reader), wherein
if there is a server instance currently exists (previously created internal reader) that is not
currently processing a previously received request (which has finished processing and
waiting for additional work, idle), an incoming request/job is assigned to such server
instance. Otherwise, new server instances are initiated/created to handle the request/job.
See abstract, col. 13, lines 40-63, col. 15, lines 35-61, col. 18, lines 11-35. Kahn
determines whether there is an available/idle/not_currently_processing server instance by
checking the IDLE flag for an internal reader. It would have been obvious to include the
teaching of Kahn into Putz as modified so as to provide handling of changing work flow
without excessive system overhead (Kahn, col. 18, lines 31-35).

As to claim 25. it is program product claim of claim 1.


4.      Claims 2-3 are rejected under 35 U.S.C. 103(a) as being unpatentable over Putz
et al, Heizer and Kahn et al and further in view of Donica et al.

ORCL01623266

Serial Number 08/794,269                                                      - 4 -
Art Unit 2755

As to claim 2, Donica teaches responding to a client request, including obtaining the request by a server process (scheduler) executing in a first address space (scheduler address space 30), initiating an instance of a service program (initiator) in a second address space that is separate from the first address space (initiator address space 40 separate from 30), see col. 5, lines 31-34. Since Putz, Heizer, Kahn et al and Donica address load balancing and reducing operating system overhead, it would have been obvious to combine the teachings.

As to claim 3, Donica teaches after executing an instance, maintaining it in memory for executing a subsequent request (idle initiators already assigned to a class), see col. 7, lines 19-24. Note discussion of claim 2 for motivation to combine.

5.    Claims 4, 26 are rejected under 35 U.S.C. 103(a) as being unpatentable over Putz et al, Heizer and Kahn et al as applied to claims 1, 25 and further in view of Tobe et al.

As to claim 4, Tobe teaches network resource management, including detecting (detect by the system) a fault in an instance during execution thereof (node goes down); and aborting the instance in response to detecting the fault (back up node takes over), see col. 9, lines 42-52. Since Putz, Heizer, Kahn et al and Tobe address resource management and overhead, it would have been obvious to combine the teachings.

As to claim 26, it is program product claim of claim 4.

6.    Claims 5-9, 27 are rejected under 35 U.S.C. 103(a) as being unpatentable over Putz et al, Heizer and Kahn et al as applied to claims 1, 25 and further in view of Donica et al and Atkins et al.

As to claim 5, Donica teaches specifying at least one of a maximum (maximum number of initiators) and a minimum (minimum number of initiators) number of instances (col. 6, lines 3-5, fig. 2).

As to that each instance executes within an address space that is separate from the address spaces used by other instances of the program, it is taught by Atkins in that each node holds an instance (copy) of a service program (shared object), see pg. 3, left col.,

ORCL01623267

lines 7-20. Since Putz, Heizer, Donica and Atkins address server resource management, it would have been obvious to combine the teachings.

As to claims 6-9, Heizer teaches initiating a specified minimum number of instances (one server process 202) prior to obtaining the request over the network (on start up, col. 3, lines 16-17), after obtaining the request over the network, determining if one of the minimum number of instances is available for processing said request (first request, col. 4, lines 3-13), after obtaining the request over the network, initiating a new instance of the program if none of the minimum number of instances is available for processing said request and the number of instances is less than the maximum number of instances (third request, col. 4, lines 17-29), executing said instance includes executing an available instance from the minimum number of instances (first request, col. 4, lines 3-13), returning the request to the network without processing said request based on the prescribed number of said instances exceeding a maximum value (21st request, col. 4, lines 52-56).

As to claim 27, it is program product claim of claim 5.

7.      Claims 10-11 are rejected under 35 U.S.C. 103(a) as being unpatentable over Putz et al, Heizer and Kahn et al as applied to claim 1 and further in view of Donica et al and Travis et al.

As to claims 10-11, Donica teaches specifying a maximum number of instances, as discussed on claim 5. Travis teaches registering a plurality of programs (applications) with the server (register, col. 17, line 58 - col 18, line 45; server registration, col. 18), specifying a virtual path for a program (names of classes/messages), request (invocation, message) identifies a virtual path (message names), identifying the program (method to perform the operation) based on the virtual path identified in the request (select from the database, Invoker Operation, col.s 25-29), Since Putz, Heizer, Kahn et al, Donica and Travis address request allocation, it would have been obvious to combine the teachings.

Travis teaches specifying other data such as performance information (parameters supported, col. 18, lines 20-29), it would have been obvious to specify a maximum number of instances which is commonly regarded as performance information.

ORCL01623268

Serial Number 08/794,269                                                                                    - 6 -
Art Unit 2755

8.      Claims 12, 21-24 are rejected under 35 U.S.C. 103(a) as being unpatentable over
Putz et al, Heizer and Kahn et al as applied to claim 1 and further in view of Djakovic.

        As to claim 12, Heizer teaches receiving the request from a transport protocol
process (protocol/network software 113), but fails to teach receiving is according to a first
protocol and converting the request to a second protocol independent from the first
protocol.

        However, Djakovic teaches receiving a request (job submitted by client) according
to a first protocol (source protocol) and converting the request to a second protocol
independent from the first protocol (form a new job in target protocol), see col. 1, lines 40-
51; fig. 3. Since Putz, Heizer, Kahn et al and Djakovic address server processing clients
request/job, it would have been obvious to combine the teachings.

        As to claim 21, note discussion of claim 1 for obtaining, step A)-C), and note
discussion of claim 12 for a transport adaptor / means configured to perform protocol
conversions. Heizer further teaches forwarding the request to a dispatcher (control process
204 accepts new client) executed by the server; and processing the request by causing
the dispatcher to perform the step D) if no instance is available and the existing number
of instances exceeds the maximum prescribed number, then sending said reply over the
network indicating the request was not processed (when the maximum number of server
processes is set at 20, request 21st is rejected, step 317), see col. 3, lines 10-23; col. 4,
lines 3-56. Note discussions of claims 1, 12 for motivations to combine.

        As to claim 22, note discussion of claim 6.

        As to claim 23, Heizer teaches sending a replying indicating the request is not
processed (reject, step 317), and sending such a reply when no program configured to
handle the request would have been an obvious condition to apply.

        As to claim 24, Heizer teaches server process (control process 204), and plug-in
routine added to the server process (library 121) .

ORCL01623269

- 7 -

9.    Claims 28-30, 34, 36 are rejected under 35 U.S.C. 103(a) as being unpatentable over Putz et al, Heizer, Kahn et al as applied to claim 1 and further in view of admitted prior art (pages 1-3).

As to claim 28, note discussion of claim 1, in particular, note claim 1 for receiving request and sending response, for dispatcher selectively dispatching / dispatching and sending the response / responding, for not currently processing and each program having a prescribed number of instances / maximum / minimum. The instances (server process) of a program type of Heizer reside at respective address spaces (202, 203) since they execute on their respective clients.

Further, Heizer teaches network listener (protocol/network software 113), each program type configured to perform an operation that generates an output in response to receiving a request (a server process is to receive a client request, process the request and send a response).

As to that the dispatcher is in a plug-in format, it is taught by admitted prior art (plug-in extensions, page 2, last para.). It would have been obvious to include the plug-in format of admitted prior art into the system/method of Heizer as modified to provide dynamic response to request (page 2, last para.).

As to claims 29-30, admitted prior art teaches receiving the request and sending the response based on Hypertext Transfer Protocol (HTTP) (HTTP, page 1, lines 9-10), to output a static Hypertext Markup Language (HTML) page (page 1, last para.). A daemon is a well known means for performing services.

As to claim 34, Heizer teaches initiating a prescribed minimum number of said instances of the corresponding program (one instance, see rejection of claim 13). Each execution engine is taught by well known distributed network managers.

As to claim 36, Putz teaches registering (the program directory) program types (named database operations) with a dispatcher (main server program 55) for dispatching client requests. (col. 10, lines 31-37). Typically registering with a program directory includes registering the locations/addresses.

ORCL01623270

10.    Claim 35 is rejected under 35 U.S.C. 103(a) as being unpatentable over Putz et al, Heizer, Kahn et al in view of admitted prior art as applied to claim 28 and further in view of Donica.

As to claim 35, Donica teaches configuration library (PARMLIB) identifying for each of the programs the corresponding object  type (class) and the prescribed number of instances (maximum and minimum numbers of initiators), see col. 6, lines 1-5; col. 8, lines 27-31. As to plug-in format, note discussion of claim 28. Note rejection of claim 2 for motivation to combine.

11.    Claim 31 is rejected under 35 U.S.C. 103(a) as being unpatentable over Putz et al, Heizer, Kahn et al in view of admitted prior art as applied to claim 28 and further in view of Djakovic.

As to claim 31, note the discussion of claim 12.

12.    Claim 32-33 are rejected under 35 U.S.C. 103(a) as being unpatentable over Putz et al, Heizer, Kahn et al in view of admitted prior art as applied to claim 28 and further in view of Page et al.

As to claims 32-33, Page teaches a plurality of execution engines to control the execution of program instances and to receive the request (adapters to DCE, DDE, LU6.2) (distributed brokers), API specifying predetermined operations, including at least one of initialization (REGISTER), execution of the request (SEND), and shutdown (EOC, ABENDS), see fig.s 8, 17B, 21, 23. Since Putz, Heizer, Donica, Atkins, APA, Travis and Page address client server management, it would have been obvious to combine the teachings.

13.    Claims 14, 17 are rejected under 35 U.S.C. 103(a) as being unpatentable over Putz et al, Heizer, Kahn et al as applied to claim 1 and further in view of Donica et al.

As to claim 17, note discussions of claims 1, 10-11 (with respect to Donica), and Heizer further teaches forwarding the request to a dispatcher (control process 204 accepts

new client) executed by the server; and processing the request by causing the dispatcher to perform the steps of A) determining whether an available instance of a program configured to handle the request is available among an existing number of instances of the program (decides which of 202, 203 should handle the client), B) if an available instance is available, then dispatching the request for execution by the available instance (first request is given to 202 since it is activated, step 307), C) if no instance is available, then initiating a new instance of the program for execution of the request if the existing number of instances does not exceed a maximum prescribed number (for the third request, a new server process 203 is started, step 313), and D) if no instance is available and the existing number of instances exceeds the maximum prescribed number, then sending said reply over the network indicating the request was not processed (when the maximum number of server processes is set at 20, request 21st is rejected, step 317), see col. 3, lines 10-23; col. 4, lines 3-56.

Further, Putz teaches registering (the program directory) program types (named database operations) with a dispatcher (main server program 55) for dispatching client requests. (col. 10, lines 31-37). Typically registering with a program directory includes registering the locations/addresses. Registering with a dispatcher (control process) information of a maximum number of instances (high water mark) of a service is taught by Heizer (see discussion of claim 1).

As to claim 14, Heizer teaches receiving by the dispatcher (control process/server program) a reply (response) from the instance executing and sending information contained to a client (send response). See fig. 1.

14.    Claims 15-16 are rejected under 35 U.S.C. 103(a) as being unpatentable over Putz et al, Heizer, Kahn et al in view of Donica et al as applied to claim 17 and further in view of Tobe et al.

