## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ORACLE CORPORATION and  )
ORACLE U.S.A. INC.,  )
                                )
       Plaintiffs/Counterclaim Defendants,  )    C.A. No. 06-414-SLR
                                )
       v.  )    **JURY TRIAL DEMANDED**
                                )
EPICREALM LICENSING, LP,  )
                                )
       Defendant/Counterclaim Plaintiff.  )

### EPICREALM'S OBJECTIONS AND MOTION TO STRIKE PORTIONS OF THE DECLARATION OF DR. MICHAEL IAN SHAMOS

Defendant epicRealm Licensing, LP ("epicRealm") hereby moves to exclude and strike portions of the Declaration of Dr. Michael Ian Shamos in Support of Oracle's Oppositions to epicRealm's Motions filed on August 21, 2008 (D.I. 271). As shown below, the portions of the Shamos declaration that are the subject of this motion contain Shamos's new patent invalidity opinions that were offered by Oracle for the first time in August 2008. Shamos's declaration was submitted by Oracle more than three months *after* Shamos's first expert report was due. That the opinions set forth in Shamos's declaration are brand new cannot be disputed—that is indeed why Oracle filed the Shamos declaration: to correct deficiencies in Shamos's expert report that Oracle was unaware of until epicRealm brought the deficiencies to Oracle's attention during motion practice in this action. For these reasons, Shamos's new opinions should be excluded and the Shamos declaration accordingly should be stricken.[1]

---

[1] The parties met and conferred pursuant to Local Rule 7.1.1 and Oracle did not agree to withdraw the objectionable paragraphs of Dr. Shamos's August 21, 2008 declaration.

I.    **SHAMOS'S NEW OPINIONS SHOULD BE STRICKEN**

    A.    **This Court Should Strike Shamos's
New Opinions On Secondary Considerations**

EpicRealm moves to exclude and strike ¶¶ 125-137 of Shamos's declaration because

those paragraphs contain entirely new opinions directed to the issue of obviousness, more

specifically to Shamos's analysis of the secondary considerations of nonobviousness.

Paragraphs 125-137 of the Shamos declaration include many new opinions on the issue of

epicRealm's objective evidence of nonobviousness, opinions that are not only new but are at

odds with the opinions Shamos gave in his expert report. (D.I. 271, New Shamos Decl. ¶¶ 125-

137.) These paragraphs contain new opinions that appear for the first time, none of which were

included in Shamos's expert report. (*Compare* D.I. 196, Exh. 1, Shamos Rpt. ¶¶ 799-804 *with*

D.I. 271, New Shamos Decl. ¶¶ 125-137.)

In his expert report and during expert discovery, Shamos opined that objective evidence

of nonobviousness is "irrelevant" to any obviousness inquiry. (D.I. 197, Exh. 5, Shamos Dep. at

310:13-311:7, 311:18-21, 321:3-9.) Having now recognized the error in Shamos's expert report,

Oracle through the Shamos declaration attempts to introduce a wholly new set of opinions to

respond to the secondary considerations of nonobviousness—namely, that Shamos has now

considered and weighed the objective evidence of nonobviousness to determine whether it "is

insufficient to overcome the strong evidence that all the asserted claims are invalid as anticipated

and obvious." (D.I. 271, New Shamos Decl. ¶ 125.) This about-face requires that these new

opinions—based on an entirely new analysis—be stricken.

Shamos opined in his expert report that any showing by epicRealm that the commercial

success of the accused Oracle products results from the incorporation of the inventions of the

patents in suit is "ludicrous," offering no analysis to support this assertion. (D.I. 196, Exh. 1,

Shamos Rpt. ¶ 801.) In contrast, Shamos's declaration attempts to introduce wholly new expert testimony, namely, that none of Oracle's accused products practice the claimed inventions of the patents in suit, and that even if they did, the commercial success of Oracle's products did not result from the claimed inventions. (D.I. 271, New Shamos Decl. ¶¶ 126-129.) Shamos never proffered in his expert report an opinion of noninfringement, and nowhere previously opined that the commercial success of the accused Oracle products did not result from the incorporation of the patented technology.

