IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORACLE CORPORATION and ORACLE U.S.A., INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civ. No. 06-414-SLR ) |
| PARALLEL NETWORKS, LLP, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM ORDER**

At Wilmington this 8th day of September 2010, having considered plaintiffs' motion to stay the present action pending appeal of the United States Patent and Trademark Office's ("PTO"'s) final rejections of all claims of the patents in suit[1] (D.I. 427) and the papers submitted in connection therewith;

IT IS ORDERED that said motion is denied.

1. **Background.** This is a declaratory judgment action. The present suit was filed by Oracle Corporation and Oracle U.S.A., Inc. (collectively, "Oracle") on June 30, 2006 against defendant Parallel Network, LLP's ("Parallel"'s) predecessor-in-interest, EpicRealm Licensing, L.P., a patent licensing firm. (D.I. 1) EpicRealm assigned all right, title, and interest in the patents in suit to Parallel in August 2007. The court granted EpicRealm's motion to substitute parties on September 29, 2008. (D.I. 355) Oracle seeks judgment that it does not infringe, and that the patents in suit are invalid

---

[1] U.S. Patent Nos. 5,894,554 ("the '554 patent") and 6,415,335 ("the '335 patent").

and/or unenforceable due to inequitable conduct. (D.I. 369)

The '554 and '335 patents are directed to a system for creating and managing custom web sites. On December 4, 2008, the court granted Oracle's motion for summary judgment of noninfringement on both the '554 and '335 patents on the ground that the accused Web cache products did not meet the "releasing" limitation of the claims. (D.I. 400) Alternate non-infringement arguments were not reached. The court also granted summary judgment of no anticipation as to several (but not all) asserted prior art references based on the "dispatching" limitation of the claims and granted summary judgment of no obviousness. (*Id.*) The Federal Circuit subsequently vacated the court's noninfringement ruling on the basis that a reasonable jury could find that the accused devices satisfy the "releasing" limitation based upon the court's construction, with which it did not take issue. The Court did not consider additional limitations (i.e., "dispatching" and "intercepting"). *See Oracle Corp. v. Parallel Networks, LLC*, Civ. No. 2009-1183, 2010 WL 1709308, *4-5 (Fed. Cir. Apr. 28, 2010).

Oracle filed requests for *ex parte* reexamination of the '335 and '554 patents on March 29, 2007.[2] On June 30, 2008, the PTO issued an office action rejecting all 11 claims of the '554 patent and, on August 22, 2008, issued an office action rejecting all 29 claims of the '335 patent as invalid over multiple prior art references. In response, Parallel filed responses to the office actions in which it attempted to distinguish the '554

---

[2]Defendant's papers state both that the reexaminations were filed on March 27 and on March 29, 2007. (D.I. 432 at 3, 5) Oracle's counsel, Thomas Fairhall, states that he filed the requests for reexamination on March 29, 2007. (D.I. 429 at ¶ 2) Requests for reexamination of the patents in suit were also filed by the Public Patent Foundation on November 27, 2006 and the Intellectual Property Law Group LLP on April 3, 2007. (*Id.* at ¶ 4)

and '335 patents over the cited art and, additionally, added 270 new claims to the '554 patent and 155 new claims to the '335 patent, totaling 425 new claims. The PTO issued final rejections on March 30, 2009 (in the '335 patent reexamination) and April 29, 2009 (in the '554 patent reexamination).

Parallel filed its Notice of Appeal in the '335 patent reexamination on June 30, 2009 and in the '554 patent reexamination on August 31, 2009. Both briefs were rejected as nonconforming with the PTO's rules; corrected briefs were filed on November 16, 2009 and January 14, 2010, respectively. Parallel has petitioned the PTO for the entry of several after-final rejection amendments in each reexamination. Its original requests in this regard were rejected by the examiners. (D.I. 429, ex. H & ex. J) Examiners' briefs have not yet been filed in either appeal. Oral argument has not been scheduled before the Board of Patent Appeals and Interferences ("BPAI").

