# TAB 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORACLE CORPORATION and ORACLE U.S.A., INC., | ) | |
| Plaintiffs-Counterdefendants, | ) | |
| v. | ) | C.A. No. 06-414 (SLR) |
| PARALLEL NETWORKS, LLC, | ) | |
| Defendant-Counterclaimant. | ) | |

**ORACLE'S REPLY TO PARALLEL NETWORKS' OPPOSITION TO ORACLE'S MOTION FOR REARGUMENT**

Parallel Networks' Opposition to Oracle's Motion for Reargument (D.I. 440) contains two mischaracterizations of the law which require a response.

First, Parallel Networks argues that "[t]he only appellate court that has considered this issue [whether Oracle could have moved this Court to stay the appeal pending reexamination] concluded that the district court retains the power to stay a case pending appeal." D.I. 440 at 7[1] (citing *In re Miranne*, 852 F.2d 805 (5th Cir. 1988)). *Miranne* does not, however, stand for that proposition; it merely holds that a district court may stay its "judgment or order" when a case is on appeal. *Miranne*, 852 F.2d at 806. *See, e.g.*, Fed. R. Civ. P. 62(c), which explicitly provides that a district court "may suspend, modify, restore, or grant an injunction" pending appeal of an interlocutory order or final judgment. As is made clear by the district court's opinion on remand in *Miranne*, it merely stayed its judgment "pending the outcome of

[1] All the pages in Parallel Networks' Opposition are numbered "9." Cites to Opposition page numbers in this brief are to the actual chronological number of the page, starting with the first page of text.

any appeal;" it did not stay the appellate proceedings or subsequent proceedings in the district court. *In re Miranne*, 1988 U.S. Dist. LEXIS 9049, *5-7 (E.D. La. August 5, 1988).

Here, the Court's final judgment of noninfringement could not have been "stayed" because the judgment did not require either party to do anything, and there was nothing transpiring in this Court during the pendency of the appeal for the Court to stay. The fact remains, based on the authorities cited in Oracle's Motion for Reargument, that Oracle could not have moved this Court for a stay of the appellate proceedings based on the Examiner's final rejections of the claims, which took place after final judgment was entered and the case was on appeal to the Federal Circuit. *See* Oracle's Motion for Reargument (D.I. 438 at 2-5). Parallel Networks cites no case law to the contrary.

Second, Parallel Networks asserts that Oracle could have moved the Federal Circuit to stay Parallel Networks' appeal. However, the case law Parallel Networks cites does not support its argument that the Federal Circuit could have granted such a motion, especially when the appeal pertained to this Court's judgment of noninfringement and did not raise any issues pertaining to the validity of the patents-in-suit – which, of course, is the subject of the reexaminations. Indeed, the case law cited by Parallel Networks supports Oracle's argument that such a motion would have been futile.

The only Federal Circuit case cited by Parallel Networks, *Magnesystems, Inc. v. Nikken, Inc.*, 36 F.3d 1114 (Fed. Cir. 1994) (unpublished), is inapposite for the same reason that the holding in *Miranne* is not relevant to the issue at hand: it deals only with a stay of the district court's judgment (including permanent injunction) pending appeal, not a stay of the appeal itself. *Id.* at 1117 (appeal involved "Nikken's motion for a stay of the injunction, pending appeal,

and/or a stay of the injunction, pending reexamination proceedings"). In any event, the Federal Circuit denied the motion. *Id.*

Parallel Networks also cites *NTP, Inc. v. Research in Motion, Ltd.*, 397 F. Supp. 2d 785 (E.D. Va. 2005), contending that it shows that the defendant "asked the Federal Circuit to stay proceedings pending reexamination." D.I. 440 at 5. The decision in *NTP*, however, dealt with a request for stay of proceedings in the district court after the Federal Circuit's remand, so it is not instructive here regarding whether Oracle could have brought a motion to stay in this Court during the pendency of the appeal. Even if the defendant in *NTP* moved the Federal Circuit to stay the appeal pending reexamination, as the district court opinion suggests, there does not appear to be any reported decision on the motion. In any event, the district court opinion indicates that the motions to stay brought before the Federal Circuit were denied. *NTP*, 397 F. Supp. 2d at 787. Parallel Networks has not cited a single Federal Circuit case in which the court granted a motion to stay an appeal pending completion of a reexamination (and Oracle cannot find any such opinion).

Accordingly, Oracle respectfully requests that the Court reconsider its denial of Oracle's motion to stay for the reasons stated herein and in Oracle's Motion for Reargument.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

Mary B. Graham (#2256)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mgraham@mnat.com
*Attorneys for Oracle Corporation*
*and Oracle America, Inc.*

OF COUNSEL:

James G. Gilliland
TOWNSEND AND TOWNSEND
AND CREW LLP
Two Embarcadero Center, 8th Floor
San Francisco, CA 94111
(415) 576-0200

Theodore T. Herhold
Andrew T. Oliver
Robert J. Artuz
Eric M. Hutchins
TOWNSEND AND TOWNSEND
AND CREW LLP
379 Lytton Avenue
Palo Alto, CA 94301
(650) 326-2400

Joseph A. Greco
BECK, ROSS, BISMONTE
& FINLEY, LLP
50 West San Fernando Street
Suite 1300
San Jose, CA 95113
(408) 938-7900

Dorian Daley
Peggy E. Bruggman
Matthew M. Sarboraria
ORACLE CORPORATION
ORACLE AMERICA, INC.
500 Oracle Parkway
Redwood Shores, CA 94065

October 8, 2010
3821599