IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORACLE CORPORATION and<br>ORACLE U.S.A., INC.,<br><br>      Plaintiffs,<br><br>v.<br><br>PARALLEL NETWORKS, LLP,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>) Civ. No. 06-414-SLR<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

At Wilmington this ___ day of October, 2010, having considered plaintiffs' motion for reargument and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 438) is denied, for the reasons that follow:

1. Plaintiffs have moved for reargument of the court's September 8, 2010 order denying their motion to stay the case pending appeal of the United States Patent and Trademark Office's final rejections of all claims of the patents in suit. (*Id.* at 1) In the order, the court found that plaintiffs had delayed filing their motion to stay, and that this delay weighed against granting the motion. *Oracle Corp. v. Parallel Networks, LLP*, Civ. No 06-414, 2010 WL 3613851, at *3 (D. Del. Sept. 8, 2010). Plaintiffs argue that they were unable to file their motion earlier because the Federal Circuit's review of the case vitiated this court's jurisdiction until the case was remanded.[1] (D.I. 438 at 1)

---

[1] In support of their argument, plaintiffs cite *Sea Star Line, LLC v. Emerald Equip. Leasing, Inc.*, Civ. No. 05-245, 2009 WL 3805569, at *3 (D. Del. Nov. 12, 2009), for the proposition that notice of appeal divests a district court of jurisdiction over a case. However, the plaintiffs' quoted text belies their own argument. The court is

2. The purpose of a motion for reargument or reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a court may alter or amend its judgment only if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) availability of new evidence not available when the court issued its order; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. *See Id.; see also, Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998).

3. A motion for reargument is not properly premised on a request that a court rethink a decision already made. *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument may not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc., v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Id.* at 1241.

---

divested, if at all, of only those "aspects of the case involved in the appeal." *Id.* (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). Even then, the Third Circuit has recognized that district courts "retain[] jurisdiction, for example, to issue orders staying, modifying or granting injunctions, to direct the filing of supersedeas bonds, and to issue orders affecting the record on appeal, the granting of bail, and matters of a similar nature." *Mary Ann Pensiero, Inc. v. Lingle*, 847 F. 2d 90, 97 (3d Cir. 1988). *See also Turner Constr. Co. Inc. v. U.S.*, - Fed. Cl. -, Civ. No. 10-195, 2010 WL 3705263, at *2 (Fed. Cl. Sept. 23, 2010) (holding that a trial court retains jurisdiction to modify or stay its own injunction in a case even after the filing of a notice of appeal to the Federal Circuit).

2

4. Considering this authority in light of plaintiffs' arguments, the court finds that the motion was properly decided. Plaintiffs fail to present a change in the controlling law, new evidence, or need to correct a clear error of law or fact.[2] The court was aware that plaintiffs had waited until after the case was remanded from the Federal Circuit before filing their motion, and considered that fact in its timing factor analysis. *Oracle Corp.*, 2010 WL 3613851, at *3. Plaintiffs could have filed the motion to stay during the Federal Circuit's review of the case and, if properly raised, any jurisdictional issues could have been vetted during briefing. This failure to file, coupled with the factors enumerated in the court's memorandum opinion, weigh against issuing a stay. Accordingly, plaintiffs have failed to implicate any of the aforementioned grounds to warrant a reconsideration of the court's September 8, 2010 decision.

                                                        _____
                                                        United States District Judge

---

[2] Plaintiffs' motion for leave to file a reply to defendant's answer (D.I. 441) is also denied.