# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

ORACLE CORPORATION and )
ORACLE U.S.A., INC., )
)
     Plaintiffs, )
)
v. ) Civ. No. 06-414-SLR
)
PARALLEL NETWORKS, LLP, )
)
     Defendant. )

## MEMORANDUM ORDER

At Wilmington this 6th day of May 2011, having reviewed the issues identified in the parties' joint pretrial order (D.I. 458, ex. 14 & 15) and having heard argument at the pretrial conference on several issues requiring the court's consideration;

IT IS ORDERED that:

1. **Dispatching limitation**. "[D]ispatching said request to said page server" was previously construed by the court to mean "[a]nalyzing a request to make an informed selection of which page server should process the request based on a variety of information (both static and dynamic)." (D.I. 399 at 2-3) (emphasis added) In its concurrent memorandum opinion, the court noted that its construction precluded Parallel Networks from arguing that prior art containing a configuration file, which is not dynamic information, was not anticipatory, insofar as "the court . . . declined to limit the nature of the information used to make the 'informed selection' to only dynamic information." (D.I. 400 at 35, n.28) The parties now question whether dispatching can be based on static information, dynamic information, or both.

2. At the claim construction stage, Oracle did not propose that the information be "both static and dynamic," rather, it proposed that "dispatching" was "analyzing a request to make an informed selection of which page server should process the request, and sending the request to that page server." (D.I. 187) Parallel Networks proposed a construction limited to dynamic information. (*Id.*) Both parties are correct (and incorrect) in certain respects. The court declined to preclude the possibility that the claimed dispatcher analyzes both dynamic and static information, but determined that at least dynamic information should be analyzed.[1] (*See, e.g.,* D.I. 399 at 3 (citing D.I. 201, ex. 6 at EPIC000266 ("The dispatcher maintains a variety of information regarding each page server on the network and dispatches the requests based on this information.")))

3. Upon review, the court's construction is internally inconsistent insofar as the "variety of information" need not, per the intrinsic record, be "**both** static **and** dynamic." The court clarifies its construction, therefore, as follows: "**dispatching said request to said page server**" means "[a]nalyzing a request to make an informed selection of which page server should process the request based on a variety of information regarding each page server." Either a variety of dynamic information about a page server or a variety of both static and dynamic information about a page server may satisfy the claim.

4. **Oracle 1.0**. The court noted in its prior opinion that the court's construction of dispatching does not preclude an argument that the claimed dispatcher may dispatch

---

[1]The Federal Circuit did not consider the court's construction on appeal.

requests based on only static information. (D.I. 400 at 35, n.28) This was incorrect under the court's construction as iterated at the time (requiring "both static and dynamic" information) and remains incorrect under the court's clarified construction. Because it is not clear to the court at this juncture whether the Oracle 1.0 dispatcher processes requests based on dynamic information, Oracle is not precluded from trying anticipation to the jury.[2]

5. **Other validity challenges**. The court previously denied Oracle's motion for summary judgment of invalidity. The court also granted in part and denied in part Parallel Network's motion for summary judgment of no anticipation – the only question of validity brought by Parallel Networks on summary judgment. (D.I. 400) Specifically, the court found the following asserted prior art non-anticipatory: (1) the Oracle 1.0 User's Guide in combination with SQL *Net 2.2 or SQL *Net 2.3; (2) SQL *Net 2.2 alone; (3) SQL *Net 2.3 alone; (4) Oracle 2.0; (5) Oracle 2.0 User's Guide; and (6) Reference 605. The court denied Oracle's motion for summary judgment of obviousness. Insofar as there was no cross-motion for summary judgment of nonobviousness, the court has not entered judgment on the claim, and the court will not preclude Oracle from presenting its case to the jury. Similarly, Oracle is not precluded from asserting anticipation by other references at trial, for example, Oracle 1.0 or the Popp and Dienst references which were addressed by Parallel Networks' cross-motion.

6. **Doctrine of Equivalents**. Parallel Networks did not contest the court's

---

[2]Oracle indicated at the pretrial conference that it will not seek a jury determination that the Oracle 1.0 User's Guide is, in and of itself, anticipatory. Rather, Oracle seeks to demonstrate anticipation under 35 U.S.C. § 102(a) by demonstrating that the Oracle 1.0 **product** is anticipatory.

3

rejection of its doctrine of equivalents theory on appeal and the Federal Circuit deemed the issue waived in 2009. (D.I. 466, ex. 1) Its request for the court to review its prior ruling at this juncture is rejected.

IT IS FURTHER ORDERED that, on or before **May 10, 2011**, the parties shall disclose their respective positions for trial as follows. Parallel Networks shall identify which claims will be asserted at trial and, additionally, which products and product combinations it asserts infringe the asserted claims. Oracle shall identify the prior art it asserts anticipates the asserted claims and the combinations of prior art it will assert in its obviousness case at trial.

United States District Judge