As to claim 15, note discussion of claim 4 for detecting and terminating/aborting and dispatcher (management node, col. 4, lines 49-51).

As to claim 16, sending a reply is covered by claim 17, step D).

ORCL01623272

15.     Claims 18-19 are rejected under 35 U.S.C. 103(a) as being unpatentable over Putz et al, Heizer, Kahn et al in view of Donica et al as applied to claim 17 and further in view of Atkins et al.

       As to claims 18-19, note discussion of claim 5.


16.     Claim 20 is rejected under 35 U.S.C. 103(a) as being unpatentable over Putz, Heizer, Kahn in view of McChesney et al.

       As to claim 20, note discussions of claims 1, and Heizer further teaches forwarding the request to a dispatcher (control process 204 accepts new client) executed by the server; and processing the request by causing the dispatcher to perform the steps of A) determining whether an available instance of a program configured to handle the request is available among an existing number of instances of the program (decides which of 202, 203 should handle the client), B) if an available instance is available, then dispatching the request for execution by the available instance (first request is given to 202 since it is activated, step 307), C) if no instance is available, then initiating a new instance of the program for execution of the request if the existing number of instances does not exceed a maximum prescribed number (for the third request, a new server process 203 is started, step 313), and D) if no instance is available and the existing number of instances exceeds the maximum prescribed number, then sending said reply over the network indicating the request was not processed (when the maximum number of server processes is set at 20, request 21st is rejected, step 317), see col. 3, lines 10-23; col. 4, lines 3-56.

       As to E), McChesney teaches a process/object life cycle management system, including delaying and automatically deallocating an instance after a predetermined time interval (API Shutdown 223, automatically shutdown an idle process after a time interval). See fig. 2, col. 30, line 52 - col. 31, line 3. Since McChesney addresses object/resource management as does Putz as modified, it would have been obvious to combine the teachings.

ORCL01623273

17.    Applicant's arguments filed 6/8/2000 have been considered but are moot in view of the new ground(s) of rejection.

In the response, applicant's representative argued in substance that the motivations to combine the cited references must be expressly found in the cited references and not based on hindsight/applicant's disclosure.

The examiner's response is as follows.

MPEP § 2143.01 requires that the suggestion or motivation to combine references must be found in the references themselves, OR, in the knowledge generally available to one of ordinary skill in the art. The proper test for the relevance of a cited combination of references is: "whether the teachings of the prior art, taken as a whole, would have made obvious the claimed invention," In re Gorman, 933 F.2d at 986, 18 USPQ2d at 1888. Subject matter is unpatentable under section 103 if " 'would have been obvious ... to a person having ordinary skill in the art.' While there must be some teaching, reason, suggestion, or motivation to combine existing elements to produce the claimed device, it is not necessary that the cited references or prior art specifically suggest making the combination: In re Nilssen, 851 F.2d 1401, 1403, 7 USPQ2d 1500, 1502 (Fed. Cir. 1988)." Such suggestion or motivation to combine prior art teachings can derive solely from the existence of a teaching, which one of ordinary skill in the art would be presumed to know, and the use of that teaching to solve the same [or] similar problem which it addresses. In re Wood, 599 F.2d 1032, 1037, 202 USPQ 171, 174 (CCPA 1979). "In stun, it is off the mark for litigants to argue, as many do, that an invention cannot be held to have been obvious unless a suggestion to combine prior art teachings is found in a specific reference." In re Oetiker, 24 USPQ2d 1443 (CAFC 1992).

In response to Applicant's argument that the Examiner's conclusion of obviousness is based upon improper hindsight reasoning, it must be recognized that any judgement on obviousness is in a sense necessarily a reconstruction based upon hindsight reasoning. But so long as it takes into account only knowledge which was within the level of ordinary skill at the time the claimed invention was made, and does not include knowledge gleaned

Serial Number 08/794,269                                                                                      - 12 -
Art Unit 2755

only from the applicant's disclosure, such a reconstruction is proper. In re McLaughlin, 443

F.2d 1392; 170 USPQ 209 (CCPA 1971).


18.     Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Sue Lao whose telephone number is (703) 305-9657. The

fax number for this Group is (703) 305-9731.

        Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the Group receptionist whose telephone number is (703)

305-3900.


Sue Lao

August 23, 2000

                                                                    MAJID BANANKHAH
                                                                    PRIMARY EXAMINER

ORCL01623275

| | *Notice of References Cited* | | Application No. 08/794,269 | | Applicant(s) Adunuthula, et al | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Examiner S. Lao | | Group Art Unit 2755 | | Page 1 of 1 | |

### U.S. PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
| --- | --- | --- | --- | --- | --- |
| A | 5,894,554 | 4/1999 | Lowery et al | 395 | 200.33 |
| B | 6,070,191 | 5/2000 | Narendran et al | 709 | 226 |
| C | 6,098,093 | 8/2000 | Bayeh et al | 709 | 203 |
| D | | | | | |
| E | | | | | |
| F | | | | | |
| G | | | | | |
| H | | | | | |
| I | | | | | |
| J | | | | | |
| K | | | | | |
| L | | | | | |
| M | | | | | |

### FOREIGN PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
| --- | --- | --- | --- | --- | --- | --- |
| N | | | | | | |
| O | | | | | | |
| P | | | | | | |
| Q | | | | | | |
| R | | | | | | |
| S | | | | | | |
| T | | | | | | |

### NON-PATENT DOCUMENTS

| | DOCUMENT (including Author, Title, Source, and Pertinent Pages) | DATE |
| --- | --- | --- |
| U | | |
| V | | |
| W | | |
| X | | |

U.S. Patent and Trademark Office
FTO-892 (Rev. 9-95)    **Notice of References Cited**    Part of Paper No. ___20___

ORCL01623276

Exhibit 2

50277-0145

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:                          )
    Lawrence JACOBS, et al.              )
                            )
Serial No.:    08/962,536                       )        Examiner: Yehdega Retta
                            )
Filing Date: October 31, 1997                   )        Art Unit: 2764
                            )
For: METHOD AND APPARATUS FOR                   )
    PERFORMING TRANSACTIONS IN A              )
    STATELESS WEB ENVIRONMENT WHICH          )
    SUPPORTS A DECLARATIVE PARADIGM           )
                            )

RECEIVED

NOV 2 9 2000

Group 2100

## INFORMATION DISCLOSURE STATEMENT

Commissioner for Patents
Washington, DC 20231

Dear Sir:

    This Information Disclosure Statement is being filed under Rule 37 CFR 1.97(i), wherein applicants are submitting references before the grant of a patent to be placed in the file but not considered by the Patent Office.

    Accordingly, copies of the references as listed on the attached Form PTO 1449 are submitted herewith for placement in the file. No certification or fees are deemed necessary.

                       Respectfully submitted,

                       HICKMAN PALERMO TRUONG & BECKER LLP

                       Carl L. Brandt
                       Registration No. 44,555

1600 Willow Street
San Jose, California 95125-5106
**Date: November 21, 2000**
Telephone (408) 414-1080
Facsimile (408) 414-1076

CERTIFICATE OF MAILING

I hereby certify that this correspondence is being deposited as first-class mail in an envelope addressed to the Commissioner for Patents, Washington, D.C. 20231:

on November 21, 2000        by

ORCL01622918

#32
SHEET 1 OF 1

| INFORMATION DISCLOSURE CITATION IN AN APPLICATION (PTO-1449) | ATTY. DOCKET NO. 50277-0145 | SERIAL NO., 08/962,536 RECEIVED NOV 2 9 2000 Group 2100 |
|---|---|---|
| | APPLICANT Jacobs, et al. | |
| | FILING DATE October 31, 1997 | GROUP 2764 |

O I P E JC47 NOV 2 4 2000 PATENT & TRADEMARK OFFICE

## U.S. PATENT DOCUMENTS

| EXAMINER'S INITIALS | PATENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE |
|---|---|---|---|---|---|---|
| YR | 4,918,595 | 04/17/90 | Kahn et al. | 364 | 200 | |
| | 5,210,824 | 05/11/93 | Putz et al. | 395 | 145 | |
| | 5,212,793 | 05/18/93 | Donica, et al. | 395 | 700 | |
| | 5,249,290 | 09/28/93 | Heizer | 395 | 650 | |
| | 5,329,619 | 07/12/94 | Page et al. | 395 | 200 | |
| | 5,341,478 | 08/23/94 | Travis, Jr. et al | 395 | 200 | |
| | 5,592,654 | 01/07/97 | Djakovic | 395 | 500 | |
| | 5,752,246 | 05/12/98 | Rogers et al. | 707 | 10 | |
| | 5,761,507 | 06/02/98 | Govett | 395 | 684 | |
| | 5,778,224 | 07/07/98 | Tobe et al. | 395 | 670 | |
| | 5,802,291 | 09/1/98 | Balick et al. | 395 | 200.32 | |
| | 5,857,102 | 01/5/99 | McChesney et al. | 395 | 145 | |
| | 5,894,554 | 04/13/99 | Lowery, et al. | 395 | 200.33 | |
| | 6,070,191 | 05/30/00 | Narendran, et al. | 709 | 226 | |

## FOREIGN PATENT DOCUMENTS

| EXAMINER'S INITIALS | PATENT NO. | DATE | COUNTRY | CLASS | SUBCLASS | Translation Yes | No |
|---|---|---|---|---|---|---|---|
| YR | 553560A2 | 08/04/93 | EPO | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

## OTHER ART (including Author, Title, Date, Pertinent Pages, Etc.)

| EXAMINER Yehdega Retta | DATE CONSIDERED 2/2/01 |
|---|---|

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance and not considered. Include copy of this form with next communication to Applicant.

ORCL01622919

Exhibit 3

GAU 2173
#3
139
11-14-c

Attorney Doc No. 50277-1605

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:

    Jacobs, et al.

Serial No.: 09/676,262

Filed on: September 28, 2000

For:    METHOD AND APPARATUS FOR
    INCORPORATING STATE INFORMATION INTO
    A URL

Group Art Unit No.:  2173

Examiner:  Not Yet Assigned



Commissioner for Patents
Washington, D.C.  20231

## INFORMATION DISCLOSURE STATEMENT

Sir:

    Enclosed is a copy of Information Disclosure Citation Form PTO-1449 identifying references that have already been submitted in parent application, U.S. Patent Application No. 08/962,028, filed October 31, 1997.  We are enclosing a copy of one reference.  It is respectfully requested that the cited documents be considered and that the enclosed copy of Information Disclosure Citation Form PTO-1449 be initialed by the Examiner to indicate such consideration and a copy thereof returned to applicant(s).

    Pursuant to 37 C.F.R. § 1.97, the submission of this Information Disclosure Statement is not to be construed as a representation that a search has been made and is not to be construed as an admission that the information cited in this statement is material to patentability.