The new Shamos opinions go on. Shamos included new opinions directed to the failure of others. In his expert report, Shamos offered no testimony directed to epicRealm's showing that several identified companies attempted to solve the problems solved by the patents in suit but failed. (D.I. 196, Exh. 1, Shamos Rpt. ¶ 803.) Now, in Shamos's declaration, he attempts to proffer new expert opinions, namely, that "there were many researchers and engineers from different countries, universities and companies that all arrived at the same claimed inventions as that of the epicRealm patents," citing "Oracle, NeXT Software, and Microsoft" as having solved the problems that were solved by the patents in suit. (D.I. 271, New Shamos Decl. ¶131.) These are but a few examples of the new opinions that make their first appearance in Shamos's declaration. (*Compare* D.I. 196, Exh. 1, Shamos Rpt. ¶¶ 799-804 *with* D.I. 271, New Shamos Decl. ¶¶ 125-137.)

Shamos's untimely invalidity opinions relating to secondary considerations of nonobviousness should be excluded and stricken due to Oracle's failure to disclose such expert opinions earlier, as Oracle should have done in a timely filed expert report. There are several reasons that epicRealm's motion should be granted. First, Shamos's declaration does not comply with the Federal Rules of Civil Procedure. The Federal Rules require that an expert report "***must***

3

contain....a complete statement of all opinions the witness will express and the basis and reasons for them." Fed.R.Civ.P. 26(a)(2)(B). Shamos was required to specify *in his expert report* his opinions relating to secondary considerations to comply with Rule 26(a). It would be unfair to allow Oracle to introduce Shamos's new opinions on invalidity submitted after expert reports and expert discovery. Secondly, Oracle offered no good reason why Shamos's new opinions could not have been offered earlier. The parties agree that epicRealm first disclosed its objective rebuttal evidence of nonobviousness on November 9, 2007, *more than five months* before Shamos's expert report was due, in an interrogatory response disclosing commercial success of the patented invention, long-felt need, failure of others, copying, industry acclaim, licensing of the patented technology and unexpected results. (D.I. 263 at 28-29; EpicRealm's Reply In Support of Its *Daubert* Motion to Exclude Testimony of Shamos, Exh. 9 at 4-6.) Third, Oracle's inclusion of the new opinions in a declaration as part of its response to epicRealm's *Daubert* motion is entirely too late to allow epicRealm an adequate opportunity to contest or rebut the new opinions.

Under the pertinent law, this Court may consider several factors in deciding whether to exclude evidence as a discovery sanction. *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977), *overruled on other grounds by Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985). The *Meyers* factors include:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Id.* at 904-905. An analysis under the *Meyers* factors supports the exclusion of Shamos's new 59 page declaration. First, epicRealm is prejudiced by Shamos's new opinions because it did not

have an opportunity to adequately address these new opinions, either by way of rebuttal report or additional expert discovery. Secondly, the prejudice to epicRealm cannot be cured, considering that the time for expert reports and expert discovery has long passed. Finally, allowing the inclusion of Shamos's new expert opinions would disrupt the summary judgment process. The parties have expended large resources in their motions for summary judgment, and are entitled to a decision based on the record established in accordance with the Court's Scheduling Order. *See Trilogy Commc'ns, Inc. v. Times Fiber Commc'ns, Inc.,* 109 F.3d 739, 744 (Fed. Cir. 1997) (noting that when scheduling orders are violated, "an opposing party is often prejudiced by the ensuing delay and resultant expense"). Accordingly, the Court should strike paragraphs 125-137 of Shamos's declaration as an untimely expert report.

### B.   This Court Should Strike Shamos's New Opinions On Claim Construction

EpicRealm moves to exclude and strike ¶¶ 10-13, 33, 49, 50, 52, 55-56, 58, 67, 87-90, 94 and 109 of Shamos's declaration because they are new opinions on claim construction, offered for the first time to support Shamos's invalidity analysis.

Again, there is no dispute that these opinions are brand new and are offered by Oracle to correct deficiencies in Shamos's expert report. The above recited paragraphs contain a variety of new opinions relating to the alleged claim constructions that Dr. Shamos applied during the invalidity analysis in his expert report. These paragraphs respond to the acknowledged deficiencies in Shamos's invalidity analysis, *i.e.*, Shamos's failure to articulate what claim constructions he used or assumed in his invalidity analysis. The above recited paragraphs contain new opinions that appear for the first time, none of which were included in his original expert report dated May 2, 2008. (*Compare* D.I. 196, Exh. 1, Shamos Rpt. ¶¶ 8, 72, 74-80, 83-87, 91-94, 99, 102, 105-112, 123, 137, 148 and186-188 *with* D.I. 271, New Shamos Decl. ¶¶ 10-

13, 33, 49, 50, 52, 55-56, 58, 67, 87-90, 94 and 109.)  For these reasons, the above recited paragraphs in Shamos's declaration—being wholly new opinions on the issue of claim construction—should be stricken.