2. **Stay of litigation pending reexamination**. Motions to stay invoke the broad discretionary powers of the court. *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990) (citing *Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976)). Three general factors inform the court in this regard:

> (1) whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party; (2) whether a stay will simplify the issues for trial; and (3) whether discovery is complete and a trial date set.

*Enhanced Security Research, LLC v. Cisco Sys., Inc.*, Civ. No. 09-571, 2010 WL 2573925, at *3 (D. Del. June 25, 2010) (citing *St. Clair Intellectual Prop. Consultants v. Sony Corp.*, Civ. No. 01-557, 2003 WL 25283239, at *1 (D. Del. Jan. 30, 2003)).

This court has very recently iterated factors which bear upon whether "there is

'even a fair possibility' that the stay would work damage on another party" in the reexamination context. *See Belden Techs. Inc. v. Superior Essex Comm's LP,* Civ. No. 08-63, D.I. 225 (Sept. 2, 2010) (citing *Dentsply Int'l,* 734 F. Supp. at 658 (internal citations omitted)). The court incorporates its prior discussion (in *Belden*) by reference and focuses here on the application of these factors to the motion at bar.

3. **Discussion of relevant factors**.

   a. **Status of litigation**.

Fact and expert discovery in this case have been completed for two years. (D.I. 176) Claim construction and summary judgment have been completed and the court's opinion has been vetted through the Federal Circuit. The parties disagree as to what specific issues remain on remand from the Federal Circuit.[3] (D.I. 431) Both parties agree, however, that certain infringement issues need to be resolved prior to trial on the merits, which date has not yet been set. Unlike in *Belden*, defendant at bar has not moved for a stay on the eve of trial. The motion comes, however, years into the present litigation and following the Federal Circuit's vacating the court's judgment that defendant does not infringe. Defendant moved for a stay only following having "tested the waters" in this fashion and, consequently, the timing of its motion cuts against a stay.

   b. **Simplification**. Aside from validity, both parties agree that disputes

---

[3]Specifically, prior to trial, plaintiffs assert that the court need revisit its motion for summary judgment that defendant meets the "intercepting" and "releasing" limitations of the claims, and for indirect infringement. Defendant asserts that the court need address literal infringement of claim 11 of the '554 patent with respect to only the "intercepting" claim limitation. (D.I. 431)

4

remain as to infringement. Additionally, Oracle brings a claim that the '335 and '554 patents are unenforceable due to inequitable conduct. (D.I. 369) Insofar as the issues left for trial do not completely overlap those typically resolved upon reexamination, a stay is disfavored.

    c. **Prejudice**.

        (1) **Timing of the request for reexamination**. Oracle filed its requests for reexamination on March 29, 2007, about nine months after it filed suit on June 30, 2006. The reexaminations, therefore, were not Oracle's originally-preferred route for resolution of the validity issues by the Federal Circuit. This factor weighs against a stay.

        (2) **Timing of the request for stay**. As noted above, Oracle moved for a stay only following the Federal Circuit's remand. More specifically, Oracle's motion was filed on July 23, 2010: over a year after the final rejections issued in both reexaminations (March 30 and April 29, 2009); about a year from Parallel's filing of its Notices of Appeal (June 30 and August 31, 2009); and over six months after the PTO received Parallel's final appeal briefs (November 16, 2009 and January 14, 2010). Accordingly, there is an inference that Oracle seeks an inappropriate tactical advantage through its present motion. This factor weighs against a stay.

        (3) **Status of reexamination proceedings**. As noted in the court's prior opinion, "reexamination is an arduous process fraught with the potential for multiple appeals." According to statistics published by the PTO, an *ex parte* reexamination conducted by the Central Reexamination Unit (or "CRU") has a historical

average pendency of 25.4 months.[4] Here, the reexaminations are well underway; reexamination appeals have been docketed. The progression of the reexaminations to appeal weighs slightly in favor of a stay.[5]

It is Oracle's contention that Parallel has engaged in a strategy of delay with respect to the concurrent reexaminations. Parallel has: (1) added 425 new claims to the reexaminations; (2) in one instance, missed a response deadline, resulting in a six month delay in prosecution; (3) improperly filed its appeal briefs, causing further delay; and (4) continues to pursue the entry of amendments following the final rejections issued in each reexamination. In view of the foregoing, Oracle asserts that a stay will not effectuate undue hardship on Parallel. (D.I. 428 at 6-7)

The court agrees that Parallel's conduct, most notably, adding 425 new claims to the reexaminations and pursuing post-final rejection amendments on appeal, is inconsistent with any notion that Parallel desires to expedite (or focus) the PTO's review of its claims on reexamination.[6] A request for stay at this late stage of the litigation is

---

[4] See http://www.uspto.gov/patents/EP_quarterly_report_June_30_2010.pdf.