    Pursuant to 37 C.F.R. § 1.97, this Information Disclosure Statement is being submitted under one of the following (as indicated by an "X" to the left of the appropriate paragraph):

    __X__    37 C.F.R. §1.97(b).

    _____    37 C.F.R. §1.97(c).  If so, then enclosed with this Information Disclosure Statement is one of the following:

1

Attorney Doc  . No. 50277-1605

_____    A statement pursuant to 37 C.F.R. §1.97(e) or

_____    A check for $180.00 for the fee under 37 C.F.R. § 1.17(p).

_____    37 C.F.R. §1.97(d).  If so, then enclosed with this Information Disclosure
Statement are the following:

(1)    A statement pursuant to 37 C.F.R. §1.97(e);

(2)    A petition requesting consideration of the Information Disclosure
Statement; and

(3)    A check for $_____ for the fee under 37 C.F.R. §1.17(i) for
submission of the Information Disclosure Statement.

_____    37 C.F.R. §1.97(i).  Wherein applicants are submitting references before the
grant of a patent to be placed in the file but not considered by the Patent office.

(1)    Accordingly, copies of the references as listed on the attached Form PTO
1449 are submitted herewith for placement in the file. No certification or
fees are deemed necessary.

Throughout the pendency of this application, please charge any additional fees, including
any required extension of time fees, and credit all overpayments to Oracle deposit account 15-
0635.  A duplicate of this sheet is enclosed.

Respectfully submitted,

HICKMAN PALERMO TRUONG & BECKER LLP

Dated:  December 15, 2000        _____

Carl L. Brandt
Reg. No. 44,555

1600 Willow Street
San Jose, California  95125-5106
Telephone: (408) 414-1080
Facsimile: (408) 414-1076

---

**CERTIFICATE OF MAILING**

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class
mail in an envelope addressed to:  Commissioner for Patents, Washington, D.C.  20231

on   Dec 18, 2000        by   Irena Say

2

# INFORMATION DISCLOSURE CITATION IN AN APPLICATION

(PTO-1449)

| ATTY. DOCKET NO.<br>50277-1605 | SERIAL NO.,<br>09/676,262 |
|---|---|

| APPLICANT<br>Jacobs, et al. | |
|---|---|
| FILING DATE<br>September 28, 2000 | GROUP<br>2173 |

*OIPE  JG144*
*DEC 2 6 2000*
*PATENT & TRADEMARK OFFICE*

*DEC 28 2000 TC 2100 MAILROOM*
*RECEIVED*

## U.S. PATENT DOCUMENTS

| EXAMINER'S INITIALS | PATENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE |
|---|---|---|---|---|---|---|
| TH | 4,918,595 | 04/17/90 | Kahn et al. | 364 | 200 | 07/31/87 |
| | 5,210,824 | 05/11/93 | Putz et al. | 395 | 145 | 03/03/89 |
| | 5,212,793 | 05/18/93 | Donica et al. | 395 | 700 | 09/04/91 |
| | 5,249,290 | 09/28/93 | Heizer | 395 | 650 | 02/22/91 |
| | 5,329,619 | 07/12/94 | Page et al. | 395 | 200 | 10/30/92 |
| | 5,341,478 | 08/23/94 | Travis, Jr. et al. | 395 | 200 | 08/14/90 |
| | 5,361,350 | 11/01/94 | Conner et al. | 395 | 600 | 12/12/91 |
| | 5,457,797 | 10/10/95 | Butterworth et al. | 395 | 682 | 03/22/95 |
| | 5,504,897 | 04/02/96 | Gans et al. | 395 | 650 | 02/22/94 |
| | 5,546,584 | 08/13/96 | Lundin et al. | 395 | 700 | 07/01/92 |
| | 5,592,654 | 01/07/97 | Djakovic | 395 | 500 | 06/03/94 |
| | 5,613,148 | 03/18/97 | Bezviner et al. | 395 | 800 | 06/14/93 |
| | 5,623,656 | 04/22/97 | Lyons | 395 | 610 | 12/15/94 |
| | 5,706,442 | 01/06/98 | Anderson et al. | 395 | 227 | 12/20/95 |
| | 5,708,780 | 01/13/98 | Levergood et al. | 395 | 200.12 | 06/07/95 |

## FOREIGN PATENT DOCUMENTS

| EXAMINER'S INITIALS | PATENT NO. | DATE | COUNTRY | CLASS | SUBCLASS | Translation Yes | No |
|---|---|---|---|---|---|---|---|
| TH | 0553560A2 | 08/04/93 | EPO | | | | |
| TH | EP 0 733 969 A1 | Sep. 25, 1996 | EPO | | | | |
| TH | EP0812088A2 | 12/10/97 | EPO | | | | |
| TH | WO97/40457 | 10/30/97 | PCT (published application) | | | | |

## OTHER ART (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| TH | Oracle Corporation; Oracle WebServer Architecture; Seshu Adunnthula, Mala Anand, Ankur Sharma; http://www.win.tue.nl/00www/anand.html; 4/1996; retrieved 5/10/00. |
| TH | Distributed Objects on the Internet: Oracle Web Application Server™ 3.0; Richard Delval-Duarte; http//www.fors.com/eoug97/papers/0504.htm; dated 11/1996; retrieved 5/10/00. |
| TH | Executive Overview; Oracle Web Application Server™ 3.0; http://www.silexsa.com/oracle/was30_eo.htm; retrieved 5/11/00. |
| TH | Oracle Web Application Server™ Cartridge User's Guide; Release 3.0; 1996/97. |

| EXAMINER<br>*Tedesse Hailu* | DATE CONSIDERED<br>7-22-03 |
|---|---|

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to Applicant.

| INFORMATION DISCLOSURE CITATION IN AN APPLICATION (PTO-1449) | | ATTY. DOCKET NO. 50277-1605 | | SERIAL NO., 09/676,262 | |
|---|---|---|---|---|---|
| | | APPLICANT Jacobs, et al. | | | |
| | | FILING DATE September 28, 2000 | | GROUP 2173 | |

**U.S. PATENT DOCUMENTS**

| EXAMINER'S INITIALS | PATENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE |
|---|---|---|---|---|---|---|
| TH | 5,715,314 | 02/03/98 | Payne et al. | 380 | 24 | 10/24/94 |
| | 5,724,424 | 03/03/98 | Gifford | 380 | 24 | 12/16/93 |
| | 5,737,592 | 04/07/98 | Nguyen et al. | 395 | 604 | 06/19/95 |
| | 5,737,607 | 04/07/98 | Hamilton et al. | 395 | 701 | 09/28/95 |
| | 5,745,681 | 04/28/98 | Levine et al. | 395 | 200.3 | 01/11/96 |
| | 5,752,246 | 05/12/98 | Rogers et al. | 707 | 10 | 06/07/95 |
| | 5,761,507 | 06/02/98 | Govett | 395 | 684 | 03/05/96 |
| | 5,761,662 | 06/02/98 | Dasan | 707 | 10 | 12/20/94 |
| | 5,761,673 | 06/02/98 | Bookman et al. | 707 | 104 | 01/31/96 |
| | 5,761,684 | 06/02/98 | Gibson | 707 | 515 | 05/30/95 |
| | 5,774,670 | 06/30/98 | Montulli | 395 | 200.57 | 10/06/95 |
| | 5,778,224 | 07/07/98 | Tobe et al. | 395 | 670 | 01/10/94 |
| | 5,796,393 | 08/18/98 | MacNaughton et al. | 345 | 329 | 11/08/96 |
| | 5,802,291 | 09/01/98 | Balick et al. | 395 | 200.32 | 03/30/95 |
| | 5,822,585 | 10/13/98 | Noble et al. | 395 | 680 | 02/21/95 |

**FOREIGN PATENT DOCUMENTS**

| EXAMINER'S INITIALS | PATENT NO. | DATE | COUNTRY | CLASS | SUBCLASS | Translation | |
|---|---|---|---|---|---|---|---|
| | | | | | | Yes | No |
| | | | | | | | |
| | | | | | | | |

**OTHER ART (Including Author, Title, Date, Pertinent Pages, Etc.)**

| | |
|---|---|
| TH | Web Request Broker™ Programmer's Reference Release 3.0; 1996/97. |
| | ~~Oracle Web Application Server™ Overview, Release 3.0~~ |
| TH | Web Application Server 3.0.1 "Overview", published August 14, 1998 |
| TH | Oracle "Developing Your Own Web Application Server™ Cartridge" Release 3.0.1, published August 14, 1998 |
| TH | Oracle Web Application Server™, "Installation Guide for Sun SPARC Solaris 2.x" Release 3.0.1, published August 14, 1998 |

| EXAMINER *Tadesse Hailu* | DATE CONSIDERED 7-22-03 |
|---|---|

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance and not considered.  Include copy of this form with next communication to Applicant.

# INFORMATION DISCLOSURE CITATION IN AN APPLICATION

(PTO-1449)

| | |
|---|---|
| ATTY. DOCKET NO. **50277-1605** | SERIAL NO., **09/676,262** |

| |
|---|
| APPLICANT **Jacobs, et al.** |
| FILING DATE **September 28, 2000**     GROUP **2173** |

*(stamp: OIPE JG144 DEC 2 6 2000 PATENT & TRADEMARK OFFICE)*

*(stamp: RECEIVED DEC 28 2000 TC 2100 MAILROOM)*

## U.S. PATENT DOCUMENTS

| EXAMINER'S INITIALS | PATENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE |
|---|---|---|---|---|---|---|
| TH | 5,826,239 | 10/20/98 | Du et al. | 705 | 8 | 12/17/96 |
| | 5,826,242 | 10/20/98 | Montulli | 705 | 27 | 10/06/95 |
| | 5,835,712 | 11/10/98 | DuFresne | 395 | 200.33 | 05/03/96 |
| | 5,848,246 | 12/08/98 | Gish | 395 | 200.58 | 07/01/96 |
| | 5,857,102 | 01/05/99 | McChesney et al. | 395 | 653 | 03/14/95 |
| | 5,857,191 | 01/05/99 | Blackwell, Jr. et al. | 707 | 10 | 07/08/96 |
| | 5,859,971 | 01/12/99 | Bittinger et al. | 395 | 200.33 | 02/15/96 |
| | 5,859,972 | 01/12/99 | Subramaniam et al. | 395 | 200.33 | 05/10/96 |
| | 5,860,072 | 01/12/99 | Schofield | 707 | 101 | 07/11/96 |
| | 5,862,318 | 01/19/99 | Habben | 395 | 182.18 | 10/26/95 |
| | 5,862,325 | 01/19/99 | Reed et al. | 395 | 200.31 | 02/29/96 |
| | 5,864,866 | 01/26/99 | Henckel et al. | 707 | 103 | 03/26/97 |
| | 5,864,871 | 01/26/99 | Kitain et al. | 707 | 104 | 06/04/96 |
| | 5,872,969 | 02/16/99 | Copeland et al. | 395 | 671 | 06/23/95 |
| ↓ | 5,875,296 | 02/23/99 | Shi et al. | 395 | 188.01 | 01/28/97 |

## FOREIGN PATENT DOCUMENTS

| EXAMINER'S INITIALS | PATENT NO. | DATE | COUNTRY | CLASS | SUBCLASS | Translation Yes | No |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

## OTHER ART (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| TH | Oracle "Using Oracle Web Application Server™ Cartridge" Release 3.0.1, published August 14, 1998 |
| | Oracle "Performance Tuning", "Operating System Parameters (Sun Solaris), published August 14, 1998 |
| | Oracle "Security", "Security Overview", published August 14, 1998 |
| ↓ | Oracle Glossary (A-X), published August 14, 1998 |
| | ~~Oracle Corporation, WRB API Overview, http://www.cs.vu.nl/~eliens/WWW5/papers/Broker.html~~ |
| | ~~Web Application Server 3.0 "Oracle Web Application Server Documentation Roadmap"~~ |
| | ~~Oracle Web Application Server™ Installation Guide for Sun SPARC Solaris 2.x , Release 3.0~~ |

| EXAMINER *Tedde Harn* | DATE CONSIDERED **7-22-03** |
|---|---|

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance and not considered. Include copy of this form with next communication to Applicant.