That the above recited paragraphs contain new Shamos opinions is not in dispute.  For example, in the Shamos declaration, Shamos opines that he "considered and applied both Oracle's and epicRealm's proposed claim constructions in performing the invalidity analysis that is the subject of my expert report." (D.I. 271, New Shamos Decl. ¶11).  But nowhere in his expert report dated May 2, 2008 does Dr. Shamos explain that he applied both of these constructions in his invalidity analysis.  Even more confusingly, Shamos's declaration goes on to assert that "[w]here the parties have proposed different claim constructions for a particular disputed claim term, *I have assumed that the broader proposed construction subsumes the narrower one*.  Except where otherwise stated in my report…my…analysis involved applying *what I believed to be the narrower proposed construction*." (*Id*. at ¶12 (emphases added).)  Whatever that statement means is not important on this motion.  All that matters here is these opinions are new and too late.

The untimely Shamos declaration containing new opinions does not comply with the Federal Rules of Civil Procedure or with the pertinent Third Circuit case law cited above.  Shamos was required to specify *in his expert report* which claim constructions he applied for each claim element at issue to comply with Rule 26(a), yet he did not do so.  Accordingly, the Court should strike Paragraphs 10-13, 33, 49, 50, 52, 55-56, 58, 67, 87-90, 94 and 109 of Shamos's declaration as untimely.

**CONCLUSION**

For the foregoing reasons, Paragraphs 10-13, 33, 49, 50, 52, 55-56, 58, 67, 87-90, 94, 109

and 125-137 of Shamos's declaration should be excluded and stricken.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Harry J. Roper                              By:  /s/ David E. Moore
George S. Bosy                                   Richard L. Horwitz (#2246)
Aaron A. Barlow                                  David E. Moore (#3983)
Patrick L. Patras                                Hercules Plaza, 6th Floor
David R. Bennett                                 1313 N. Market Street
Paul D. Margolis                                 Wilmington, DE  19899
Benjamin J. Bradford                             Tel:  (302) 984-6000
Emily C. Johnson                                 rhorwitz@potteranderson.com
JENNER & BLOCK                                   dmoore@potteranderson.com
330 N. Wabash Avenue
Chicago, IL  60611-7603                     *Attorneys for Defendant/Counterclaim*
Tel:  (312) 923-8305                        *Plaintiff epicRealm Licensing, LP*

Dated:  September 4, 2008
881207 / 31393 / Oracle

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on September 4, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on September 4, 2008, the attached document was Electronically Mailed to the following person(s):

Mary B. Graham
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
MGraham@MNAT.com

James G. Gilliland
Igor Shoiket
Townsend and Townsend and Crew LLP
Two Embarcadero Center
Eighth Floor
San Francisco, CA 94111-3834
OracleEpicrealm@townsend.com

Theodore T. Herhold
Robert J. Artuz
Eric M. Hutchins
Eric A. Mercer
Joseph A. Greco
Nitin Gupta
Townsend and Townsend and Crew LLP
379 Lytton Avenue
Palo Alto, CA 94301
OracleEpicrealm@townsend.com

Chad E. King
Townsend and Townsend and Crew LLP
1200 Seventeenth Street
Suite 2700
Denver, CO 80202
OracleEpicrealm@townsend.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

788480 / 31393 / Oracle

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORACLE CORPORATION and | ) | |
| ORACLE U.S.A. INC., | ) | |
| | ) | |
| Plaintiffs/Counterclaim Defendants, | ) | C.A. No. 06-414-SLR |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| EPICREALM LICENSING, LP, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

## <u>ORDER</u>

Having considered defendant epicRealm's Motion to Strike Portions of the Declaration of

Dr. Michael Ian Shamos;

IT IS HEREBY ORDERED, this ___day of _____, 2008 that epicRealm's

Motion is GRANTED

_____
United States District Judge