[5] Commentators have observed that an *ex parte* reexamination appeals took anywhere from 79 to 739 days from BPAI docketing to decision in 2009, with an average of 234 days to decision. See http://reexamcenter.com/wp-content/uploads/2010/01/Appeals-from-the-Central-Reexamination-Unit2.pdf. It may take an additional fifteen (15) months to appeal a BPAI decision to the Federal Circuit. (*Id.* at pp. 20-21) The court has deemed the docketing of the appeal to the BPAI an appropriate (minimal) benchmark that would weigh in favor of a stay. It should not be considered the strongest factor.

[6] It is impossible to determine the precise nature of the delay caused by Parallel in these regards. The court notes only that Parallel, regardless of its intent, has caused certain delay in prosecution by encumbering the process in this manner. Parallel argues that the reexaminations proceeded on track with the average, 25-month pace. (D.I. 432 at 5-6) This may be the case, but it cannot reasonably be argued that the

generally prejudicial to Parallel's investment in trial preparation and does not comport with the notion of judicial efficiency. See *Remington Arms Co. v. Modern Muzzleloading, Inc.*, 1998 WL 1037920, at *1 (M.D. N.C. 1998). On the other hand, Parallel's claim that a stay of litigation effectuates undue hardship, notwithstanding its own delay of the resolution of the validity of the originally-issued claims in this manner, rings hollow.

(4) **The relationship of the parties**. As stated previously, Parallel does not develop or sell any products of its own and is not a competitor of Oracle. Courts have been generally reluctant to stay proceedings where the parties are direct competitors,[7] and this factor favors a stay.

4. **Conclusion**. The status of the present litigation and nature of the issues at bar disfavor a stay. With respect to prejudice, the timing of Oracle's requests for reexamination and its motion for stay weigh against a stay. The parties' relationship weighs in favor of a stay, as does (to a lesser degree) the fact that the reexaminations have progressed to the BPAI. The potential prejudice to Parallel is mitigated by Parallel's own conduct in prosecuting the '335 and '554 patents on reexamination. On balance, the foregoing indicates that a stay is inappropriate. Therefore, Oracle's motion to stay litigation is denied.

IT IS FURTHER ORDERED that:

---

reexaminations would not have proceeded faster, towards the low end of the curve, absent the foregoing.

[7]See *Nidec Corp. v. LG Innotek, Co.*, 2009 WL 3673433, at * 4 (E.D. Tex. Apr. 3, 2009); and *O2 Micro Int'l Ltd. v. Beyond Innovation*, 2008 WL 4809093, at *2 (E.D. Tex. Oct. 29, 2008).

5. The court shall conduct a telephonic scheduling conference on **Wednesday, September 22, 2010** at **8:30** a.m. Oracle's counsel shall initiate the call.

6. On or before that date, the parties shall submit duplicate copies of the papers relating to the unresolved summary judgment motions regarding infringement identified in their letter of August 5, 2010.[8] (D.I. 431) Searchable (and/or hyperlinked) electronic media would also be appreciated. Also in advance of the teleconference, the parties shall jointly submit a letter providing an estimation of the number of trial days needed to resolve the outstanding issues.

                                                                                                                       /s/
                                                                   United States District Judge

---

[8] The court disagrees with Oracle's assertion that the Federal Circuit included in its opinion an "implicit revision" of the court's construction of the "releasing" claim limitation. The Federal Circuit has determined that a triable issue exists with respect to this limitation and, as such, it will be submitted to the jury. Oracle, therefore, shall not include in its submission any materials relating solely to this issue.