# INFORMATION DISCLOSURE CITATION IN AN APPLICATION

## (PTO-1449)

| ATTY. DOCKET NO. 50277-1605 | SERIAL NO., 09/676,262 |
|---|---|

| APPLICANT Jacobs, et al. | |
|---|---|
| FILING DATE September 28, 2000 | GROUP 2173 |

*(stamp)* O I P E JC144 DEC 2 6 2000 PATENT & TRADEMARK OFFICE

*(stamp)* RECEIVED DEC 28 2000 TC 2100 MAILROOM

## U.S. PATENT DOCUMENTS

| EXAMINER'S INITIALS | PATENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE |
|---|---|---|---|---|---|---|
| TH | 5,890,161 | 03/30/99 | Helland et al. | 707 | 103 | 10/28/97 |
| | 5,894,554 | 04/13/99 | Lowery et al. | 395 | 200.33 | 04/23/96 |
| | 5,897,622 | 04/27/99 | Blinn et al. | 705 | 26 | 10/16/96 |
| | 5,909,492 | 06/01/99 | Payne et al. | 380 | 24 | 10/24/94 |
| | 5,961,601 | 10/05/99 | Iyengar | 709 | 229 | 06/07/96 |
| | 5,991,802 | 11/23/99 | Allard et al. | 709 | 219 | 11/27/96 |
| | 6,070,191 | 05/30/00 | Narendran et al. | 709 | 226 | 10/17/97 |
| | 6,098,093 | 08/01/00 | Bayeh et al. | 709 | 203 | 03/19/98 |
| | | | | | | |
| | | | | | | |

## FOREIGN PATENT DOCUMENTS

| EXAMINER'S INITIALS | PATENT NO. | DATE | COUNTRY | CLASS | SUBCLASS | Translation Yes | No |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

## OTHER ART (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| TH | Luotonen et al., "World-Wide Web proxies", pp 147-154, computer Network and ISDN system, 01/94 |
| | James Powell, "Creating a hypertext library information system," pp. 59-66, 02/94 |
| | Progress Software, "Webspeed 1.0 technical product brief" 1998, Wysiwyg://90/http://www.progress-softwa...ernet/webspeed/white/tech/docs/arch.html. |
| | Computer Reseller News "Progress Software offers tools to speed use of Web", Oct. 7, 1996 http://proquest.umi.com/pdqweb?TS=91798...&Sid=1&Deli=1&RQT=309&Dtp=1. |
| | Butler Group Technology Audits, "Butler Group WebSpeed Technology Audit" 1996 http://www.realtime.co.za/webspeed/whitep/wp03.html. |
| | Netscape "Persistent Client State HTTP Cookies" 1997, http://home.netscape.com/newsref/std/cookie_spec.html. |
| | M/Gateway Developments Ltd. "Persistence and State Awareness in WebLink" 1996 http://www.intersys.com/products/whitepapers/weblink_state.html. |
| | Merle, P., et al., *"CorbaWeb: A generic object navigator"*, Computer Networks and ISDN Systems, Vol. 28, No. 11, May 1996, page 1269-1281 VP004018226 |

| EXAMINER *Techni Haln* | DATE CONSIDERED 7-22-03 |
|---|---|

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance and not considered. Include copy of this form with next communication to Applicant.

| INFORMATION DISCLOSURE CITATION IN AN APPLICATION (PTO-1449) | ATTY. DOCKET NO. **50277-1605** | SERIAL NO., **09/676,262** |
|---|---|---|
| | APPLICANT **Jacobs, et al.** | |
| | FILING DATE **September 28, 2000** | GROUP **2173** |

**U.S. PATENT DOCUMENTS**

| EXAMINER'S INITIALS | PATENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| EXAMINER'S INITIALS | PATENT NO. | DATE | COUNTRY | CLASS | SUBCLASS | Translation Yes | No |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**OTHER ART (Including Author, Title, Date, Pertinent Pages, Etc.)**

| | |
|---|---|
| | ~~KIVA Software Corporation, "Developing and Managing Web-based Enterprise Applications."~~ |
| TH | Web Page containing an article written by Rich Levin titled "NetDynamics To Launch Web Database Development System Upgrade," September 29, 1997 (As printed on 12/11/97). |
| | Edwards, N., et al., "High security Web servers and gateways," COMPUTER NETWORKS AND ISDN SYSTEMS, vol. 29, no. 8-13, September, 1997, pages 927-938 |
| | Evans, E., et al., "Using Java applets and CORBA for multi-user distributed applications", IEEE INTERNET COMPUTING, vol. 1, no. 3, May, 1997, pages 43-55 |
| | Gray, J., et al.: "Scale Up with TP Monitors," 4465 BYTE, Vol. 20, No. 4, April, 1995 |
| | Szmurlo, Maurice, et al., "A Network of Asynchronous Micro-Servers as a Framework for Server Development," COMPUTER NETWORKS AND ISDN SYSTEMS, Vol. 29, No. 8-13, September 1997 |
| | |
| | |

| EXAMINER | DATE CONSIDERED |
|---|---|
| *Todme Hul* | 7-22-03 |

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance and not considered. Include copy of this form with next communication to Applicant.

# Exhibit 4

@PFDesktop\::ODMA/MHODMA/HBSR05;iManage;465079;1
RDJ/TAG/dab
04/06/04

PATENT APPLICATION
DOCKET NO.: 1958.2015-000

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Applicant: | Thomas W. Nickerson and Martin P. Plotkin |

| | | | |
|---|---|---|---|
| Application No.: | 10/714,738 | Group Art Unit: | 2131 |

| | | | |
|---|---|---|---|
| Filed: | November 17, 2003 | Examiner: | Not Assigned |

| | |
|---|---|
| Confirmation No.: | 4653 |

| | |
|---|---|
| Title: | SYSTEM AND METHOD FOR MANAGING BROWSER SESSIONS IN SINGLE AND MULTI-SERVER WORKFLOW ENVIRONMENTS |



**CERTIFICATE OF MAILING OR TRANSMISSION**

I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as First Class Mail in an envelope addressed to Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450, or is being facsimile transmitted to the United States Patent and Trademark Office on:

04-08-04 _____ Donna Bartalone _____
Date                          Signature

Donna Bartalone
Typed or printed name of person signing certificate

## INFORMATION DISCLOSURE STATEMENT

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Sir:

This Information Disclosure Statement is submitted:

[  ]    under 37 CFR 1.129(a), or
(First/Second submission after Final Rejection)

[ X ]    under 37 CFR 1.97(b), or
(Within any one of the following time periods:  three months of filing national application (other than a CPA) or date of entry of the national stage in an international application; or before the mailing date of a first office action on the merits in a non-provisional application, including a CPA, or a Request for Continued Examination).

[  ]    under 37 CFR 1.97(c) together with either:

    [  ]    a Statement under 37 CFR 1.97(e), as checked below, or

    [  ]    a $180.00 fee under 37 CFR 1.17(p), or
(After the 37 CFR 1.97(b) time period, but before final action or notice of allowance, whichever occurs first)

[  ]    under 37 CFR 1.97(d) together with:

    [  ]    a Statement under 37 CFR 1.97(e), as checked below, and

    [  ]    a $180.00 fee under 37 CFR 1.17(p), or
(Filed after final action or notice of allowance, whichever occurs first, but on or before payment of the issue fee)

[  ]    under 37 CFR 1.97(i):
  Applicant requests that the IDS and cited reference(s) be placed in the application filewrapper.
(Filed after payment of issue fee)

Statement Under 37 CFR 1.97(e)

[ ]   Each item of information contained in this Information Disclosure Statement was first cited in
      any communication from a foreign patent office in a counterpart foreign application not more
      than three months prior to the filing of this Information Disclosure Statement; or

[ ]   No item of information contained in this Information Disclosure Statement was cited in a
      communication from a foreign patent office in a counterpart foreign application, and, to the
      knowledge of the undersigned, after making reasonable inquiry, no item of information contained
      in the information disclosure statement was known to any individual designated in 37 CFR
      1.56(c) more than three months prior to the filing of this Information Disclosure Statement.


Statement Under 37 CFR 1.704(d)   (Patent Term Adjustment)
                                  Applies to original applications (other than design) filed on or after May 29, 2000

[ ]   Each item of information contained in the Information Disclosure Statement was cited in a
      communication from a foreign patent office in a counterpart application and this communication
      was not received by any individual designated in § 1.56(c) more than thirty days prior to the
      filing of the Information Disclosure Statement.


[ X ]   Enclosed herewith is form PTO-1449:

        [ X ]   Copies of the cited references are enclosed.

                [ X ]   Since this application was filed after June 30, 2003, copies of issued U.S. patents
                        and published U.S. applications are not required and are not being provided.

        [ ]   Copies of the cited references are enclosed except those entered in prior application, U.S.
              Application No. [      ], to which priority under 35 U.S.C. 120 is claimed.  [The earlier
              application contains copies of the cited references.]

        [ ]   The listed references were cited in the enclosed International Search Report in a
              counterpart foreign application.

        [ ]   The "concise explanation" requirement (non-English references) for reference(s) [       ]
              under 37 CFR 1.98(a)(3) is satisfied by:

                [ ]   the explanation provided on the attached sheet.

                [ ]   the explanation provided in the Specification.

                [ ]   submission of the enclosed International Search Report.

                [ ]   submission of the enclosed English-language version of a foreign Search Report
                      and/or foreign Office Action.

                [ ]   the enclosed English language abstract.

[ ]    Applicant requests that the following non-published pending applications be considered:

Examiner's
Initials

_____    U.S. Patent Application No. [    ], by [inventor(s)], filed [    ], Docket No.: [    ]

_____    U.S. Patent Application No. [    ], by [inventor(s)], filed [    ], Docket No.: [    ]

_____    U.S. Patent Application No. [    ], by [inventor(s)], filed [    ], Docket No.: [    ]

_____         _____
Examiner                        Date


[ ]    A copy of each above-cited application, including the current claims, is enclosed.

[ ]    A copy of each above-cited application, including the current claims, is enclosed, except
those entered in prior application, U.S. Application No. [      ], to which priority under
35 U.S.C. 120 is claimed.

The Examiner is requested to return a copy of the above list of pending applications indicating which
references were considered with the next office communication.

It is requested that the information disclosed herein be made of record in this application.

Method of payment:

[ ]    A check for the fee noted above is enclosed, or the fee has been included in the check with the
accompanying Reply. A copy of this Statement is enclosed.

[ ]    Please charge Deposit Account 08-0380 in the amount of $[      ]. A copy of this Statement is
enclosed.

[X]    Please charge any deficiency in fees and credit any overpayment to Deposit Account 08-0380.

Respectfully submitted,

HAMILTON, BROOK, SMITH & REYNOLDS, P.C.

By_____
Todd A. Gerety
Registration No.: 51,729
Telephone: (978) 341-0036
Facsimile:  (978) 341-0136

Concord, MA 01742-9133
Dated:    4/7/04

PTO-1449 REPRODUCED

| INFORMATION DISCLOSURE CITATION IN AN APPLICATION | ATTORNEY DOCKET NO. 1958.2015-000 | APPLICATION NO. 10/714,738 |
|---|---|---|

**INFORMATION DISCLOSURE CITATION IN AN APPLICATION**

April 6, 2004

(Use several sheets if necessary)

| ATTORNEY DOCKET NO. | APPLICATION NO. |
|---|---|
| 1958.2015-000 | 10/714,738 |

| FIRST NAMED INVENTOR | FILING DATE |
|---|---|
| Thomas W. Nickerson | November 17, 2003 |

| EXAMINER | CONFIRMATION NO. | GROUP |
|---|---|---|
| Not Assigned | 4653 | 2131 |

(Stamp: APR 1 2 2004, PATENT & TRADEMARK OFFICE)

## U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | REF. NO. | DOCUMENT NUMBER Number-Kind Code (if known) | ISSUE DATE / PUBLICATION DATE MM-DD-YYYY | NAME OF PATENTEE OR APPLICANT OF CITED DOCUMENT |
|---|---|---|---|---|
| | AA | 5,727,164 | 03/10/1998 | Kaye et al. |
| | AB | 5,870,544 | 02/09/1999 | Curtis |
| | AC | 5,894,554 | 04/13/1999 | Lowery et al. |
| | AD | 5,945,989 | 08/31/1999 | Freishtat et al. |
| | AE | 6,226,642 B1 | 05/01/2001 | Beranek et al. |
| | AF | 6,263,352 B1 | 07/17/2001 | Cohen |
| | AG | 6,266,684 B1 | 07/24/2001 | Kraus et al. |
| | AH | 6,308,275 B1 | 10/23/2001 | Vaswani et al. |
| | AI | 6,415,319 B1 | 07/2/2002 | Ambroziak, J. |
| | AJ | 6,434,578 B1 | 08/13/2002 | McCauley et al. |
| | AK | 6,535,896 B2 | 3/18/2003 | Britton et al. |
| | AA2 | 6,594,691 B1 | 07/15/2003 | McCollum et al. |
| | AB2 | 6,601,057 B1 | 07/29/2003 | Underwood et al. |
| | AC2 | 6,626,958 B1 | 09/30/2003 | McCauley et al. |
| | AD2 | 6,668,354 B1 | 12/23/2003 | Chen et al. |
| | AE2 | 6,457,030 B1 | 09/24/2002 | Adams et al. |
| | AF2 | 6,438,578 B1 | 08/20/2002 | Schmid et al. |
| | AG2 | 6,105,004 | 08/15/2002 | Halperin et al. |
| | AH2 | 6,493,679 B1 | 12/10/2002 | Rappaport et al. |
| | AI2 | 5,873,069 | 02/16/1999 | Reuhl et al. |

## OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| | AR | Executing Server Script Remotely [online], 2004 [retrieved on 2004-04-07]. Retrieved from the Internet http://msdn.microsoft.com/library/en-us/rmscpt/html/rmscptl.asp?frame=true. |
|---|---|---|
| | AS | Enabling Remote Scripting in Client Pages [online], 2004 [retrieved on 2004-04-07]. Retrieved from the Internet http://msdn.microsoft.com/library/en-us/rmscpt/html/rmscpt2.asp?frame=true. |

| EXAMINER | DATE CONSIDERED |
|---|---|
| | |

| PTO-1449 REPRODUCED | ATTORNEY DOCKET NO.<br>1958.2015-000 | | APPLICATION NO.<br>10/714,738 | |
|---|---|---|---|---|
| **INFORMATION DISCLOSURE CITATION IN AN APPLICATION**<br><br>April 6, 2004<br><br>(Use several sheets if necessary) | FIRST NAMED INVENTOR<br>Thomas W. Nickerson | | FILING DATE<br>November 17, 2003 | |
| | EXAMINER<br>Not Assigned | CONFIRMATION NO.<br>4653 | | GROUP<br>2131 |

| | **OTHER DOCUMENTS** *(Including Author, Title, Date, Pertinent Pages, Etc.)* |
|---|---|
| AT | Enabling Remote Scripting in Server Pages [online]. 2004 [retrieved on 2004-04-07]. Retrieved from the Internet http://msdn.microsoft.com/library/en-us/rmscpt/html/rmscpt3.asp?frame=true. |

| EXAMINER | DATE CONSIDERED |
|---|---|
| | |

@PFDesktop\::ODMA/MHODMA/HBSR05;iManage;465072;1

# Exhibit 5



 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/446,042 | 05/27/2003 | Rajkumar Irudayaraj | ORACP009 | 1185 |

51554        7590        12/06/2005

AKA CHAN LLP / ORACLE
900 LAFAYETTE STREET
SUITE 710
SANTA CLARA, CA 95050

| EXAMINER |
|---|
| PATEL, HETUL B |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2186 | |

DATE MAILED: 12/06/2005

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

| **Office Action Summary** | Application No. | Applicant(s) |
|---|---|---|
| | 10/446,042 | IRUDAYARAJ, RAJKUMAR |
| | Examiner | Art Unit | |
| | Hetul Patel | 2186 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>03</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on *28 November 2003*.

2a)☐ This action is **FINAL**.        2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) *1-15* is/are pending in the application.

  4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) *1-15* is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☒ The specification is objected to by the Examiner.

10)☒ The drawing(s) filed on *28 November 2005* is/are: a)☒ accepted or b)☐ objected to by the Examiner.

  Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

  Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

  a)☐ All  b)☐ Some * c)☐ None of:

    1.☐ Certified copies of the priority documents have been received.

    2.☐ Certified copies of the priority documents have been received in Application No. _____.

    3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

  * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☐ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08)
    Paper No(s)/Mail Date _____.

4)☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____ .

5)☐ Notice of Informal Patent Application (PTO-152)

6)☐ Other: _____ .

Application/Control Number: 10/446,042                                          Page 2
Art Unit: 2186

## DETAILED ACTION

1.     Claims 1-15 are presented for examination.

### *Specification*

2.     The attempt to incorporate subject matter into this application by reference to

related applications is ineffective because the reference documents are not clearly

identified as required by 37 CFR 1.57(b)(2)).

### *Claim Rejections - 35 USC § 101*

3.     Claims 6-7, 13 and 14 are rejected under 35 U.S.C. 101 because the claimed

invention is directed to non-statutory subject matter.  Claims 6-7, 13 and 14 are not

limited to tangible embodiments. In view of applicants' disclosure, specification page 9,

lines 12-13 and claims 7 and 14, the computer readable medium is not limited to

tangible embodiments, instead being defined as including both tangible embodiments

(e.g., CD-ROM, floppy disk, tape, flash memory, system memory, hard drive) and

intangible embodiments (e.g. data signal embodied in a carrier wave).  As such, these

claims are not limited to statutory subject matter and are therefore non-statutory.

### *Claim Rejections - 35 USC § 102*

       The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

4.      Claims 1-15 are rejected under 35 U.S.C. 102(b) as being anticipated by Bhide et al. (USPN: 5,852,717) hereinafter, Bhide.

As per claim 1, Bhide teaches a method of caching connections to a resource (i.e. a server), comprising: receiving a request for a connection to the resource, wherein the request does not indicate whether the connection to the resource should be obtained from the cache or opened to the resource (i.e. step 352 in Fig. 6); determining if available connections are stored in a cache (i.e. steps 354 and 356 in Fig. 6); and obtaining the connection to the resource from the cache if available connections are stored in a cache (i.e. step 360 in Fig. 6) (e.g. see Fig. 6 and Col. 6, lines 46+).

As per claims 6 and 13, see arguments with respect to the rejection of claim 1. Claims 6 and 13 also rejected based on the same rationale as the rejection of claim 1.

As per claim 2, Bhide teaches the claimed invention as described above and furthermore, Bhide teaches that the method further comprising obtaining the connection to the resource by opening the connection if available connections are not stored in a cache (i.e. step 358 in Fig. 6) (e.g. see Fig. 6 and Col. 6, lines 54+).

As per claim 3, Bhide teaches the claimed invention as described above and furthermore, Bhide teaches that determining if available connections are stored in a cache comprises analyzing a property of the resource, i.e. by determining if connection caching will improve the performance and this determination is made from many factors/properties (e.g. see Col. 6, lines 53-62 and Col. 7, lines 1-10).

Application/Control Number: 10/446,042                               Page 4
Art Unit: 2186

As per claim 4, Bhide teaches the claimed invention as described above and furthermore, Bhide teaches that the method further comprising initializing the cache if available connections are stored in a cache and this is a first request for a connection to the resource (i.e. step 364 in Fig. 6) (e.g. see Fig. 6 and Col. 7, lines 11+).

As per claim 5, Bhide teaches the claimed invention as described above and furthermore, Bhide teaches that the resource is a database (i.e. the server) (e.g. see the abstract).

As per claims 7 and 14, Bhide teaches the claimed invention as described above and furthermore, Bhide teaches that the computer readable medium is a CD-ROM, floppy disk, tape, flash memory, system memory or hard drive (e.g. see Col. 4, lines 38-42).

As per claim 8, Bhide teaches a database system, comprising: a database (i.e. a server 256 in Fig. 4) that stores information; a cache (i.e. the connection cache embedded in the agent 260 in Fig. 4) that stores connections to the database (e.g. see the abstract and Fig. 4). The further limitations are also taught by Bhide as described in the rejection of claim 1 above.

As per claim 9, see arguments with respect to the rejection of claims 2 and 3. Claim 9 is also rejected based on the same rationale as the rejection of claims 2 and 3.

As per claim 10, Bhide teaches the claimed invention as described above and furthermore, Bhide teaches about receiving a first request from a client to open a single network connection to the server, i.e. the request does indicate whether the connection

Application/Control Number: 10/446,042                              Page 5
Art Unit: 2186

to the resource should be obtained from the cache or opened to the resource (e.g. see

Col. 2, lines 35-36).

As per claims 11-12, see arguments with respect to the rejection of claims 4 and

5, respectively.  Claims 11-12 are also rejected based on the same rationale as the

rejection of claims 4 and 5, respectively.

As per claim 15, see arguments with respect to the rejection of claims 8 and 9.

Claim 15 is also rejected based on the same rationale as the rejection of claims 8 and 9.


## Conclusion

5.    The prior art made of record and not relied upon is considered pertinent to

applicant's disclosure.

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Hetul Patel whose telephone number is 571-272-4184.

The examiner can normally be reached on M-F 8-4:30.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Matt Kim can be reached on 571-272-4182.  The fax phone number for the

organization where this application or proceeding is assigned is 703-872-9306.

Application/Control Number: 10/446,042                                    Page 6
Art Unit: 2186

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free).

HBP
HBP

MATTHEW D. ANDERSON
PRIMARY EXAMINER

| *Notice of References Cited* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 10/446,042 | IRUDAYARAJ, RAJKUMAR |
| | Examiner | Art Unit | Page 1 of 1 |
| | Hetul Patel | 2186 | |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US-5,852,717 | 12-1998 | Bhide et al. | 709/203 |
| | B | US-5,894,554 | 04-1999 | Lowery et al. | 709/203 |
| | C | US-6,415,335 | 07-2002 | Lowery et al. | 710/5 |
| | D | US-2002/0184123 | 12-2002 | Sijacic et al. | 705/34 |
| | E | US-2003/0028580 | 02-2003 | Kucherawy, Murray | 709/101 |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|---|
| | 10/446,042 | IRUDAYARAJ, RAJKUMAR |
| | Examiner | Art Unit |
| | Hetul Patel | 2186 |

| √ | Rejected | − | (Through numeral) Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | + | Restricted | I | Interference | O | Objected |

| Claim (Final) | Claim (Original) | Date 12/5/05 | Claim (Final) | Claim (Original) | Date | Claim (Final) | Claim (Original) | Date |
|---|---|---|---|---|---|---|---|---|
| | 1 | √ | | 51 | | | 101 | |
| | 2 | √ | | 52 | | | 102 | |
| | 3 | √ | | 53 | | | 103 | |
| | 4 | √ | | 54 | | | 104 | |
| | 5 | √ | | 55 | | | 105 | |
| | 6 | √ | | 56 | | | 106 | |
| | 7 | √ | | 57 | | | 107 | |
| | 8 | √ | | 58 | | | 108 | |
| | 9 | √ | | 59 | | | 109 | |
| | 10 | √ | | 60 | | | 110 | |
| | 11 | √ | | 61 | | | 111 | |
| | 12 | √ | | 62 | | | 112 | |
| | 13 | √ | | 63 | | | 113 | |
| | 14 | √ | | 64 | | | 114 | |
| | 15 | √ | | 65 | | | 115 | |
| | 16 | | | 66 | | | 116 | |
| | 17 | | | 67 | | | 117 | |
| | 18 | | | 68 | | | 118 | |
| | 19 | | | 69 | | | 119 | |
| | 20 | | | 70 | | | 120 | |
| | 21 | | | 71 | | | 121 | |
| | 22 | | | 72 | | | 122 | |
| | 23 | | | 73 | | | 123 | |
| | 24 | | | 74 | | | 124 | |
| | 25 | | | 75 | | | 125 | |
| | 26 | | | 76 | | | 126 | |
| | 27 | | | 77 | | | 127 | |
| | 28 | | | 78 | | | 128 | |
| | 29 | | | 79 | | | 129 | |
| | 30 | | | 80 | | | 130 | |
| | 31 | | | 81 | | | 131 | |
| | 32 | | | 82 | | | 132 | |
| | 33 | | | 83 | | | 133 | |
| | 34 | | | 84 | | | 134 | |
| | 35 | | | 85 | | | 135 | |
| | 36 | | | 86 | | | 136 | |
| | 37 | | | 87 | | | 137 | |
| | 38 | | | 88 | | | 138 | |
| | 39 | | | 89 | | | 139 | |
| | 40 | | | 90 | | | 140 | |
| | 41 | | | 91 | | | 141 | |
| | 42 | | | 92 | | | 142 | |
| | 43 | | | 93 | | | 143 | |
| | 44 | | | 94 | | | 144 | |
| | 45 | | | 95 | | | 145 | |
| | 46 | | | 96 | | | 146 | |
| | 47 | | | 97 | | | 147 | |
| | 48 | | | 98 | | | 148 | |
| | 49 | | | 99 | | | 149 | |
| | 50 | | | 100 | | | 150 | |

| **Search Notes** | Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|---|
| | 10/446,042 | IRUDAYARAJ, RAJKUMAR |
| | Examiner | Art Unit | |
| | Hetul Patel | 2186 | |

| SEARCHED | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| 711 | 118 | 12/5/2005 | HBP |
| 709 | 219 | 12/5/2005 | HBP |
| | 229 | 12/5/2005 | HBP |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| SEARCH NOTES (INCLUDING SEARCH STRATEGY) | | |
|---|---|---|
| | DATE | EXMR |
| EAST | 12/5/2005 | HBP |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| INTERFERENCE SEARCHED | | | |
|---|---|---|---|
| Class | Subclass | Date | Examiner |
| | | | |
| | | | |
| | | | |
| | | | |

Part of Paper No. 20051202

# Exhibit 6

I hereby certify that this correspondence is being deposited with the United
States Postal Service as first class mail in an envelope addressed to:

PATENT
Attorney Docket No.: 021756-015800US
Client Reference No.: OID-2005-241-01

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

/on ____ December 9, 2005 _____

TOWNSEND and TOWNSEND and CREW LLP

OIPE

DEC 1 2 2005

PATENT TRADEMARK OFFICE

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Examiner: Philip B. TRAN |
| Marc S. CASALAINA | Art Unit: 2155 |
| Application No.: 09/615,383 | INFORMATION DISCLOSURE STATEMENT UNDER 37 CFR §1.97 and §1.98 |
| Filed: July 13, 2000 | |
| For: Delta Caching | |

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

The references cited on attached form PTO/SB/08A&B are being called to the
attention of the Examiner. Copies of the references [in compliance with the requirements of
1287 OG 163] are enclosed.

It is respectfully requested that the cited references be expressly considered
during the prosecution of this application, and the references be made of record therein and
appear among the "references cited" on any patent to issue therefrom.

As provided for by 37 CFR 1.97(g) and (h), no inference should be made that the
information and references cited are prior art merely because they are in this statement and no

12/13/2005 KBERHE    00000038 201430    09615383
01 FC:1806        180.00 DA

OID-2005-241-01

Marc S. CASALAINA                                          <u>PATENT</u>
Application No.: 09/615,383
Page 2

representation is being made that a search has been conducted or that this statement encompasses

all the possible relevant information.

      This IDS is being filed before the mailing date of the final Office Action or

Notice of Allowance.

      Please charge the IDS fee of $180 to Deposit Account No. 20-1430.  Please

deduct any additional fees from, or credit any overpayment to, the above-noted Deposit Account.

      Respectfully submitted,

Dated: _12/9/05_

      Brian N. Young
      Reg. No. 48,602

TOWNSEND and TOWNSEND and CREW LLP
Two Embarcadero Center, Eighth Floor
San Francisco, California  94111-3834
Tel:  415-576-0200
Fax:  415-576-0300
BNY/

60643635 v1

DEC 1 2 2005

PTO/SB/08A&B (08-03)

Substitute for form 1449A&B/PTO

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT

*(use as many sheets as necessary)*

| | | |
|---|---|---|
| Sheet | 1 | of | 3 |

| Complete if Known | |
|---|---|
| Application Number | 09/615,383 |
| Filing Date | July 13, 2000 |
| First Named Inventor | Marc S. CASALAINA |
| Art Unit | 2155 |
| Examiner Name | Philip B. TRAN |
| Attorney Docket Number | 021756-015800US |

## U.S. PATENT DOCUMENTS+

| Examiner Initials* | Cite No.[1] | Document Number — Number Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | AA | US-5,873,069 | 02-16-1999 | Reuhl et al. | |
| | AB | US-5,870,544 | 02-09-1999 | Curtis | |
| | AC | US-5,894,554 | 04-13-1999 | Lowery et al. | |
| | AD | US-5,945,989 | 08-31-1999 | Freishtat et al. | |
| | AE | US-6,052,730 | 04-18-2000 | Felciano et al. | |
| | AF | US-6,092,074 | 07-18-2000 | Rodkin et al. | |
| | AG | US-6,105,004 | 08-15-2004 | Halperin et al. | |
| | AH | US-6,122,661 | 09-19-2000 | Stedman et al. | |
| | AI | US-6,226,642 | 05-01-2001 | Britton et al. | |
| | AJ | US-6,226,792 | 05-01-2001 | Goiffon et al. | |
| | AK | US-6,263,352 | 07-17-2001 | Cohen | |
| | AL | US-6,266,684 | 07-24-2001 | Kraus et al. | |
| | AM | US-6,308,275 | 10-23-2001 | Vaswani | |
| | AN | US-6,415,319 | 07-02-2002 | Ambroziak | |
| | AO | US-6,434,578 | 08-13-2002 | McCauley et al. | |
| | AP | US-6,438,578 | 08-20-2002 | Schmid et al. | |
| | AQ | US-6,457,030 | 09-24-2002 | Adams et al. | |
| | AR | US-6,493,679 | 12-10-2002 | Rappaport et al. | |
| | AS | US-6,594,691 | 07-15-2003 | McCollum et al. | |
| | AT | US-6,601,057 | 07-29-2003 | Underwood et al. | |
| | AU | US-6,668,354 | 12-23-2003 | Chen et al. | |
| | AV | US-6,760,750 | 07-06-2004 | Boneh et al. | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document — Country Code[3] | Number[4] | Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ☐ |

## NON PATENT LITERATURE DOCUMENTS

| Examiner Initials * | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
|---|---|---|---|
| | AW | JENKS, KEN, Re: "Re: JavaScript Calling CGI Script," in comp.lang.javascript, February 16, 2000, downloaded from < http://groups.google.com/group/comp.lang.javascript/msg/343ea4daa298e8df?hl=en&> | |
| | AX | QUANTZ, LARRY, "need help with 'merging' two html files together," in comp.lang.javascript, February 6, 2000, downloaded from <http://groups.google.com/group/comp.lang.javascript/msg/1f890780cb6c22e6?hl=en&> | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

60643635 v1

PTO/SB/08A&B (08-03)

Substitute for form 1449A&B/PTO

# INFORMATION DISCLOSURE
# STATEMENT BY APPLICANT

*(use as many sheets as necessary)*

| | | | |
|---|---|---|---|
| **Complete if Known** | | | |
| Application Number | 09/615,383 | | |
| Filing Date | July 13, 2000 | | |
| First Named Inventor | Marc S. CASALAINA | | |
| Art Unit | 2155 | | |
| Examiner Name | Philip B. TRAN | | |

| Sheet | 2 | of | 3 | Attorney Docket Number | 021756-015800US |
|---|---|---|---|---|---|

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials * | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T [2] |
| | AY | WILKINSON, BILL, "Re: Response Redirect," in Microsoft.public.inetserver.asp.general, February 3, 2000, downloaded from <http://groups.google.com/group/microsoft.public.inetserver.asp.general/msg/8dd026d00167fd14?hl=en&> | |
| | AZ | JENKS, KEN, "Re: Submitting all forms within a HTML-page?" in comp.lang.javascript, November 22, 1999, downloaded from <http://groups.google.com/group/comp.lang.javascript/msg/d4654b5ac56a42b2?hl=en&> | |
| | BA | BEILBY, JAMES, "Re: Help me I'm dumb" in comp.lang.javacript, September 18, 1999, downloaded from <http://groups.google.com/group/comp.lang.javascript/msg/8e7c1ab6c5868e48?hl=en&> | |
| | BB | PAYNE, PATRICK, "Re: Web Development - the future or a sideline?" in comp.lang.javascript, August 23, 1999, downloaded from <http://groups.google.com/group/comp.databases.pick/msg/e55f8bb165bbec36?hl=en&> | |
| | BC | ZIGRAY, DAVID, "Web Development – the future or a sideline? – NOW!" in comp.databases.pick, August 25, 1999, downloaded from <http://groups.google.com/group/comp.databases.pick/msg/772b10140e56fe47?hl=en&> | |
| | BD | STORMS, IAN A., "Re: Connecting to Database!!!" in comp.lang.javascript, August 17, 1999, downloaded from <http://groups.google.com/group/comp.lang.javascript/msg/5536270d890750fc?hl=en&> | |
| | BE | GREENWOOD, TONY, "Re: Help! Passing vars between Perl and JavaScript," in comp.lang.javascript, May 18, 1999, downloaded from "http://groups.google.com/group/comp.lang.javascript/msg/d6d6e18ddd89b282?hl=en&" | |
| | BF | GREENWOOD, TONY, "Re: receiving parameters," in comp.lang.javascript, March 22, 1999, downloaded from <http://groups.google.com/group/comp.lang.javascript/msg/88b9dd5f7f502e0d?hl=en&> | |
| | BG | GREESON, ROY et al., "Is this possible with Client-Side Java?" in comp.lang.javascript, March 20, 1999, downloaded from <http://groups.google.com/group/comp.lang.javascript/browse_thread/thread/3788f12a16af547f/2446b8a8bd23e1aa#2446b8a8bd23e1aa> | |
| | BH | STORMS, IAN A., "Re: the efficiency of JavaScript Variables," in comp.lang.javascript, January 25, 1999, downloaded from <http://groups.google.com/group/comp.lang.javascript/msg/5912db735c7685e8?hl=en&> | |
| | BI | SIGIROS, ANGELO, "Re: passing data: frame1>server>frame2 how???" in netscape.devs-javascript, January 8, 1999, downloaded from <http://groups.google.com/group/netscape.devs-javascript/msg/921acdc6f9d30ce4?hl=en&> | |
| | BJ | HONNEN, MARTIN, "Re: JavaScript polling a servlet/cgi," in borland.public.intrabuilder.javascript, October 9, 1998, downloaded from <http://groups.google.com/group/borland.public.intrabuilder.javascript/msg/4b70e4bc473fc93a?hl=en&> | |
| | BK | ZANDSTRA, MATT, "Re: passing variables," in comp.lang.javascript, August 12, 1998, downloaded from <http://groups.google.com/group/comp.lang.javascript/msg/c8f282bf26253864?hl=en&> | |
| | BL | BRODERICK, ANDREW, "Re: Sub Drop Down List," in microsoft.public.vinterdev, July 1, 1998, downloaded from <http://groups.google.com/group/microsoft.public.vinterdev/msg/74b1b9fafd6e9f89?hl=en&> | |
| | BM | FREEDMAN, RICHARD, "Re: Passing complex structure (binary tree) from java to javascript," in comp.lang.javascript, April 16, 1998, downloaded from <http://groups.google.com/group/comp.lang.javascript/msg/84988957fc822ec5?hl=en&> | |
| | BN | VALLEY, THOMAS, "Re: Opening a URL in the background," in netscape.devs-javascript, March 19, 1998, downloaded from <http://groups.google.com/group/netscape.devs-javascript/msg/72126c9d8cc41723?hl=en&> | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

PTO/SB/08A&B (08-03)

| Substitute for form 1449A&B/PTO | | | Complete if Known | |
|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(use as many sheets as necessary)* | | | Application Number | 09/615,383 |
| | | | Filing Date | July 13, 2000 |
| | | | First Named Inventor | Marc S. CASALAINA |
| | | | Art Unit | 2155 |
| | | | Examiner Name | Philip B. TRAN |
| Sheet | 3 | of 3 | Attorney Docket Number | 021756-015800US |

| | | NON PATENT LITERATURE DOCUMENTS | |
|---|---|---|---|
| Examiner Initials * | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T [2] |
| | BO | SEGURA, ALVARO, "Re: Client JScript talking to Server," in comp.lang.javascript, March 18, 1999, downloaded from <http://groups.google.com/group/comp.lang.javascript/msg/0afe1f53f594aa1b?hl=en&> | |
| | BP | JENKS, KEN, "Re: Can you call a Java Servlet through javascript?" in comp.lang.javascript, January 6, 2000, downloaded from <http://groups.google.com/group/comp.lang.javascript/msg/249ef5feb780b97e?hl=en&> | |
| | BQ | NEWTON, STUART, "Re: Problem on variables – Need your help!" in microsoft.public.inetserver.iis.activeserverpages, January 12, 2000, downloaded from <http://groups.google.com/group/microsoft.public.inetserver.iis.activeserverpages/msg/45daf823b1585941?hl=en&> | |
| | BR | CAMDEN, RAY, "Creating a 'Live' ColdFusion Site," ColdFusion Developer's Journal, January 12, 1999, downloaded from <http://cfdj.sys-con.com/read/41481.htm> | |
| | BS | JALIX.ORG, "The Dynamic Duo – Cross-Browser Dynamic HTML," November 11, 1999, downloaded from <http://www.jalix.org/ressources/internet/dhtml/_dynduo/dynduo-19991024.pdf> | |
| | BT | Schwartz, "Chapter 20 – VBScript Forms, Controls, and Managing Transactions," Special Edition Using Visual Basic Script, QUE Corporation, 1996, downloaded from < http://www.urc.bl.ac.yu/manuals/vbscript/ch20fi.htm> | |
| | BU | Baron, J., & M. Siepmann, "Techniques for Creating and Using Web Questionnaires in Research and Teaching," in Psychological Experiments on the Internet (M. H. Birnbaum (Ed.) (2000), downloaded from <http://www.psych.upenn.edu/~baron/examples/baron4.htm> | |
| | BV | Remote Scripting, "http://msdn.microsoft.com/scripting/remotescripting..." Microsoft Corporation (January 4, 2000) | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.

# Exhibit 7

THIS EXHIBIT HAS BEEN
REDACTED IN ITS ENTIRETY

# Exhibit 8

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# Exhibit 9

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# Exhibit 10

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# Exhibit 11

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# Exhibit 12

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# Exhibit 13

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

- - - -

ORACLE CORPORATION and      )
ORACLE U.S.A. INC.,         )
                            )
        Plaintiffs,         )
                            ) C.A. No. 06-cv-414
    -vs-                    ) (SLR)
                            )
EPICREALM LICENSING, LP,    )
                            )
        Defendant.          )


- - - -

VIDEOTAPED DEPOSITION OF:
MICHAEL SHAMOS, Ph.D., J.D.

- - - -


DATE:       June 30, 2008
            Monday, 9:12 a.m.

LOCATION:   JONES DAY
            One Mellon, 31st Floor
            500 Grant Street
            Pittsburgh, PA  15219

TAKEN BY:   Defendant

REPORTED BY: Heidi H. Willis, RPR, CRR
            Notary Public
            Reference No. HW07873

Page 322

```
 1      balancing it didn't get from these patents.
 2   Q.   In your view is there any secondary
 3      consideration that points in any way to
 4      nonobviousness of any of the asserted claims?
 5   A.   I don't recall that there is.  You know, you
 6      can make a list of them.  I'm sure they were
 7      elaborately listed in Dr. Finkel's report.  I
 8      remember looking at them and not being
 9      concerned at any of them.  There can't be
10      secondary considerations of nonobvious when
11      the whole invention is anticipated.  There's
12      no such thing as nonobvious if it's
13      anticipated.
14   Q.   Does that mean you can ignore the secondary
15      considerations in your obviousness analysis?
16   A.   No.  It means that the secondary
17      considerations are unlikely to be applicable,
18      because the entire art already knew of these
19      things.  So there can't be anything about it
20      that's not obvious.
21          So if you point to increased sales,
22      for example, it didn't come from this, it may
23      have come from something else.  Long-felt
24      need, there was no long-felt need.  The need
25      was satisfied very rapidly, et cetera, et
```

Page 323

```
 1      cetera.  We can go through each one of the
 2      long, lengthy catalog of secondary
 3      considerations.  None are applicable.
 4   Q.   Did you consider in reaching your conclusions
 5      in this case a report by a Dr. Chen?
 6   A.   I read it.  I can't say that it affected my
 7      conclusions or that my conclusions were based
 8      upon it or relied upon it.  I did read it.  I
 9      read it with amusement.  I agree with him.
10      Ask me what you will.
11   Q.   When you say you read it with amusement, why
12      do you say that?
13   A.   Because he's not a native speaker of the
14      English language, and I say that many of the
15      sentences in there were inartfully expressed,
16      as was even the title of his report, and so it
17      caused a chuckle, but he was right in his
18      conclusions.
19   Q.   What conclusions was he right about?
20   A.   The conclusion was that this -- I think the
21      words were very close to this -- patent would
22      hardly be enforceable, these patents would
23      hardly be enforceable.
24   Q.   Did you review Dr. Chen's deposition testimony
25      in this case?
```

Page 324

```
 1   A.   I don't think I did.
 2   Q.   Are you aware that Dr. Chen is not a patent
 3      attorney?
 4   A.   I don't think that has any relevance at all.
 5      I didn't rely on his opinion.  I just said
 6      that I agree with that.  One might wonder why
 7      folks are soliciting patentability or
 8      enforceability opinions from non-patent
 9      attorneys.
10   Q.   Were you aware that Dr. Chen did not identify
11      any claim construction for his analysis?
12   A.   I was aware of that.  His report was brief.
13   Q.   Is that a problem in your view?
14   A.   I don't understand the context in which it
15      would be a problem.  I don't rely on his
16      report, and so it's not a problem for me.  The
17      only party in the whole world I can imagine it
18      being a problem for is epicRealm.
19   Q.   Why do you say that?
20   A.   Because he concluded the patents weren't
21      enforceable and you went out and tried to
22      enforce the patents, that why.
23   Q.   Are you aware that Dr. Chen testified that he
24      couldn't say that he had even reviewed the
25      file histories of the patents?
```

Page 325

```
 1          MR. ARTUZ:  Objection, assumes
 2      facts, lacks foundation.
 3   A.   It doesn't matter whether I'm aware of it or
 4      not.  I haven't relied on his report.
 5   Q.   Why not?
 6   A.   Because I came to my own conclusion.  There's
 7      no need for me to rely on his report.  His
 8      report was brief.  My report is long.
 9   Q.   Do you believe his report was competent?
10          MR. ARTUZ:  Objection, vague, calls
11      for a legal conclusion.
12   A.   It certainly does not rise to the standards
13      that one would expect of an attorney being
14      asked to give an enforceability report or a
15      validity report, no.  Whether it was competent
16      based on what he was asked to do, I don't know
17      how the task was phrased.  I don't know how he
18      was chosen as the person to make the report.
19          My impression was that it was
20      believed that he was someone of skill in the
21      art, not a patent attorney, and they were
22      asking does this sound new to you given what
23      you know of the art.
24   Q.   Do you know of any prior art references that
25      disclose dispatching using metric-based load
```

82 (Pages 322 to 325)

Page 326

1  balancing?
2       MR. ARTUZ: Objection, vague.
3  A.   Yes.
4  Q.   What reference?
5  A.   Well, I have references to least-loaded
6  servers in my -- in Exhibit 3. If we go down,
7  look for load balancing, any time there's load
8  balancing, there's a description of how it
9  does the load balancing and there's discussion
10 of messaging going back and forth between the
11 dispatcher and the page servers where they are
12 reporting their load. That to me is metric-
13 based load balancing.
14 Q.  Can you identify for me which specific
15 references you believe disclose dispatching
16 using metric-based load balancing?
17      MR. ARTUZ: Objection, vague.
18 A.   I probably can, and I'm going to give it a
19 try. Load balancing is taught in Ingham W3
20 objects.
21 Q.  Can I interrupt for just one second?
22 A.   Yes.
23 Q.  Was that metric-based load balancing? You
24 just said load balancing.
25      MR. ARTUZ: Objection, vague.

Page 327

1  A.   Yeah, I believe so. I mean I have to go back
2  to the reference, but I believe it is metric-
3  based load balancing.
4  Q.   Okay. Any others?
5       - - - -
6       (There was a discussion off the record.)
7       - - - -
8  A.   I can't tell quickly from the search, the
9  search that I'm doing in this exhibit. I have
10 to spend more time looking at it. I'm
11 searching for a particular phrase. If I
12 didn't use that particular phrase in the
13 exhibit, then I can't -- I can't find it so --
14      I'm looking at -- in the report
15 proper. It will take some time.
16 Q.  Okay.
17 A.   Yes, so in Oracle 2 -- sorry, Oracle 1 with
18 SQL*NET release 2.3, it says that the listener
19 passes the address of the least used
20 dispatcher to the client, least used is you
21 are giving a minimum of numbers which is
22 metric-based, for example, and there may be
23 others.
24      MR. ARTUZ: I'm going to object as
25 the question calls for a narrative as well.

Page 328

1  A.   In any case, as I've said before, the
2  dispatching limitation can be met without
3  metric load balancing or, in fact, without
4  load balancing at all.
5  Q.   My question is whether you are aware of
6  references that disclose dispatching using
7  metric-based load balancing. You've
8  identified a couple. Are there any others?
9       MR. ARTUZ: Objection, vague, calls
10 for a narrative.
11 A.   I'm not finding any others. I'm halfway
12 through my -- so the problem here is that in
13 anticipation I have to look at the entire
14 claim. There are certainly numerous prior
15 references that teach metric load balancing by
16 itself but not necessarily in combination with
17 all of the other steps required in any of the
18 claim -- any claim of the patent. So I
19 haven't found any others. I'm almost through
20 it now. No, no others.
21 Q.  No others?
22 A.   No.
23      MR. ARTUZ: If you can guys can wrap
24 it up pretty soon, that would be great.
25 Q.  Dr. Shamos, did you discuss your testimony

Page 329

1  during any of the breaks today?
2  A.   No.
3  Q.   What did you do to prepare for your deposition
4  today?
5  A.   I had meetings with counsel. We met on
6  Thursday and Friday and again on Sunday. The
7  meeting on Sunday was joint with counsel for
8  the Texas Defendants. I reviewed my report,
9  Dr. Finkel's report, various documents, claim
10 constructions. Other than that, that was the
11 preparation.
12      MR. PATRAS: Okay. Thank you for
13 your time today, Dr. Shamos. We have no
14 further questions.
15      THE WITNESS: It's been most
16 pleasant even given the circumstances. Thank
17 you.
18      MR. ARTUZ: We'll conclude the
19 deposition.
20      THE VIDEOGRAPHER: This deposition
21 is now concluded. The time indicated on the
22 screen is 6:19 p.m.
23      - - - -
24 (The proceedings were concluded at 6:19 p.m.)
25      - - - -

83  (Pages 326 to 329)

# Exhibit 14

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# Exhibit 15

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# Exhibit 16

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# Exhibit 17

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ORACLE CORPORATION and
ORACLE U.S.A. INC.,

      **Plaintiffs,**

   v.

EPICREALM LICENSING, LLC,

      **Defendant.**

**AND RELATED COUNTERCLAIMS**

C.A. No. 06-cv-414 (SLR)

## REPORT OF PLAINTIFFS' EXPERT MICHAEL I. SHAMOS, PH.D, J.D.
## CONCERNING INVALIDITY

### BACKGROUND & QUALIFICATIONS

    1.  My name is Michael I. Shamos.  I hold the title of Distinguished Career Professor in the School of Computer Science at Carnegie Mellon University in Pittsburgh, Pennsylvania.  I was a founder and Co-Director of the Institute for eCommerce at Carnegie Mellon and I now direct a graduate degree program in eBusiness Technologies.   My résumé is attached as Exhibit 2 to this report.

    2.  I currently teach graduate courses at Carnegie Mellon in Electronic Commerce, including eCommerce Technology, Electronic Payment Systems, Electronic Voting and eCommerce Law and Regulation and have done so since 1999.  In Fall 2007 I taught a new course entitled Law of Computer Technology.

1

every claim is anticipated under one or more of epicRealm's varieties of "releasing."  Every one of the references in Exhibit 3 utilizes implicit releasing in addition to any releasing it may perform under epicRealm's contentions.

**e. "intercepting"**

92. The Texas Court has construed "intercepting said request at said Web server" to mean "intercepting the handling of a request at a Web server."[5]  It is my understanding that epicRealm has proposed the same construction for 'intercepting' in this action.  This construction clarifies that intercepting involves not only redirecting the request itself, but also the processing (handling) of the request.  My analysis below is also consistent with Oracle's proposed construction for the term "intercepting," namely, "receiving a request at the Web server and diverting the request before the Web server executable can process the request."

93. Intercepting is important to maintain server throughput.  If a web server must spend any significant time analyzing a request before determining that it cannot handle the request, its efficiency will be diminished.  It is therefore desirable to intercept such requests, ideally before they are even processed by the server.

94. Intercepting is inherent in any system in which the Web server processes some but not all, requests.  Some mechanism must be used to discriminate between the requests the Web server will handle and which it will not.  That mechanism which prevents the Web server from handling certain requests "intercepts" their handling within the Texas Court's construction.

95. Intercepting the handling of requests was well known in the prior art, as discussed in connection with Eckerson, above.  Intercepting CGI requests (used to generate dynamic web pages) is taught in reference 166, Bittinger et al. U.S. Patent 5,754,774: "This web server originated communication is intercepted by the server-side intercept module 40 and transformed by a client/server specific data stream." (10:12-14).  "After receiving the information from the client-side intercept module 30, the server-side intercept module 40 checks its server cache resident in the second computer to determine if a server cache entry exists corresponding to the

---

[5] There is a parallel construction for "intercepting said request at said HTTP-compliant device."

single page server is available.  It is my opinion that systems having only a single page server cannot satisfy the limitation of "dispatching."

104.  My opinion on this point is bolstered by the fact that in the case of a single page server there is no need to examine the request to determine which page server should process the request.  The request must be examined to learn whether a dynamic page is being sought, but that examination is not performed a part of dispatching, but intercepting, which is recited as a separate step.  My opinion is further bolstered by the fact that in a configuration having only a single page server, there is no "dynamic information maintained about page servers" which can be used to inform the choice of page server, since there is never more than one option.

105.  Nevertheless, epicRealm has accused certain systems having only a single page server of infringing claims containing dispatching limitations.  Therefore, I will assume for purposes of invalidity analysis that prior art references teaching only a single page server also teach dispatching, which I will refer to as "Single-Server Dispatching."

106.   Under epicRealm's proposed construction, dispatching requires consideration of dynamic information maintained about page servers.  Dynamic information is information that can change and is not an inherent feature of the architecture.  Information does not need to change on a minute-to-minute basis to be dynamic.  Some systems maintain files, sometimes referred to as configuration files, which maintain information about page servers such as their network addresses and the resources available to them.  These configuration files can be changed at any time, and the test for use of dynamic information is not the frequency with which the information changes, but whether a change to the configuration file affects the choice of page server made by the dispatcher.  Because epicRealm has accused of infringement certain systems which make use of configuration files for dispatching, for purposes of invalidity analysis I will adopt epicRealm's contention and will refer to such dispatching herein as "Configuration File Dispatching."

107.  Dispatcher processes are taught in reference 104, "Web Server Technology" at pp. 151-153.  A dispatcher process is one that selects a "helper process" to perform a task.  The

# EXHIBIT 18

# INTENTIONALLY LEFT BLANK

Exhibit 19



# United States Patent and Trademark Office

Performance and Accountability Report

Fiscal Year 2007



accountability



results

innovation



creativity





global

*Transforming for the Future Today*

STATISTICAL ACCOMPANYING INFORMATION

| **TABLE 13A** | **EX PARTE REEXAMINATION** (FY 2003 - FY 2007) | | | | |
|---|---|---|---|---|---|
| **ACTIVITY** | **2003** | **2004** | **2005** | **2006** | **2007** |
| **Requests filed, total** | **392** | **441** | **524** | **511** | **643** |
| By patent owner | 136 | 166 | 166 | 129 | 124 |
| By third party | 239 | 268 | 358 | 382 | 519 |
| Commissioner ordered | 17 | 7 | - | - | - |
| **Determinations on requests, total[1]** | **381** | **419** | **537** | **458** | **594** |
| Requests granted: | | | | | |
| By examiner | 360 | 408 | 509 | 422 | 575 |
| By petition | 1 | - | 2 | 5 | 2 |
| Requests denied | 20 | 11 | 26 | 31 | 17 |
| **Requests known to have related litigation** | **109** | **138** | **176** | **229** | **369** |
| **Filings by discipline, total** | **392** | **441** | **524** | **511** | **643** |
| Chemical | 124 | 130 | 138 | 118 | 133 |
| Electrical | 118 | 156 | 188 | 228 | 275 |
| Mechanical | 150 | 155 | 198 | 165 | 235 |

[1] Past years' data have been revised from prior year reports.

| **TABLE 13B** | **INTER PARTES REEXAMINATION** (FY 2003 - FY 2007) | | | | |
|---|---|---|---|---|---|
| **ACTIVITY** | **2003** | **2004** | **2005** | **2006** | **2007** |
| **Requests filed, total** | **21** | **27** | **59** | **70** | **126** |
| **Determinations on requests, total** | **20** | **25** | **57** | **47** | **119** |
| Requests granted: | 18 | 25 | 54 | 43 | 118 |
| By examiner | 18 | 25 | 54 | 43 | 118 |
| By petition | - | - | - | - | - |
| Requests denied | 2 | - | 3 | 4 | 1 |
| **Requests known to have related litigation** | **7** | **5** | **29** | **32** | **81** |
| **Filings by discipline, total** | **21** | **27** | **59** | **70** | **126** |
| Chemical | 3 | 6 | 17 | 17 | 30 |
| Electrical | 7 | 7 | 20 | 27 | 53 |
| Mechanical | 11 | 14 | 22 | 26 | 43 |